Document Number P15
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
09/07/2006 01:47:46 PM CDT
Case Number 06-C-0199-S

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

HYPERPHRASE TECHNOLOGIES, LLC
and HYPERPHASE INC.

    Plaintiffs,

                   MEMORANDUM AND ORDER
 v.                  06-C-199-S

GOOGLE INC.,

    Defendant.

---

  Plaintiffs Hyperphrase Technologies. LLC and Hyperphrase, Inc. commenced this patent infringement action alleging that defendant Google, Inc.'s Google Tool Bar and Google Ads products infringe their United States Patents Nos. 5,903,899, 6,434,567, 6,507,837 and 6,516,321 (collectively "Hyperphrase patents"). Jurisdiction is based on 28 U.S.C. 1338. The matter is presently before the Court on plaintiffs' motion to dismiss and strike defendant's inequitable conduct counterclaim and affirmative defense. The following is a summary of defendant's relevant inequitable conduct allegations.

## FACTS

  Carlos de la Huerga and William Craig are jointly named inventors on the '899 patent. De la Huerga is the sole named inventor on the remaining Hyperphrase patents. Prior to the earliest priority date of the Hyperphrase patents de la Huerga and

Craig knew that employees at Marquette Electronics had developed a hospital information database system known as MUSE and knew the details of the MUSE system. The MUSE technology resulted in or contributed to the conception of the Hyperphrase patents. The Hyperphrase patents were derived from work done by Marquette employees in developing the MUSE system. De la Huerga and Craig withheld information on the contributions of the Marquette employees and products from the patent examiner.

Craig also made significant contributions to the subject matter claimed in the '298, '567 and '321 patents. De la Huerga knowingly failed to inform the patent office of Craig's contributions to the inventions and failed to disclose relevant prior art developed by Craig because he did not want to share the patent rights with Craig.

MEMORANDUM

Plaintiffs move to dismiss the inequitable conduct counterclaim on the basis that defendant has failed to allege the essential elements of the claim and has failed to allege them with the particularity required by Rule 9(b), Fed. R Civ. P. Defendant maintains that the allegations are adequate to survive the challenge.

A counterclaim should be dismissed for failure to state a claim only if it appears beyond a reasonable doubt that the

defendant can prove no set of facts in support of the claim which would entitle the defendant to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In order to survive a challenge under Rule 12(b)(6) a claim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F. 2d 1101, 1106 (7th Cir. 1984).

In order to state a claim for inequitable conduct for failing to disclose information to the patent office the claimant must allege: (1) that the undisclosed information was material and (2) that the patentee acted with intent to deceive. Modine Mfg. CO. v. Allen Group, Inc., 917 F.2d 538, 541 (Fed Cir. 1990). A patentee's failure to disclose his own prior art inventions and failure to name co-inventors can constitute inequitable conduct. Id. at 541-42. Rule 9(b) pleading requirements apply to inequitable conduct allegations. Ferguson Beauregard/Logic Controls, Division of Dover Resources, Inc. v. Mega Systems, LLC, 350 F.3d 1327, 1342-43 (Fed. Cir. 2003).

The allegations of the complaint are sufficient to survive a motion to dismiss. Defendant alleges in considerable detail the alleged undisclosed prior art, the circumstances under which it was developed and the nature of Craig's contribution to the development. Defendant also alleges the patentee's motivation for failing to disclose the prior art and the co-inventor. Of course,

allegations of intent may be made generally even under Rule 9(b) standards. If these allegations prove true, defendant may be able to establish inequitable conduct.

The majority of plaintiff's argument consists of the recitation of facts entirely outside the pleadings which tend to disprove the truth of the allegations. These arguments may entitle plaintiff to prevail on summary judgment or at trial but are not an appropriate basis to dismiss the counterclaim. Plaintiffs describe the numerous facts introduced in their briefs as offered for "context" rather than to disprove the truth of the allegations. However, unless those facts are considered for their truth there is no basis to grant the motion.

For example, plaintiffs assert that there is no inventorship dispute between de la Huerga and Craig and that this tends to show that Craig is not in fact a co-inventor. The existence of an inventorship dispute is not an element of the claim which defendant must affirmatively allege. Certainly Craig's disavowal of inventorship, properly established on summary judgment would tend to disprove the truth of the allegation that Craig was a co-inventor, but it cannot be the basis to dismiss the claim under Rule 12(b). Similarly, plaintiff argues that the MUSE system is a category of products rather than a single prior art reference. While the nature of the Muse system and its components are facts which will surely be the subject of discovery and argument on the

4

factual merits of he claim they are not properly considered on the motion to dismiss. The allegations are sufficient to put plaintiffs on notice of the components of the MUSE system which defendant asserts was improperly undisclosed prior art.

Defendant's counterclaim sufficiently alleges the elements of non-disclosure of material information with intent to deceive the patent office. Plaintiffs' motion is denied.

ORDER

IT IS ORDERED that plaintiffs' motion to dismiss and strike the inequitable conduct counterclaim and defense is DENIED.

Entered this 7th day of September, 2006.

BY THE COURT:

S/

JOHN C. SHABAZ
District Judge