Doc. 80

Document Number Case Number
D80                    06-C-0199-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/15/2007 08:57:59 AM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

HYPERPHRASE TECHNOLOGIES,
LLC and HYPERPHRASE, INC.

                    Plaintiffs,
                                                    MEMORANDUM AND ORDER
        v.                                               06-C-199-S

GOOGLE INC.,

                    Defendant.

---

Plaintiffs Hyperphrase Technologies, LLC and Hyperphrase, Inc. commenced this patent infringement action alleging that Defendant Google Inc.'s AutoLink and AdSense products infringed plaintiffs' United States Patents Nos. 5,903,889, 6,434,567, 6,526,321 and 7,013,298.  On December 20, 2006 this Court granted summary judgment of non-infringement to defendant on all of plaintiffs' claims.  The matter is presently before the Court on defendant's motion to find the case exceptional and award attorney's fees.

MEMORANDUM

Section 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  Recovery of fees under § 285 involves a two pronged inquiry that requires a factual finding that the case is exceptional and a discretionary decision to award fees.  Motorola, Inc. v. Interdigital Technology Corp., 121 F.3d 1461, 1468 (Fed. Cir.

1997).    Whether  a  case  is  exceptional  is  a  factual  question

defendant  must  prove  by  clear  and  convincing  evidence.    See

Interspiro USA, Inc. v. Figgie Intern., Inc., 18 F.3d 927, 933

(Fed. Cir. 1994).  Among the grounds appropriate for finding a case

exceptional are litigation misconduct and vexations, unjustified,

and  otherwise  bad  faith  litigation.    Epcon Gas Systems, Inc. v.

Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002).

Filing  and  maintaining  an  infringement  suit  in  subjective  bad

faith, which is also objectively baseless constitutes grounds for

declaring  a  case  exceptional.    Brooks Furniture Mfg., Inc. v.

Dutailier Intern., Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

    Defendant contends that this action was brought in bad faith

and was objectively baseless, warranting the award of fees.  The

evidence of either subjective bad faith or objective baselessness

does  not  meet  the  clear  and  convincing  standard  and  does  not

warrant an award of fees.  Although the Court ultimately rejected

plaintiffs' overly broad claim interpretation, adopting a more

narrow  interpretation  which  could  not  sustain  a  finding  of

infringement, the case was not exceptional.

    There is virtually no evidence that this case was brought in

bad  faith.    Defendants'  support  for  its  motion  on  this  point

consists almost exclusively of hindsight reliance on the summary

judgment decision in its favor.  An objective view of the entire

file and the conduct of this litigation suggests to the contrary

that plaintiff commenced the action in good faith believing that it could prevail on the broad claim construction it advanced.   To award fees in this instance would be to convert § 285 into a routine fee shifting statute.

This matter was not exceptional and defendant's request for fees is denied.


ORDER

IT IS ORDERED that defendant's motion to find the case exceptional and award fees pursuant to 35 U.S.C. § 285 is DENIED.


Entered this 14th day of February, 2007.

BY THE COURT:

S/

JOHN C. SHABAZ
District Judge