Document Number D90
Case Number 06-C-0199-S
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
04/25/2007 10:03:49 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

HYPERPHRASE TECHNOLOGIES,
LLC and HYPERPHRASE, INC.

           Plaintiffs,

    v.

GOOGLE INC.,

           Defendant.

MEMORANDUM AND ORDER
06-C-199-S

---

    Plaintiffs Hyperphrase Technologies, LLC and Hyperphrase, Inc. commenced this patent infringement action alleging that Defendant Google Inc.'s AutoLink and AdSense products infringed plaintiffs' United States Patents Nos. 5,903,889, 6,434,567, 6,526,321 and 7,013,298.  On December 20, 2006 this Court granted summary judgment of non-infringement to defendant on all of plaintiffs' claims.  On March 19, the clerk taxed costs against plaintiffs pursuant to Rule 54(d) in the amount $35,011.  Plaintiffs now appeal from the award of costs.  Plaintiff also seeks a stay of its obligation to pay costs pending its appeal on the merits of the action.

MEMORANDUM

    Plaintiffs' argument on appeal of costs is based on a challenge to the cost per copy reflected in the award.  Plaintiffs concede that defendant may recover copying costs for the 83,000 pages it produced to plaintiffs in discovery, but argues that a reasonable rate per page is $0.15, yielding a total copy award of

$12,450 and a reduction of $20,831. Defendant maintains that the taxable copy costs of $33,282 awarded by the clerk accurately reflects defendant's actual cost to produce the copies and that this amount is justifiably higher because of the parties' agreement to exchange documents electronically.

The clerk awarded costs based on invoices submitted and paid by defendant. However, because the parties had agreed to provide each other with electronic copies, those invoices included such costs as black and white document scanning ($0.14 per page), color document scanning ($0.95 per page), bates labeling ($0.06 per page) electronic numbering and file conversion ($0.03 per page). The average cost per page to perform these processes relating to electronic production was about $0.38 per page, substantially more than a typical paper copy cost. The only evidence in the record is that these costs were actually incurred and are within the normal range for the type of document processing provided.

The issue on appeal is whether these costs are recoverable under the applicable statutes, or whether recovery is limited to the typical cost for paper copies as plaintiffs advocate. The Court now concludes that costs are not so limited. The law permits recovery for "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4) The fees awarded were for copying documents and making them available electronically as the parties had agreed. Although these

costs are greater than the cost of paper copies, having documents available in electronic form may facilitate other efficiencies which justify the added cost. The clerk's review of the submitted invoices and taxation of costs is appropriate and affirmed.

Plaintiffs request, and defendant does not oppose, a stay in the collection of costs pending appeal. The parties have agreed that such costs may be paid within thirty days of an affirmance of the judgment by the Court of Appeals together with statutory interest from the date of judgment until payment. The Court construes defendant's acquiescence as a waiver of its right to a supersedeas bond pursuant to Rule 62(d). Accordingly,

ORDER

IT IS ORDERED that the clerk's taxation of costs in the amount of $35,011.02 is AFFIRMED and that said costs be included in the judgment.

IT IS FURTHER ORDERED that proceedings to enforce the judgement for costs are stayed pursuant to Rule 62(d), without the giving of a supersedeas bond, costs together with statutory interest from the entry of judgment to be paid within thirty days of an order by the Court of Appeals affirming the judgment.

Entered this 24th day of April, 2007.

BY THE COURT:

S/

_____
JOHN C. SHABAZ
District Judge