IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, )
LLC, and HYPERPHRASE INC. )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　)　Civil Action No. 06-C-0199-S
　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
GOOGLE INC., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

**HYPERPHRASE'S REPLY IN SUPPORT OF
ITS MOTION TO RESET PRETRIAL AND TRIAL DATES**

One thing seems clear from Google's response to HyperPhrase's motion. Google now wants to start this lawsuit over again, as though nothing had happened since its filing more than 21 months ago. Google asks the Court to permit it to file still more dispositive motions and, in effect, to re-start discovery from scratch, as though no close of discovery nor trial dates had ever been set. But, there are good reasons to reject Google's plan:

• Although Google insists it wants more discovery, it fails to identify a single document it needs produced, or a single witness it needs to depose. This alone is sufficient to justify rejection of its attempt to seek additional, unspecified discovery.

• Google now says it not only wants this Court to decide the dispositive motions Google already has filed, it also wants to file new ones. Again, however, Google fails to identify a single such proposed new motion – and it also fails to explain why any such new motions (whatever they might be) could not have been filed before this Court's original deadline.

1

- Google complains that HyperPhrase's motion is "premature" because the Federal Circuit's mandate has not yet issued. But, Google cites no authority to support its contention that this Court cannot arrange its schedule (and the parties' schedules) in the interim.

In short, Google has failed to give the Court any specific reasons for the further delay Google apparently wants. HyperPhrase's motion should be granted and a new schedule set.

                                      Respectfully submitted,

                                      **s/ Kim Grimmer**

| | |
|---|---|
| Robert P. Greenspoon<br>William W. Flachsbart<br>FLACHSBART & GREENSPOON, LLC<br>West Jackson Blvd., Suite 652<br>Chicago, Illinois  60604<br>(312) 431-3800<br>Fax:  (312) 431-3810 | Kim Grimmer<br>Jennifer L. Amundsen<br>SOLHEIM  BILLING  &  GRIMMER,  SC<br>U.S. Bank Plaza, Suite 301<br>One South Pinckney Street<br>Madison, Wisconsin  53701-1644<br>(608) 282-1200<br>Fax:  (608) 282-1218<br>Email: kgrimmer@sbglaw.com<br><br>Raymond P. Niro<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison, Suite 4600<br>Chicago, Illinois  60602<br>(312) 236-0733<br>Fax:  (312) 236-3137<br>**Attorneys for HyperPhrase Technologies, LLC and HyperPhrase, Inc.** |

2

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing **HYPERPHRASE'S REPLY IN SUPPORT OF ITS MOTION TO RESET PRETRIAL AND TRIAL DATES** was served upon the below-listed counsel of record as indicated below:

| **Via Federal Express** | **Via Hand Delivery** |
|---|---|
| Jason Wolff, Esq. | James A. Friedman |
| FISH & RICHARDSON P.C. | LAFOLLETTE GODFREY & KAHN |
| 12390 El Camino Real | One East Main Street |
| San Diego, California  92130 | P.O. Box 2719 |
| (858) 678-5070 | Madison, Wisconsin  53701-2719 |
| Fax:  (858) 678-5099 | (608) 257-3911 |
| wolff@fr.com | Fax:  (608) 257-0609 |
|  | Jfriedma@gklaw.com |

Attorneys for Google, Inc.

and was also served electronically via the CM/ECF system on all registered counsel in this matter.

on this 22nd day of January, 2008.

s/ Jennifer L. Amundsen