IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

      Plaintiffs,

  v.

GOOGLE INC.,

      Defendant.

Civil Action No. 06 C 0199 S

**GOOGLE'S MOTION FOR LEAVE TO AMEND
ITS ANSWER AND COUNTERCLAIMS AND MEMORANDUM IN SUPPORT**

Defendant Google respectfully moves under Fed. R. Civ. P. 15(a) for leave to file an amended answer, affirmative defenses, and counterclaims. Specifically, Google seeks to amend its affirmative defenses and counterclaims to add (1) defenses and counterclaims relating to HyperPhrase's patent license with Microsoft and (2) a portion of its counterclaims of invalidity and inequitable conduct, which were dismissed without prejudice by stipulation so that HyperPhrase could perfect its appeal to the Federal Circuit.

## I.    BACKGROUND

Plaintiffs ("HyperPhrase") filed this patent infringement action against Defendant Google on April 12, 2006. HyperPhrase filed its First Amended Complaint on May 31, 2006. Google then filed its Answer, Affirmative Defenses, and Counterclaims on June 20, 2006.

This Court granted Google's motion for summary judgment of noninfringement on December 21, 2006, only four weeks before the originally scheduled trial. HyperPhrase thereafter prematurely filed a notice of appeal to the Federal Circuit. Upon realizing its appeal was premature, the parties conferred and agreed to dismiss without prejudice Google's remaining counterclaims so that HyperPhrase's appeal to the Federal Circuit could be properly filed. (*See*

1

*HyperPhrase Technologies v. Google*, ___ F.3d ___, *Slip. Op*. at 6, n. 4 (Fed. Cir. December 26, 2007) (accessed at http://www.cafc.uscourts.gov/opinions/07-1125.pdf); *see also* Dkt. No. 71 (stipulated dismissal without prejudice.) The stipulation reflecting the parties' agreement, which was approved by the Court on January 18, 2007, allowed Google on remand to amend its pleadings in any respect, stating in relevant part that:

> The parties stipulate and agree that should any of these patents be asserted against Google its customers or users in any other proceeding, or any remanded proceeding, Google may assert <u>any claim, defense, or counterclaim</u>, including those dismissed by this agreement.

(Dkt. No. 71 at 1 (emphasis added).)

On December 26, 2007, the Federal Circuit issued its opinion affirming in part and vacating and remanding this Court's decision regarding Google's motion for summary judgment of noninfringement. Google timely filed a petition for rehearing, which was denied without comment on February 8, 2008. (*See* Dkt. Nos. 93 and 96.) On February 22, the Federal Circuit's mandate issued, formally returning the case to this Court.

On February 20, prior to the mandate issuing from the Federal Circuit, Google wrote HyperPhrase and asked if it would oppose a motion for leave to amend Google's answer and counterclaims pertaining to those causes dismissed without prejudice and pertaining to HyperPhrase's patent license with Microsoft for the subject patents. (Exhibit 1, letter dated February 20, 2008 to Mr. Lee from Mr. Wolff.) The same day, HyperPhrase requested a copy of Google's proposed amended answer and counterclaims, which Google provided the following day. (Exhibit 2, letter dated February 21, 2008 to Ms. Wiggins from Mr. Wolff.) Google wrote HyperPhrase again on February 26 to inquire what HyperPhrase's position was, and provided a draft copy of this motion. HyperPhrase responded on February 27, stating that it would oppose Google's motion for leave to amend because it is too late to add new claims to the case, and that

2

the amendment somehow exceeds the scope of the remand. (Exhibit 3, letter dated February 27, 2008 to Mr. Wolff from Ms. Wiggins.)

Discovery does not close until April 11, 2008. All the facts reasonably required for HyperPhrase to counter Google's amended answer and counterclaims were either already part of the case when the stipulated dismissal was entered, or they are known to HyperPhrase based on its own conduct and dealings with Microsoft regarding the subject license and the plain language of that license, which HyperPhrase entered in 2004 and has had in its possession since that time.

## II.   LEGAL STANDARDS

The procedural law of the Seventh Circuit applies to motions to for leave to amend a pleading. *See Cultor Corp. v. A.E. Staley Mfg. Co.,* 224 F.3d 1328, 1332 (Fed. Cir. 2000) (applying Second Circuit law to deny motion to amend). Under Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). Leave to amend "should be granted liberally." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004). However, leave to amend may be denied for "undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). Further, leave to amend may be denied if the amendment would be futile. *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720 (7th Cir. 2002). A futile amendment is one which fails to state a valid theory of liability or could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

## III.  ARGUMENT

There has been no undue delay on Google's part in re-asserting its affirmative defenses and counterclaims of invalidity and inequitable conduct. Google promptly notified HyperPhrase

3

of its intention to reintroduce these defenses and counterclaims upon the Federal Circuit's disposition of Google's petition for rehearing. There will be no undue prejudice to HyperPhrase since the bulk of the defenses and counterclaims already were in the case and HyperPhrase was fully prepared to deal with them at the trial scheduled just four weeks after the Court's grant of summary judgment. As for Google's proposed license defense, HyperPhrase has been in possession of the relevant license since before this case began. Furthermore, even apart from the liberal policy favoring amendment and that absence of prejudice here, the parties' stipulated dismissal expressly permits the addition of "any" claim, defense or and counterclaim upon remand from the Federal Circuit. In short, it was a bargained for exchange in return for Google dismissing without prejudice its still pending counterclaims, and granting Google the option to reassert its defenses and counterclaims, along with any others, if or when the case was remanded.

To whatever extent HyperPhrase needs discovery relating to its own license with Microsoft and how that license applies in this case given the nature of HyperPhrase's own infringement allegations,[1] there remains over six weeks until the Court's deadline for propounding discovery, which is more than sufficient time.

## IV.    CONCLUSION

For the reasons stated above, the motion for leave is timely, it is not futile, it has been made in good faith, and it imposes no undue prejudice or burden on HyperPhrase. Google respectfully requests that the court grant its motion for leave to file its First Amended Answer, which is attached as Exhibit 4 and in redline showing substantive changes as Exhibit 5.

---

[1] The defense is straightforward: the license protects users of Microsoft's Internet Explorer web browser, yet use of that browser is alleged by HyperPhrase to be an essential part of the infringement for well-over 90% of the activity at issue. (The remaining percentage involves a different web browser, provided by Mozilla, called "Firefox".)

Dated:  February 27, 2008	GODFREY & KAHN, S.C.

By:  *s/James D. Peterson*
James A. Friedman
James D. Peterson
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI  53701-2719
Phone:  (608) 257-3911
Facsimile:  (608) 257-0609

*Of Counsel:*

| | |
|---|---|
| Frank E. Scherkenbach | Jason W. Wolff |
| Kurt L. Glitzenstein | FISH & RICHARDSON P.C. |
| Christopher Dillon | 12390 El Camino Real |
| Peter J. Kirk | San Diego, CA  92130 |
| FISH & RICHARDSON P.C. | Telephone:  (858) 678-5070 |
| 225 Franklin Street | Facsimile:  (858) 678-5099 |
| Boston, MA  02110 | |
| Telephone:  (617) 542-5070 | |
| Facsimile:  (617) 542-8906 | |

*Attorneys for Defendant GOOGLE INC.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th of February, 2008, a true and correct copy of the following document was filed with the Clerk of the Court using the ECF filing system which will send notification of such filing to the following:

- **GOOGLE'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIMS AND MEMORANDUM IN SUPPORT**

Attorneys for Plaintiffs
HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.

Kim Grimmer, Esq.
Jennifer L. Amundsen, Esq.
Solheim Billing & Grimmer, S.C.
One South Pinckney Street
Suite 301
Madison, WI 53703
kgrimmer@sbglaw.com
jamundsen@sbglaw.com

Attorneys for Plaintiffs
HYPERPHRASE TECHNOLOGIES, LLC
and HYPERPHRASE INC.

Raymond Niro, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602
rniro@nshn.com

I further certify that I caused the document to be mailed by U.S. first class mail and electronically to the following non-ECF participants:

Attorneys for Plaintiffs
HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.

Robert P.Greenspoon, Esq.
William W. Flachsbart, Esq.
Flachsbart & Greenspoon, LLC
53 West Jackson Boulevard, Suite 652
Chicago, IL 60604
rpg@fg-law.com
wwf@fg-law.com

*s/Nicole Talbott Settle*
Nicole Talbott Settle

motion to amend Hyp 10676356-2 (2).doc
3003073_1