EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HYPERPHRASE TECHNOLOGIES, LLC and HYPERPHRASE INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Civil Action No. 06-C-0199-S <br><br><br> **JURY TRIAL DEMANDED** |

**GOOGLE INC.'S** ~~ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIM~~**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Defendant Google Inc. hereby ~~answers~~serves its first amended answer and counterclaims to the First Amended Complaint of Plaintiffs Hyperphrase Technologies, LLC and Hyperphrase Inc. Except as expressly admitted below, Google denies every allegation in Plaintiffs' First Amended Complaint. Google specifically responds as follows:

1. Google admits that this action purports to be one for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Google also admits that this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a). Google denies the remaining allegations in paragraph 1.

2. Google does not have sufficient information to admit or deny the allegations in paragraph 2 and therefore denies them.

3. Google admits that it is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google also admits that it does regular business in this judicial district, and makes available the products and services accused of

infringement in this judicial district. Google denies that it has committed acts of infringement and the remaining allegations of paragraph 3.

4. Google admits that the products and services at issue in this case are available for use or download throughout this judicial district. Google denies the remaining allegations in paragraph 4.

5. Google admits that it makes its services and products available in the United States and this judicial district using its website, www.google.com.

6. Google admits that this Court has personal jurisdiction over Google, but denies the remaining allegations in paragraph 6.

7. Google denies the allegations in paragraph 7.

8. Google denies the allegations in paragraph 8.

9. Google denies the allegations in paragraph 9.

10. Paragraph 10 of the Complaint does not indicate when Google is alleged to have actual or constructive notice of the patents identified as the "Hyperphrase Patents," and therefore Google denies this allegation. Google also denies that it has infringed any of the asserted patents.

11. Google denies the allegations in paragraph 11.

12. Google admits that venue is proper in this district, but denies the remaining allegations of paragraph 12.

13. In response to Plaintiffs' Prayer for Relief (inclusive of paragraphs A through E), Google denies that Plaintiffs are entitled to the relief requested or any other relief.

**AFFIRMATIVE DEFENSES**

Google asserts the following affirmative defenses in response to Plaintiffs' First Amended Complaint. Google reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

**First Affirmative Defense**
**(Noninfringement)**

14. Google has not infringed and does not currently infringe, either directly or indirectly, any valid claim of United States Patent Nos. ~~6,434,567 ("the '567 patent"), 6,507,837 ("the '837 patent"),~~ 6,516,321 ("the '321 patent")~~, 7,013,298 ("the '298 patent"),~~ or 5,903,889 ("the '889 patent"). The remaining patents previously asserted by HyperPhrase have been adjudged not to be infringed by Google.

**Second Affirmative Defense**
**(Invalidity and Unenforceability)**

15. The '~~567, '837, '321, '298,~~321 and '889 patents are invalid because each fails to satisfy the requirements of 35 U.S.C. § 101, *et seq.*, including, without limitation, sections 101, 102, 103, and 112.

16. The '321 and '889 patents are unenforceable as to Microsoft products, systems, users, and licensees, because HyperPhrase licensed the '321 and '889 patents to Microsoft.

**Third Affirmative Defense**
**(Inequitable Conduct)**

17. ~~16.~~ Plaintiffs (including their predecessors-in-interest), through their inventors, attorneys, and agents, committed inequitable conduct during the prosecution of the patent applications that issued as the '~~567, '837, '321, '298,~~321 and '889 patents that render these patents unenforceable. These acts of inequitable conduct include intentionally deceiving the patent office by withholding material information and by making material misstatements

3

regarding the work done and contributions made by others. This information concerns both the inventorship of and prior art to the patents-in-suit, and therefore is highly material to the patentability of the claims of the patents-in-suit.

18. ~~17.~~ Mr. Carlos de la Huerga is a joint named inventor with Dr. William Craig of the '889 patent, and the sole named inventor on ~~each of the '567, '837, '321, and '298 patents~~ the '321 patent.

19. ~~18.~~ Before the earliest priority dates of the patents-in-suit, both Mr. de la Huerga and Dr. Craig knew that employees at Marquette Electronics ("Marquette") had developed a hospital information database system known as MUSE.

20. ~~19.~~ Both Mr. de la Huerga and Dr. Craig knew the details of how the Marquette MUSE hospital information database system provided for storage and retrieval of medical records.

21. ~~20.~~ Like the Marquette MUSE system, the patents-in-suit are directed to hospital information database systems that provide for the storage and retrieval of medical records.

22. ~~21.~~ On information and belief, Mr. de la Huerga and Dr. Craig knew that work done by Marquette employees and/or products of Marquette including the MUSE hospital information database system involved features such as keyword recognition, treatment of recognized keywords and keyword phrases, and the construction of URL addresses from record information to uniquely identify stored data records.

23. ~~22.~~ On information and belief, the work done by Marquette employees and/or products of Marquette, including the MUSE hospital information database system resulted in and/or contributed to the conception of the claimed subject matter of the patents-in-suit.

24. ~~23.~~ On information and belief, the subject matter claimed in the patents-in-suit was derived from work done by Marquette employees and/or products of Marquette including the MUSE hospital information database system.

25. ~~24.~~ Neither Mr. de la Huerga nor Dr. Craig informed the Patent and Trademark Office of (1) the work done by Marquette employees, (2) the products of Marquette, including the MUSE hospital information database system, or (3) the role that this work and these products played in the conception of the subject matter of the patents-in-suit (collectively, "the withheld information").

26. ~~25.~~ The withheld information concerns the proper inventorship of the patents and the patentability of the claims and therefore is highly material to the patentability of the patents-in-suit.

27. ~~26.~~ On information and belief, the withheld information was knowingly withheld from the Patent and Trademark Office with intent to deceive the Patent and Trademark Office into granting invalid patents that did not properly state the true inventors.

28. ~~27.~~ This conduct constitutes inequitable conduct that renders the patents-in-suit unenforceable.

29. ~~28.~~ Moreover, on information and belief, Dr. Craig, working jointly with Mr. de la Huerga, made significant and material inventive contributions to the subject matter of one or more claims of the '~~298, '567, and '~~321 ~~patents~~patent.  These patents incorrectly name Mr. de la Huerga as sole inventor.

30. ~~29.~~ On information and belief, at the time of the alleged conception of the subject matter claimed in the '~~298, '567, and '~~321 ~~patents~~patent, Mr. de la Huerga and Dr. Craig were

5

jointly working to create a demonstration intranet site that showed keyword recognition and linking in a hospital information system.

31. ~~30.~~ On information and belief, Dr. Craig made inventive and joint contributions to features that provide for limiting text block modification and avoiding the creation of unintended new hyperlink phrase, recognizing data references in real time, and associating a recognized data reference with a stored data record using hyperlinks. These and related features appear in the claims of the '~~298, '567, and '~~321 ~~patents~~patent.

32. ~~31.~~ Because of his contributions and work with Mr. de la Huerga, Dr. Craig is named as a co-inventor on the '889 patent, which was filed on June 9, 1997, and United States Patent No. 5,895,461 (the "'461 patent").

33. ~~32.~~ The '~~298, '567, and '321 patents are all~~321 patent is a continuations-in-part of and claim priority to the '889 and '461 patents.

34. ~~33.~~ On information and belief, the alleged conception of the subject matter claimed in the '~~298, '567, and '~~321 ~~patents~~patent occurred as a result of the joint efforts of at least Dr. Craig and Mr. de la Huerga and therefore Dr. Craig should have been named a co-inventor on these patents.

35. ~~34.~~ On information and belief, Mr. de la Huerga knew of the joint contribution that Dr. Craig had made to the conception of the ~~'298, '567, and~~ '321 patents, and that Dr. Craig was a co-inventor of those patents.

36. ~~35.~~ Despite this knowledge, Mr. de la Huerga failed to inform the Patent and Trademark Office of the work done by Dr. Craig or his involvement in the conception of the subject matter of the '~~298, '567, and '~~321 ~~patents~~patent.

6

37. ~~36.~~ This information was highly material to the patentability of the '~~298, '567, and '~~321 ~~patents~~patent because it bears on both the proper inventorship of the patents, as well as on the applicable prior art, including prior art work done by Dr. Craig.

38. ~~37.~~ On information and belief, Mr. de la Huerga knowingly withheld this information with the intent to deceive the Patent and Trademark Office into granting invalid patents that did not properly state the true inventors.

39. ~~38.~~ Mr. de la Huerga also made materially false statements to the patent examiner regarding Dr. Craig's role in the conception of the subject matter claimed in the '321 patent.

40. ~~39.~~ Dr. Craig was initially disclosed as a co-inventor of U.S. Application Serial No. 09/247,349 (the application for the '298 patent). Then, on April 29, 1999, several months after the application was filed, Dr. Craig was removed as an inventor by the filing of an executed declaration naming only Mr. de la Huerga as an inventor and a Correction of Filing Receipt that falsely stated that Mr. de la Huerga was the sole inventor.

41. ~~40.~~ On information and belief, Mr. de la Huerga made these knowingly false statements with intent to deceive the Patent and Trademark Office regarding Dr. Craig's true role in conceiving the subject matter of the '~~298, '567, and '~~321 ~~patents~~patent. On information and belief, Mr. de la Huerga did so in order to avoid having to share the rights to the patent with Dr. Craig, and to avoid having to solicit Dr. Craig's input and involvement in the patent prosecution process.

42. ~~41.~~ Mr. de la Huerga's intentionally deceptive misrepresentations were material to the issue of inventorship, and therefore constitute inequitable conduct that renders the '~~298, '567, and '~~321 ~~patents~~patent unenforceable.

### Fourth Affirmative Defense
### (Unclean Hands)

7

43. ~~42.~~ Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8

Case: 3:06-cv-00199-jcs   Document #: 98-6   Filed: 02/27/2008   Page 9 of 15

43. ~~42.~~ Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean

~~**COUNTERCLAIM**~~

**Fifth Affirmative Defense
(License/Exhaustion)**

43. Plaintiff's claims and/or recovery are barred in whole or part by the license and/or exhaustion based on the license agreement entered into between HyperPhrase and Microsoft pertaining to the '889 and '321 patents.

9

## COUNTERCLAIMS

Google, ~~for~~ re-presents its ~~counterclaim~~counterclaims against Plaintiffs, and states and alleges as follows:

### Nature of the Action

44. ~~43.~~ This counterclaim seeks a declaratory judgment of noninfringement, invalidity, and unenforceability of ~~the '567, '837, '321, '298, and '889 patents asserted by Plaintiffs~~U.S. Patent No. 6,516,321 ("the '321 patent") and U.S. Patent No. 5,903,889 ("the '889 patent"), which are the only patents still at issue in this action.  Google seeks judgment under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

### The Parties

45. ~~44.~~ Google is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

46. ~~45.~~ Upon information and belief, Hyperphrase Technologies, LLC is a Wisconsin limited liability corporation with places of business at 402 Gammon Place, Suite 300, Madison, Wisconsin 53719 and at 10532 N. Port Washington Road, Mequon, Wisconsin 53217.

47. ~~46.~~ Upon information and belief, Hyperphrase, Inc. is a wholly-owned subsidiary of Hyperphrase Technologies, LLC.

### Jurisdiction and Venue

48. ~~47.~~ This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

49. ~~48.~~ Plaintiffs have consented to personal jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in Plaintiffs' First Amended Complaint.

50. ~~49.~~ Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400.

Case: 3:06-cv-00199-jcs    Document #: 98-6    Filed: 02/27/2008    Page 12 of 15

11

50. 49. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400.

### Count I

51. ~~50.~~ Google has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '~~567, '837, '321, '298,~~889 or '~~889~~321 patents.

### Count II

52. ~~51.~~ The '~~567, '837, '321, '298,~~889 and '~~889~~321 patents are invalid and unenforceable because each fails to satisfy the requirements of 35 U.S.C. § 101, et seq., including, without limitation, sections 101, 102, 103, and 112.

### Count III

~~52. Google restates the allegations in Google's Third Affirmative Defense, paragraphs 16-41.~~

53. The '~~567, '837, '321, '298,~~889 and '~~889~~321 patents are unenforceable because Plaintiffs (including their predecessors-in-interest), through their inventors, attorneys, and agents, committed inequitable conduct during the prosecution of the patent applications that issued as the '~~567, '837, '321, '298,~~889 and '~~889~~321 patents that render these patents unenforceable, as set forth above in paragraphs 17-42, which are incorporated by reference here in their entirety. These acts of inequitable conduct include intentionally deceiving the patent office by withholding material information and by making material misstatements regarding the work done and contributions made by others. This information concerns both the inventorship of and prior art to the patents-in-suit, and therefore is highly material to the patentability of the claims of the patents-in-suit.

### Count IV

54. The alleged infringing systems comprising Microsoft products, systems, software, users, and licensees are licensed to the '889 and '321 patents, and that HyperPhrase has exhausted its right to damages for said alleged infringement.

## Count IV

55. The '889 and '321 patents are unenforceable as to the alleged infringing systems comprising Microsoft products, systems, software, users, and licensees.

## Jury Trial Demand

56. ~~54.~~ Google demands a trial by jury on all issues so triable.

## Prayer for Relief

57. ~~55.~~ Google respectfully prays for judgment as follows:

    a. A declaration that Google has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid enforceable claim of the '~~567, '837, '321, '298,~~889 and '~~889~~321 patents;

    b. A declaration that the asserted claims of the '~~567, '837, '321, '298,~~889 and '~~889~~321 patents are invalid and unenforceable;

    c. A declaration that the alleged infringing systems and users employing, using, or comprising Microsoft software are licensed and that no liability attaches for said alleged infringement;

    d. A permanent injunction preventing Plaintiffs, including their officers, agents, employees, and all persons acting in concert or participation with them, from charging that the '~~567, '837, '321, '298,~~889 and '~~889~~321 patents are infringed by Google;

13

   e. ~~d.~~ An award of reasonable attorney fees and costs to Google under, but not limited to, 28 U.S.C. § 285; and

   f. ~~e.~~ An award of any further relief that the Court deems just and proper.

Dated: ~~June 20, 2006~~ _____, 2008   LA FOLLETTE GODFREY & KAHN

               By: _____
               James A. Friedman (WI Bar # 0120756)
               James D. Peterson (WI Bar # 1022819)
               One East Main Street, Suite 500
               P.O. Box 2719
               Madison, WI 53701-2719
               Phone: 608.257.3911
               Fax: 608.257.0609

*Of Counsel:*

| ~~Michael J. Kane~~ ~~William R. Woodford~~ ~~Fish & Richardson P.C.~~ ~~3300 Dain Rauscher Plaza~~ ~~60 South Sixth Street~~ ~~Minneapolis, MN 55402~~ ~~Telephone: (612) 335-5070~~ ~~Facsimile: (612) 288-9696~~ | Frank E. Scherkenbach Kurt L. Glitzenstein ~~Peter J. Kirk~~ Fish & Richardson P.C. 225 Franklin Street Boston, MA 02110 Telephone: (617) 542-5070 Facsimile: (617) 542-8906 | Jason W. Wolff Fish & Richardson P.C. 12390 El Camino Real San Diego, CA 92130 Telephone: (858) 678-5070 Facsimile: (858) 678-5099 |

*Attorneys for Defendant GOOGLE INC.*

~~60355879.~~10812154.doc

14