IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

　　　　Plaintiffs,

v.                                                      Civil Action No. 06 C 0199 S

GOOGLE INC.,

　　　　Defendant.

**STIPULATED PROTECTIVE ORDER**

　　　　Plaintiffs HyperPhrase Technologies, LLC and HyperPhrase Inc. and Defendant Google Inc. have stipulated to entry of this Protective Order, which shall govern the handling of any information produced or disclosed by any party or nonparty (the "Producing Party") in the above-captioned litigation (the "Action") whether revealed in documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, or pretrial or trial testimony or otherwise ("Discovery Material").

　　　　IT IS HEREBY ORDERED:

　　　　1.　　**Confidential Information**. Any Producing Party may designate any Discovery Material as "Confidential" or "Attorneys' Eyes Only" (both terms mean the same thing) under the terms of this Protective Order if such party in good faith believes such Discovery Material contains confidential, proprietary, commercially sensitive, or trade secret information. Such material shall be considered "Designated Material" under this Order.

　　　　2.　　**Confidential – Source Code**. Any Producing Party may designate any Discovery Material as "Confidential – Source Code" or "Attorneys' Eyes Only – Source Code" (both terms mean the same thing) under the terms of this Order if such party in good faith believes that such

Discovery Material constitutes or contains the Producing Party's confidential, human or machine readable, computer program code or data, which reveals source code logic, algorithms, or proprietary data pertaining to the Producing Party's software, computer applications, or systems. The term "Source Code" shall mean computer instructions, data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other analysis tool, and shall also include data concerning that software, computer applications, or systems. Such material shall also be considered "Designated Material" under this Order.

3. **Derived Materials**. Any information derived from Designated Materials, including information obtained by inspecting, measuring, analyzing, copying, excerpting, summarizing, or testing any sample or other thing designated under this Order shall have the confidentiality designation of the materials from which it was derived and shall also be considered "Designated Material" under this Order.

4. **Restriction on Designated Material**. Designated Material and information derived from Designated Material shall be used by the party receiving it (the "Receiving Party") solely for purposes of this Action and shall not be used for any other purpose whatsoever, including, without limitation, any business, proprietary, commercial, legal/litigation, governmental purpose, or in connection with the preparation or prosecution of any patent application.

5. **Designation**. To designate Discovery Material other than deposition transcripts as Designated Materials, the Producing Party shall affix the appropriate designation conveying the level of designation of that material, for example the "Confidential" or "Confidential – Source Code" legend to each page containing designated Discovery Material. To facilitate discovery, the parties may designate documents in any appropriate manner to indicate their

confidential nature. Appropriate alternative designations for "Confidential" material include "Confidential," "Sensitive Confidential," "Attorneys' Eyes Only," "Highly Confidential," or other terms indicating the confidential nature of the material so designated. Appropriate alternative designations for "Confidential – Source Code" information include "Highly Confidential – Source Code," "Sensitive Confidential – Source Code," "Attorneys' Eyes Only – Source Code," or other terms indicating the confidential source code nature of the material so designated. Where information is produced electronically, such designation shall be made on the materials within the electronic media (e.g., files on a CD-ROM) where possible, and where not possible shall be affixed upon the outside of the electronic media such that all Discovery Material contained therein shall be treated as having that designation.

  a) To identify information in a deposition transcript as Designated Material, the Producing Party must identify portions of the transcript by page and line number. The Producing Party must deliver written notice of its designation to the opposing party or parties within ten business days after it receives a copy of the official transcript. An express statement on the record by counsel during the proceeding that certain testimony shall be so designated is not required. Where a portion of a deposition transcript refers to or explains an exhibit or materials that have been designated or identified as being Designated Material, the portion of the transcript referring to or explaining the Designated Material shall be given the same level of designation as the Designated Material referred to or explained.

  b) In the event the Producing Party elects to produce original files and records for inspection in response to any discovery request, the Producing Party need not designate the material in advance of the inspection. For the purposes of the inspection,

all documents produced shall be considered as marked "Confidential" or "Confidential – Source Code." Thereafter, if the Producing Party makes copies of documents selected for copying, the Producing Party shall designate and mark the Discovery Materials prior to producing copies to the Receiving Party.

  c)   Counsel for the Producing Party and the Receiving Party shall agree on a mutually acceptable manner of designation for the identification of protected information that cannot be readily or easily marked in a visible manner.

  d)   The inadvertent failure to designate information in accordance with this order or the failure to object to a designation at or within a given time shall not preclude designating information under this Order at a later date or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

  6.   **Challenging a Designation.** If the Receiving Party disagrees with the Producing Party's designation, then the parties must make a good faith effort to resolve the dispute. If the dispute can not be resolved, the Receiving Party may move for an order vacating the designation. The information in question shall be treated as it has been designated until the issue is resolved by the Court or by agreement of the parties.

  7.   **Maintenance of Designated Materials by the Parties.** Designated Materials shall be maintained in a secure, protected location by the Receiving Party in a manner that prevents duplication or unauthorized access. Because the parties recognize the highly and particularly sensitive nature of Confidential – Source Code materials, such materials shall be subject to the following additional provisions:

    a)   Confidential – Source Code materials shall be kept in a secure location accessible only by attorneys and staff of counsel of record assigned to work on this

matter and/or persons who have executed the protective order in accordance with paragraph 10.

    b)    Confidential – Source Code materials may not be stored on a computer that is accessible via a fixed or witness network (computer though which source code is viewed connected only to a printer though fixed cabling, where the computer and printer are not connected in any manner to anything else shall not be considered a network).

    c)    The Receiving Party shall notify the Producing Party within 24 hours of becoming aware of any loss, theft, or unauthorized access or copying of any designated source code.

    d)    The Receiving Party shall return or certify destruction of all copies of the source code in their possession within sixty days of the final termination of this litigation.

    e)    The Receiving Party's outside counsel may make up to three copies of source code documents produced by the Producing Party. If good cause exists to make additional copy or obtain additional electronic copies as may be necessary for the litigation, or to send copies to additional approved experts or consultants, the Receiving Party may request that the Producing Party allow or provide a limited number of additional copies. If the Producing Party has a good faith basis to object to such request, the Producing Party and the Receiving Party shall meet and confer in good faith. If the Producing Party and the Receiving Party are unable to come to an agreement after two business days, the Receiving Party may seek a Court Order on an expedited basis requiring the immediate production of additional copies of the designated source code documents in question.

  f) Nothing in this Order shall obligate the parties to produce any particular item of source code nor act as an admission that any particular source code is discoverable.

 8. **Handling of Designated Materials by the Court.** All Confidential information and Confidential – Source Code information that is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to the action, the legend, e.g., "CONFIDENTIAL" or "CONFIDENTIAL – SOURCE CODE" and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains [Confidential Information or Confidential – Source Code] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action."

  a) The envelope or container shall not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container.

  b) The Clerk of this Court is directed to maintain under seal all documents and things filed in the Court in this litigation which have been designated, in whole or in part, as "Confidential Information" or "Confidential – Source Code."

 9. **Prosecution Restriction.** Any attorney, patent agent, patent applicant, or individual who, on behalf of a Receiving Party, actually has received or reviewed any designated materials (e.g., source code, design specifications, functional specifications, or product specifications) of a technical nature of in-process technology—that is technology currently being researched, developed, or distributed by the Producing Party—shall not thereafter prosecute, file, supervise, or assist in any way in the prosecution of any patent application relating to such technology disclosed in the designated documents on behalf of any party for the pendency of this

litigation and for a period of two years after conclusion of this litigation. All technical documents produced by the Parties of the type identified here, which disclose an alleged embodiment of the patented invention or describe the alleged infringing technology and which are Designated Materials shall be considered to be "in-process technology" unless otherwise agreed between the Producing Party and the Receiving Party. This restriction does not apply generally to the law firms involved in this litigation, but it does apply to the specified individuals who have access to such Designated Materials. For purposes of this paragraph, prohibited patent prosecution shall include, without limitation: preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications; claim drafting; or consultation on any of the above matters with others performing these activities. This paragraph shall not restrict consultation regarding strictly procedural or legal aspects of prosecution that do not involve the merits, substance, or technical nature of an application.

10.  **Disclosure of Designated Materials**.  Designated Materials may be provided to those individuals qualified under this paragraph are not also directly involved in preparing or prosecuting patent applications as described in Paragraph 9. Any Party may designate up to two individuals who are directly employed by the party, and up to four consultants/experts to whom Designated Materials may be disclosed, under the following procedure:

   a)  *Employees*:  The Receiving Party must disclose the name of the individual employees to whom access will be given to Designated Materials, and that individual must submit a declaration (Appendix A) to the Producing Party, confirming that he or she is not involved in patent prosecution related to a patent asserted in this Action (e.g., any continuation, divisional, continuation-in-part, or other application making a priority claim

to an application in the priority chain of an asserted patent) or in "competitive decision making" as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n. 3 (Fed. Cir. 1984). Without an express agreement to the contrary, a Producing Party's Confidential – Source Code materials shall not be disclosed to employees, owners, or principals of the Receiving Party.

    b)    **_Experts/Consultants_**: The party retaining the Expert must provide all other parties with a current resume or curriculum vitae of the Expert, including business address and telephone number, present employer and position, and employment history for the most recent four years, including any matters in which the Expert has offered a report, testified, or consulted on; a copy of Exhibit B executed by the Expert; a list of any patents or patent applications on which the Expert is named as an inventor or is an interest holder; and a list of any past and present business relationships or affiliations with any Party to this Action.

    c)    Within 10 business days after receipt of the materials identified in subparagraph 10(a) or 10(b), any party may object in writing to that person having access to the Producing Party's Designated Materials. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within 15 business days after receipt of the materials described in subparagraphs 10(a) or 10(b), the party seeking to disclose Designated Materials to a person described under paragraphs 10(a) or 10(b) may seek an Order granting that person access to Designated Materials.

11.    **Inadvertent Disclosure and Designation**. The inadvertent production of any privileged, work product, or Designated Material shall not be deemed a waiver or impairment of any claim of privilege, protection, or the confidential nature of the information. Upon receiving

oral or written notice from the Producing Party that privileged or confidential information has been inadvertently produced, all such information and any copies shall immediately be returned to the Producing Party and the Receiving Party shall not use such information for any purpose until further order of this Court. Any analyses, memoranda, or notes which were internally generated based upon inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

12. **Service of Legal Process**. If any Receiving Party is served with any legal process in another legal proceeding seeking Designated Material, the Receiving Party shall give written notice by hand or facsimile to the Producing Party within ten business days after receipt of process and, if able to do so without prejudicing itself, shall provide the Producing Party an opportunity to object to the disclosure of the Designated Material. This Order does not require the Receiving Party to challenge or appeal an order requiring production of Designated Material to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

13. **Return or Destruction of Designated Materials**. All Designated Material shall be destroyed or returned to counsel for the Producing Party within 60 days of the final disposition of this Action. The final disposition of this action occurs when a court enters an order disposing of all claims and the time for appeal expires or all claims are resolved by settlement or other process. Counsel of record shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any Designated Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

14. **Modifications**. The parties may modify this protective order by written agreement or if no agreement can be reached, by moving the Court.

15. **Terms Survive Litigation**. The terms of this protective order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this Action after its final disposition for the purpose of enforcing this protective order unless the Court orders otherwise.

STIPULATED AND AGREED TO BY:

Date: 10/13/06

By: [signature]

NIRO SCAVONE HALLER & NIRO

Attorneys for Plaintiff
HYPERPHRASE TECHNOLOGIES L.L.C.
AND HYPERPHRASE INC.

Date: 10/13/06

By: [signature]

FISH & RICHARDSON P.C.

Attorneys for Defendant
GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HYPERPHRASE TECHNOLOGIES, LLC and HYPERPHRASE INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Civil Action No. 06 C 0199 S |

## ORDER GRANTING STIPULATED PROTECTIVE ORDER

Based on the attached Stipulation of the Parties:

IT IS SO ORDERED.

Dated this ____ day of February, 2008.

BY THE COURT:

_____
United States District Court Judge

3004595_1

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th of February, 2008, a true and correct copy of the following document was filed with the Clerk of the Court using the ECF filing system which will send notification of such filing to the following:

- Stipulated Protective Order

| | |
|---|---|
| Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES, LLC and HYPERPHRASE INC.<br><br>Kim Grimmer, Esq.<br>Jennifer L. Amundsen, Esq.<br>Solheim Billing & Grimmer, S.C.<br>One South Pinckney Street<br>Suite 301<br>Madison, WI 53703<br>kgrimmer@sbglaw.com<br>jamundsen@sbglaw.com | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES, LLC and HYPERPHRASE INC.<br><br>Raymond Niro, Esq.<br>Niro, Scavone, Haller & Niro<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>rniro@nshn.com |

*s/Nicole Talbott Settle*
Nicole Talbott Settle

3004994_1