IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

        Plaintiffs,

        v.                                                                 Civil Action No. 06 C 0199 S

GOOGLE INC.,

        Defendant.

---

**MEMORANDUM IN SUPPORT OF GOOGLE'S MOTION
FOR SUMMARY JUDGMENT OF NO WILLFULNESS
REGARDING U.S. PATENT NOS. 5,903,889 AND 6,516,321**

---

## I.      INTRODUCTION

This motion addresses the discrete issue of whether HyperPhrase can show, with clear

and convincing evidence, that Google meets the Federal Circuit's heightened new two-part test

for willful infringement, i.e., that Google "acted despite an objectively high likelihood that its

actions constituted infringement of a valid patent," and that this objectively-defined risk "was

either known or so obvious that it should have been known to" Google.  *In re Seagate Tech,*

*LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  HyperPhrase cannot establish either prong, and so

the Court should grant partial summary judgment for Google regarding this issue.

Three factors compel the relief that Google seeks.  First, Google previously obtained

summary judgment of noninfringement for all asserted claims, and all accused products.  *See*

*Franklin Elec. Co., Inc. v. Dover Corp*, No. 05-C-598-S, 2007 U.S. Dist. LEXIS 84588 (W.D.

Wis., Shabaz, J., Nov. 15, 2007) (finding that prior grant of summary judgment on the grounds

of noninfringement precluded a finding of willfulness, *even where the Federal Circuit later*

*reversed that decision*).  Second, as set forth in Google's co-pending motion for summary

Dockets.Justia.com

judgment of noninfringement, not only is there no "objectively high likelihood" of infringement, but noninfringement is so clear that summary judgment is warranted on that issue as well. Finally, as set forth in Google's co-pending motion for summary judgment of invalidity, the remaining asserted claims are all anticipated by numerous prior art references, foreclosing any argument by HyperPhrase that Google "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."

Allowing HyperPhrase to pursue a meritless willfulness theory will add unnecessary complexity and cost to the remaining proceedings, and will only further complicate the jury's task. The issue should be removed from the case.

## II.        STATEMENT OF INDISPUTABLE FACTS

The background of this case is set forth in Google's briefs regarding noninfringement and invalidity and in its proposed findings of fact, which Google is concurrently filing with this memorandum. This issue turns on few questions of fact, none of which HyperPhrase can dispute.

- The Court has previously granted summary judgment for Google on the grounds of noninfringement. (Dkt. No. 64.)

- HyperPhrase's contentions regarding willfulness are set forth in its response to Google's Interrogatory No. 3. (Dkt. No. 35 (Woodford Decl. Exhs.), Exhibit X.)

## III.       LEGAL STANDARDS

### A.    Summary Judgment

The Court should enter summary judgment when, as here, there is no genuine dispute of material fact and judgment can be entered as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Where the nonmoving party (HyperPhrase) bears the burden of proof at trial, the moving party's burden "may be discharged by 'showing' –

that is, pointing out to the district court – that there is an absence of evidence to support the

nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once Google

points out this absence of evidence, HyperPhrase must identify admissible evidence

demonstrating that a trial is required because disputed issues of material fact exist.  *Id*. at 324.  A

dispute regarding material fact is "genuine" only "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." *Id*. at 249 (citations omitted).

### B.    Evidentiary Standard of Proof

HyperPhrase bears the burden of proving willfulness by clear and convincing evidence.

35 U.S.C. § 284; *Seagate*, 497 F.3d at 1371.  Thus, the Court should view Hyperphrase's

evidence of willfulness through the prism of this heightened standard of proof.  *Liberty Lobby*,

477 U.S. at 252-54.

### C.    Willfulness

Under *Seagate*, HyperPhrase must establish that Google's actions were both objectively

and subjectively reckless.  *See* 497 F.3d at 1371.  In *Seagate*, the Federal Circuit overruled

*Underwater Devices Inc. v. Morrison-Knudsen Co*., 717 F.2d 1380 (Fed.Cir.1983), and

established a new two-part test for willfulness.  *First*, the patentee must show "objective

recklessness" by clear and convincing evidence – namely, that an accused "infringer acted

despite an objectively high likelihood that its actions constituted infringement of a valid patent."

*Id*.  *Second*, the patentee must show that the objectively-defined risk "was either known or so

obvious that it should have been known to the accused infringer."  *Id*.  The *Seagate* test does not

require that "the would-be infringer know conclusively, i.e., with one hundred percent certainty,

that his actions are legitimate.  Instead, the infringer need only show there was a reasonable basis

for him to believe his actions were legitimate." *Abbott Laboratories v. Sandoz, Inc.*, No. 05-5373, 2007 WL 4287503, at *3 (N.D. Ill. 2007, Dec. 4, 2007) (granting Rule 12(b)(6) motion to dismiss allegations of willfulness).  Meritorious defenses also defeat willful infringement: "legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent." *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, no. 2007-1243, 2007-1244, 2008 WL 60501, at *6-7 (Fed. Cir. Jan. 7, 2008) (unpublished opinion).

Since the Federal Circuit announced this heightened test last August, several courts have granted judgment as a matter of law on the ground of no willful infringement.  *See, e.g., Innogenetics, N.V. v. Abbott Laboratories,* 512 F.3d 1363, 1381 (Fed. Cir. 2008) (affirming district court's grant of JMOL, overturning the jury's verdict of willful infringement); *Lucent Techs., Inc. v. Gateway, Inc.*, No. 07-CV-2000-H, 2007 U.S. Dist. LEXIS 95934, at *21 (S.D. Cal. Oct. 30, 2007) (granting summary judgment of no willfulness) (For the convenience of the Court, a courtesy copy is attached to this Memorandum as Exhibit A.); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04-5312, 2008 WL 63233, at *3 (N.D. Ill. Jan. 3, 2008) (reversing jury verdict, granting JMOL, and "holding no reasonable jury could find that defendants willfully infringed plaintiffs patent.").  The issues in this case likewise warrant the entry of judgment as a matter of law.

4

IV.        **ARGUMENT**

        **A.      HyperPhrase Cannot Establish an Objectively High Likelihood that Google's Actions Constituted Infringement of a Valid Patent.**

                **1.      By Granting Google's Previous Motion for Summary Judgment, the Court Has Already Found that There Was Not an "Objectively High Likelihood" that Google Infringed a Valid Patent.**

This Court's prior grant of summary judgment on noninfringement negates the first prong of the *Seagate* test.  As this Court held in *Franklin Elec. Co., Inc. v. Dover Corp.*, a prior grant of summary judgment on noninfringement precludes a finding of willfulness, even where the Federal Circuit later reverses that finding:

> The infringement analysis in the first summary judgment decision goes to the objective inquiry of the likelihood of infringement. Regardless of the contrary decision of the Appeals Court, the analysis establishes defendants' conduct in selling its product was not reckless in the sense that there was an 'objectively high likelihood' that its actions were infringement.  Given the significant support in the language of the patent, the specification and prosecution history for defendant's non-infringement position, plaintiff cannot meet its burden to prove objective recklessness by clear and convincing evidence.

2007 U.S. Dist. LEXIS 84588, at *22-23 (courtesy copy attached as Exhibit B).

In granting Google's previous motion for summary judgment of noninfringement (Dkt. No. 64), the Court found that there was significant support in the language of the patent, the specification, and the prosecution history for Google's noninfringement position. (Order at 16-23.)  In adopting Google's noninfringement arguments, the Court found that the "language, specification and prosecution history of the patents in suit are all consistent in informing the meaning of the terms."  (*Id*. at 17.)  Google could not have been objectively reckless:  it had substantial grounds for believing that its conduct did not infringe, and this Court agreed with those grounds.  Even though the Federal Circuit disagreed with Google and this Court with

regard to the AutoLink product and six claims (but affirmed the bulk of this Court's decision[1]),

HyperPhrase cannot meet its burden to prove objective recklessness by clear and convincing

evidence. *See Franklin*, 2007 U.S. Dist. LEXIS 84588, at \*22-23; *Black & Decker, Inc*, 2008

WL 60501, at \*6-7 ("legitimate defenses to infringement claims and credible invalidity

arguments demonstrate the lack of an objectively high likelihood that a party took actions

constituting infringement of a valid patent").

HyperPhrase's response to Google's prior motion for summary judgment further

demonstrates the legitimacy of Google's defenses. In response to Google's noninfringement

arguments, HyperPhrase's expert, Dr. Paul Thompson, admitted that his understanding of how

Google's products worked was wrong, and he changed his claim constructions. (Dkt. No. 37

(Plaintiff's Brief in Opposition to Google's Motion for Summary Judgment of AutoLink

Noninfringement at 19-20 (changing infringement theory) and 20 n. 3 (changing claim

construction position).) HyperPhrase's inability to maintain a consistent theory to rebut

Google's arguments further demonstrates the objective reasonableness of Google's position.

Google's arguments were "substantial, reasonable, and far from the sort of easily-dismissed

claims that an objectively reckless infringer would be forced to rely upon." *ResQNet.com, Inc. v.

Lansa, Inc*., No. 01-3578, 2008 WL 313921, at \*19 (S.D.N.Y. Feb. 1, 2008).

---

[1] HyperPhrase originally asserted eighteen claims of five patents against four different Google
technologies. (Dkt. No. 6, (Plaintiff HyperPhrase's Report for Preliminary Pretrial Conference) at 1; Dkt. No. 35
(Woodford Decl. Exhs.), Exhibit X at p. 16 (Interrogatory No. 2).) Only six claims of two patents remain against a
single technology. The Federal Circuit affirmed the bulk of the Court's prior summary judgment decision, including
the determination that AutoLink did not infringe the '567 patent and AdSense did not infringe the '321 and '298
patents. *HyperPhrase Technologies, LLC v. Google, Inc*., 2007 WL 450947 (Fed. Cir. Dec. 26, 2007) (slip op.). In
doing so, the Federal Circuit specifically rejected HyperPhrase's construction of the key term "data reference."

**2.    Google's Co-Pending Motions for Summary Judgment Further Establishes that There Was Not an "Objectively High Likelihood" that Google Infringed a Valid Patent.**

As described in the accompanying memoranda in support of its motions for summary judgment, Google has raised further substantive defenses regarding noninfringement and invalidity of the '321 and '889 patents, as it did in its earlier summary judgment filings (Dkt. Nos. 17-20.)  Of course, either motion, if granted, would dispose of the willfulness issue, but the substantive defenses raised in these filings are alone sufficient to negate a finding of objective recklessness.  *See Black & Decker, Inc,* 2008 WL 60501, at *6-7.  Where a party raises substantial, reasonable arguments, there is no "objective recklessness, even if those arguments are not accepted."  *ResQNet.com, Inc.*, 2008 WL 313921, at *19 (finding no recklessness even where defendant was unsuccessful in defending against infringement or proving invalidity); *Cohesive Technologies, Inc. v. Waters Corp.*, 526 F. Supp. 2d 84, 104 (D. Mass. 2007) (finding no willfulness where there is a bona fide dispute regarding infringement).

**B.    HyperPhrase Cannot Establish that Google Knew or Should Have Known That it Was Aware of an Objectively High Risk of Infringing a Valid HyperPhrase Patent.**

Because it cannot establish that Google has an objectively high likelihood of infringement; axiomatically, HyperPhrase cannot establish that Google knew or should have known about such risk.  HyperPhrase has the burden to establish with clear and convincing evidence that the objectively-defined risk "was either known or so obvious that it should have been known" to Google, *Seagate*, 497 F.3d at 1371; however, HyperPhrase has no evidence of this.

HyperPhrase's contentions consist only of Google's awareness of the patents, Google's awareness that HyperPhrase thought Google infringed its patents, Google's decision not to

7

accept a license, and Google's continued use of AutoLink.[2]  As a matter of law, these allegations

are inadequate to establish willfulness.  *See TGIP, Inc. v. AT&T Corp.*, No. 06-105, 2007 WL

3194125, at *13 (E.D. Tex. Oct. 29, 2007) (granting JMOL regarding no willfulness, "In

summary, TGIP's evidence in this regard consists of the 1998 and 1999 letters accusing AT&T

of infringement, and the fact that the jury found infringement in 2007.  This is only a scintilla of

the evidence needed to meet the clear and convincing standard."); *Cohesive Technologies, Inc.*,

526 F. Supp. 2d at 103 (finding no willfulness, "[w]illful infringement is not established by the

simple fact of infringement, even where the accused has knowledge of the patents").  On these

facts, HyperPhrase cannot establish with clear and convincing evidence that the objectively-

defined risk "was either known or so obvious that it should have been known" to Google.

*Seagate*, 497 F.3d at 1371.

## V.    CONCLUSION

For the foregoing reasons, Google requests that the Court declare and enter judgment that

Google has not willfully infringed claims 1 and 7 of the '889 patent and claims 1, 24, 27, and 86

of the '321 patent, and dismiss HyperPhrase's claims for enhanced damages and attorney fees

pursuant to 35 U.S.C §§ 284 and 285.

---

[2] The complaint's allegations regarding willfulness are limited to two sentences:  Paragraph 10 "Google has actual and/or constructive notice of Google's infringement of the HyperPhrase Patents; and Paragraph 11 "Google's infringement has occurred with knowledge of the HyperPhrase patents."  (First Amended Complaint for Patent Infringement, Dkt No. 5.)  Hyperphrase's responses to Google's interrogatories add little more:

> Plaintiffs, through counsel, identified Google's infringement of certain of the claims at issue in a letter to Google's CEO, Dr. Eric Schmidt, dated June 17, 2005.  Plaintiffs also contacted Google in late 2004, making Google aware of the existence of Plaintiffs' patent portfolio.  Google declined a license both times.  In addition, during correspondence with Google representatives Amin Zoufounon and Catherine Lacavera, Plaintiffs provided Google with claim charts showing the specific application of specified claims to Google products, based on the information available to Plaintiffs at the time.  Google continued to decline to accept a license, and, further, continued to use and provide the infringing technologies.  Copies of the claim charts and correspondence are in Google's possession, and will be provided in Plaintiffs' document production.

(Dkt. No. 35, Ex. X, First Supplemental Responses to Google's First Set of Interrogatories (Nos. 1-8) at Interrogatory No. 3.)

Dated:  February 29, 2008                    GODFREY & KAHN, S.C.

                                             By: */s/ James D. Peterson*
                                                 James A. Friedman
                                                 James D. Peterson
                                                 One East Main Street, Suite 500
                                                 P.O. Box 2719
                                                 Madison, WI  53701-2719
                                                 Phone:  (608) 257-3911
                                                 Facsimile:  (608) 257-0609

*Of Counsel:*


| | | |
|---|---|---|
| Frank E. Scherkenbach | Michael J. Kane | Jason W. Wolff |
| Kurt L. Glitzenstein | William R. Woodford | Fish & Richardson P.C. |
| Christopher R. Dillon | Fish & Richardson P.C. | 12390 El Camino Real |
| Peter J. Kirk | 3300 Dain Rauscher Plaza | San Diego, CA  92130 |
| Fish & Richardson P.C. | 60 South Sixth Street | Telephone:  (858) 678-5070 |
| 225 Franklin Street | Minneapolis, MN  55402 | Facsimile:  (858) 678-5099 |
| Boston, MA  02110 | Telephone:  (612) 335-5070 | |
| Telephone:  (617) 542-5070 | Facsimile:  (612) 288-9696 | |
| Facsimile:  (617) 542-8906 | | |

*Attorneys for Defendant GOOGLE INC.*


3004515_1

9