IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

      Plaintiffs,

  v.

GOOGLE INC.,

      Defendant.

Civil Action No. 06 C 0199 S

# TABLE OF CONTENTS FOR EXHIBITS TO GOOGLE'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIMS

Exhibit 6, Excerpts from Google's First Set of Request for Production of Documents and Things .................................................................................................................... page 2

Exhibit 7, December 1, 2006 letter to Jason Wolff from Katy Dickman producing the Microsoft patent license agreement ................................................................................................. page 6

Exhibit 8, Excerpt from infringement charts dated February 11, 2008 attached to Supp. Expert Report of Paul Thompson, PhD ............................................................................................ page 8

Exhibit 9, Excerpt from February 11, 2008 Supp. Expert Report of Paul Thompson, PhD. page 16

Exhibit 10 [FILED UNDER SEAL]

3011225_1

EXHIBIT 6

Case: 3:06-cv-00199-bbc   Document #: 114-2   Filed: 03/11/2008   Page 2 of 20

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HYPERPHRASE TECHNOLOGIES, LLC and HYPERPHRASE INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Civil Action No. 06 C 0199 S |

## GOOGLE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rule of Civil Procedure 34, Google Inc. requests that Plaintiffs HyperPhrase Technologies, LLC and HyperPhrase Inc. produce for inspection and copying the following documents and other tangible things that are in their possession, custody, or control. Production shall take place within thirty days of service of this request at the offices of Fish & Richardson P.C. in Minneapolis, Minnesota, or at such other locations and times as counsel for the parties may agree. The following definitions and instructions apply.

### DEFINITIONS

1. "Google" refers to Google Inc., including all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, affiliates, and divisions.

2. "Plaintiffs," "HyperPhrase," "You," or "Your" refers to HyperPhrase Technologies, LLC or HyperPhrase, Inc., including their past and present officers, directors, employees, agents, consultants, attorneys, or others acting or purporting to act on their behalf, including their predecessors, subsidiaries, parents, and affiliates to the extent any exist.

1

REQUEST FOR PRODUCTION NO. 61:

All documents and things concerning any damages alleged by Plaintiffs in this action, including all documents that Plaintiffs may rely upon as evidence to support any damages theory that they may assert in this action.

REQUEST FOR PRODUCTION NO. 62:

All documents and things concerning Plaintiffs' contention that they are entitled to recover damages pursuant to 35 U.S.C. § 284.

REQUEST FOR PRODUCTION NO. 63:

All documents and things concerning Plaintiffs' contention that they are entitled to attorney fees pursuant to 35 U.S.C. § 285.

REQUEST FOR PRODUCTION NO. 64:

All documents and things concerning any attempt by Plaintiffs to license any of the patents-in-suit.

REQUEST FOR PRODUCTION NO. 65:

All documents that relate to licenses, distribution agreements, broker agreements, franchise agreements, quitclaims, conveyances, negotiations to license or convey, offers to license or convey, or other transfers of rights to or from Plaintiffs relating to any invention disclosed, described, or claimed by any of the patents-in-suit and any other documents relating to Plaintiffs' consent or permission to third parties to use any technology relating to any invention disclosed, described, or claimed by any of the patents-in-suit.

REQUEST FOR PRODUCTION NO. 66:

Documents sufficient to show royalties paid by each licensee or sublicensee to Plaintiffs, on a quarterly and annual basis, pursuant to any license or sublicense granted under any of the

REQUEST FOR PRODUCTION NO. 79:

All documents and things from any of Plaintiffs' board of directors meetings or other management meetings that refer or relate to Google, this case, or the patents-in-suit.

REQUEST FOR PRODUCTION NO. 80:

Documents sufficient to show Plaintiffs' organizational structure from 1999 to the present.

Dated:  June 7, 2006                           LA FOLLETTE GODFREY & KAHN

By: _____
James A. Friedman (WI Bar # 0120756)
James D. Peterson (WI Bar # 1022819)
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI  53701-2719
Phone:  608.257.3911
Fax:  608.257.0609

*Of Counsel:*

| Michael J. Kane | Frank E. Scherkenbach | Jason W. Wolff |
| William R. Woodford | Kurt L. Glitzenstein | Fish & Richardson P.C. |
| Fish & Richardson P.C. | Peter J. Kirk | 12390 El Camino Real |
| 3300 Dain Rauscher Plaza | Fish & Richardson P.C. | San Diego, CA  92130 |
| 60 South Sixth Street | 225 Franklin Street | Telephone: (858) 678-5070 |
| Minneapolis, MN  55402 | Boston, MA  02110 | Facsimile: (858) 678-5099 |
| Telephone: (612) 335-5070 | Telephone: (617) 542-5070 | |
| Facsimile: (612) 288-9696 | Facsimile: (617) 542-8906 | |

*Attorneys for Defendant GOOGLE INC.*

60361962.doc

mn278589_2

20

EXHIBIT 7

# NIRO, SCAVONE, HALLER & NIRO

| | | |
|---|---|---|
| RAYMOND P. NIRO<br>THOMAS G. SCAVONE<br>TIMOTHY J. HALLER<br>WILLIAM L. NIRO<br>JOSEPH N. HOSTENY, III<br>ROBERT A. VITALE, JR.<br>JOHN C. JANKA<br>PAUL K. VICKREY<br>DEAN D. NIRO<br>RAYMOND P. NIRO, JR.<br>PATRICK F. SOLON<br>ARTHUR A. GASEY<br>CHRISTOPHER J. LEE<br>DAVID J. SHEIKH<br>VASILIOS D. DOSSAS | 181 WEST MADISON STREET - SUITE 4600<br>CHICAGO, ILLINOIS 60602-4515<br><br>TELEPHONE (312) 236-0733<br>FACSIMILE (312) 236-3137<br><br>December 1, 2006 | ROBERT P. GREENSPOON<br>SALLY WIGGINS<br>RICHARD B. MEGLEY, JR.<br>MATTHEW G. McANDREWS<br>PAUL C. GIBBONS<br>WILLIAM W. FLACHSBART<br>BRADY J. FULTON<br>GREGORY P. CASIMER<br>DOUGLAS M. HALL<br>DINA M. HAYES<br>FREDERICK C. LANEY<br>DAVID J. MAHALEK<br>KARA L. SZPONDOWSKI<br>ROBERT A. CONLEY<br>ERIC J. MERSMANN |

***Via FedEx***
Jason Wolff, Esq.
Fish & Richardson
12390 El Camino Real
San Diego, California 92130

      Re:    <u>HyperPhrase v. Google, Civ. Action No. 06 C 0199 S (W.D. Wisc.)</u>

Dear Jason:

Enclosed please find one CD of documents produced by HyperPhrase. These documents are numbered H023167-H023186 and have been marked with confidentiality where appropriate, pursuant to the stipulations entered in the Protective Order. If you have any questions regarding these documents, please feel free to contact me.

                                        Sincerely,

                                        Katy Dickman
                                        Paralegal - Niro, Scavone, Haller & Niro

Enclosures: as listed above

EXHIBIT 8

Case: 3:06-cv-00199-bbc    Document #: 114-2    Filed: 03/11/2008    Page 8 of 20

| 5,903,889 - Filed: June 9, 1997  Issued: May 11, 1999 System and method for translating, collecting and archiving patient records | Google AutoLink |
|---|---|
| 1. A computer system with a plurality of data records on a plurality of databases, and a standardized format for addressing said data records, said computer system comprising: | Google maintains a plurality of data records on multiple databases. There is a standard format for addressing these records, for example book records may contain an ISBN number, which have a standardized format.<br><br>In Exhibit 3-A of Google's responses and objections to plaintiff's first set of interrogatories (nos. 1-15), hereafter referred to as Google's responses, it is alleged that Google AutoLink does not provide a plurality of data records on multiple databases since a web page is not a data record. However, the World Wide Web itself is a database, whose components are web sites. These websites consist of web pages which are the fields of the data record arranged in a particularly defined structure, i.e., the interlinking of one web page within a site to other web pages within the website. This characterization of a web page as a data record meets the definition of data record established by Judge Crabb in Opinion and Order 02-C-0647-C in the case HyperPhrase Technologies, LLC and HyperPhrase, Inc., v. Microsoft Corporation. This opinion and order was the judge' ruling on the construction of certain claims in the HyperPhrase patents involved with that suit. This definition arose in consideration of claims 49 and 53 of the '461 patent. The '461 patent was combined with the '889 patent in the '298 patent.<br><br>In Google's responses it is also alleged that there is not a standardized format for addressing the alleged data records in the plurality of databases and that, moreover, Google does not provide or have control over the claimed "computer system".<br><br>The Google Toolbar Help, which I accessed on 10/21/2006, states "The online review of a great new restaurant has the place's address but no map. You could type the restaurant's street, city, and ZIP code into the search box, but why bother, when clicking the Toolbar's AutoLink button will automatically create a link to an online map (US addresses only)? AutoLink can also link package tracking numbers to delivery status, VIN numbers (US) to vehicle history, and publication ISBN numbers to Amazon.com listings." Another web page provided by Google through Google Toolbar Help, also accessed on 10/21/2006, states "How do I use AutoLink? The AutoLink feature adds link to the page you're viewing if it recognizes certain types of information on the page. For example, AutoLink will link a U.S. street address to a map of that address or the tracking number of a package to a status page for your package. AutoLink also recognizes car VIN numbers and book ISBN numbers. [new paragraph] Click on the "AutoLink" button to create a link on a page, or click on the arrow to the right of the "AutoLink" button and choose a link from the drop down menu." |

| 5,903,889 Filed: June 9, 1997  Issued: May 11, 1999<br>System and method for translating, collecting and archiving patient records | Google AutoLink |
|---|---|
| | Each of these links will also address a record using a standardized format.<br><br>For example, ISBN numbers are not always expressed with an identical format. In order to achieve the AutoLink functionality that Google claims on this web page, it is necessary both to have, whether explicitly or implicitly a standardized format, e.g., for the ISBN number, and control over a computer processing device, which may be referred to as a computer system, to identify two or more text strings in the data record, i.e., the web page, which differ in format, as being ISBN numbers, which have a standardized format.<br><br>I reserve that right to modify my opinion on this point, as well as any other points in my expert testimony as more information becomes available to me either through documents provided by Google or through my own subsequent efforts. |
| (a) a user interface having an interactive display program for requesting one of said data records and displaying a plurality of interface supported data formats; | Google provides a user interface at the Google home page for searching Google's databases, including, for example, New York Times book reviews. A variety of web pages are displayed.<br><br>In Google's response Google contends that Google's homepage does not display a plurality of interface supported as required by this claim. However, as accessed on 10/21/2006, Google's homepage did display a plurality of interface supported data formats. For example, Images, Video, News, Maps, and Preferences. The user interface of Google's homepage is certainly interactive as it allows users to enter search terms or to click on hyperlinks. In response to both of these user actions the program responds at which point the user may take further action and so on. Google's interface is viewed through any widely available web browser, such as Internet Explorer or Mozilla FireFox. Google's toolbar also operates in such web browsers. |
| (b) means for receiving a reference to a first data record from said interactive display program; | The Google search engine will send the appropriate URL to the user's machine. In this example, the engine will provide a reference, which includes a hyperlink, which is a URL, to a book review from the New York Times for the book *Amazon.com for Dummies*.<br><br>Google contends in Google's response that Google AutoLink does not provide a means for receiving a reference to a first data record from said interactive display program. However, Google does provide a means for receiving a reference to a first data record via its interactive display program, both in its homepage and in the user's browser. When a user clicks on the |

| 5,903,889 - Filed: Jun Issued: May 11, 1999 System and method for collecting and archiving patient records | Google AutoLink |
|---|---|
| | URL, the hyperlink, which is part of the reference displayed by the Google home page, which is contained within an interactive browser, e.g., Internet Explorer or Mozilla FireFox, Google uses this functionality to receive the reference, i.e., the book review from the New York Times web site.<br><br>**Corresponding Structure**:<br><br>The corresponding structure from the '889 patent is the data transmission and collection system 110 executing algorithm steps described at col. 7, ll. 51-56. These lines state that the data requests may be in the form of a URL with optional data fields sent with it to assist in identifying the record to be received. See also Fig. 12A, box 540.<br><br>The Google homepage can also use the URL in an identical way to receive the reference.<br><br>**Identical/Equivalent Analysis**:<br><br>This use of a URL by the Google search engine is an identical structure according to my present understanding. |
| (c) means for retriev: data record; | The New York Times server sends the web page in response to the request for the first record prepared by Google (and selected by the user's click). The user's browser, including AutoLink, then retrieves the record; the first record is information about the specific book including the phrase "ISBN" plus the ISBN number.<br><br>**Corresponding Structure**:<br><br>The corresponding structure from the '889 patent is the data transmission and collection system 110 executing step 564 described at col. 8, ll. 25-27. These lines state that after the database has produced the requested data record that the record may be received by the data translation and collection system for additional processing. See also Fig. 12A, box 564.<br><br>Google homepage also uses the URL in an identical way to retrieve the reference.<br><br>The Google search engine uses this same structure, i.e., a URL, to send the first data record, e.g., a book review from the New York Times web site to the user. |

3

| 5,903,889 – Filed: June 9, 1997   Issued: May 11, 1999 System and method for translating, collecting and archiving patient records | Google AutoLink |
|---|---|
| | **Identical/Equivalent Analysis:**<br><br>This use of a URL by the Google search engine is an identical structure according to my present understanding. |
| (d) means for parsing said first data record to identify a reference to a second data record; | Google AutoLink feature parses the retrieved record to find "ISBN" followed by a 10 digit numbers – a reference to additional specific book information which is available, for example, from Amazon.<br><br>Google contends in Google's response that Google AutoLink does not satisfy this limitation for three reasons. First, Google contends that a web page is not a data record. This contention has already been addressed above. Second, Google contends that Google AutoLink does not identify references to a second data record. However, according to the Google documentation quoted twice already above, AutoLink does identify references to second data references. In particular "AutoLink also recognizes car VIN numbers and book ISBN numbers." These ISBN and VIN numbers are references, which are key words or phrases, as indicated at col. 8, ll. 37-40 of the '889 patent, as discussed in the next paragraph.<br><br>**Corresponding Structure:**<br><br>The corresponding structure from the '889 patent is the data transmission and collection system 110 executing step 570 described at col. 8, ll. 37-40. These lines state that the first data record is parsed to locate data references, e.g., hypertext links, multi-media requests, and key words or phrases. According to the same AutoLink reference cited above from Google's web site, "The online review of a great new restaurant has the place's address but no map. You could type the restaurant's street, city, and ZIP code into the search box, but why bother, when clicking the Toolbar's AutoLink button will automatically create a link to an online map (US addresses only)? AutoLink can also link package tracking numbers to delivery status, VIN numbers (US) to vehicle history, and publication ISBN numbers to Amazon.com listings." As described above, to achieve this linking functionality AutoLink would need to parse the first data record, i.e., the book review from the New York Times website. Merely finding a character string equal to "ISBN" or text string which is a 10 digit number would not lead to an accurate linking to a second data record. Rather, as does the system claimed in the '889 patent, it is necessary to identify an initial data reference, here |

4

| 5,903,889 - Filed: June 9, issued: May 11, 1999 System and method for collecting and archiving patient records | Google AutoLink |
|---|---|
| | ISBN, followed by a second modifying reference, here the 10 digit number.<br><br>**Identical/Equivalent Analysis:**<br><br>This use of parsing by the Google AutoLink feature is an identical structure according to my present understanding. |
| (e) means for modifying see to said second data record to create an address, said ng operable to retrieve said second data record; and | Google AutoLink modifies the reference to a second record (the 10 digit ISBN number) to create an address. For an ISBN number the address http://www.amazon.com/exec/obidos/ASIN/0764558404/104-0193822-0551125, is built, which can be used to retrieve the second record from Amazon.<br><br>Google in Google's response contends both that Google AutoLink does not perform the function of modifying a record to create an address and also that the pattern of text recognized by Google AutoLink is not a reference to a data record.<br><br>This contention that Google AutoLink does not perform the function of modifying a record to create an address is refuted both by the earlier quote from Google. Toolbar Help, "How do I use AutoLink? The AutoLink feature adds link to the page you're viewing if it recognizes certain types of information on the page. For example, AutoLink will link a U.S. street address to a map of that address or the tracking number of a package to a status page for your package. AutoLink also recognizes car VIN numbers and book ISBN numbers. [new paragraph] Click on the "AutoLink" button to create a link on a page, or click on the arrow to the right of the "AutoLink" button and choose a link from the drop down menu." and by the example discussed in the paragraph immediately preceding, which shows the modification of a reference to a second data record to create an address which is operable to retrieve the second data record. The contention that the pattern of text recognized by Google AutoLink is not a reference to a data record is refuted by the same argument made in (d) where it was observed that ISBN and Vin numbers are references, which are key words or phrases, as indicated at col. 8, ll. 37-40 of the '889 patent.<br><br>**Corresponding Structure:**<br><br>The corresponding structure from the ''889 patent is the data transmission and collection system 110 executing steps 598-600 described at col. 9, ll. 1-11. These lines state that .in |

| 5,903,889 - Filed: June 9, 1997    Issued: May 11, 1999<br>System and method for translating, collecting and archiving patient records | Google AutoLink |
|---|---|
| | step 598 the data translation system 110 uses the Hypertext Cipher 138 to convert any text portion of the selected data record into a browser compatible format, such as HML format and that in step 600 the data translation system 110 inserts hypertext links or other references in accordance with the hypertext cipher and also states that the record may be interpreted and modified or reformatted.<br><br>It is my contention that Google AutoLink modifies the reference to a second data record found in the first record and makes the address operable to retrieve the second data record. According to the '889 patent, col. 7, ll. 12-15, for each data type the hypertext cipher 138 uses special instructions or codes to modify the record. For example one hypertext cipher would be need for ISBN numbers; another for VINs.<br><br>**Identical/Equivalent Analysis**:<br><br>It is my opinion that Google AutoLink would need to use this identical structure to achieve the same functionality. |
| (f) means for sending said modified first data record to said interactive display program. | The first record is displayed on the browser with the ISBN number converted to a data retrieval link.<br><br>Google contends in Google' response that Google AutoLink does not perform the function of sending a modified first data record and that AutoLink does not modify web pages. The contention that AutoLink does not modify web pages is already addressed in (e). The already quoted text from Google Toolbar Help also clearly states "Click on the "AutoLink" button to create a link on a page . . ." Thus AutoLink creates a hyperlink in the web page and sends it to the user through the interactive display program, the browser.<br><br>**Corresponding Structure**:<br><br>The corresponding structure from the '889 patent is the data transmission and collection system 110 executing step 604 described at col. 9, ll. 12-15. These lines state that the data collection and translation system 110 forwards the record to the requesting workstation or processor. As described in (b) both the system 110 of the '889 patent and the Google search engine will use a URL to send the modified record to the user's browser. |

6

| 5,903,889 - Filed: June 9, 19?d: May 11, 1999 System and method for transleting and archiving patient records | Google AutoLink |
|---|---|
| | **Identical/Equivalent Analysis:**<br><br>This use of a URL by the Google search engine is an identical structure according to my present understanding. |
| 7. The computer system of cirein said reference to said second data record comprises phrase. | The reference to the second data record comprises the keyword phrase "ISBN" plus the ISBN number, which includes the keyword "ISBN".<br><br>Google contends in its response that Google AutoLink does not satisfy this limitation because it does not reference second data records and because the references identified by the Plaintiffs do not comprise a keyword phrase. This first contention has already been answered above in (d). However, following the construction of claims ruling of Judge Crabb in HyperPhrase v. Microsoft at 19 a "keyword phrase" means a recognized text string that serves as the hypertext link. Thus, following the examples quoted above taken from Google Toolbar Help, Google AutoLink does use keyword phrases, e.g., "ISBN" or "VIN". |

EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| HYPERPHRASE TECHNOLOGIES, LLC, and HYPERPHRASE INC. | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-C-0199-S |
| v. | ) ) | |
| GOOGLE INC., | ) ) | |
| Defendant. | ) ) | |

## SUPPLEMENTAL RULE 26(a)(2) REPORT OF PAUL THOMPSON, Ph.D.

### INTRODUCTION AND QUALIFICATIONS

1.  I have been retained by Niro, Scavone, Haller & Niro, the law firm representing HyperPhrase Technologies, LLC and HyperPhrase Inc., to provide opinions in this matter related to the patents-in-suit. For this expert report, I was asked to determine whether certain Google technologies infringe certain patent claims. This report explains the opinions I formed in that regard, and the bases for those opinions.

### BACKGROUND

2.  I received my Ph.D. in Library and Information Studies from the University of California, Berkeley, in 1986. My dissertation was "Subjective Probability, Combination of Expert Opinion, and Probabilistic Information Retrieval." I received my M. Libr. degree, with an emphasis on library automation, in 1977 from the University of Washington, Seattle. My B.A. in Philosophy (1975) is from Western Washington State College.

based on the content of that redirect request, (3) instantiating the fields of that template based on other content from the redirect request, (4) serving the fully built new URL back to the client computer, and (5) the client computer redirecting the user's browser to the web page corresponding to the new URL.

**Infringement Opinions**

35.   The claim charts attached to my earlier report and also attached hereto explain the bases for my opinions, and point to exemplary materials I have so far relied upon to conclude infringement. For the '889 patent, the charts include my means-plus-function analysis. The functions performed by Google's AutoLink are identical to the functions required by Claims 1 and 7 of the '889 patent.

36.   The infringement is literal infringement. However, if any element of a claim is held to be literally absent, then the chart entries also show what part of the Google technology is an "equivalent" of the indicated claim element. If Google or its expert articulate an understandable non-infringement position, I expect to be able to explain in response why any differences between the Google technology and the indicated claim elements are insubstantial/insignificant.

37.   Google has directly infringed claims 1, 24, 27 and 86 of the '321 patent by using its software, operating either on Google's own servers or on computers possessed by users who have downloaded Google's toolbar and the software associated with that toolbar, to perform the data transfer and analysis method steps called for by those claims of the '321 patent. Google is a "joint infringer" of those claims of the '321 patent (a form of direct infringement)

because Google controls and directs the performance of each of the method steps of those claims which are not performed by the Google servers themselves. Google's website (from which users must download Google's toolbar) includes software and html directives, which are downloaded to the user's computer and are executed on that computer when users access Google's toolbar. Copies of such software, html files and other website materials (computer programs) are stored on Google's servers, for downloading and use on the user's computers. In order to control the execution of the programs which are executed on the user's computer, Google's website stores a set of computer programs which it then sends to the user's computer for execution by that computer when users access the Google toolbars they have downloaded from Google's website. Since the programs needed to use AutoLink which the user's computer eventually executes are all supplied to the user's computer by Google's own website, operating on Google's own server, Google controls and directs the operation of those programs on the user's computer. Nothing happens at the user's computer in connection with the method steps of the asserted claims of the '321 patent that is not a direct result of the execution of programs and website material supplied by Google's website in order to permit use of the AutoLink feature of Google's toolbar.

38.   For example, for the token which may be a postal address, after the user clicks the AutoLink button, the AutoLink software running on the client machine, i.e., the user's computer, may find a token that could be a postal address. As determined by the federal circuit court, this would be a data

## CONCLUSION

55. For the foregoing reasons, it is my opinion that Google infringes the indicated claims of the '321 and '889 patents.

Dated: February 11, 2008

_____
PAUL THOMPSON, Ph.D.