IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HYPERPHRASE TECHNOLOGIES, LLIC
and HYPERPHRASE INC.,

                                               ORDER

                    Plaintiffs,

                                            06-cv-199-bbc

     v.

GOOGLE INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This patent infringement action was filed on April 12, 2006; on December 21, 2006, defendant Google's motion for summary judgment of infringement was granted. Plaintiffs HyperPhrase Technologies Inc. and HyperPhrase Inc. filed a premature appeal. In connection with the appeal, plaintiffs entered into a court-approved stipulation in which the parties agreed that if any of the patents asserted against defendant were asserted "in any other proceeding, or any remanded proceeding, [defendant] may assert any claim, defense, or counterclaim, including those dismissed by this agreement." On December 26, 2007, the Court of Appeals for the Federal Circuit affirmed this court's decision in part and remanded the case. The formal mandate issued on February 22, 2008.

1

On February 20, 2008, defendant wrote plaintiffs to ask whether they would oppose a motion for leave to amend the answer to assert a new claim based on plaintiffs' license agreement with Microsoft. Plaintiffs advised defendant that they would oppose such a motion as untimely. Defendant has now moved for leave of court to amend its counterclaim.

A fair reading of the parties' stipulation is that they agreed to allow defendant to assert *any* new claims if the case were remanded. Their agreement clearly encompasses defendant's new license claim. The only question is whether the claim is so untimely that the usual reasons for denying amendment come into play. Plaintiffs argue that they do, saying that it is too late to add a claim that will require new discovery and perhaps a new motion for summary judgment.

Plaintiffs' argument would be compelling were it not for the fact that the trial date has been continued until March 16, 2009. Under the circumstances, plaintiffs cannot say that they do not have time in which to defend against the new claim. If the parties' decision to leave the summary judgment deadlines in place disadvantages plaintiffs in responding to the new claim, they may apply to the magistrate judge for either a delay in the present deadlines or for a deadline for a new summary judgment motion, limited to the license issue.

2

ORDER

IT IS ORDERED that defendant Google Inc.'s motion to amend its counterclaims is GRANTED.

Entered this 25th day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge