## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

        Plaintiffs,

  v.

GOOGLE INC.,

        Defendant.

Civil Action No. 06-cv-199-bbc

### GOOGLE'S RESPONSE TO HYPERPHRASE'S MOTION FOR A NEW SCHEDULE FOR SUMMARY JUDGMENT ON GOOGLE'S LICENSE DEFENSE

Before HyperPhrase filed the present motion, Google indicated to HyperPhrase that it would discuss and, if reasonable, accommodate the further discovery HyperPhrase purportedly needs before filing its opposition to Google's motion for summary judgment regarding the license defense. Google was therefore surprised when HyperPhrase filed this motion rather than responding to Google's proposal.

Google's license defense is simple: the Microsoft software upon which HyperPhrase premises almost all of its infringement theory, and the use thereof, is fully licensed by HyperPhrase. *See, e.g., Memorandum ISO of Google's Motion for Summary Judgment of Noninfringement* (Dkt. No. 103) at 29-32. A favorable ruling for Google on this issue would eliminate over 95% of HyperPhrase's alleged damages. Interpreting the license is a question of law, and so Google does not understand what further discovery HyperPhrase needs to respond to the motion. Nevertheless, as HyperPhrase's motion notes, there is no need for the Court to reach the license issue if it finds the two remaining patents either invalid or not infringed. *See* HyperPhrase Motion (Dkt. No. 122) at 2 ("If the Court's decision on those motions does not terminate the case …"). Therefore, Google agrees that further discovery (to the extent

reasonable and necessary) and briefing on the license issue can be deferred until after the Court decides Google's other summary judgment motions.

Accordingly, Google ASSENTS to the delay in the briefing schedule requested in HyperPhrase's motion. Google OBJECTS to HyperPhrase's request for unspecified additional discovery pertaining to the license motion, but will revisit this objection pending HyperPhrase making specific discovery demands.

Respectfully submitted,

Dated: April 7, 2008

*/s/ Jason W. Wolff*
Jason W. Wolff (wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Frank E. Scherkenbach (scherkenbach@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

James D. Peterson (jpeterson@gklaw.com)
James A. Friedman (jfriedman@gklaw.com)
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Of Counsel*:

Kurt L. Glitzenstein (glitzenstein@fr.com)
Christoper Dillon (dillon@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110

Attorneys for Defendant GOOGLE INC.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 7th day of April 2008, a true and correct copy of the following document was filed with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

GOOGLE'S RESPONSE TO HYPERPHRASE'S MOTION FOR A NEW SCHEDULE FOR SUMMARY JUDGMENT ON GOOGLE'S LICENSE DEFENSE

| | |
|---|---|
| Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES, LLC<br>and HYPERPHRASE INC. | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES, LLC<br>and HYPERPHRASE INC. |
| Kim Grimmer, Esq.<br>Jennifer L. Amundsen, Esq.<br>Solheim Billing & Grimmer, S.C.<br>One South Pinckney Street, Suite 301<br>Madison, WI 53703<br>kgrimmer@sbglaw.com<br>jamundsen@sbglaw.com | Raymond P. Niro, Esq.<br>Niro, Scavone, Haller & Niro<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>rniro@nshn.com |

*/s/ Jason W. Wolff*
Jason W. Wolff