IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HYPERPHRASE TECHNOLOGIES, LLC, and HYPERPHRASE INC. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 06-C-0199-S<br>)<br>) |
| GOOGLE INC., | )<br>) |
| Defendant. | ) |

**HYPERPHRASE'S RESPONSE TO GOOGLE'S MOTION
FOR SUMMARY JUDGMENT OF NO WILLFULNESS
REGARDING U.S. PATENT NOS. 5,903,889 AND 6,516,321**

Google moves for summary judgment of no willfulness based on the change in the applicable law concerning willfulness made by the Federal Circuit on August 20, 2007, during the period in which this case was on appeal to the Federal Circuit. In the *en banc* decision in In re Seagate, 497 F.3d 1360 (Fed. Cir. 2007), the Federal Circuit changed the law by imposing a new "objectively reckless" standard for willfulness, and also over-ruled the long-standing requirements for a claim of willfulness upon which HyperPhrase's willfulness claim was based:

> [W]e overrule the standard set out in *Underwater Devices* and hold that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness.

Seagate, 497 F.3d at 1371. Rather than asking HyperPhrase whether it intended to maintain its willfulness claim after Seagate, Google simply filed its summary judgment motion, which relies primarily on the new "objectively reckless" standard which now comprises the first part of the proof required for a showing of willfulness.

1

I. **GOOGLE ACTED WITH "OBJECTIVE RECKLESSNESS"**

Relying primarily on Franklin Electric Co. v. Dover Corp., 2007 U.S. Dist. LEXIS 84588 (W.D. Wis. 2007), Google argues that it could not have been "objectively reckless" as a matter of law because this Court initially granted summary judgment of noninfringement of all of the asserted claims initially present in this lawsuit, including not only the claims directed to Google's "AdSense" device, but also the claims under the '889 and '321 patents against Google's "AutoLink" device which were recently reinstated by the Federal Circuit. According to Google, the fact that it persuaded this Court of the correctness of its position concerning the term "data reference" forever insulates Google from any claim of willfulness – and in any event, Google's other pending summary judgment motions (for noninfringement and invalidity) prove that Google cannot have acted willfully.

HyperPhrase disagrees. In Seagate, the Federal Circuit was careful to emphasize that "objective recklessness" was to be determined completely independently of what the infringer knew or should have known about the prospect of success in a lawsuit. "The state of mind of the accused infringer is not relevant to this objective inquiry." 497 F.3d at 1371. If, as the Federal Circuit has held, the "objectively reckless" standard is truly "objective," then that standard must be applied based on the controlling Federal Circuit decision in this case, which defined the term "data reference" to include the "tokens" admittedly used by Google.

In its decision, the Federal Circuit explicitly rejected Google's proffered interpretation of "data reference" and held instead that, as HyperPhrase had maintained throughout this lawsuit, that "data reference" can include HyperPhrase's "tokens":

> In sum, we hold that the district court erred in its claim construction of the term "data reference." We hold that the correct construction is "a unique phrase or word which may be used to refer to another record or record segment," and that a data reference may refer to one or more than one record. ... Thus, while we agree that AutoLink's tokens are analogous to patient names or identification numbers, we must instead conclude that these tokens <u>are</u> "data references" within the meaning of the asserted claims.

(Niro Declaration, Exhibit A at 10 and 12 (<u>HyperPhrase</u> v. <u>Google</u>, slip op. December 26, 2007)) (underlining in original). Google then sought "clarification" of the Federal Circuit's holding, arguing that its "tokens" are not "data references" (Niro Declaration, Exhibit B (Google's petition for rehearing)). In response, the Federal Circuit then issued its mandate (Niro Declaration, Exhibit C), thereby rejecting Google's attempt to modify the Federal Circuit's holding that "tokens" are not "data references."

If "objective" means anything at all in the phrase "objective recklessness," what it requires is that the controlling decision on the subject of "tokens" and "data reference" must be given effect. Otherwise, the "objectively reckless" requirement would become a subjective one, in which Google's alleged mental attitude toward the question of "data references" would be controlling. The Federal Circuit has held that is not the law. <u>Seagate</u>, 497 F.3d at 1371 ("The state of mind of the accused infringer is not relevant to this objective inquiry.").

Thus, the "objective" evidence, as it now stands, is that Google's reliance on the arguments that "tokens" cannot be "data references" and that a "data reference" can refer to only one record has always been misplaced. Google's reliance on that argument, therefore, was "objectively reckless." (Of course, that Google prevailed in the Federal Circuit on its AdSense product and on some patents other than the '889 and '321, the

3

patents now at issue with respect to AutoLink, is not relevant – the question now is whether Google can show as a matter of law that its behavior in connection with AutoLink was not willful.)

Hold on, says Google: in Franklin Electric, the district court held that where a summary judgment motion of noninfringement was granted, there could be no "objective recklessness." 2007 U.S. Dist. LEXIS 84588, *21-*22 ("Regardless of the contrary decision of the Appeals Court, the analysis establishes defendants' conduct in selling its product was not reckless in the sense that there was an 'objectively high likelihood' that its actions were infringement."). HyperPhrase respectfully submits that the Franklin Electric decision mis-reads the Federal Circuit Seagate holding. If it is truly the law that once summary judgment has been granted, there is no possibility of "*objective* recklessness," then the test is no longer "objective" at all – it would depend instead on the alleged state of mind of Google before any "objective" decision about "data reference" had been completed. (Notably, the decision in Franklin Electric cites no decision of the Federal Circuit nor of any other court to support its holding that controlling Federal Circuit appeal decisions have no bearing on whether or not there has been "objective recklessness.")

## II.   GOOGLE'S "STATE OF MIND" ARGUMENTS FAIL BECAUSE GOOGLE RELIED ON A CLAIM CONSTRUCTION THAT IS "TYPICALLY INCORRECT"

Never mind, says Google now; we thought our position was okay: we had a "reasonable basis" for believing our actions were legitimate (Google Br. 3-4). Of course, for purposes of "*objective* recklessness," what Google claims to have thought about its position on "data references" does not matter at all. Google's argument that it is entitled

4

to summary judgment based on the alleged absence of "objective recklessness" must be rejected under Seagate.

As noted above, Google's motion for summary judgment of no willful infringement relies primarily on its assertion that the grant of summary judgment on a ground that the Federal Circuit has now rejected as legal error proves a lack of "objective recklessness." HyperPhrase submits that Google's argument is wrong, and that accordingly, the factual issue of willfulness must be submitted to the jury in this case.

For a similar reason, Google's assertion that it "reasonably believed" it had a good position must be rejected. It turns out that Google's allegedly "reasonable belief" about data references was never "reasonable" at all. In fact, it was the result of Google's improper attempt to exclude embodiments from the patent claims. As the Federal Circuit held in rejecting Google's arguments about "data reference," "[a] claim construction that excludes an embodiment of the relevant claim(s) is typically incorrect" (Niro Declaration, Exhibit A at 10 (HyperPhrase v. Google, slip op. December 26, 2007)), citing several controlling past decisions of the Federal Circuit). Thus, Google relied on "a claim construction ... [that] is typically incorrect." Reliance on a "typically incorrect" argument cannot have been "reasonable," and therefore Google's "we thought we were safe" subjective argument must be rejected as well – at the very least, it raises factual questions about what Google truly believed, and the reasonableness of that belief, which cannot be resolved summarily.

Google can be expected to marshal new noninfringement or invalidity arguments in its reply brief, asserting that those arguments show "no willfulness" regardless of its

5

reliance on its "typically incorrect" argument relating to "data references." But, a reply brief is too late for such new "facts" or arguments:

> It is well-settled that parties may not raise new arguments or present new facts for the first time in reply. *See* Fed.R.App.P. 28©); *Sims v. Mulcahy*, 902 F.2d 524, 536 n.5 (7th Cir. 1990). Multi-Ad did not make these specific arguments in its opening brief, and, therefore, these claims are not properly before this Court. Consequently, the Board's motion to strike is granted.

Multi-Ad Services, Inc. v. NLRB, 255 F.3d 363, 370 (7th Cir. 2001). The reason is simple:

> ***[T]he court will not consider arguments supported for the first time with specific evidence in a movant's reply brief, because in doing so the court would be considering summary judgment on a ground not raised in the motion.*** See *John Deere Co. v. Am. Nat'l Bank, Stafford,* 809 F.2d 1190, 1192 (5th Cir.1987) (holding that it is error for court to grant summary judgment on ground not properly raised); *Senior Unsecured Creditors' Comm. of First Republic Bank Corp. v. FDIC,* 749 F.Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.) (holding that court will not consider on summary judgment a new argument raised in a reply brief). "If the court disregards or "relaxes" the rules in this case, on what principled basis could it apply them again or justify why it has enforced them literally in prior cases?" *Andrews* [v. *CompUSA, Inc.,*] 2002 U.S. Dist. LEXIS 2953, 2002 WL 265089 at *3 [(N.D. Tex. 2002)].

Aspex Eyewear, Inc. v. E'Lite Optik, Inc., 2002 U.S. Dist. LEXIS 14834, *29 (N.D. Tex. 2002) (emphasis added). See also, e.g., McKay v. Town & Country Cadillac, Inc., 2002 U.S. Dist. LEXIS 10257, *9 (N.D. Ill. 2002) (stating "new issues cannot be raised in a Reply").

Google chose what arguments to make when it wrote its opening brief. It would be improper, and manifestly unfair to HyperPhrase, to entertain new arguments or "facts" in reply.

III.   **CONCLUSION**

Google's motion should be denied. The evidence now shows "objective recklessness," and factual disputes about what Google truly believed, and the reasonableness of that alleged belief, preclude entry of summary judgment on the subjective part of the In re Seagate standard for willfulness.

Respectfully submitted,

/s/ Raymond P. Niro
Raymond P. Niro
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
(312) 236-0733
Fax: (312) 236-3137


Kim Grimmer
Jennifer L. Amundsen
SOLHEIM BILLING & GRIMMER, SC
U.S. Bank Plaza, Suite 301
One South Pinckney Street
Madison, Wisconsin  53701-1644
(608) 282-1200
Fax: (608) 282-1218

**Attorneys for HyperPhrase Technologies, LLC and HyperPhrase, Inc.**

**CERTIFICATE OF SERVICE**

        I hereby certify that a true copy of the foregoing **HYPERPHRASE'S RESPONSE TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS REGARDING U.S. PATENT NOS. 5,903,889 AND 6,516,321** was served and filed with the Clerk of the Court using CM/ECF system who will provide notice to the counsel listed below:

Frank E. Scherkenbach
Kurt L. Glitzenstein
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts  02110-2804
(858) 678-5070
Fax: (858) 678-5099
scherkenbach@fr.com
glitzenstein@fr.com

Michael J. Kane
William R. Woodford
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota  55402
(612) 335-5070
Fax: (612) 288-9696
kane@fr.com
woodford@fr.com

Jason W. Wolff
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California  92130
(858) 678-5070
Fax: (858) 678-5099
wolff@fr.com

**Attorneys for Google, Inc.**

on this 11th day of April, 2008.

James A. Friedman
James D. Peterson
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin  53701-2719
(608) 257-3911
Fax: (608) 257-0609
jfriedma@gklaw.com
jpeterson@gklaw.com

                                       /s/Raymond P. Niro