IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

    Plaintiffs,

v.

GOOGLE INC.,

    Defendant.

Civil Action No. 06-cv-199-bbc

**REPLY IN SUPPORT OF GOOGLE'S MOTION
FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS**

# TABLE OF CONTENTS

**Page**

I. Introduction ...........................................................................................................................1

II. There were, and are, objective grounds why google does not infringe
any valid claim of the patents-in-suit ....................................................................................1

    A.     *Seagate* Does Not Require, As HyperPhrase Suggests, That
           Google Actually Prevail On Its Defense ................................................................1

    B.     Franklin Electric Correctly Interprets Seagate .......................................................3

    C.     Google's Construction of "Data Reference" Was Meritorious ..............................4

    D.     Google Has Other Substantial Defenses. ...............................................................5

III. Hyperphrase has not met its burden of establishing with clear and
convincing evidence that Google knew, or should have known, that
autolink infringed a valid claim of the patents-in-suit ..........................................................6

IV. Conclusion ............................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Laboratories v. Sandoz, Inc.*,
  No. 05-5373, 2007 WL 4287503, at *3 (N.D. Ill. 2007, Dec. 4, 2007) .............................. 2

*Black & Decker, Inc. v. Robert Bosch Tool Corp.*,
  no. 2007-1243, 2007-1244, 2008 WL 60501, at *6-7 (Fed. Cir. Jan. 7,
  2008) ............................................................................................................................... 1

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 325 (1986) ................................................................................................ 7

*Cohesive Technologies, Inc. v. Waters Corp.*,
  526 F. Supp. 2d 84, 104 (D. Mass. 2007) ................................................................... 2, 4

*Finisar Corp. v. DirectTV Group Inc.*,
  __F.3d __ 2008 WL 1757675, at *14 (Fed. Cir. April 18, 2008) ...................................... 4

*Franklin Elec. Co., Inc. v. Dover Corp*,
  No. 05-C-598-S, 2007 U.S. Dist. LEXIS 84588 (W.D. Wis., Shabaz, J.,
  Nov. 15, 2007) ................................................................................................................ 3

*In re Seagate*,
  497 F.3d 1360, 1371 (Fed. Cir. 2007) ............................................................................ 6

*Innogenetics, N.V. v. Abbott Laboratories*,
  512 F.3d 1363, 1381 (Fed. Cir. 2008) ......................................................................... 2, 4

*Lucent Techs., Inc. v. Gateway, Inc.*,
  No. 07-CV-2000-H, 2007 U.S. Dist. LEXIS 95934, at *21 (S.D. Cal.
  Oct. 30, 2007) .............................................................................................................. 2, 3

*Pivonka v. Central Gardens & Pet Co*,
  No. 02-02394, 2008 WL 486049 (D. Colo. Feb. 19, 2008) ......................................... 2, 3

*ResQNet.com, Inc. v. Lansa, Inc.*,
  No. 01-3578, 2008 WL 313921, at *19 (S.D.N.Y. Feb. 1, 2008) .................................... 2

**I.      INTRODUCTION**

In opposition to Google's motion for summary judgment of no willfulness, HyperPhrase submitted no declarations – although it bears the burden of establishing that Google knew or should have known its defenses were unreasonable – HyperPhrase cited no case law applying the *Seagate* standard – except to criticize, without explanation, the leading case as wrong – and HyperPhrase devoted much of its argument to points that are not at issue.[1]  The Court has its choice of four independent reasons for finding that HyperPhrase has not met the two-pronged *Seagate* test:  both Google's prior and current summary judgment motions provide an objective basis for determining there cannot be willfulness as a matter of law, and HyperPhrase has failed to provide any evidence showing that Google subjectively did not believe in the grounds asserted in each of its two summary judgment motions.

**II.     THERE WERE, AND ARE, OBJECTIVE GROUNDS WHY GOOGLE DOES NOT INFRINGE ANY VALID CLAIM OF THE PATENTS-IN-SUIT**

   **A.     *Seagate* Does Not Require, As HyperPhrase Suggests, That Google Actually Prevail On Its Defense.**

The "objective recklessness" prong of the *Seagate* test requires HyperPhrase to establish – with clear and convincing evidence – an objectively *high* likelihood that Google infringed a valid patent claim.  Summary judgment is appropriate under *Seagate* if Google has a reasonable defense; *Seagate* does not require, as HyperPhrase suggests (Opp. at 3), that Google actually prevail on its defense.  *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, no. 2007-1243, 2007-1244, 2008 WL 60501, at *6-7 (Fed. Cir. Jan. 7, 2008) (unpublished opinion) ("legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent.").  The "objective recklessness" prong requires only that the accused infringer advance a

---

[1] Hyperphrase opens its brief by faulting Google for not inquiring whether HyperPhrase still intended to assert its willfulness claim in light of *Seagate*, suggesting that HyperPhrase might have abandoned its allegations of willfulness; however, despite having no obligation to do so,

1

*reasonable* defense. *Abbott Laboratories v. Sandoz, Inc.*, No. 05-5373, 2007 WL 4287503, at *3 (N.D. Ill. 2007, Dec. 4, 2007) ("In the area of patent infringement, a showing of objective reasonableness (which negates the existence of recklessness) does not require that the would-be infringer know conclusively, i.e.-with one hundred percent certainty, that his actions are legitimate. Instead, the infringer need only show there was a reasonable basis for him to believe his actions were legitimate."); *Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1381 (Fed. Cir. 2008) (affirming this court's grant of JMOL, overturning the jury's verdict of willful infringement); *Lucent Techs., Inc. v. Gateway, Inc.*, No. 07-CV-2000-H, 2007 U.S. Dist. LEXIS 95934, at *21 (S.D. Cal. Oct. 30, 2007) (granting summary judgment of no willfulness where "there are substantial questions . . . related to invalidity, and this in combination with Plaintiffs' evidence of infringement is not enough to pass the threshold for the first step of Seagate."); *ResQNet.com, Inc. v. Lansa, Inc.*, No. 01-3578, 2008 WL 313921, at *19 (S.D.N.Y. Feb. 1, 2008) (finding no recklessness even where defendant was unsuccessful in defending against infringement or proving invalidity); *Cohesive Technologies, Inc. v. Waters Corp.*, 526 F. Supp. 2d 84, 104 (D. Mass. 2007) (finding no willfulness where there is a bona fide dispute regarding infringement); *Pivonka v. Central Gardens & Pet Co*, No. 02-02394, 2008 WL 486049 (D. Colo. Feb. 19, 2008) (granting summary judgment of no willfulness where "the defendants have advanced a colorable challenge to the validity of the plaintiffs' patents.").

HyperPhrase has cited no law to support its argument that Google acted with objective recklessness. Indeed, with the exception of its attempts to distinguish *Franklin Electric*, discussed below, HyperPhrase does not cite or discuss *any* cases that apply *Seagate*.

---

counsel for Google, Jason Wolff, did call Chris Lee, counsel for HyperPhrase, and informed him by voicemail of its intent to file this motion, but HyperPhrase never responded.

### B.     *Franklin Electric* Correctly Interprets *Seagate*.

As discussed in Google's opening brief, Judge Shabaz has already held, on facts that are indistinguishable from the current case, that a prior grant of summary judgment on the grounds of noninfringement precludes a finding of willfulness, even where the Federal Circuit later reverses that decision. *See Franklin Elec. Co., Inc. v. Dover Corp*, No. 05-C-598-S, 2007 U.S. Dist. LEXIS 84588 (W.D. Wis., Shabaz, J., Nov. 15, 2007). *Seagate* requires that a party have an objective basis for believing that it does not infringe the patent or that the patent is invalid. A party does not need to win summary judgment to establish that its position is objectively reasonable, but where a party has already done so the bona fides of its defense are conclusively established. HyperPhrase has not distinguished the facts of this case from *Franklin Electric*. HyperPhrase has not cited any authority that contradicts the holding of *Franklin Electric*. And HyperPhrase's bald assertion that Judge Shabaz "mis-reads the Federal Circuit Seagate holding" (Opp. at 4) is unsupported and unpersuasive.

HyperPhrase's explanation for why the Court "mis-read" *Seagate* is limited to the following statement: "If it is truly the law that once summary judgment has been granted, there is no possibility of '*objective* recklessness,' then the test is no longer 'objective' at all – it would depend instead on the alleged state of mind of Google before any 'objective' decision about 'data reference' has been completed." (Opp. at 4). HyperPhrase appears to conflate *Seagate's* requirement of "an objectively high *likelihood*" of infringement with an appellate court's ultimate *determination* of infringement. As discussed above, post *Seagate*, Courts have entered summary judgment on the grounds of no willfulness where the accused infringer raised a substantial defense *before* any determination had been made regarding infringement or invalidity (*Lucent Techs., Inc. v. Gateway, Pivonka v. Central Gardens & Pet Co.,* and *Abbott Laboratories v. Sandoz, Inc.*), while other Courts have found no objective recklessness even where the accused

3

infringer had lost at trial.  (*Innogenetics, N.V., supra, ResQNet.com, supra., Cohesive Technologies, supra*).  *Seagate* requires that there be an objective *basis* for finding noninfringement or invalidity, it does not require any analysis of a particular *decision* by the district or appellate court.  Where a Court has previously granted summary judgment on the grounds of non-infringement, there is an objective basis for the asserted defense.

The Federal Circuit recently confirmed that a defendant is not objectively reckless when it relies upon a competent opinion of counsel concluding that it did not infringe.  In *Finisar Corp. v. DirectTV Group Inc.*, __F.3d __ 2008 WL 1757675, at *14 (Fed. Cir. April 18, 2008) the Court found: "Thus a competent opinion of counsel concluding either that DirecTV did not infringe the '505 patent or that it was invalid would provide a sufficient basis for DirecTV to proceed without engaging in objectively reckless behavior with respect to the '505 patent."  If a competent opinion of counsel (whether ultimately right or wrong) demonstrates no objective recklessness, then it should be self-evident that a legal opinion from a federal judge concluding there was no infringement affords the same protection.

        **C.**     **Google's Construction of "Data Reference" Was Meritorious.**

Judge Shabaz's adoption of Google's arguments regarding the term "data reference" demonstrates that Google had a reasonable defense and that there was not a *high* likelihood that Google infringed the patents-in-suit.  Indeed, the Court thought there was *no* likelihood of infringement.  The Federal Circuit decision shows that reasonable people have come down on both sides of the data reference construction; it does not establish that there was an objectively *high* likelihood of infringement.

Moreover, the Federal Circuit overturned the grant of summary judgment for reasons that were not even advanced by HyperPhrase.  HyperPhrase asserts that the Federal Circuit "rejected Google's proffered interpretation of 'data reference' and held instead that, as Hyperphrase had

4

maintained throughout this lawsuit that 'data reference' can include Hyperphrase's tokens.'" (Opp. at 2.) This is false. The Federal Circuit expressly rejected HyperPhrase's construction of "data reference." (Niro Decl. Ex. A (Dkt. No. 125-2) Federal Circuit Opinion at 10 n. 5 ("[W]e do not adopt HyperPhrase's propose claim construction … This definition of overbroad and is not supported by the claim language or the specification.").) The Federal Circuit then *sua sponte* applied a modified version of the district court's construction to alleged infringing product (*id*. at 11-12) even though HyperPhrase had abandoned application of that construction on appeal.

HyperPhrase has not advanced a consistent infringement position, as it avers. Indeed, HyperPhrase's opposition to the current summary judgment motion of noninfringement advances yet another set of new infringement theories, including its **fourth** – and untimely – report on infringement by its expert Paul Thompson. If HyperPhrase has not been able to maintain a consistent infringement theory in the two years of this litigation – and has indeed abandoned several of those theories – it cannot be said that Google acted with objective recklessness for similarly finding no merit in HyperPhrase's theories.

### D.   Google Has Other Substantial Defenses.

In its opening brief, Google argued that HyperPhrase could not establish the objective prong of the *Seagate* test for two reasons: (1) the Court had previously granted summary judgment of non-infringement and (2) Google did not infringe any valid claim of the patents-in-suit for the *additional* reasons raised in its summary judgment motions for non-infringement and invalidity.[2] HyperPhrase's opposition does not address – much less rebut – this second point.

---

[2] On page one of its brief, Google asserted that it was relying on the arguments raised in its noninfringement and invalidity briefs to support a ruling of no-willfulness:

> Second, as set forth in Google's co-pending motion for summary judgment of noninfringement, not only is there no "objectively high likelihood" of infringement, but noninfringement is so clear that summary judgment is warranted on that issue as well. Finally, as set forth in Google's co-pending

5

Accordingly, HyperPhrase has failed to establish that there is an objectively high risk that Google's other arguments regarding noninfringement and invalidity are wrong. Thus, the Court should find no objective recklessness for the substantive reasons advanced in Google's current summary judgment motions (*see* Dkt. Nos. 103 and 104).

### III. HYPERPHRASE HAS NOT MET ITS BURDEN OF ESTABLISHING WITH CLEAR AND CONVINCING EVIDENCE THAT GOOGLE KNEW, OR SHOULD HAVE KNOWN, THAT AUTOLINK INFRINGED A VALID CLAIM OF THE PATENTS-IN-SUIT

Although HyperPhrase bears the burden of establishing that Google knew or should have known that Autolink infringed the patents-in-suit, HyperPhrase has not submitted *any* evidence with its opposition, and, thus, Google's motion for summary judgment should be granted. Under *Seagate*, the patentee must show that the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). In its opening brief, Google pointed to HyperPhrase's interrogatories to show that HyperPhrase had no evidence that Google knew or should have known that it was infringing HyperPhrase's patent. HyperPhrase has not come forward with any declarations, documents, or evidence to demonstrate a material issue of fact that would stave off summary judgment.

Google's reliance on a claim construction that the District Court also adopted is not evidence that Google knew or should have known it was infringing. HyperPhrase argues that Google should have known it was infringing HyperPhrase's patents because Google's claim

---

        motion for summary judgment of invalidity, the remaining asserted claims are all anticipated by numerous prior art references, foreclosing any argument by Hyperphrase that Google "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."

Hyperphrase has not addressed these arguments in its brief. Hyperphrase asserts that Google should not be allowed to "marshal new noninfringement or invalidity arguments in its reply brief" to demonstrate no willfulness (Opp. at 5-6), but Hyperphrase has missed the mark:

6

construction excluded a preferred embodiment. (Opp. at 5.) But there is a vast difference between a claim construction that is legally incorrect and one that is so unreasonable that – as a matter of law – a party could not genuinely have believed it. The fact that the Federal Circuit did not agree with a portion of Judge Shabaz's construction does not mean that Judge Shabaz or Google unreasonably believed in their construction. Indeed, the implication of HyperPhrase's argument that Google did not genuinely believe it did not infringe, is that HyperPhrase must also believe that Judge Shabaz "should have known" that his prior summary judgment decision was incorrect. Neither is the case.

    Moreover, HyperPhrase has not submitted any evidence or argument that Google knew or should have known that the defenses raised in its current summary judgment motions were unreasonable. As set forth in the accompanying briefs, Google has raised several additional arguments regarding invalidity and noninfringement that warrant summary judgment. Some of these arguments Google asserted from the outset, and HyperPhrase has failed to establish that Google knew they are unreasonable. Google has also raised some new defenses to refute HyperPhrase's newly asserted infringement and validity contentions. HyperPhrase has not established that Google believes they are unreasonable and, HyperPhrase cannot credibly argue that Google should have known its defenses to HyperPhrase's previous infringement and validity contentions were unreasonable, when HyperPhrase has abandoned them. HyperPhrase has not met its burden because it has not submitted *any* evidence or argument that Google knew or should have known that the defenses it now raises are legally wrong. This omission – by itself – warrants the Court's grant of summary judgment of no willfulness for Google. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

---

    Google raised these new noninfringement and invalidity arguments in its *opening* brief and Hyperphrase failed to address them in its opposition.

**IV.   CONCLUSION**

For the foregoing reasons, Google requests that the Court declare and enter judgment that Google has not willfully infringed claims 1 and 7 of the '889 patent and claims 1, 24, and 86 of the '321 patent[3], and dismiss HyperPhrase's claims for enhanced damages and attorney fees pursuant to 35 U.S.C §§ 284 and 285.

//

//

//

//

//

//

//

//

---

[3] HyperPhrase has dropped its assertion of claim 27, and as a result, Google has asked HyperPhrase to dismiss formally that claim from the case.  *See* HyperPhrase Resp. to Google's PFOF (Dkt. No. 131) No. 20 ("HyperPhrase has elected to withdraw its claim of infringement under claim 27 of the '321 patent.").  The question of willfulness with respect to this claim is therefore moot.

8

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 19, 2008 | /s/ Jason W. Wolff |
|  | Jason W. Wolff (wolff@fr.com) |
|  | FISH & RICHARDSON P.C. |
|  | 12390 El Camino Real |
|  | San Diego, CA  92130 |
|  | Telephone:  (858) 678-5070 |
|  | Facsimile:  (858) 678-5099 |
|  |  |
|  | Frank E. Scherkenbach |
|  | FISH & RICHARDSON P.C. |
|  | 225 Franklin Street |
|  | Boston, MA  02110 |
|  |  |
|  | James A. Friedman |
|  | James D. Peterson |
|  | GODFREY & KAHN, S.C. |
|  | One East Main Street, Suite 500 |
|  | P.O. Box 2719 |
|  | Madison, WI 53701-2719 |
|  | Telephone: (608) 257-3911 |
|  | Facsimile: (608) 257-0609 |
|  |  |
|  | *Of Counsel:* |
|  |  |
|  | Kurt L. Glitzenstein |
|  | Christoper Dillon |
|  | FISH & RICHARDSON P.C. |
|  | 225 Franklin Street |
|  | Boston, MA  02110 |
|  |  |
|  | Attorneys for Defendant GOOGLE INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 19, 2008, a true and correct copy of the following document: **REPLY IN SUPPORT OF GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS** was filed with the Clerk of the Court using the ECF filing system which will send notification of such filing to counsel of record for HyperPhrase Technologies, LLC and HyperPhrase, Inc., including Raymond P. Niro, Kim Grimmer, Jennifer L. Amundsen.

/s/ Jason W. Wolff