EXHIBIT 1

HYPERPHRASE TECHNOLOGIES, LLC v. GOOGLE INC.
Case: 3:06-cv-00199-bbc   Document #: 136-2   Filed: 05/19/2008   Page 1 of 7

Dockets.Justia.com

Summary of Claim Construction and Infringement Theories

| *Claims at issue* | *Claim Construction* | *HyperPhrase Infringement Positions* | *Google Doesn't Infringe Because* |
|---|---|---|---|
| All asserted claims | "data reference" or "DR"<br><br>HyperPhrase: "a unique phrase or word which may be used in a record to refer to another record or record segment, and a data reference may refer to one or more than one record, *and the "data reference" is the text in a record normally displayed for a typical user to read and not hidden computer codes*" | New theory: changed claim construction driven by invalidity issues; HyperPhrase adds new limitations to the claim to avoid the prior art, then concludes, without analysis or evidence, that the Federal Circuit found that Google had a "data reference" even though HyperPhrase now uses a different claim construction than the Federal Circuit used. | Under new theory: AutoLink modifies a separate, hidden DOM file, so it cannot infringe under HyperPhrase's new construction. HyperPhrase offers no evidence that the data reference in the DOM is in fact "the text in a record normally displayed for a typical user to read and not hidden computer codes." It is not. |

1

Summary of Claim Construction and Infringement Theories

| Claims at issue | Claim Construction | HyperPhrase Infringement Positions | Google Doesn't Infringe Because |
|---|---|---|---|
| '889 patent (all claims) | "standardized format for addressing said data records"<br><br>Google: "a standardized format for addressing records in the plurality of databases."<br><br>HyperPhrase: "a data request is placed into a format that is a standard, such as a URL, for retrieving a data record from a database," or "a standard convention for addressing." | Old theory: the format of the **second** URL used in the AutoLink process satisfies the limitation. | Under old theory: the second URLs, used to redirect the user's browser to various servers containing distinct information, are all different, thus they are not a standardized format for addressing data records. |
| | | New theory: **any** URL satisfies the limitation, because (according to HyperPhrase) all URLs are a "standard convention for addressing". | Under new theory: not infringed because claim construction is incorrect; but even under the new construction, the first URL also isn't the address of any data records (it is a command to a Google server, from which information is extracted to build the second URL) and HyperPhrase offers no evidence that it is. |
| | "create an address of the referenced record"<br><br>Google: "the address of the referenced record in the database."<br><br>HyperPhrase: no construction offered; presumably any URL is the address of the referenced record. | Old theory: the **first** URL is the address of the referenced the record. | Under old theory: the first URL points to a process on Google's AutoLink server and not any records, and HyperPhrase offers no evidence to the contrary. |
| | | New theory: **any** URL is the address of the referenced record. | Under new theory: HyperPhrase offers no evidence that the second URL is the address of the alleged referenced record. |

2

Summary of Claim Construction and Infringement Theories

| *Claims at issue* | *Claim Construction* | *HyperPhrase Infringement Positions* | *Google Doesn't Infringe Because* |
|---|---|---|---|
| '889 patent (all claims) | "modify said reference to said second data record"<br><br>Google: "modifying the data record that was retrieved and parsed – in other words the same data record is operated on in all steps."<br><br>HyperPhrase: "modifying the token" | Old theory: the token (the alleged reference) in the webpage (the data record) was modified. | Under old theory: The token in the webpage is not modified at all, but rather AutoLink inserts the first URL into a separate file, called a DOM file; nor does HyperPhrase offer any evidence under its validity expert's construction that the webpage in any database is modified. |
| | | New theory: the first URL, not the webpage, is the data record, and the first URL, not the token, is modified. | Under new theory: the first URL is not itself a data record, is not an address to any data record, and is not stored in any database. HyperPhrase offers no evidence that any claim limitations are satisfied under this theory. |

3

Summary of Claim Construction and Infringement Theories

| *Claims at issue* | *Claim Construction* | *HyperPhrase Infringement Positions* | *Google Doesn't Infringe Because* |
|---|---|---|---|
| '321 patent, claim 1 | "<u>when</u>" means real-time, without user intervention<br><br>No claim construction dispute. | <u>Old theory</u>: the **second** URL identified the referenced record | <u>Under old theory</u>: the second URL is not even created until after the user manually intervenes and selects the hyperlink with the first URL. |
| | | <u>New theory</u>: the **first** URL identifies the referenced record | <u>Under new theory</u>: the first URL doesn't identify the referenced record, but a process on the AutoLink server, which has no records. HyperPhrase offers no evidence that the first URL refers to any records. It instead refers to what happens after a user has manually intervened and selected the hyperlink corresponding to the first URL. |

4

Summary of Claim Construction and Infringement Theories

| *Claims at issue* | *Claim Construction* | *HyperPhrase Infringement Positions* | *Google Doesn't Infringe Because* |
|---|---|---|---|
| '321 patent, at least claims 1 and 24 (and possibly claim 86, depending on court's construction of "specifying reference") | "modifier reference" or "MR"<br><br>Google: "a word or phrase that further specifies a specific record or record segment."<br><br>HyperPhrase: (*validity construction*) "a word or phrase that further specifies a specific record or record segment when a DR is identified;" (*infringement construction*) "a word or phrase that further specifies a specific record, record segment, *or records referred to by a data reference; the modifier reference is the text in a record normally displayed for a typical user to read and not hidden computer codes.*" | Old theory: the trigger (the alleged modifier reference) made the token refer to something more specific.<br><br>New theory: Changes the construction of the term "modifier reference" so that it does not have to refer to something more specific. | Under old theory: the trigger (the alleged modifier reference) does not make the token (the alleged data reference) any more specific than it already was.<br><br>Under new theory: the combination of the data reference and the modifier reference does not refer to a specific record or record segment, and HyperPhrase offers no evidence that it does. It is also not satisfied because HyperPhrase offers no evidence that there is a "DR/MR combination" of the token and trigger in the "text of the record normally displayed for a typical user to read and not in hidden computer codes." |

5

Summary of Claim Construction and Infringement Theories

| Claims at issue | Claim Construction | HyperPhrase Infringement Positions | Google Doesn't Infringe Because |
|---|---|---|---|
| '321 patent, claim 86 | "seemingly general" and "relatively specific"<br><br>Parties dispute application of claim terms. | An AutoLink token is both seemingly general and relatively specific. | AutoLink tokens cannot be both seemingly general and relatively specific, nor does an AutoLink trigger make a alleged seemingly general token relatively specific. |
| | "specifying reference"<br><br>Google: "a combination of (1) a first DR, a second DR, and a MR, or (2) a combination of a DR, a first MR, and a second MR."<br><br>HyperPhrase: (*validity construction*) "each of a DR and a DR/MR combination or a DR/MR/MR combination;" (*infringement construction*) means the same thing as "data reference" (see above) | Old theory: an AutoLink token is a specifying reference. | Old theory: the specifying reference requires a combination of at least one data reference and at least one modifier reference, but the combination of these alleged two items (a token and a trigger) is not visually distinguished – HyperPhrase does not even allege that the trigger (the alleged MR) is visually distinguished. This limitation is also not satisfied for the same reasons that the "modifier reference" in claim 1 is not satisfied. |
| | | New theory: AutoLink token is a "data reference" under the HyperPhrase's new construction for data reference (see above). | New theory: not infringed for the same reasons as explained in Google's response to HyperPhrase's new theory regarding the construction of the term "data reference." |