IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

        Plaintiffs,

    v.                                         Civil Action No. 06-cv-199-bbc

GOOGLE INC.,

        Defendant.

---

**GOOGLE'S REPLY TO PROPOSED FINDINGS OF FACT & CONCLUSIONS OF
LAW IN SUPPORT OF GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT
REGARDING U.S. PATENT NOS. 5,903,889 AND 6,516,321**

---

Google replies to HyperPhrase's Response to Google's Proposed Findings of Fact and
Conclusions of Law (Dkt. No. 131) below.  Google notes that within the Proposed Findings of
Fact:

- Nos. 1-49 pertain to background material and Nos. 45-49 did not have any
  statements so there is nothing missing in the "reserved" language there;
- Nos. 50-62 pertain to Google's motion for summary judgment of
  noninfringement; and
- Nos. 63-142 pertain to Google's motion for summary judgment of invalidity.

Conclusions of Law are found at Nos. 143-199 and were prepared when this case was
assigned to Judge Shabaz.  Google has replied to HyperPhrase's responses, though it understands
Judge Crabb's practice does not require Conclusions of Law.

## I.  BACKGROUND

### A.  The Parties

1.  Plaintiff HyperPhrase Technologies, LLC is a Wisconsin limited liability
corporation with places of business at 402 Gammon Place, Suite 300, Madison, Wisconsin 53719
and 10532 N. Port Washington Rd., Mequon, Wisconsin 53217.  [First Amended Complaint,
Docket No. 5 ("Amended Complaint"), ¶ 2].

**HyperPhrase's Response:**

Undisputed.

2.      Plaintiff HyperPhrase, Inc. is a wholly-owned subsidiary of HyperPhrase Technologies, LLC.  [Amended Complaint, ¶ 2].

**HyperPhrase's Response:**

Undisputed.

3.      Plaintiffs HyperPhrase Technologies, LLC and HyperPhrase, Inc. are collectively referred to as "HyperPhrase."

**HyperPhrase's Response:**

Undisputed.

4.      Defendant Google Inc. ("Google") is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway Mountain View, California 94043.  [Answer, Affirmative Defenses & Counterclaim, Docket No. 10 ("Answer"), ¶ 3].

**HyperPhrase's Response:**

Undisputed.

**B.      The Lawsuit**

5.      On April 12, 2006, HyperPhrase filed a complaint alleging that Google infringed United States Patent Nos. 6,434,567 ((Dkt. No. 26) Woodford Decl. Ex. C, "the '567 Patent"), 6,516,321 ((Dkt. No. 26) Woodford Decl. Ex. E, "the '321 Patent"), and 5,903,889 ((Dkt. No. 26) Woodford Decl. Ex. A, "the '889 Patent").  [Complaint, Docket No. 2 ("Complaint"), ¶¶ 2, 7].

**HyperPhrase's Response:**

Undisputed.

6.      HyperPhrase also alleged infringement of United States Patent No. 6,507,837 [Complaint, ¶¶ 2, 7], but HyperPhrase is no longer pursuing an infringement claim with respect to this patent.  [Complaint, ¶¶ 2, 7.]

**HyperPhrase's Response:**

1

Undisputed.

7.      On May 31, 2006, HyperPhrase filed an amended complaint alleging that Google also infringed United States Patent No. 7,013,298 ((Dkt. No. 28) Woodford Decl. Ex. O, "the '298 Patent").  [Amended Complaint, ¶¶ 2, 7].

**HyperPhrase's Response:**

Undisputed.

8.      On December 21, 2006, Judge Shabaz granted Google's Motion for Summary Judgment of Non-infringement, denied all motions concerning invalidity as moot and dismissed HyperPhrase's complaint and all claims contained therein with prejudice and costs. [(Dkt. No. 64) Order Granting Google's Motion for Summary Judgment of Non-infringement and Denying all pending motions concerning validity.]

**HyperPhrase's Response:**

Undisputed.

9.      On December 27, 2006, HyperPhrase filed a Notice of Appeal to U.S. Court of Appeals for the Federal Circuit from the final judgment in favor of Google. [(Dkt No. 66) Notice of Appeal to the Federal Circuit by HyperPhrase].

**HyperPhrase's Response:**

Undisputed.

10.      On December 26, 2007, the U.S. Court of Appeals for the Federal Circuit affirmed in part and vacated in part and remanded the case to the U.S. District Court for the District of Wisconsin, leaving infringement and validity of claims 1 and 7 of the '889 patent and 1, 24, 27 and 86 of the '321 patent to be determined by the District Court.

**HyperPhrase's Response:**

Undisputed.

11.      On February 22, 2008,  the U.S. Court of Appeals for the Federal Circuit issued its judgment as a mandate.

**HyperPhrase's Response:**

Undisputed.

12.    The remaining asserted patents after remand are the '321 and '889 collectively referred to as the "HyperPhrase patents" or "patents in suit."

**HyperPhrase's Response:**

Undisputed.

13.    HyperPhrase alleges that Google's AutoLink Toolbar product infringes the HyperPhrase patents.  [HyperPhrase's First Suppl. Resp. to Google's Interrogatory No. 2, (Dkt No. 35) Woodford Decl. Ex. X, at 15].

**HyperPhrase's Response:**

Undisputed.

**C.    Jurisdiction**

14.    HyperPhrase's complaint and Google's counterclaims arise under the Patent Act of the United States, as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act, as enacted under Title 28 of the United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338, and 2201-02.

**HyperPhrase's Response:**

Undisputed.

**D.    Venue**

15.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**HyperPhrase's Response:**

Undisputed.

**II.    THE HYPERPHRASE PATENTS**

16.    All of the HyperPhrase patents are related to one another and belong to the same family of patents.  ['321 Patent, Woodford Decl. Ex. E; '889 Patent, Woodford Decl. Ex. A.]

**HyperPhrase's Response:**

Undisputed.

17.     The application resulting in the '321 Patent was a continuation-in-part of the application resulting in the '567 Patent, which was a continuation-in-part of the application resulting in the '298 Patent, which was a continuation-in-part of the application resulting in the '889 Patent.  ['567 Patent, Woodford Decl. Ex. C; '321 Patent, Woodford Decl. Ex. E; '889 Patent, Woodford Decl. Ex. A; '298 Patent, Woodford Decl. Ex. O].

**HyperPhrase's Response:**

Undisputed.

### A.     The '321 Patent

18.     The patent application (Serial No. 09/374,568) resulting in the '321 Patent was filed by applicant Carlos de la Huerga on August 13, 1999.  ['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, Cover Page].

**HyperPhrase's Response:**

Undisputed.

19.     The '321 Patent entitled "Method for Database Address Specification" issued on February 4, 2003.  ['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, Cover Page].

**HyperPhrase's Response:**

Undisputed.

20.     HyperPhrase has asserted the following claims of the '321 Patent against Google: claims 1, 24, 27, 86, 91, 182, and 190.  [HyperPhrase's First Suppl. Resp. to Google's Interrogatory No. 2, (Dkt. No. 35) Woodford Decl. Ex. X, at 15].

**HyperPhrase's Response:**

Disputed.  HyperPhrase asserts the following claims of the '321 Patent against Google: Claims 1, 24, and 86.  (4/10/08 Thompson Declaration ¶31). HyperPhrase has elected to withdraw its claim of infringement of claim 27 of the '321 patent.  (*Id.*).

**Google's Reply:**

Google agrees with HyperPhrase's modification of the proposed finding of fact. HyperPhrase has withdraw claim 27 of the '321 Patent, and claims 91, 182 and 190 of the '321

4

Patent were found not infringed by the Federal Circuit.

21.     Claim 1 of the '321 Patent recites:

> A method for identifying a referenced record referenced in a referencing record wherein the referenced record is referenced in the referencing record by at least a combination including a data reference (DR) and a modifier reference (MR), the method comprising the steps of:
>
>> (i) receiving the referencing record;
>>
>> (ii) analyzing the referencing record to identify a DR, when a DR is identified:
>>
>>> (a) identifying an MR rule set (MRRS) specifying the relationship between an MR and the DR;
>>>
>>> (b) analyzing the referencing record in accordance with the MRRS to identify the existence of the MR and, when the MR is identified;
>>>
>>> (c) identifying the referenced record associated with the DR/MR combination.

['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, 32:12-25].

**HyperPhrase's Response:**

Undisputed.

22.     Claim 24 of the '321 Patent recites:

> The method of claim 1 further including the step of linking the record reference to the referenced record.

['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, 34:16-17].

**HyperPhrase's Response:**

Undisputed.

23.     Claim 27 of the '321 Patent recites:

> A method to be used with a rule set including subject matter specific tag pairs and corresponding search rules, a separate tag pair for each of a plurality of different information types and a separate search rule for each pair, each pair including a begin tag and an end tag, the method comprising the steps of:
>
>> (a) receiving a record;
>>
>> (b) examining the record according to the search rules to identify record segments including information of each of the information types;
>>
>> (c) when a record segment is identified which is of a particular information type:
>>
>> accessing the tag pair associated with the information type; inserting the begin tag before the identified segment and inserting the end tag after the identified segment.

5

['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, 34:25-41].

**HyperPhrase's Response:**

Undisputed.

24.    Claim 86 of the '321 Patent recites:

> A method for use with an application wherein specifying references (SRs) in one record to other records which are selectable to access the other records are visually distinguished from other record information so as to indicate selectability, the method also for use with a system which enables a user to designate and also select SRs where designation comprises pointing to an SR without selection and, wherein a seemingly general SR is modified by other record information which renders the SR relatively specific, the method for indicating the specific nature of an SR prior to selection and comprising the steps of:
>
> > when an SR is designated, indicating the specific nature of the SR.

['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, 40:32-44].

**HyperPhrase's Response:**

Undisputed.

**B.    The '889 Patent**

25.    The patent application (Serial No. 08/871,818) resulting in the '889 Patent was filed by applicants Carlos de la Huerga and William Craig on June 9, 1997. ['889 Patent, (Dkt. No. 26) Woodford Decl. Ex. A, Cover Page].

**HyperPhrase's Response:**

Undisputed.

26.    The '889 Patent entitled "System and Method for Translating, Collecting and Archiving Patient Records" issued on May 11, 1999. ['889 Patent, (Dkt. No. 26) Woodford Decl. Ex. A, Cover Page].

**HyperPhrase's Response:**

Undisputed.

27.    HyperPhrase has asserted claims 1 and 7 of the '889 Patent against Google. [HyperPhrase's First Suppl. Resp. to Google's Interrogatory No. 2, (Dkt. No. 35) Woodford Decl. Ex. X, at 15].

**HyperPhrase's Response:**

Undisputed.

28.     Claim 1 of the '889 Patent recites:

A computer system with a plurality of data records on a plurality of databases, and a standardized format for addressing said data records, said computer system comprising:

(a) a user interface having an interactive display program for requesting one of said data records and displaying a plurality of interface supported data formats;

(b) means for receiving a reference to a first data record from said interactive display program;

(c) means for retrieving said first data record;

(d) means for parsing said first data record to identify a reference to a second data record;

(e) means for modifying said reference to said second data record to create an address, said address being operable to retrieve said second data record; and

(f) means for sending said modified first data record to said interactive display program.

['889 Patent, (Dkt. No. 26) Woodford Decl. Ex. A, 16:61-17:10].

**HyperPhrase's Response:**

Undisputed.

29.     Claim 7 of the '889 Patent recites:

The computer system of claim 1, wherein said reference to said second data record comprises a keyword phrase.

['889 Patent, (Dkt. No. 26) Woodford Decl. Ex. A, 17:25-26].

**HyperPhrase's Response:**

Undisputed.

## III.     PREVIOUS LITIGATION INVOLVING HYPERPHRASE

30.     In a previous litigation before this Court, HyperPhrase asserted several patents, including the '321 Patent, against Microsoft.  The caption of that case was *HyperPhrase Technologies, LLC and HyperPhrase Inc. v. Microsoft Corporation*.  [Opinion and Order of June 18, 2003, (Dkt. No. 26) Woodford Decl. Ex. S ("Claim Construction Order"), at 1].

**HyperPhrase's Response:**

7

Undisputed.

31.     In the Microsoft case, Judge Crabb construed certain claim terms from U.S. Patent Nos. 5,895,461 and 6,272,505 as well as certain claim terms from the '321 Patent.  [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 1].

**HyperPhrase's Response:**

Undisputed.

32.     Applying the claim constructions from the Claim Construction Order, the Court granted Microsoft's motion for summary judgment of non-infringement.  [Opinion and Order of September 24, 2003, (Dkt. No. 35) Woodford Decl. Ex. W, at 1-2].

**HyperPhrase's Response:**

Disputed to the extent Judge Crabb applied claim constructions not found in that Claim Construction Order. [Opinion and Order of September 24, 2003, Woodford Decl. Ex. W, pp. 17-19.] HyperPhrase does not dispute that the Court granted Microsoft's motion for summary judgment of noninfringement.

**Google's Reply:**

HyperPhrase does not raise genuine dispute of material fact.  HyperPhrase does not deny that the Court applied the claim constructions from the Claim Construction Order, just that it also applied additional construction(s) that had not been addressed in the Claim Construction Order. HyperPhrase's argument does not contradict Google's proposed finding of fact.  Accordingly Google' proposed fact should be deemed admitted.

**A.     Constructions of Claim Terms in the '321 Patent**

33.     In the Microsoft case, Judge Crabb construed some of the asserted claim terms from the '321 Patent as a matter of law.  [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 2, 19-20].

**HyperPhrase's Response:**

Undisputed.

34.     The terms "link" and "linking" in claim 83 of the '321 Patent were construed to

8

mean "creating a hypertext link or address association." [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 19].

**HyperPhrase's Response:**

Undisputed.

35.    The term "when a DR is identified, associating the DR and the referenced record" in the '321 Patent was construed to have to occur in real time. [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 20].

**HyperPhrase's Response:**

Disputed. The Claim Construction Order addressed the "real time" requirement stemming from the language "as the referencing record is created . . . ." (Claim Construction Order, Woodford Decl. Ex. S, at 14-15).

**Google's Reply:**

HyperPhrase' argument is contradicted by the explicit language in the Court's order at page 20, which states "Further, IT IS ORDERED that the claims of plaintiffs' . . . U.S. Patent No. 6,516,321 are construed as follows: . . . 7. 'When a DR is identified, associating the DR and the referenced record' occurs in real time in the '321 patent."  HyperPhrase asserts that the "real time" requirement arises from the phrase "as the referencing record is created" and cites to pages 14-15 of the Order. On pages 14-15, the Court states that <u>both</u> phrases give rise to a real time requirement and concludes that "[a]ccordingly, in the '321 patent, 'when DR is identified associating the DR and the referencing record' occurs in real time". *Id.* at 15. Accordingly Google' proposed fact should be admitted.

36.    As support for the construction of "when a DR is identified, associating the DR and the referenced record," Judge Crabb relied upon an amendment made by the inventor and statements made by the patent examiner during prosecution of the '321 Patent. [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 14-15; '321 Patent File History, (Dkt. No. 27) Woodford Decl. Ex. F].

**HyperPhrase's Response:**

9

Undisputed as to claims 47 and 137 (not asserted here). Disputed as to claims asserted in this case. The Claim Construction Order addressed the "real time" requirement stemming from the language "as the referencing record is created . . ." (Claim Construction Order, Woodford Decl. Ex. S, at 14-15).

**Google's Reply:**

HyperPhrase' assertion that the Claim Construction Order does not apply to the claims at issue in this case or the phrase "when a DR is identified, associating the DR and the referenced record" is contradicted by the explicit language in the Court's order at page 20, which states "Further, IT IS ORDERED that the claims of plaintiffs' . . . U.S. Patent No. 6,516,321 are construed as follows: . . . 7. 'When a DR is identified, associating the DR and the referenced record' occurs in real time in the '321 patent." As discussed in paragraph 35 above, the Court construed two phrases ("When a DR is identified, associating the DR and the referenced record" and "as the referencing record is created") as giving rise to a "real time" requirement. Accordingly Google' proposed fact should be deemed admitted.

37.     The term "identifying the reference record" in claims 1 and 83 of the '321 Patent was construed to mean "locating or finding the record." [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 20].

**HyperPhrase's Response:**

Undisputed.

38.     The term "associating the DR and the referenced record" in claims 47, 185, 190, and 193 of the '321 Patent was construed to mean creating "a relationship that is broader than 'linking.'" [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 20].

**HyperPhrase's Response:**

Undisputed.

39.     As support for the construction of "associating the DR and the reference record," Judge Crabb relied generally upon the '321 Patent specification and a dictionary definition for the term "associate." [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 16].

10

**HyperPhrase's Response:**

Undisputed.

### B. Constructions of Claim Terms in Patents Related to the Patents at Issue

40.    In the Microsoft case, Judge Crabb also construed claim terms from other patents that are not at issue in this case, but that are related to the patents at issue here. [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 2, 19-20].

**HyperPhrase's Response:**

Undisputed.

41.    Judge Crabb construed claim terms from U.S. Patent No. 5,895,461, which issued from application Serial No. 08/727,293 ("the '293 application"). The '321 Patent is related to the '293 application through a series of continuation-in-part applications. ['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E, Certificate of Correction Correcting the Related U.S. Application Data]. The '889 Patent is related to the '293 application through a series of continuation-in-part applications. ['889 Patent, (Dkt. No. 26) Woodford Decl. Ex. A, Related U.S. Application Data].

**HyperPhrase's Response:**

Undisputed regarding the '321 patent; disputed for the '889 patent, since the record cited (Niro Dec., Exh. A, the '889 patent) does not contain any "Related U.S. Application Data" section. There may be reasons nonetheless for considering the '889 and '461 patents "related."

**Google's Reply:**

HyperPhrase does not introduce a genuine dispute of material fact. Google did not state that the '889 patent claims priority back to the '293 application. The '889 patent is "related" to the '293 application (and thus the '461 patent) because the '889 patent is related to the '298 patent, which claims priority to the '461 patent (the '293 application). ['889 patent; '298 patent.] It appears that the parties agree on this point, in that HyperPhrase states that "[t]here may be reasons nonetheless for considering the '889 and '461 patents 'related.'" [HyperPhrase PFOF Resp. 41.] Accordingly Google' proposed fact should be deemed admitted.

42.    Judge Crabb construed claim terms from U.S. Patent No. 6,272,505, which issued

11

from application Serial No. 09/112,062 ("the '062 application"). The '321 Patent is a

continuation-in-part of the '062 application. ['321 Patent, (Dkt. No. 26) Woodford Decl. Ex. E,

Certificate of Correction correcting the Related U.S. Application Data].

**HyperPhrase's Response:**

Undisputed.

43.    The terms "record" and "data record" in claims 49 and 53 of the '461 patent were

construed to mean "components of a database composed of fields arranged in a particular

predefined structure." [Claim Construction Order, (Dkt. No. 35) Woodford Decl. Ex. S, at 19].

**HyperPhrase's Response:**

Disputed. Page 19 of the cited Order says those terms "<u>as used</u> in claims 49 and 53"

were so construed (emphasis supplied). In addition, Judge Crabb concluded on pages 6-7 of the

cited Order "that the examples recited in the specification would fit within [this] definition," and

those examples include "x-ray data stored as an image file, nurse's reports and output of patient

monitoring devices such as electrocardiographs," which therefore means "generic images or

word processing files" fit within this definition.

**Google's Reply:**

HyperPhrase does not actually dispute the identified fact, namely that the terms "record"

and "data record" in claims 49 and 53 of the '461 patent were construed to mean "components of

a database composed of fields arranged in a particular predefined structure." Instead,

HyperPhrase cites additional facts relating to whether certain embodiments fit the Court's

construction. Under the Court's Procedure to Be Followed on Motions for Summary Judgment,

section II.B.1, these additional facts, to the extent they are necessary at all (they are not) should

be included in HyperPhrase's separate statement of facts. Accordingly, Google's proposed fact

should be deemed admitted.

44.    As support for the construction of "record" and data record," Judge Crabb relied

generally upon the '461 patent specification. [Claim Construction Order, (Dkt. No. 35)

Woodford Decl. Ex. S, at 5-7].

**HyperPhrase's Response:**

Undisputed.

45.     RESERVED

**HyperPhrase's Response:**

Reserved.

46.     RESERVED

**HyperPhrase's Response:**

Reserved.

47.     RESERVED

**HyperPhrase's Response:**

Reserved.

48.     RESERVED

**HyperPhrase's Response:**

Reserved.

49.     RESERVED

**HyperPhrase's Response:**

Reserved.

## IV.     NONINFRINGEMENT

50.     The Google Toolbar is software that can be installed with a Web browser, such as Microsoft Internet Explorer.  The Toolbar, which includes the AutoLink feature, requires a browsers [sic] to operate.  [Djabarov Decl.[1] ¶ 2; Dkt No. 44 (HyperPhrase's Response to Google's Proposed Findings of Fact and Conclusions of Law in Support of Its Motion for Summary Judgment and Statement of Proposed Additional Findings of Fact and Conclusions of Law), at 42, nos. 103-104]

**HyperPhrase's Response:**

HyperPhrase does not dispute that AutoLink requires a Web browser such as Mozilla's

---

[1] The Djabarov Declaration, referred to in multiple places herein, is found at Dkt. No. 33.

Firefox or Microsoft's Internet Explorer to operate; disputed that AutoLink requires "a browsers to operate." (HyperPhrase's Response to Google's Proposed Findings of Fact and Conclusions of Law in Support of Its Motion for Summary Judgment and Statement of Proposed Additional Findings of Fact and Conclusions of Law, at 42, nos. 103-104).

**Google's Reply:**

HyperPhrase does not dispute that AutoLink requires a Web browser to operate. HyperPhrase's "dispute" is apparently limited to the typographical in the use of plural "a browsers."

51.    The AutoLink feature has two components, a client component, which is located with the browser, and a server component which is located on a computer at Google.  [Djabarov Decl. ¶¶ 6 and 11]

**HyperPhrase's Response:**

Disputed.  The client software is part of the overall Google Toolbar package, and runs in conjunction with the browser software (e.g., Internet Explorer or Mozilla Firefox). The server software runs on Google servers.  (4/10/08 Declaration of Paul Thompson, Ph.D. ¶ 10). Undisputed that the AutoLink feature has two components, a client component and a server component.

**Google's Reply:**

HyperPhrase has not stated a genuine dispute of material fact.  Rather, it merely restates the proposed finding of fact, adding additional information:  "[t]he client software … runs in conjunction with the browser software (e.g., Internet Explorer or Mozilla Firefox)."  This additional information does not create a dispute and supports Google's proposed fact that "[t]he AutoLink feature has … a client component, which is located within the browser."  For purposes of summary judgment, it is immaterial whether the AutoLink client software "is part of the overall Google Toolbar package" or that it "runs in conjunction with the browser software", as HyperPhrase states.  Similarly, HyperPhrase states that "[t]he server software runs on Google servers."  This additional information does not create a dispute and supports Google's proposed

14

fact that "[t]he Autolink feature has … a server component which is located on a computer at Google." Additionally, the portion of the record cited by HyperPhrase does not contradict the proposed fact but rather confirms it.

Finally, HyperPhrase does not point to any evidence to support its argument that there is an issue in dispute. "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines,* 2005 WL 2275942, at 2 (E.D. Wis. 2005). Accordingly, Google's proposed fact should be deemed admitted.

52.    The AutoLink client can recognizes certain types of information or tokens, such as ISBNs, VINs, package tracking numbers, or postal addresses from a Web page. When such a token is found, it is assumed to by that type of information. [Djabarov Decl. ¶ 6; Dkt. No. 44, at 46-47, no. 114.]

**HyperPhrase's Response:**

Disputed. If a token is found, it is assumed to be the type of information associated with its format. (4/10/08 Declaration of Paul Thompson, Ph.D. ¶ 10; Djabarov Decl. ¶ 6a). Undisputed that AutoLink can recognize certain types of information or tokens, such as ISBNs, VINs, package tracking numbers, or postal addresses from a web page.

**Google's Reply:**

HyperPhrase's response restates – but does not dispute – the proposed finding of fact: HyperPhrase states that "[i]f a token is found, it is assumed to be the type of information associated with its format," which supports Google's proposed fact, "[w]hen such a token is found, it is assumed to by [*sic* be] that type of information."

Additionally, the portion of the record cited by HyperPhrase does not contradict the

15

proposed finding of fact but confirms it. HyperPhrase does not point to any evidence to support its argument that there is an issue in dispute. "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines* 2005 WL 2275942, at 2 (E.D. Wis. 2005). Accordingly, Google's proposed fact should be deemed admitted.

53. The AutoLink client also recognizes triggers, such as "book," "car," and "fedex." These triggers serve two functions, first, they used to throw out tokens as false positives, and if present with a token cause the AutoLink button to turn on. [Djabarov Decl. ¶ 6; Dkt. No. 44 at 47, no. 115.]

**HyperPhrase's Response:**

Disputed. AutoLink triggers do not serve to throw out tokens as false positives. The presence of a trigger and a properly formatted token cause the AutoLink button to become selectable. (4/10/08 Declaration of Paul Thompson, Ph.D. ¶ 10; Djabarov Decl. ¶ 6b; Niro Dec. Exh. E, Djabarov dep. at pp. 70-71; 109-110). Undisputed that AutoLink client recognized triggers, such as "book," "car" and "FedEx."

**Google's Reply:**

HyperPhrase has not identified a genuine dispute of material fact. First, HyperPhrase has not cited evidence to support its argument that "AutoLink triggers do not serve to throw out tokens as false positives." In fact, HyperPhrase expressly contradicts its denial in its opposition brief regarding noninfringement and relies on this fact to somehow show Google satisfies the "modifier reference" limitation of claim 1 of the '321 patent. (HyperPhrase Noninf. Opp. (Dkt. No. 127) at 42-43 ("The purpose of the trigger is to eliminate the false positives…;" citing 4/10/08 Declaration of Paul Thompson, Ph.D. ¶ 34; Niro Decl., Exhibit E at 109-110.) Second,

the additional function for the trigger cited by HyperPhrase also does not dispute Google's proposed finding of fact.

"To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005). In addition, HyperPhrase restates – but does not dispute – another portion of the proposed finding of fact: HyperPhrase states that "[t]he presence of a trigger and a properly formatted token cause the AutoLink button to become selectable," which supports Google's proposed finding of fact, "[t]hese triggers … if present with a token cause the AutoLink button to turn on." The remainder of the stated fact is not disputed. Accordingly, Google's proposed fact should be deemed admitted.

54.    If the AutoLink button is manually selected by the browser user, then the AutoLink client can add an anchor tag obtained from the browser, this anchor tag includes a first URL that points to a process on the AutoLink server. [Djabarov Decl. ¶ 8; Dkt No. 44 at 47-48, no. 117, and 51, no. 126.]

**HyperPhrase's Response:**

Disputed. URL created is an address that is operable through AutoLink to retrieve the second data record. (4/10/08 Declaration of Paul Thompson ¶¶ 7-13; 2/11/08 Supplemental Rule 26(a)(2) Report of Paul Thompson, Ph.D. ¶¶ 27-33).

**Google's Reply:**

HyperPhrase's response is none responsive. HyperPhrase does not deny that the AutoLink client only creates the anchor tag after the browser user has manually selected the AutoLink button. Its cited support for the denial, while improper and not with the requisite specificity required by the court, in fact supports Google's statement. (4/10/08 Declaration of

Paul Thompson (Dkt. No. 129) ¶ 11 ("The AutoLink client software builds the link (the text string of the URL) at the moment the user left-clicks the AutoLink button on the toolbar." (Emphasis added.)

Furthermore, HyperPhrase cites several pages of its experts multiple, conflicting declarations regarding how AutoLink works to support its denial. In so doing, it has failed to cite the record carefully or with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence. To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f."). Where evidence is not precisely cited, the Court may ignore it. *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006). Although HyperPhrase has not specified where in the seven cited pages of text it finds support for its argument, these pages do not contradict the proposed fact. Google's proposed fact should be deemed admitted.

55.    AutoLink inserts the anchor tag into what is called a DOM representation of the web page created by the browser, not the web page itself, and not the web page located on any server. [Dkt. No. 38 (Greenspoon Decl.), Exhibit F (Djabarov Depo. Transcript) at 30:15-21; Declaration of Jason W. Wolff ISO Google's Motions for Summary Judgment Regarding U.S. Patent Nos. 5,903,889 and 6,516,321 ("Wolff Decl."), Exhibits K-1, K-2, L-1, L-2 and ¶¶ 11-13.]

**HyperPhrase's Response:**

Disputed. DOM is simply one of many different ways to represent a webpage. (4/10/08 Declaration of Paul Thompson ¶23). Undisputed that AutoLink inserts the anchor tag into a DOM representation of the webpage.

**Google's Reply:**

HyperPhrase's response is non-responsive. It does not deny, and indeed it is the basis of its experts new infringement theories, that the AutoLink client inserts the anchor tag into a DOM file representation of the web page created by the browser and not the web page itself. (4/10/08 Declaration of Paul Thompson (Dkt. No. 129) at ¶ 24 ("The same function is accomplished by

AutoLink when it modifies the first DOM document to insert a URL address…"); *see also* HyperPhrase's Noninf. Opp. (Dkt. No. 127) at 39.)

HyperPhrase has not stated a genuine dispute of material fact. It is irrelevant to Google's proposed fact whether the "DOM is simply one of many different ways to represent a web page." It is undisputed that "Autolink inserts the anchor tag into … a DOM representation of the web page created by the browser[.]" Google's proposed fact should be deemed admitted.

56.    However, if the browser user does not select the AutoLink button, then nothing further happens and neither a first URL nor an anchor tag is created. [Djabarov Decl. ¶ 7; Dkt. No. 44 at 47, no. 116.]

**HyperPhrase's Response:**

Undisputed that if the browser user does not select the AutoLink button neither a first URL nor an anchor tag is created. (4/10/08 Declaration of Paul Thompson ¶ 23). Otherwise disputed.

**Google's Reply:**

HyperPhrase has not stated a genuine dispute of material fact. HyperPhrase admits that "if the browser user does not select the AutoLink button neither a first URL nor an anchor tag is created." It is not clear what, if anything HyperPhrase disputes; however, HyperPhrase's previously admitted in its November 21, 2006 response to Google's proposed findings of fact number 116 that it was "undisputed" that "[i]f the user does not select the AutoLink button with a keyboard or mouse, then nothing further happens and neither a URL or anchor tag is created." (Dkt. 44 at 47.) Google's proposed fact should be deemed admitted.

57.    If the browser user manually selects on the anchor tag created by the AutoLink client, then the browser sends the first URL to the AutoLink server. [Djabarov Decl. ¶ 11.]

**HyperPhrase's Response:**

Undisputed.

58.    The AutoLink server processes first URL and runs a "redir" command from the first URL, which causes the server to select one of over twenty different URL formats to return

to the browser as a second URL.  [Djabarov Decl. ¶¶ 4(a), 10, 12, 14(a); Dkt No. 37 (HyperPhrase Br.  In Opp'n to Google's Mtn for SJ of AutoLink Noninfringement) at 15 ("AutoLink has about twenty different possible templates.")]

**HyperPhrase's Response:**

Undisputed.

59.    There are no records located at the AutoLink server.  [Djabarov Decl. ¶¶ 13 and 14; Dkt. No. 44 at 50, no. 124.]

**HyperPhrase's Response:**

Disputed, at a minimum there may be records located at the AutoLink server related to Google Maps (Djabarov Djabarov testified that with an exception for Google Maps, Google does not maintain the information stored by third parties (e.g., amazon.com, fedex.com, carfax.com, etc.).  [Djabarov Decl. ¶ 13].

**Google's Reply:**

HyperPhrase's reply is non responsive.  HyperPhrase relies on a statement by Gueorgui Djabarov that there may be "information" stored at Google relating to Google Maps.  But HyperPhrase cites to no evidence to support its argument that "there may be <u>records</u> located at the <u>AutoLink server</u> related to Google Maps[.]"  (emphasis added).  Indeed, the very next paragraph in Mr. Djabarov's declaration directly contradicts HyperPhrase's argument, as that paragraph states "there is no web page located at this second URL even when the map provider is set to Google Maps."  (Djabarov Decl. (Dkt. No. 33) at ¶14(d).)  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).  Google's proposed fact should be deemed admitted.  Furthermore, to the extent this court disagrees that there is a

genuine issue of material of fact, which there is not, HyperPhrase has offered no evidence that there are any alleged records for any of the other types of information that might be returned though the AutoLink feature, such as ISBNs, VINs, shipping tracking numbers, etc. or any of the third party information provides, such as Amazon.com, Carfax.com, Yahoo Maps!, MapQuest.com, Fedex.com, UPS.com, etc.

60.    Upon receipt by the browser, the browser can forward second URL as an HTTP request to yet another server, which will process the second URL and may return information. [Djabarov Decl. ¶¶ 11 and 14]

**HyperPhrase's Response:**

Disputed.  (4/10/08 Thompson Declaration ¶ 16; 2/11/08 Declaration; Supplemental Rule 26(a)(2) Report of Paul Thompson, Ph.D. ¶ 15).

**Google's Reply:**

HyperPhrase's reply is non responsive.  HyperPhrase does not explain why the fact is disputed – as required by the Court's procedures – but rather cites to the declaration and supplemental expert reports of Paul Thompson without any indication of the nature of the dispute.  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)."  *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Furthermore, HyperPhrase's opposition brief regarding noninfringement supports Google's proposed finding of fact.  Dkt. No. 127 at 9 ("The Google [AutoLink] server then sends the Redirect URL [read: the second URL] back to the user's computer.  (Thompson Declaration [Dkt. No. 129], ¶ 18).  In the final step, the user's computer automatically then "redirects" the user's web browser to the web page of this new redirect URL (the one just created by Google's

[AutoLink] server and served back to the [web] browser. (Thompson Declaration [Dkt. No. 129], ¶ 18).").

Google's proposed fact should be deemed admitted.

61.    The Google Toolbar for Internet Explorer uses the Microsoft DOM API software to operate.  [Dkt. No. 38 (Greenspoon Decl.), Exhibit F (11/16/2006 Deposition Transcript of Gueorgui Djabarov) at 30:15-21.]

**HyperPhrase's Response:**

Undisputed.  (Niro Dec., Exh. E, Djabarov Dep. at p. 32).

62.    Microsoft's products, systems, users, are licensed to use the '889 and '321 patents.  [Wolff Decl. Exhibit I (HyperPhrase Patent License Agreement with Microsoft).]

**HyperPhrase's Response:**

Reserved.  Pursuant to Judge Crocker's April 8, 2008 Order, all issues regarding Google's licensing defense have been stayed until this Court has decided the issues presented by Google's invalidity and noninfringement summary judgment motions (Docket No. 124).

**Google's Reply:**

Reserved.

## V.    INVALIDITY

### A.    Priority

63.    Claim 1 of the '889 patent is not entitled to a priority date prior to the June 9, 1997 filing date of the '889 patent.  [*See generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I; (Dkt No. 46) de la Huerga Decl., at ¶¶5-7, 9.]

**HyperPhrase's Response:**

Disputed.  Claim 1 of the '889 patent is entitled to a priority date of no later than September 30, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-1).

**Google's Reply:**

HyperPhrase's response is non-responsive and fails to raise a dispute of material fact.

22

Furthermore, HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 52 pages of Exhibit A-1 the evidence supporting its arguments purportedly can be found. Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

HyperPhrase has also provided solely conclusory statements about the existence of documents used to support its priority allegations in Exhibit A-1 to the April 11, 2008 expert report of Carlos de la Huerga,[2] at pages 1-3 and throughout the exhibit  There is no evidence substantiating the existence of these documents prior to the filing date of the '321 patent. Additionally, HyperPhrase alleges in support of its argument that "The drawings (Figures 14A– 14D) cited by the Federal Circuit which related to the '889 patent are also found in the drawing file "CDROM Patient Files DR.cwk", albeit then labeled as Figures 13A–13D.  These drawings show, among other features, the parsing of one record to locate data references to other records." (April 11, 2008 report of Carlos de la Huerga, Ex. A-1 at 2).  But HyperPhrase has not provided a copy of that document.  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)."  *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Google's proposed fact should be deemed admitted.

64.    Claim 7 of the '889 patent is not entitled to a priority date prior to the June 9,

---

[2] Carlos de la Huerga did not serve an expert report on March 11, 2008 as stated in HyperPhrase's response.  This appears to be a typographical error.

1997 filing date of the '889 patent.  [*See generally* '889 patent (Dkt. No. 26) Woodford Decl.,

Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I; (Dkt. No. 46) de la Huerga Decl., at

¶¶3, 5-9 and Ex. 2.]

**HyperPhrase's Response:**

Disputed.  Claim 7 of the '889 patent is entitled to a priority date of no later than

September 30, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-1).

**Google's Reply:**

HyperPhrase's response is non-responsive and fails to raise a dispute of material fact for

the same reasons noted in Google's Reply to paragraph 63.  Furthermore, HyperPhrase has failed

to cite the record carefully or with the requisite particularity under the Court's Procedure to Be

Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the

record for evidence.  To support a proposed fact, you must use evidence as described in

Procedure I.C.1. a. through f.").  Where evidence is not precisely cited, the Court may ignore it.

HyperPhrase does not identify where in the 52 pages of Exhibit A-1 the evidence supporting its

arguments purportedly can be found.  Where evidence is not precisely cited, the Court may

ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D.

Wis. 2006).

HyperPhrase has also provided solely conclusory statements about the existence of

documents used to support its priority allegations in Exhibit A-1 to the April 11, 2008 expert

report of Carlos de la Huerga HyperPhrase, at pages 1-3 and throughout the exhibit.  There is no

evidence substantiating the existence of these documents prior to the filing date of the '321

patent.  Additionally, HyperPhrase alleges in support of its argument that "The drawings

(Figures 14A–14D) cited by the Federal Circuit which related to the '889 patent are also found in

the drawing file "CDROM Patient Files DR.cwk", albeit then labeled as Figures 13A–13D.

These drawings show, among other features, the parsing of one record to locate data references

to other records."  (April 11, 2008 report of Carlos de la Huerga, Ex. A-1 at 2).  But HyperPhrase

never provides a copy of that document.  "To the extent a party has not provided evidentiary

support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Google's proposed fact should be deemed admitted.

65.    Claim 1 of the '321 patent is not entitled to a priority date prior to the August 13, 1999 filing date of the '321 patent.  ['321 patent (cover page) and 1:1-29; s*ee generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶23-24; (Dkt. No. 46) de la Huerga Decl., at ¶¶4, 8-10 and Ex. 2.]

**HyperPhrase's Response:**

Disputed.  Claim 1 of the '321 patent is entitled to a priority date of no later than April 10, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-2).

**Google's Reply:**

HyperPhrase's response is non-responsive and fails to raise a dispute of material fact. Furthermore, HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 46 pages of Exhibit A-2 the evidence supporting its arguments purportedly can be found. Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

HyperPhrase has also provided solely conclusory statements about the existence of documents used to support its priority allegations in Exhibit A-2 to the April 11, 2008 expert report of Carlos de la Huerga HyperPhrase, at pages 2-3 and throughout the exhibit.  There is no

evidence substantiating the existence of these documents prior to the filing date of the '321 patent. "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, the disclosures cited by HyperPhrase do not support its priority claim. For example, at a minimum there is no "MR Rule Set … specifying the relationship between an MR and the DR" for element (a) in the cited '126 application at pages 6-7 of this exhibit. Nor does the cited text show that the DR is first found, and only when a DR is found does the system then identify a MR Rule Set. Rather, the citation merely shows the format for a possible URL to be created. Similarly, there is no search first for a DR, then for its associated MR. To the extent the cited MR (e.g., date, patient ID) is ever searched for, which is not shown in the cited text, it is known by the system prior to the system finding the DR, not after. (See generally, 4/11/2008 Rebuttal Report of Carlos de la Huerga, Appendix A-2 at 6-20).

Google's proposed fact should be deemed admitted.

66.    Claim 24 of the '321 patent is not entitled to a priority date prior to the August 13, 1999 filing date of the '321 patent. ['321 patent (cover page) and 1:1-29; s*ee generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶23-24; (Dkt. No. 46) de la Huerga Decl., at ¶¶4, 8-10 and Ex. 2.]

**HyperPhrase's Response:**

Disputed. Claim 24 of the '321 patent is entitled to a priority date of no later than April 10, 1996. (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-2).

26

**Google's Reply:**

HyperPhrase's response is non-responsive and fails to raise a dispute of material fact. Furthermore, HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase has not identified where in the 46 pages of Exhibit A-2 the evidence supporting its arguments purportedly can be found. Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

HyperPhrase has also provided solely conclusory statements about the existence of documents used to support its priority allegations in Exhibit A-2 to the April 11, 2008 expert report of Carlos de la Huerga HyperPhrase, at pages 2-3 and throughout that exhibit.  There is no evidence substantiating the existence of these documents prior to the filing date of the '321 patent.  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, the disclosures cited by HyperPhrase do not support its priority for claim 24 for the reasons noted in Google's Reply to paragraph 65 for claim 1 of the '321 patent.  Claim 24 depends from claim 1 of the '321 patent, and thus the cited text fails to support the alleged priority date for claim 24 for the same reasons that it fails to support the alleged priority date for claim 1 of the '321 patent.  Google's proposed fact should be deemed admitted.

67.    Claim 27 of the '321 patent is not entitled to a priority date prior to the August 13, 1999 filing date of the '321 patent.  ['321 patent (cover page) and 1:1-29; s*ee generally* '889

27

patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex.

I. (Dkt. No. 46) de la Huerga Decl., at ¶2.]

**HyperPhrase's Response:**

Disputed.  Claim 27 of the '321 patent is entitled to a priority date of no later than April

10, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-2).

**Google's Reply:**

HyperPhrase's response is non-responsive and fails to raise a dispute of material fact.

HyperPhrase has failed to cite the record carefully or with the requisite particularity under the

Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court

will not search the record for evidence.  To support a proposed fact, you must use evidence as

described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 46

pages of Exhibit A-2 the evidence supporting its arguments purportedly can be found.  Where

evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of*

*Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

HyperPhrase has also provided solely conclusory statements about the existence of

documents used to support its priority allegations in Exhibit A-2 to the April 11, 2008 expert

report of Carlos de la Huerga HyperPhrase, at pages 2-3 and throughout that exhibit.  There is no

evidence substantiating the existence of these documents prior to the filing date of the '321

patent.  "To the extent a party has not provided evidentiary support for its opposition to a

particular proposed finding of fact, such party has not raised an arguable factual dispute.  In

addition, the court must conclude that there is no genuine issue of material fact as to any

proposed finding of fact to which no response has been set forth….'  It is well settled that

conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall*

*v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)."  *Jackson v. Ryan Intern. Airlines*, 2005

WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, the disclosures cited by HyperPhrase do not support its priority claim 27 in

that, at a minimum, there are no "subject matter specific tag pairs."  Rather, as admitted by

HyperPhrase at the bottom of page 15 in its Exhibit A-2 to the report of Carlos de la Huerga, all tag pairs are identical for all types of links that are created, regardless of whether these are for an EKG, x-ray, etc…, as the only tag pair disclosed for a URL has as its beginning tag the text "<a href=…>" and as its ending tag "</a>."  Although HyperPhrase cites these as "example" tag pairs, they are the only tag pair disclosed, and thus there are no subject matter specific "tag *pairs*," nor is there a "tag pair" for different "information types."  Similarly, there is no disclosure of "search rules to identify record segments including information of each of the information types" nor is there a disclosure of "a separate tag pair for each of a plurality of different information types."  (*Id.* at 15-19).

Google's proposed fact should be deemed admitted.

68.  Claim 86 of the '321 patent is not entitled to a priority date prior to the August 13, 1999 filing date of the '321 patent.  ['321 patent (cover page) and 1:1-29; s*ee generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I. (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶22; (Dkt. No. 46) de la Huerga Decl., at ¶2.]

**HyperPhrase's Response:**

Disputed.  Claim 24 of the '321 patent is entitled to a priority date of no later than April 10, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-2).

**Google's Reply:**

HyperPhrase's response is non-responsive.  As an initial matter, HyperPhrase's reference to "Claim 24" is apparently a typographical error.  Given the general nature of its response and failure to specifically identify its evidence, it is unclear from HyperPhrase's response why it disputes Google's proposed fact.  HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 46 pages of Exhibit A-2 the evidence supporting its arguments purportedly can be found.  Where evidence is not precisely cited, the Court may

29

ignore it. *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

HyperPhrase has also provided solely conclusory statements about the existence of documents used to support its priority allegations in Exhibit A-2 to the April 11, 2008 expert report of Carlos de la Huerga HyperPhrase, at pages 2-3 and throughout that exhibit. There is no evidence substantiating the existence of these documents prior to the filing date of the '321 patent. "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth....' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Google's proposed fact should be deemed admitted.

### B.    Date of Invention

69.    Claim 1 of the '889 patent is not entitled to a date of invention prior to the June 9, 1997 filing date of the '889 patent. [*See generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I.; (Dkt. No. 46) de la Huerga Decl., at ¶¶3, 5-9 and Ex. 2.]

**HyperPhrase's Response:**

Disputed. Claim 1 of the '889 patent is entitled to a date of invention of at least September 30, 1996. (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, at p.4).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact. In support of its argument, HyperPhrase relies on page 4 of the report of Mr. Carlos de la Huerga, the named inventor. On page 4, the only relevant text is a conclusory statement that "the date of invention for the '889 patent is at least as far back as September 30, 1996." There is no evidence

substantiating this priority date on page 4 of that report. "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, HyperPhrase has failed to cite the record with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence. To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f."). HyperPhrase does not cite where in the 307 pages of the report of Carlos de la Huerga the evidence supporting its arguments purportedly can be found. Where evidence is not precisely cited, the Court may ignore it. *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google's proposed fact should be deemed admitted.

70.    Claim 7 of the '889 patent is not entitled to a date of invention prior to the June 9, 1997 filing date of the '889 patent. [*See generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I.; (Dkt. No. 46) de la Huerga Decl., at ¶¶3, 5-9 and Ex. 2.]

**HyperPhrase's Response:**

Disputed. Claim 7 of the '889 patent is entitled to a date of invention of at least September 30, 1996. (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, at p.4).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact. In support of its argument, HyperPhrase relies on page 4 of the report of Mr. Carlos de la Huerga, the named inventor. On page 4, the only relevant text is a conclusory statement that "the date of invention for the '889 patent is at least as far back as September 30, 1996." There is no evidence

31

substantiating this priority date on page 4 of that report.  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)."  *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, HyperPhrase has failed to cite the record with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 307 pages of the report of Carlos de la Huerga the evidence supporting its arguments purportedly can be found.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google's proposed fact should be deemed admitted.

71.    Claim 1 of the '321 patent is not entitled to a date of invention prior to the August 13, 1999 filing date of the '321 patent.  ['321 patent (cover page) and 1:1-29; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶23-24; *see generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent Woodford Decl., Ex. I; (Dkt. No. 46) de la Huerga Decl., at ¶¶4, 8-10 and Ex. 2.]

**HyperPhrase's Response:**

Disputed.  Claim 1 of the '321 patent is entitled to a date of invention of at least April 10, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, at p.4.)

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact.  In support of its argument, HyperPhrase relies on page 4 of the report of Mr. Carlos de la Huerga, the named inventor.  On page 4, the only relevant text is a conclusory statement that "[t]he date of invention for the '321 patent is at least as far back as April 10, 1996[.]"  There is no evidence

32

substantiating this priority date on page 4 of that report.  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)."  *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, HyperPhrase has failed to cite the record with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 307 pages of the report of Carlos de la Huerga the evidence supporting its arguments purportedly can be found.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google's proposed fact should be deemed admitted.

72.     Claim 24 of the '321 patent is not entitled to a date of invention prior to the August 13, 1999 filing date of the '321 patent.  ['321 patent (cover page) and 1:1-29; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶23-24; *see generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I; (Dkt. No. 46) de la Huerga Decl., at ¶¶4, 8-10 and Ex. 2.]

**HyperPhrase's Response:**

Disputed.  Claim 24 of the '321 patent is entitled to a date of invention of at least April 10, 1996.  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, at p.4).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact.  In support of its argument, HyperPhrase relies on page 4 of the report of Mr. Carlos de la Huerga, the named inventor.  On page 4, the only relevant text is a conclusory statement that "[t]he date of invention

33

for the '321 patent is at least as far back as April 10, 1996[.]"  There is no evidence substantiating this priority date on page 4 of that report.  "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute.  In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….'  It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, HyperPhrase has failed to cite the record with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence.  To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f.").  HyperPhrase does not identify where in the 307 pages of the report of Carlos de la Huerga the evidence supporting its arguments purportedly can be found.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google's proposed fact should be deemed admitted.

73.    Claim 27 of the '321 patent is not entitled to a date of invention prior to the August, 13, 1999 filing date of the '321 patent.  ['321 patent (cover page) and 1:1-29; *see generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex. A and '461 patent (Dkt. No. 27) Woodford Decl., Ex I.; (Dkt. No. 46) de la Huerga Decl., at ¶2.]

**HyperPhrase's Response:**

Disputed.  Claim 27 of the '321 patent is entitled to a date of invention of at least April 10, 1996.  (4/11/08 de la Huerga Decl., at ¶6; 3/11/08 Rebuttal Expert Report of Carlos de La Huerga at p.4).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact.  In support of its argument, HyperPhrase relies on page 4 of the report of Mr. Carlos de la Huerga, the named

34

inventor. On page 4, the only relevant text is a conclusory statement that "[t]he date of invention for the '321 patent is at least as far back as April 10, 1996[.]" There is no evidence substantiating this priority date on page 4 of that report. HyperPhrase also relies on paragraph 2 of the declaration of Mr. de la Huerga, dated April 11, 2008. The cited text fails to support HyperPhrase's argument, as it merely states that Mr. de la Huerga reviewed the record and states nothing about priority dates: "In connection with preparing this declaration, I have reviewed all the HyperPhrase patents, patent applications and prosecution history, Google's briefs and exhibits and materials supporting their Summary Judgment Motion for Invalidity, the expert reports of Google's expert, Bruce Croft and the supporting exhibits, and the prior art references (attached as Exh. A (Rebuttal Report of de la Huerga, Exh. B))." "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, HyperPhrase has failed to cite the record with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence. To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f."). HyperPhrase does not identify where in the 307 pages of the report of Carlos de la Huerga the evidence supporting its arguments purportedly can be found. Where evidence is not precisely cited, the Court may ignore it. *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google's proposed fact should be deemed admitted.

74.    Claim 86 of the '321 patent is not entitled to a date of invention prior to the August 13, 1999 filing date of the '321 patent. ['321 patent (cover page) and 1:1-29; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶22; *see generally* '889 patent (Dkt. No. 26) Woodford Decl., Ex.

35

A and '461 patent (Dkt. No. 27) Woodford Decl., Ex. I.; (Dkt. No. 46) de la Huerga Decl., at ¶2.]

**HyperPhrase's Response:**

Disputed. Claim 86 of the '321 patent is entitled to a date of invention of at least April 10, 1996. (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, at p.4).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact. In support of its argument, HyperPhrase relies on page 4 of the report of Mr. Carlos de la Huerga, the named inventor. On page 4, the only relevant text is a conclusory statement that "[t]he date of invention for the '321 patent is at least as far back as April 10, 1996[.]" There is no evidence substantiating this priority date on page 4 of that report. "To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. In addition, the court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been set forth….' It is well settled that conclusory allegations ... without support in the record, do not create a triable issue of fact' *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir.2002)." *Jackson v. Ryan Intern. Airlines*, 2005 WL 2275942, at 2 (E.D. Wis. 2005).

Additionally, HyperPhrase has failed to cite the record with the requisite particularity under the Court's Procedure to Be Followed on Motions for Summary Judgment, section II.E.1 ("The court will not search the record for evidence. To support a proposed fact, you must use evidence as described in Procedure I.C.1. a. through f."). HyperPhrase does not identify where in the 307 pages of the report of Carlos de la Huerga the evidence supporting its arguments purportedly can be found. Where evidence is not precisely cited, the Court may ignore it. *Petro v. State of Wisconsin Dept. of Natural Resources,* 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google's proposed fact should be deemed admitted.

### C.     Prior Art References

#### i.     Thistlewaite's "Automatic Construction and Management of Large Open Webs" ("PasTime")

75.     PasTime was a publicly available printed publication by no later than March 22, 1997.  [(Dkt. No. 32) Kirk Decl., Ex. B at GOOG074992.]

**HyperPhrase's Response:**

Disputed.  PasTime has a publication date of March 1997.  (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4 at p.1).

**Google's Reply:**

HyperPhrase's opposition observes a typographical error, but does not present a material dispute.  Google agrees that the publication date stamp on the reference is April 22, 1997.  The point of the proposed finding is that Thistlewaite's PasTime reference is prior art.  This is not in dispute.

76.     PasTime contains an enabling disclosure.  [(Dkt. No. 32) Kirk Decl., Ex. B at 161; Abstract; 171 at n.22; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20, 25-28 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  PasTime does not contain an enabling disclosure.  (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create an issue of material fact. HyperPhrase asserts that the "PasTime does not contain an enabling disclosure", but HyperPhrase does not provide an explanation as to what it contends is missing from the disclosure, and HyperPhrase does not cite to specific evidence in support of its contention. HyperPhrase cites the entire testimony of their expert on the topic of the PasTime reference without specification or particularity.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D.

Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga.  In contrast, paragraphs 17-20 of Dr. Croft's declaration demonstrates how the PasTime reference anticipates claims 1 and 7.  Second Croft Decl., at ¶ 45. In addition, Dr. Croft's claim chart demonstrates the presence of each element. Second Croft Decl., Ex. 2(d).

Google's proposed fact should be deemed admitted.

77.    PasTime discloses "A computer system with a plurality of data records on a plurality of databases . . ." ['889 Claim 1; (Dkt. No. 32) (Dkt. No. 34) Kirk Decl., Ex. B at 170, 171 n.22; Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  PasTime does not disclose: "A computer system with a plurality of data records on a plurality of databases . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4, p.2-3).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a database and does not contain a plurality of databases.  As set forth in paragraph 17 of Exhibit 1 to the Second Croft Declaration: PasTime "discloses a hyperbase that is made up of several distinct 'sub-collections,' including Senate Hansards, Standing Orders, Biographies, etc. See for example page 171 [of Kirk Decl. Exh. B].  Each sub-collection is a separate 'database.'"  It is irrefutable that the PasTime hyperbase contains multiple collections of documents.  Kirk Decl., Ex. B at 171.

HyperPhrase appears to dispute whether these multiple collections constitute "a plurality of databases," which is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

78.    PasTime discloses: "and a standardized format for addressing said data records, said computer system comprising: . . ." ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 171; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. PasTime does not disclose: "and a standardized format for addressing said data records, said computer system comprising: . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4, p.2-3).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a dispute regarding a material fact. HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument. HyperPhrase cites to pages 2-3 of Appendix 4 to the expert report of the inventor, Mr. Huerga, however, these pages discuss "plurality of databases" and do not address the issue of whether PasTime contains a standardized format for addressing data records. Appendix 4 does not appear to have any discussion regarding standardized format for addressing data records.

Google's proposed fact should be deemed admitted.

79.    PasTime discloses: "(a) a user interface having an interactive display program for requesting one of said data records and displaying a plurality of interface supported data formats; . . ." ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 170-171; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact.  HyperPhrase states, "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction.  The quoted language comes from the patent, not the PasTime reference.  The evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.  Accordingly, Google's proposed fact should be deemed admitted.

80.    PasTime discloses: "(b) means for receiving a reference to a first data record from said interactive display program; . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 166; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  PasTime does not disclose: "(b) means for receiving a reference to a first data record from said interactive display program; . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4 at p.4).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference."

40

HyperPhrase does not dispute that PasTime provides a means for receiving a link to a first data record; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

81. PasTime discloses: "(c) means for retrieving said first data record; . . ." ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 166, 171; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact. HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction. The quoted language comes from the patent, not the PasTime reference. The evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime reference satisfy the claim limitations. HyperPhrase does not dispute this evidence. Accordingly, Google's proposed fact should be deemed admitted.

82. PasTime discloses: "(d) means for parsing said first data record to identify a reference to a second data record; . . ." ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 167-169, 171; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. PasTime does not disclose: "(d) means for parsing said first data record to identify a reference to a second data record; . . ." (3/11/08 Rebuttal Expert Report of Carlos de

41

La Huerga, Appendix A-4 at p.4-5).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference." HyperPhrase does not dispute that PasTime provides a means for parsing a first data record; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

83.    PasTime discloses: "(e) means for modifying said reference to said second data record to create an address, said address being operable to retrieve said second data record; . . ." ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 166-169, 171; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact. HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction. The quoted language comes from the patent, not the PasTime reference. The evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime

reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.
Accordingly, Google's proposed fact should be deemed admitted.

84.    PasTime discloses:  "and (f) means for sending said modified first data record to
said interactive display program."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 171; (Dkt.
No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶17-20
and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted
language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a
material fact.  HyperPhrase states that "Google has not identified any place in the cited reference
where the quoted language appears" without engaging or disputing the substance of the proposed
construction.  The quoted language comes from the patent, not the PasTime reference.  The
evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this
limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime
reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.
Accordingly, Google's proposed fact should be deemed admitted.

85.    PasTime discloses: "The computer system of claim 1, wherein said reference to
said second data record comprises a keyword phrase."  ['889 Claim 7; (Dkt. No. 32) Kirk Decl.,
Ex. B at 168; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl.,
Ex. 1 at ¶¶17-20 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  PasTime does not disclose: "The computer system of claim 1, wherein said
reference to said second data record comprises a keyword phrase." (3/11/08 Rebuttal Expert
Report of Carlos de La Huerga, Appendix A-4 at p. 5).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference." HyperPhrase does not dispute that PasTime uses a keyword phrase to link to a data record; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

86.    PasTime discloses:  "A method for identifying a referenced record referenced in a referencing record wherein the referenced record is referenced in the referencing record by at least a combination including a data reference (DR) and a modifier reference (MR), the method comprising the steps of: . . ."  ['321 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 170, 172; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶25-28 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  PasTime does not disclose: "A method for identifying a referenced record referenced in a referencing record wherein the referenced record is referenced in the referencing record by at least a combination including a data reference (DR) and a modifier reference (MR), the method comprising the steps of: . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4 at p. 6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "PasTime does not disclose: [the cited claim

language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference." HyperPhrase does not dispute that PasTime uses a DR and MR to reference the referenced record; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

87.     PasTime discloses: "(i) receiving the referencing record; . . ." ['321 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 166, 171; Second Croft Decl., Ex. 1 at ¶¶25-28 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact. HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction. The quoted language comes from the patent, not the PasTime reference. The evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime reference satisfy the claim limitations. HyperPhrase does not dispute this evidence. Accordingly, Google's proposed fact should be deemed admitted.

88.     PasTime discloses: "(ii) analyzing the referencing record to identify a DR, when a DR is identified: . . ." ['321 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 167-168, 171-172; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶25-28 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  PasTime does not disclose: "(ii) analyzing the referencing record to identify a DR, when a DR is identified: . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-4 at p. 6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference."  HyperPhrase does not dispute that PasTime analyzes a referencing record to identify a DR; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record.  This is an issue of claim construction – and a question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

89.    PasTime discloses: "(a) identifying an MR rule set (MRRS) specifying the relationship between an MR and the DR; . . ."  ['321 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 170, 172; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶25-28 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact.  HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction.  The quoted language comes from the patent, not the PasTime reference.  The

46

evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime reference satisfy the claim limitations. HyperPhrase does not dispute this evidence. Accordingly, Google's proposed fact should be deemed admitted.

90.    PasTime discloses: "(b) analyzing the referencing record in accordance with the MRRS to identify the existence of the MR and, when the MR is identified; . . ." ['321 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 170, 172; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶25-29 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact. HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction. The quoted language comes from the patent, not the PasTime reference. The evidence cited by Google, identifies the specific pages in the PasTime reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the PasTime reference satisfy the claim limitations. HyperPhrase does not dispute this evidence. Accordingly, Google's proposed fact should be deemed admitted.

91.    PasTime discloses: "(c) identifying the referenced record associated with the DR/MR combination." ['321 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. B at 170, 172; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶25-29 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. PasTime does not disclose: "(c) identifying the referenced record associated with the DR/MR combination." (3/ 11/08 Rebuttal Expert Report of Carlos De La Huerga,

47

Appendix A-4 at p. 7).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference." HyperPhrase does not dispute that PasTime analyzes a referencing record to identify a DR; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

92.     PasTime discloses: "The method of claim 1 further including the step of linking the record reference to the referenced record." ['321 Claim 24; (Dkt. No. 32) Kirk Decl., Ex. B at 161; Abstract, 168, 171; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶37; n.3 and Ex. 2(c); Second Croft Decl., Ex. 1 at ¶¶25-29 and Ex. 2(d).]

**HyperPhrase's Response:**

Disputed. PasTime does not disclose: "The method of claim 1 further including the step of linking the record reference to the referenced record." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-4 at 7).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "PasTime does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the PasTime reference does not contain a "reference."

48

HyperPhrase does not dispute that PasTime analyzes a referencing record to identify a DR; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

<div align="center">

### ii.    U.S. Patent No. 5,815,830 ("Anthony")

</div>

93.    Anthony was filed by December 18, 1995.  [(Dkt. No. 32) Kirk Decl., Ex. A (cover page).]

**HyperPhrase's Response:**

Undisputed.

94.    Anthony contains an enabling reference.  [(Dkt. No. 32) Kirk Decl., Ex. A at 1:6-8; 3:36-42; 4:11-27; 6:21-36; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Anthony does not contain an enabling reference.  (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-11).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create an issue of material fact. HyperPhrase asserts that "Anthony does not contain an enabling disclosure", but HyperPhrase does not provide an explanation as to what it contends is missing from the disclosure, and HyperPhrase does not cite to specific evidence in support of its contention.   HyperPhrase cites the entire testimony of their expert on the topic of the Anthony patent without specification or particularity.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga.  In contrast, paragraphs 29 of Dr. Croft's declaration demonstrates how Anthony anticipates HyperPhrase's claims:  "Anthony would have clearly enabled one of skill in the art to practice the system described within the patent. First and

foremost, Anthony is not only a patent, but it also describes an operational system that was commercially sold, called XGL Hypertext Voyager. This demonstrates that the system as described can be created. Second, the processes described, parsing a record for text, finding entities within that text, and automatically creating hypertext links between those entities and records in a database were all well known at the time of the filing of HyperPhrase's patents." First Croft Decl., at ¶ 29. In addition, Dr. Croft's claim chart demonstrates the presence of each claim element.  First Croft Decl., Ex. 2(b).

Google's proposed fact should be deemed admitted.

95.    Anthony discloses: "A computer system with a plurality of data records on a plurality of databases, . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 3:36-42; 3:45-48; 4:29-33; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Anthony does not disclose: "A computer system with a plurality of data records on a plurality of databases, . . ."  (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-11 at p.1).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Anthony does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the Anthony reference does not contain a "plurality of databases," which is an issue of claim construction – and a question of law – not a dispute of fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).  Anthony discloses a computer system includes a database of records that receives records from a text database. ((Dkt. No. 32) Kirk Decl., Ex. A at 3:45-48; 4:29-33.)  Anthony also discloses a networked database, (id. at 3:36-48), which a person of skill in the art would understand could be distributed

50

into multiple databases, (see Croft 1st Decl. (Dkt. No. 34), Ex. 1 at ¶29 and Ex. 2b at 5-6).
Google's proposed fact should be deemed admitted.

96.    Anthony discloses: "and a standardized format for addressing said data records,
said computer system comprising: . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 2:1-3;
5:14-18; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Anthony does not disclose: "and a standardized format for addressing said data
records, said computer system comprising: . . ." (3/11/08 Rebuttal Expert Report of Carlos de La
Huerga, Appendix A-11 at pp. 1-2).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute
regarding a material fact.  HyperPhrase states that "Anthony does not disclose: [the cited claim
language]", without engaging or disputing the substance of the proposed conclusion.  In addition,
HyperPhrase does not cite to admissible evidence in support of its argument; rather
HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report
of the inventor, Mr. Huerga, that the Anthony reference does not contain a "standardized format
for addressing" records, which is an issue of claim construction – and a question of law – not a
dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).  Anthony
recognizes that HTML is a known standard for creating hypertext links. ((Dkt. No. 32) Kirk
Decl., Ex. A at 2:1-3.) Anthony's Auto Hyperlinks™ feature uses a standard addressing scheme
to access its database.  (*Id*. at 5:14-18.)  Although each URL may differ, HyperPhrase asserts in
its infringement allegations that the mere use of a URL satisfies this limitation.  (See
HyperPhrase's Noninfr. Br. Opp'n at 26-27.)  On the proper construction and application of this
aspect of the claim, claim 1 is neither infringed by Autolink, nor anticipated by Anthony's Auto
Hyperlinks™ system.

Google's proposed fact should be deemed admitted.

97.    Anthony discloses: "(a) a user interface having an interactive display program for

51

requesting one of said data records and displaying a plurality of interface supported data formats; . . ."  ('889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 3:57-61; 4:53-60; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b)).

**HyperPhrase's Response:**

Disputed.  Anthony does not disclose: "(a) a user interface having an interactive display program for requesting one of said data records and displaying a plurality of interface supported data formats; . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-11 at pp. 2-3).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Anthony does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the opinions contained in the expert report of the inventor, Mr. Huerga, that the Anthony reference does not contain a user interface that can display a plurality of display formats. Mr. Hurega's report asserts that Anthony only displays text; however, it does not address the portion of the Anthony patent cited by Google, which expressly discloses that Anthony's invention "applies to other types of data, such as: images, sound, video, executable files or other data."  Kirk Decl., Ex. A at 3:57-61.  Google's proposed fact should be deemed admitted.

98.    Anthony discloses: "(b) means for receiving a reference to a first data record from said interactive display program; . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 4:53-54; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact.  HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction.  The quoted language comes from the patent, not the Anthony patent.  The evidence cited by Google, identifies the specific sections of Anthony that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the Anthony reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.  Accordingly, Google's proposed fact should be deemed admitted.

99.     Anthony discloses: "(c) means for retrieving said first data record; . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 4:61-63; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact.  HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction.  The quoted language comes from the patent, not the Anthony patent.  The evidence cited by Google, identifies the specific sections of Anthony that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the Anthony reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.  Accordingly, Google's proposed fact should be deemed admitted.

100.     Anthony discloses: "(d) means for parsing said first data record to identify a reference to a second data record; . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 3:2-6;4:61-5:3; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

53

Disputed.  Anthony does not disclose: "(d) means for parsing said first data record to identify a reference to a second data record; . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-11 at p. 3).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Anthony does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of conclusory legal opinions contained in the expert report of the inventor, Mr. Huerga, that the Anthony patent does not contain a "reference." HyperPhrase does not dispute that Anthony provides a means for parsing a record to identify a reference to another record; instead, HyperPhrase contends that a "reference" should be construed to require that a link must point to more than one record.  This is an issue of claim construction – and a question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

101.    Anthony discloses: "(e) means for modifying said reference to said second data record to create an address, said address being operable to retrieve said second data record; and . . ."  ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 4:61-5:3; 5:5-18; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Anthony does not disclose: "(e) means for modifying said reference to said second data record to create an address, said address being operable to retrieve said second data record; and . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-11 at pp. 3-4).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute

regarding a material fact. HyperPhrase states that "Anthony does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga, that the Anthony reference does not contain a means for modifying a reference. Anthony's Auto Hyperlinks™ system automatically creates hyperlinks in real time and inserted into the record being displayed to the user, as the first data record is requested by the user. (Croft 1st Decl. (Dkt. No. 34), Ex. 2b at 7-8.) Although HyperPhrase alleges that Anthony does not expressly disclose modifying the underlying first data record to include the hyperlink (HyperPhrase Invalidity Opp'n Br. (Dkt. No. 128) at 59-60), that requirement of the claim is also missing from the accused Autolink feature of Google Toolbar. On the proper construction and application of this aspect of the claim, claim 1 is neither infringed by Autolink, nor anticipated by Anthony's Auto Hyperlinks™ system. ((Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).)

Google's proposed fact should be deemed admitted.

102.    Anthony discloses: "(f) means for sending said modified first data record to said interactive display program." ['889 Claim 1; (Dkt. No. 32) Kirk Decl., Ex. A at 5:19-20; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed. Anthony does not disclose: "(f) means for sending said modified first data record to said interactive display program." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-11 at p. 4).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Anthony does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather

55

HyperPhrase's support consists solely of the opinion contained in the expert report of the inventor, Mr. Huerga, that the Anthony reference does not contain a means for modifying a reference. However, as set forth in the Anthony reference, after all of the text has been recognized and all hyperlinks inserted into the document, Anthony's Auto Hyperlinks™ system displays the hyperlinked record to the user: "Prior to displaying the first page of a topic, the comparison with the topic names is conducted for that page." ((Dkt. No. 32) Kirk Decl., Ex. A at 5:5-20.)

Google's proposed fact should be deemed admitted.

103.    Anthony discloses: "The computer system of claim 1, wherein said reference to said second data record comprises a keyword phrase." ['889 Claim 7; (Dkt. No. 32) Kirk Decl., Ex. A at 6:1-10; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶29 and Ex. 2(b).]

**HyperPhrase's Response:**

Disputed. Anthony does not disclose: "The computer system of claim 1, wherein said reference to said second data record comprises a keyword phrase." (3/11/08 Rebuttal Expert Report of Carolos de La Huerga, Appendix A-11 at p. 4-5).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Anthony does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the opinion contained in the expert report of the inventor, Mr. Huerga, that does not discuss the "keyword phrase" limitation. In contrast, to this unsupported and unsworn opinion, Exhibit 2(b) to the First Croft Declaration lists the sections of the patent that disclose the use of a keyword phrase to reference a record.

Google's proposed fact should be deemed admitted.

        iii.        **Graham's "HTML Sourcebook: A Complete Guide to HTML" ("Graham")**

104.    Graham was a publicly available printed publication by no later than March 14, 1995.  [Graham Decl., at ¶5 and Exs. A-E]

**HyperPhrase's Response:**

Disputed.  Graham has a copyright date of 1995.  (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-3 at p. 1).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that Graham has a copyright date of 1995, but this does not refute when it was publicly available.  Exhibits B through E to the Graham Declaration include royalty statements and marketing documents from the Publisher of the HTML Sourcebook demonstrating that this book was publicly available as early as March 14, 1995.  HyperPhrase has also previously admitted this fact.  (Dkt. 44 at ¶223, HyperPhrase's 11/21/2006 Response to Proposed Summary Judgment Findings of Fact.)  HyperPhrase has not cited any evidence in support of its argument:  page 1 of Appendix A-3 does not address the publication date or copyright date for Graham.

Google's proposed fact should be deemed admitted.

105.    Graham contains an enabling disclosure.  [Graham Decl., Exs. A-E; (Dkt. No. 34) First Croft Decl., Ex. 1 ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Graham does not contain an enabling disclosure.  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-3).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Graham does not contain an enabling disclosure," but HyperPhrase does not provide an explanation as to what it contends is missing from the disclosure, and HyperPhrase does not cite to specific evidence in support of its contention.   Rather, HyperPhrase cites the entire testimony of their expert on the topic of the

57

Graham reference without specification or particularity. Where evidence is not precisely cited, the Court may ignore it. *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga, that Graham does not contain a "data reference." HyperPhrase does not dispute that Graham provides a means for referring to another data record; instead, HyperPhrase contends that a "data reference" should be construed to require that a link must point to more than one record and not use hidden codes. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

106.    Graham discloses: "A method for identifying a referenced record referenced in a referencing record wherein the referenced record is referenced in the referencing record by at least a combination including a data reference (DR) and a modifier reference (MR), the method comprising the steps of: . . ."  ['321 Claim 1; Graham Decl., Ex. A at 86-88; 167-68; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed. Graham does not disclose: "A method for identifying a referenced record referenced in a referencing record wherein the referenced record is referenced in the referencing record by at least a combination including a data reference (DR) and a modifier reference (MR), the method comprising the steps of: . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-3 for '321 at p. 1).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Graham does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition,

58

HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the unsworn and unsupported opinion contained in the expert report of the inventor, Mr. Huerga, that the Graham reference does not contain a DR or MR. There is no dispute that Graham teaches the combination of a partial URL (DR) with a BASE URL (MR) to identify a referenced record. Whether a partial URL is a DR and a BASE URL is a MR is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

107. Graham discloses: "(i) receiving the referencing record; . . ." ['321 Claim 1; Graham Decl., Ex. A at xii; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed. Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact. HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction. The quoted language comes from the patent, not the Graham reference. The evidence cited by Google, identifies the specific sections of Graham that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the Graham reference satisfy the claim limitations. HyperPhrase does not dispute this evidence. Accordingly, Google's proposed fact should be deemed admitted.

108. Graham discloses: "(ii) analyzing the referencing record to identify a DR, when a DR is identified: . . ." ['321 Claim 1; Graham Decl., Ex. A at 167; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

59

Disputed. Graham does not disclose: "(ii) analyzing the referencing record to identify a DR, when a DR is identified: . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-3 for '321 at p. 2-5).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Graham does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga, that Graham does not contain a "data reference." HyperPhrase does not dispute that Graham analyzes a record to identify a partial URL (DR); instead, HyperPhrase contends that this partial URL does not constitute a "data reference" because HyperPhrase contends that "data reference" should be construed to require that a link must point to more than one record and not use hidden codes. This is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

109.    Graham discloses: "(a) identifying an MR rule set (MRRS) specifying the relationship between an MR and the DR; . . ." ['321 Claim 1; Graham Decl., Ex. A at 167-68; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed. Graham does not disclose: "(a) identifying an MR rule set (MRRS) specifying the relationship between an MR and the DR; . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-3 for '321 at p.5-6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Graham does not disclose: [the cited claim

language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga, that Graham does not contain a "MR."  HyperPhrase does not dispute that Graham analyzes a record to identify a partial URL (DR) and then looks for a BASE URL (MR); instead, HyperPhrase contends that this BASE URL is not a "modifier reference." This is an issue of claim construction – and a question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

110.    Graham discloses: "(b) analyzing the referencing record in accordance with the MRRS to identify the existence of the MR and, when the MR is identified; . . ."  ['321 Claim 1; Graham Decl., Ex. A at 167-68; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Graham does not disclose: "(b) analyzing the referencing record in accordance with the MRRS to identify the existence of the MR and, when the MR is identified; . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-3 for '321 at p. 6-7).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Graham does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga, that Graham does not contain a "MR."  HyperPhrase does not dispute that Graham analyzes a record to identify a partial URL (DR) and then looks for a BASE URL (MR); instead, HyperPhrase contends that this BASE URL does not constitute a "modifier reference." This is an issue of claim construction – and a question of law – not a dispute of fact.

61

*Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

111.    Graham discloses: "(c) identifying the referenced record associated with the DR/MR combination."  ['321 Claim 1; Graham Decl., Ex. A at 167-68; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Graham does not disclose: "(c) identifying the referenced record associated with the DR/MR combination." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-3 for '321 at p.7-13).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Graham does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga, that Graham does not identify a referenced record associated with a DR/MR combination.  HyperPhrase does not dispute that Graham uses a partial URL (DR) and a BASE URL (MR) to identify a record; instead, HyperPhrase contends that the partial URL does not constitute a "data reference" and the BASE URL does not constitute a "modifier reference." These are issues of claim construction – and questions of law – not disputes of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

112.    Graham discloses: "The method of claim 1 further including the step of linking the record reference to the referenced record."  ['321 Claim 24; Graham Decl., Ex. A at 167-68; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶30 and Ex. 2(a); Second Croft Decl., Ex. 2(b).]

**HyperPhrase's Response:**

Disputed.  Graham does not disclose: "The method of claim 1 further including the step

of linking the record reference to the referenced record." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-3 for '321 at p. 13).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Graham does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga, that Graham does not link the record to the referenced record. HyperPhrase does not dispute that Graham uses a partial URL (DR) and a BASE URL (MR) to link to the record; instead, HyperPhrase contends that the partial URL does not constitute a "data reference" and the BASE URL does not constitute a "modifier reference." These are issues of claim construction – and questions of law – not disputes of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

### iv.    MUC-6 Named Entity Task Definition ("MUC-6 Task Definition")

113.    MUC-6 Task Definition was published by June 2, 1995. [Wolff Decl., Ex. B.]

**HyperPhrase's Response:**

Undisputed.

114.    MUC-6 Task Definition contains an enabling disclosure. [Wolff Decl., Ex. B; Second Croft Decl., at ¶¶32-34 and Ex. 2(e).]

**HyperPhrase's Response:**

Disputed. MUC-6 Task Definition does not contain an enabling disclosure. (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-8).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "MUC-6 Task Definition does not contain an

enabling disclosure," but HyperPhrase does not provide an explanation as to what it contends is missing from the disclosure, and HyperPhrase does not cite to specific evidence in support of its contention.   Rather, HyperPhrase cites the entire testimony of their expert on the topic of the MUC-6 reference without specification or particularity.   Where evidence is not precisely cited, the Court may ignore it.   *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga.   In contrast, Dr. Croft's declaration demonstrates how the Aberdeen reference anticipates claim 27:   "It discloses plural subject matter specific tags, such as PERSON, LOCATION, and DATE. These tags are used in pairs with beginning and end tags, such as <PERSON> and </PERSON>. A person of skill in the art would clearly have understood this overview to disclose a set of search rules that would allow the system to discriminate between different data types. The system would receive a record, and a computer program would examine the record according to the search rules to identify segments of the record that include information of each type. When such segments are located, the program would insert the tags for that information type around the segment."  Second Croft Decl., at ¶33.

Google's proposed fact should be deemed admitted.

115.    MUC-6 Task Definition discloses: "A method to be used with a rule set including subject matter specific tag pairs and corresponding search rules, . . ."  ['321 Claim 27; Wolff Decl., Ex. B; Second Croft Decl., Ex. 1 at ¶¶32-34 and Ex. 2(e).]

**HyperPhrase's Response:**

Disputed.  MUC-6 Task Definition does not disclose: "A method to be used with a rule set including subject matter specific tag pairs and corresponding search rules, . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-8 at pp.1-6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute

regarding a material fact. HyperPhrase states that the "MUC-6 Task Definition does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga, that MUC-6 Task Definition does not show "subject matter search rules." Mr. Huerga's report does not discuss the sections of MUC-6 Task Definition or Dr. Croft's testimony that discuss the subject matter search rules. For example, at page 2 of Ex. 2(e) of Dr. Croft's report, he identifies these subject matter search rules: "Task Overview discloses a separate search rule for each pair, as discussed above in connection with feature [i]. For example, the Name Entities tag element ENAMEX, is governed by the following rules: 'This subtask is limited to proper names, acronyms, and perhaps miscellaneous other unique identifiers, which are categorized via the TYPE attribute. . . .'" To the extent HyperPhrase contends these rules do not constitute "subject matter search rules," that is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

116.    MUC-6 Task Definition discloses: "a separate tag pair for each of a plurality of different information types and a separate search rule for each pair, . . ." ['321 Claim 27; Wolff Decl., Ex. B; Second Croft Decl., Ex. 1 at ¶¶32-34 and Ex. 2(e).]

**HyperPhrase's Response:**

Disputed. MUC-6 Task Definition does not disclose: "a separate tag pair for each of a plurality of different information types and a separate search rule for each pair, . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-8 at pp.1-6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "that the "MUC-6 Task Definition does not disclose: [the cited claim language]", without engaging or disputing the substance of the

proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not contest the existence of separate tag pairs, but instead disputes that MUC-6 Task Definition these tag pairs have "subject matter search rules." Mr. Huerga's report does not discuss the sections of MUC-6 Task Definition or Dr. Croft's testimony that discuss the subject matter search rules. For example, at page 2 of Ex. 2(e) of Dr. Croft's report, he identifies these subject matter search rules: "Task Overview discloses a separate search rule for each pair, as discussed above in connection with feature [i]. For example, the Name Entities tag element ENAMEX, is governed by the following rules:  'This subtask is limited to proper names, acronyms, and perhaps miscellaneous other unique identifiers, which are categorized via the TYPE attribute. . . .'" To the extent HyperPhrase contends these rules do not constitute "subject matter search rules," that is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

117.    MUC-6 Task Definition discloses: "each pair including a begin tag and an end tag, the method comprising the steps of: . . ." ['321 Claim 27; Wolff Decl., Ex. B; Second Croft Decl., Ex. 1 at ¶¶32-34 and Ex. 2(e).]

**HyperPhrase's Response:**

Disputed. MUC-6 Task Definition does not disclose: "each pair including a begin tag and an end tag, the method comprising the steps of: . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-8 at pp.1-6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that the "MUC-6 Task Definition does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support

66

of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Moreover, Mr. Huerga's report does not contest the existence of tag pairs; on page 6 of Appendix A-8, he states, "Task Overview does show a single pair example for us to consider on P. 1:  <ELEMENT-NAME ATTR="ATTR-VALUE" . . . > text-string</ELEMENT-NAME> Example:  <ENAMEX TYPE="ORGANIZATION">Taga Co.</ENAMEX>."  Dr. Croft's testimony reveals additional subject matter tag pair.   For example, at paragraph 33 of his report he states:  "It discloses plural subject matter specific tags, such as PERSON, LOCATION, and DATE. These tags are used in pairs with beginning and end tags, such as <PERSON> and </PERSON>."

Google's proposed fact should be deemed admitted.

118.    MUC-6 Task Definition discloses:  "(a) receiving a record; . . ."  ['321 Claim 27; Wolff Decl., Ex. B; Second Croft Decl., Ex. 1 at ¶¶32-34 and Ex. 2(e).]

**HyperPhrase's Response:**

Disputed.  MUC-6 Task Definition does not disclose: "(a) receiving a record; . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-8 at pp.6-7).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that the "MUC-6 Task Definition does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report simply states that he has "not found a single reference to 'receiving a record' in Task Overview.  The issue is not whether the words "receiving a record" are found in the MUC-6 Task Definition, but, rather, whether it discloses the concept of receiving a record, which it does.  Dr. Croft's testifies at paragraph 33 of his report: "The system would receive a record, and a computer program would examine the record according to the search rules to identify segments of the record that include information of

67

each type. When such segments are located, the program would insert the tags for that information type around the segment." To the extent HyperPhrase contends these disclosures do not constitute "receiving a record" that is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

119.    MUC-6 Task Definition discloses: "(b) examining the record according to the search rules to identify record segments including information of each of the information types; . . ." ['321 Claim 27; Wolff Decl., Ex. B; Second Croft Decl., Ex. 1 at ¶¶32-34 and Ex. 2(e).]

**HyperPhrase's Response:**

Disputed.  MUC-6 Task Definition does not disclose: "(b) examining the record according to the search rules to identify record segments including information of each of the information types; . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-8 at p.7).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that the "MUC-6 Task Definition does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the MUC-6 Task Definition system works:  "The system would receive a record, and a computer program would examine the record according to the search rules to identify segments of the record that include information of each type. When such segments are located, the program would insert the tags for that information type around the segment."  Second Croft Decl., Ex. 1 at ¶33.  Instead, Mr. Huerga's report offers a conclusory legal opinion that MUC-6 Task Definition system does not contain the elements found in the claim, including "search rules" and "data reference" but, this is an issue of claim construction –

68

and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed.
Cir. 2005).

120.     MUC-6 Task Definition discloses: "(c) when a record segment is identified which
is of a particular information type: accessing the tag pair associated with the information type;
inserting the begin tag before the identified segment and inserting the end tag after the identified
segment." ['321 Claim 27; Wolff Decl., Ex. B; Second Croft Decl., Ex. 1 at ¶¶32-34 and Ex.
2(e).]

**HyperPhrase's Response:**

Disputed.  MUC-6 Task Definition does not disclose: "(c) when a record segment is
identified which is of a particular information type: accessing the tag pair associated with the
information type; inserting the begin tag before the identified segment and inserting the end tag
after the identified segment." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix
A-8 at pp.7-8).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute
regarding a material fact.  HyperPhrase states that the "MUC-6 Task Definition does not
disclose: [the cited claim language]", without engaging or disputing the substance of the
proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support
of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained
in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr.
Croft's testimony regarding how the MAC-6 Task Definition system works:  "The system would
receive a record, and a computer program would examine the record according to the search
rules to identify segments of the record that include information of each type. When such
segments are located, the program would insert the tags for that information type around the
segment."  Second Croft Decl., Ex. 1 at ¶33.  Instead, Mr. Huerga's report offers a conclusory
legal opinion that MUC-6 Task Definition system does not contain the elements found in the
claim, including "search rules" and "data reference" but, this is an issue of claim construction –

69

and a question of law – not a dispute of fact.  Philips v. AWH Corp., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, Google's proposed fact should be deemed admitted.

> ### v.    Aberdeen's "MITRE: Description of the Alembic System Used for MUC-6" ("Aberdeen")

121.    Aberdeen was a publicly available printed publication by no later than November 19, 1996.  [Wolff Decl., Ex. C.]

**HyperPhrase's Response:**

Undisputed.

122.    Aberdeen contains an enabling reference.  [Wolff Decl., Ex. C; Second Croft Decl., at ¶¶35-36 and Ex. 2(f).]

**HyperPhrase's Response:**

Disputed.  Aberdeen does not contain an enabling reference.  (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-9).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Aberdeen does not contain an enabling reference," but HyperPhrase does not provide an explanation as to what it contends is missing from the disclosure, and HyperPhrase does not cite to specific evidence in support of its contention.   Rather, HyperPhrase cites the entire testimony of their expert on the topic of the Aberdeen reference without specification or particularity.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga.  In contrast, Dr. Croft's declaration demonstrates how the Aberdeen reference anticipates claim 27:  "It discloses plural subject matter specific tags, and

70

the tags are used in pairs with beginning and end tags. The article contains extensive discussion of rules that allowed the system to discriminate between different data types. The system would receive a record, and the Alembic computer program would examine the record according to the search rules to identify segments of the record that include information of each type. When such segments are located, the program would insert the tags for that information type around the segment."  Second Croft Decl., at ¶36.

Google's proposed fact should be deemed admitted.

123.    Aberdeen discloses: "A method to be used with a rule set including subject matter specific tag pairs and corresponding search rules, . . ."  ['321 Claim 27; Wolff Decl., Ex. C at 141, 144-45; Second Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(f).]

**HyperPhrase's Response:**

Disputed.  Aberdeen does not disclose: "A method to be used with a rule set including subject matter specific tag pairs and corresponding search rules, . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-9 at pp. 1-10).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Aberdeen does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga, that Aberdeen does not show "subject matter search rules."  Mr. Huerga's report does not discuss the sections of Aberdeen or Dr. Croft's testimony that discuss the subject matter search rules:

"Aberdeen discloses a system that implements an automatic method that uses rules to add subject matter specific tag pairs to a record, such as a person's name and their title (e.g., <ttl>Mr.</ttl><person>James</person>). Aberdeen contains extensive disclosure regarding the rules that are used to identify record segments that contain information of various types. For example:
"Rule sequences now underlie all the major processing steps in Alembic: part-of-speech

tagging, syntactic analysis, inference, and even some of the set-fill processing in the Template Element task (TE). . . . The rules acquired in this way also have the characteristic that they allow one to readily mix hand-crafted and machine-learned elements." [Aberdeen at 141.]"

Second Croft Decl., Ex. 2(f).  To the extent HyperPhrase contends these rules do not constitute "subject matter search rules," that is an issue of claim construction – and question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

124.    Aberdeen discloses: "a separate tag pair for each of a plurality of different information types and a separate search rule for each pair, . . ." ['321 Claim 27; Wolff Decl., Ex. C at 145; Second Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(f).]

**HyperPhrase's Response:**

Disputed.  Aberdeen does not disclose: "a separate tag pair for each of a plurality of different information types and a separate search rule for each pair, . . ." (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-9 at pp. 1-10).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Aberdeen does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not contest the existence of separate tag pairs, but instead disputes that these tag pairs have "subject matter search rules."  Mr. Huerga's report does not discuss the sections of Aberdeen or Dr. Croft's testimony that discuss the subject matter search rules.  For example, at page 1 of Ex. 2(f) of Dr. Croft's declaration, he identifies these subject matter search rules: "In support of the syntactic phrase finder, or phraser as we call it, the input text must be tagged for part-of-speech. This part-of-speech tagging is the principal role of the UNIX preprocess, and it is itself supported by a number of pretaggers (e.g., for

72

labeling dates and title words) and zoners (e.g., for word tokenization, sentence boundary determination and headline segmentation)." [Aberdeen at 141.] To the extent HyperPhrase contends these rules do not constitute does not constitute "subject matter search rules," that is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

125.    Aberdeen discloses: "each pair including a begin tag and an end tag, the method comprising the steps of: . . ." ['321 Claim 27; Wolff Decl., Ex. C; Second Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(f).]

**HyperPhrase's Response:**

Disputed.  Aberdeen does not disclose: "each pair including a begin tag and an end tag, the method comprising the steps of: . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-9).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Aberdeen does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not contest the existence of separate tag pairs in the Aberdeen reference.  At page 10 of Appendix A-9, Mr. Huerga states:  "Every time the text 'Mr.' appears in a document, it will be tagged according to the many examples in Aberdeen so that it appears as '<ttl>Mr.</ttl>'"  Dr. Croft's testimony provides further examples.  Second Croft Decl., Ex. 2(f) at 2.

Google's proposed fact should be deemed admitted.

126.    Aberdeen discloses: "(a) receiving a record; . . ." ['321 Claim 27; Wolff Decl., Ex. C at 142; Second Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(f).]

73

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact.  HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction.  The quoted language comes from the patent, not the Aberdeen reference.  The evidence cited by Google, identifies the specific pages in the Aberdeen reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the Aberdeen reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.  Accordingly, Google's proposed fact should be deemed admitted.

127.    Aberdeen discloses: "(b) examining the record according to the search rules to identify record segments including information of each of the information types; . . ."  ['321 Claim 27; Wolff Decl., Ex. C at 142, 144; Second Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(f).]

**HyperPhrase's Response:**

Disputed.  Aberdeen does not disclose: "(b) examining the record according to the search rules to identify record segments including information of each of the information types; . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-9).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Aberdeen does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Aberdeen system works:

74

"The system would receive a record, and the Alembic computer program would examine the record according to the search rules to identify segments of the record that include information of each type. When such segments are located, the program would insert the tags for that information type around the segment. An example of the resultant tagged text is found on page 145 of the article:

*Yesterday, <none>McCann</none> made official what had been widely anticipated: <ttl>Mr.</ttl> <person>James</person>, <num>57</num> years old, is stepping down as <post>chief executive</post> on <date>July 1</date> and will retire as <post>chairman</post> at the end of the year.*"

Second Croft Decl., Ex. 1 at ¶ 36.  Instead, Mr. Huerga's report offers a conclusory legal opinion that Aberdeen system does not contain the elements found in the claim, including "data reference" but, this is an issue of claim construction – and a question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, Google's proposed fact should be deemed admitted.

128.    Aberdeen discloses: "(c) when a record segment is identified which is of a particular information type: accessing the tag pair associated with the information type; inserting the begin tag before the identified segment and inserting the end tag after the identified segment."  ['321 Claim 27; Wolff Decl., Ex. C at 142; Second Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(f).]

**HyperPhrase's Response:**

Disputed.  Aberdeen does not disclose: "(c) when a record segment is identified which is of a particular information type: accessing the tag pair associated with the information type; inserting the begin tag before the identified segment and inserting the end tag after the identified segment." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-9).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Aberdeen does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of

the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr. Croft's testimony regarding

how the Aberdeen system works:  "The system would receive a record, and the Alembic

computer program would examine the record according to the search rules to identify segments

of the record that include information of each type."  Second Croft Decl., Ex. 1 at ¶ 36.  Instead,

Mr. Huerga's report offers a conclusory legal opinion that Aberdeen system does not contain the

elements found in the claim, including "data reference" but, this is an issue of claim construction

– and a question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed.

Cir. 2005).

Accordingly, Google's proposed fact should be deemed admitted.

### vi.     U.S. Patent 5,742,765 ("Gennaro")

129.    Gennaro was filed by August 13, 1999.  [Wolff Decl., Ex. A.]

**HyperPhrase's Response:**

Undisputed.

130.    Gennaro contains an enabling disclosure.  [Wolff Decl., Ex. A; Second Croft

Decl., at ¶¶44-47and Ex. 2(a).]

**HyperPhrase's Response:**

Disputed.  Gennaro does not contain an enabling disclosure.  (3/11/08 Rebuttal Expert

Report of Carolos De La Huerga, Appendix A-10).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute

regarding a material fact.  HyperPhrase states that "Gennaro does not contain an enabling

disclosure," but HyperPhrase does not provide an explanation as to what it contends is missing

from the disclosure, and HyperPhrase does not cite to specific evidence in support of its

contention.   Rather, HyperPhrase cites the entire testimony of their expert on the topic of the

Gennaro reference without specification or particularity.  Where evidence is not precisely cited,

the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL

2691608, at 1 (W.D. Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga.  In contrast, Dr. Croft's declaration demonstrates how the Gennaro reference anticipates claim 27:  "As set forth in the attached claim chart, this patent clearly anticipates claim 86.  There are actually two different SRs disclosed in this reference. Each of the hot spots 44 is an SR. Each of the items in menu 46 is also an SR."  Second Croft Decl., at ¶ 45. The attached claim chart demonstrates the presence of each element.  Second Croft Decl., Ex. 2(a).

Google's proposed fact should be deemed admitted.

131.    Gennaro discloses: "A method for use with an application wherein specifying references (SRs) in one record to other records which are selectable to access the other records are visually distinguished from other record information so as to indicate selectability, . . ." ['321 Claim 86; Wolff Decl., Ex. A at FIGS. 2A and 2B; Second Croft Decl., Ex. 1 at ¶¶44-47 and Ex. 2(a).]

**HyperPhrase's Response:**

Disputed.  Gennaro discloses: "A method for use with an application wherein specifying references (SRs) in one record to other records which are selectable to access the other records are visually distinguished from other record information so as to indicate selectability, . . ." (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-10).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Gennaro does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Gennaro system works:  "Gennaro discloses a method to be used with an application,

77

specifically a web browser, where SRs that are capable of accessing other records are made selectable and visually distinguishable from other record information. Hot spots 44 are one example of SRS. The individual items in menu 46 can also be considered SRs." Second Croft Decl., Ex. 2(a) at 1. Instead, Mr. Huerga's report offers a conclusory legal opinion that Gennaro does not contain the elements found in the claim, including "specifying reference" and "data reference" but, this is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

132.    Gennaro discloses: "the method also for use with a system which enables a user to designate and also select SRs where designation comprises pointing to an SR without selection and, . . ." ['321 Claim 86; Wolff Decl., Ex. A at 2:47-53; 6:7-10; FIG. 2B; Second Croft Decl., Ex. 1 at ¶¶44-47 and Ex. 2(a).]

**HyperPhrase's Response:**

Disputed.  Gennaro does not disclose: "the method also for use with a system which enables a user to designate and also select SRs where designation comprises pointing to an SR without selection and, . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-10 at p.4).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Gennaro does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Gennaro system works:  "Gennaro disclose a method implemented by a system which allows a user to designate SRs by mousing over the SRs to determine more specific information about them, without selection.  Second Croft Decl., Ex. 2(a) at 2.  More specifically, a "user can

78

reposition a pointer over each hot spot to invoke each embedded menu and be provided with multiple links at one or more levels within the web site." Second Croft Decl., Ex. 2(a) at 3 (citing Gennaro, 2:58-60). Instead, Mr. Huerga's report offers a conclusory legal opinion that the "hot spots" in Gennaro do not constitute "specifying references," but this is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

133.    Gennaro discloses: "wherein a seemingly general SR is modified by other record information which renders the SR relatively specific, . . ." ['321 Claim 86; Wolff Decl., Ex. A; Second Croft Decl., Ex. 1 at ¶¶44-47 and Ex. 2(a).]

**HyperPhrase's Response:**

Disputed. Gennaro does not disclose: "wherein a seemingly general SR is modified by other record information which renders the SR relatively specific, . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-10 at p. 5).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Gennaro does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Gennaro system works: "For example, when the "hot spots" are the SRs the embedded menu options, such as "Corporate Overview" render that SR relatively specific. When the embedded menu entries, such as "Corporate Overview" are the SRs, the URL, item 38 renders that SR relatively specific, as is displayed in FIG. 2B in the lower left hand corner of the browser." Second Croft Decl., Ex. 2(a) at 3. Instead, Mr. Huerga's report offers a conclusory legal opinion that the "hot spots" in Gennaro do not constitute "specifying references" and the

79

hot spots are not "modified" but these are issues of claim construction – and questions of law – not disputes of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

134.    Gennaro discloses: "the method for indicating the specific nature of an SR prior to selection and comprising the steps of: . . ."  ['321 Claim 86; Wolff Decl., Ex. A; Second Croft Decl., Ex. 1 at ¶¶44-47 and Ex. 2(a).]

**HyperPhrase's Response:**

Disputed.  Google has not identified any place in the cited reference where the quoted language appears.

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not raise a dispute regarding a material fact.  HyperPhrase states that "Google has not identified any place in the cited reference where the quoted language appears" without engaging or disputing the substance of the proposed construction.  The quoted language comes from the patent, not the Gennaro reference.  The evidence cited by Google, identifies the specific pages in the Gennaro reference that disclose this limitation and the testimony of Dr. Croft explaining how the cited pages of the Gennaro reference satisfy the claim limitations.  HyperPhrase does not dispute this evidence.  Accordingly, Google's proposed fact should be deemed admitted.

135.    Gennaro discloses: "when an SR is designated, indicating the specific nature of the SR."  ['321 Claim 86; Wolff Decl., Ex. A; Second Croft Decl., Ex. 1 at ¶¶44-47 and Ex. 2(a).]

**HyperPhrase's Response:**

Disputed.  Gennaro does not disclose: "when an SR is designated, indicating the specific nature of the SR." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-10 at p. 6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute

regarding a material fact. HyperPhrase states that "Gennaro does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Gennaro system works: "'A user can reposition a pointer over each hot spot to invoke each embedded menu and be provided with multiple links at one or more levels within the web site.' [2:58-60; 4:64-66]." Second Croft Decl., Ex. 2(a) at 3. Instead, Mr. Huerga's report offers a conclusory legal opinion that Gennaro does not contain the elements found in the claim, including "specifying reference," but this is an issue of claim construction – and a question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

### vii.    Myka's "Automatic Hypertext Conversion of Paper Document Collections" ("Myka")

136.    Myka was a publicly available printed publication by at least as early as July 16, 1995.  [(Dkt. No. 32) Kirk Decl., Ex. D at GOOG075115.]

**HyperPhrase's Response:**

Undisputed.

137.    Myka contains an enabling disclosure.  [(Dkt. No. 32) Kirk Decl., Ex. D at Abstract, §1; §3.1.3; §3.2.1; §3.2.3; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(e); Second Croft Decl., at ¶¶50-51 and Ex. 2(c).]

**HyperPhrase's Response:**

Disputed. Myka does not contain an enabling disclosure. (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-6).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Myka does not contain an enabling

disclosure," but HyperPhrase does not provide an explanation as to what it contends is missing from the disclosure, and HyperPhrase does not cite to specific evidence in support of its contention.   Rather, HyperPhrase cites the entire testimony of their expert on the topic of the Myka reference without specification or particularity.  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006).

In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory legal opinion contained in the expert report of the inventor, Mr. Huerga.  In contrast, Dr. Croft's declaration demonstrates how the Aberdeen reference anticipates claim 86:  "This reference likewise discloses the claim 86 feature of providing additional information about a link by mousing over it. Myka uses a pattern-matching technique to identify candidate links, and then further uses information about the context in which the candidate links appear in the text (such as layout information) to further define the link. Once the link has been defined, if a user moves the cursor over the link, which is visually distinguished from the surrounding text by being boxed, other record information about the link, and that modifies the link and renders it relatively specific, is displayed in a window on the right hand side of the window. For example, this information can be about the target page accessed by clicking the link, or can be actions that can be performed with the link. Thus, as in claim 86, the link can either be selected to retrieve the target document, or can be designated to indicate the specific nature of the link, either by providing information about the target, or by listing actions for the link."  Second Croft Decl., at ¶ 50.  The attached claim chart demonstrates the presence of each element.  Second Croft Decl., Ex. 2(c).

Google's proposed fact should be deemed admitted.

138.    Myka discloses: "A method for use with an application wherein specifying references (SRs) in one record to other records which are selectable to access the other records are visually distinguished from other record information so as to indicate selectability, . . ." ['321 Claim 86; (Dkt. No. 32) Kirk Decl., Ex. D at 86; FIG. 6.9; (Dkt. No. 34) First Croft Decl.,

Ex. 1 at ¶¶35-36 and Ex. 2(e); Second Croft Decl., Ex. 1 at ¶¶50-51 and Ex. 2(c).]

**HyperPhrase's Response:**

Disputed.  Myka does not disclose: "A method for use with an application wherein specifying references (SRs) in one record to other records which are selectable to access the other records are visually distinguished from other record information so as to indicate selectability, . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-6 at p. 1).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact.  HyperPhrase states that "Myka does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion.  In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga.  Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Myka system works: "Myka discloses a digital library called the HyperFacs system that indicates specific information about the specifying reference when the user moves the cursor over the SR. Myka discloses the use of a pattern-matching technique to first identify candidate links and then to process additional information such as layout characteristics to further define the link. Recognized links (the SRs) are visually distinguished from other text by being surrounded by a box. Once the user's cursor moves over these boxes information is displayed to indicate selectability and the specific nature of the SR."  Second Croft Decl., Ex. 2(c) at 1. Instead, Mr. Huerga's report offers a conclusory legal opinion that the hot spots (which are raster-scanned images) used in Myka do not constitute "specifying references" but this is an issue of claim construction – and question of law – not a dispute of fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

139.    Myka discloses: "the method also for use with a system which enables a user to

designate and also select SRs where designation comprises pointing to an SR without selection and, . . ." ['321 Claim 86; (Dkt. No. 32) Kirk Decl., Ex. D at 86; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(e); Second Croft Decl., Ex. 1 at ¶¶50-51 and Ex. 2(c).]

**HyperPhrase's Response:**

Disputed. Myka does not disclose: "the method also for use with a system which enables a user to designate and also select SRs where designation comprises pointing to an SR without selection and, . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga Appendix A-6 at p. 9).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Myka does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Myka system works: "Myka discloses a method to be used with the HyperFacs system which allows a user to designate without selection SRs if a user opts to do so." Second Croft Decl., Ex. 2(c) at 2. Instead, Mr. Huerga's report offers a conclusory legal opinion that "Myka does not provide for a 'specifying reference,' since he only displays a raster image." Whether raster-scanned images constitute "specifying references" is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

140. Myka discloses: "wherein a seemingly general SR is modified by other record information which renders the SR relatively specific, . . ." ['321 Claim 86; (Dkt. No. 32) Kirk Decl., Ex. D at 86; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(e); Second Croft Decl., Ex. 1 at ¶¶50-51 and Ex. 2(c).]

84

**HyperPhrase's Response:**

Disputed. Myka does not disclose: "wherein a seemingly general SR is modified by other record information which renders the SR relatively specific, . . ." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga Appendix A-6 at p. 10).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Myka does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Myka system uses layout information in the document to identify references to other data: "For example, an external SR is recognizes as such by other record information, such as layout characteristics, which enable the system to identify target document(s) and action(s) for that SR, all of which makes the SR relatively specific. Second Croft Decl., Ex. 2(c) at 2. Instead, Mr. Huerga's report offers a conclusory legal opinion that layout information does not constitute the "record information" used to make a specifying reference more specific. This is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

141.    Myka discloses: "the method for indicating the specific nature of an SR prior to selection and comprising the steps of: . . ."  ['321 Claim 86; (Dkt. No. 32) Kirk Decl., Ex. D; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(e); Second Croft Decl., Ex. 1 at ¶¶50-51 and Ex. 2(c).]

**HyperPhrase's Response:**

Disputed. Myka does not disclose: "the method for indicating the specific nature of an SR prior to selection and comprising the steps of: . . ." (3/11/08 Rebuttal Expert Report of

Carolos De La Huerga Appendix A-6 at p. 12).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Myka does not disclose: [the cited claim language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Myka system works: "Once the link has been defined, if a user moves the cursor over the link, which is visually distinguished from the surrounding text by being boxed, other record information about the link, and that modifies the link and renders it relatively specific, is displayed in a window on the right hand side of the window." Second Croft Decl., Ex. 1 at ¶ 50. Instead, Mr. Huerga's report offers a conclusory legal opinion that "Myka does not have a specifying reference." (Appendix A-6 at 12.) Whether raster-scanned images constitute "specifying references" is an issue of claim construction – and question of law – not a dispute of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

142. Myka discloses: "when an SR is designated, indicating the specific nature of the SR." ['321 Claim 86; (Dkt. No. 32) Kirk Decl., Ex. D at 86; (Dkt. No. 34) First Croft Decl., Ex. 1 at ¶¶35-36 and Ex. 2(e); Second Croft Decl., Ex. 1 at ¶¶50-51 and Ex. 2(c).]

**HyperPhrase's Response:**

Disputed. Myka does not disclose: "when an SR is designated, indicating the specific nature of the SR." (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-6 at p. 12).

**Google's Reply:**

HyperPhrase's argument is non-responsive and does not create a genuine dispute regarding a material fact. HyperPhrase states that "Myka does not disclose: [the cited claim

language]", without engaging or disputing the substance of the proposed conclusion. In addition, HyperPhrase does not cite to admissible evidence in support of its argument; rather HyperPhrase's support consists solely of the conclusory opinion contained in the expert report of the inventor, Mr. Huerga. Mr. Huerga's report does not dispute Dr. Croft's testimony regarding how the Myka system works: "Once the link has been defined, if a user moves the cursor over the link, which is visually distinguished from the surrounding text by being boxed, other record information about the link, and that modifies the link and renders it relatively specific, is displayed in a window on the right hand side of the window." Second Croft Decl., Ex. 1 at ¶ 50. Instead, Mr. Huerga's report offers a conclusory legal opinion that "Myka does not have a specifying reference and does not indicate the specific nature of the specifying reference as no record information is used to render the specifying references more specific." (Appendix A-6 at 12.) Whether raster-scanned images constitute "specifying references" and layout information constitutes "record information" are issues of claim construction – and questions of law – not disputes of fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google's proposed fact should be deemed admitted.

## VI.    CONCLUSIONS OF LAW

Although this Court's procedures do not require the parties to set forth their proposed conclusions of law, when Google filed its motion for summary judgment, the case was still pending before Judge Shabaz, who does require them. In its response, HyperPhrase identified the conclusions of law that it disputes. To assist the Court in identifying areas of dispute, Google briefly sets forth below its response and refers the Court to its opening and reply briefs for the substance of its legal arguments.

### A.    Regarding the '889 patent:

143.    The preamble of claim 1 of the '889 patent limits the claim.

**HyperPhrase's Response:**

Disputed. A number of cases hold that preambles are not claim limitations. *See, e.g.*

87

*Intirtool, Ltd. v. Texar Corp.,* 369 F.3d 1289, 1296 (Fed. Cir. 2004). Google has not shown that, in this particular case, statements in the preamble are essential to give life and meaning to the claim limitations themselves. Nevertheless, in this fact statement and in HyperPhrase's accompanying briefs, the claim preambles have been treated as though they were claim limitations.

**Google's Reply:**

HyperPhrase's response fails to raise a genuine dispute.  HyperPhrase admits that it has treated the preamble of claim 1 of the '889 patent as a limitation in its briefing.  Additionally, in 2006 HyperPhrase previously admitted that the preamble for claim 1 of the '889 patent is a limitation.  (Dkt. 44 at 138, Response to Proposed Finding No. 192).

Moreover, the body of this claim relies on its preamble for antecedent basis and to define the essence of the invention, including multiple databases and a standardized addressing format. (*See* claim language; *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.,* 320 F.3d 1029, 1033 (Fed. Cir. 2002) ("preamble language will limit the claim if it recites not merely a context in which the invention may be used, but the essence of the invention without which performance of the recited steps is noting but an exercise.").

HyperPhrase has failed to state a dispute and thus Google's proposed conclusion of law should be accepted.

144.    The term "standardized format for addressing said records" in claim 1 of the '889 patent means the addresses for the records all have a standard or common format.

**HyperPhrase's Response:**

Disputed.  The parties dispute the meaning of this phrase. HyperPhrase believes that the phrase "a standardized format for addressing" does not need construction – i.e., ordinary meaning.  If any definition is given, however, HyperPhrase proposes: "a data request is placed into a format that is a standard, such as a URL, for retrieving a data record from a database." (Niro Dec., Exh. R HyperPhrase's Claim Construction Table p. 1).

**Google's Reply:**

HyperPhrase's reply is both non-responsive and fails to raise a genuine dispute. It is non-responsive in that it fails to show why a "standardized format for addressing said records" requires a "data request." Google's proposed finding of fact relates to the address of the target record, not a request for that target record. HyperPhrase's construction also fails to implement the claimed invention, as the addresses that the claimed invention seeks to put into a "standardized format" are already URLs.

Plaintiff's proposed construction is also directly contradicted by the record. This Court has already noted that the URLs used by AutoLink do not have a standardized format. Therefore HyperPhrase's construction that a standardized format is a "format that is a standard, such as a URL" cannot be correct. (Niro Decl. Ex. A (Dkt. No. 125-2) Federal Circuit Opinion at 6). Google's proposed conclusion of law should be accepted.

145.    The term "address" in claim 1 of the '889 patent refers to the address of the referenced record.

**HyperPhrase's Response:**

Disputed. Consistent with the claim language, the term Address refers to information that is operable to retrieve a second a data record. (Niro Dec., Exh. I '889 patent, col 17:7-8).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute. Plaintiff notes how the "address" is used in claim 1 of the '889 patent, but its argument does not contradict Google's proposed conclusion. HyperPhrase has failed to state a dispute, and, Google's proposed conclusion of law should be accepted.

146.    The term "first data record" in claim 1 of the '889 patent means one of the plurality of records stored in the plurality of databases.

**HyperPhrase's Response:**

Disputed. The term "first data record" in claim 1 of the '889 patent means one of the plurality of data record retrieved from one of the plurality of databases.

**Google's Reply:**

89

HyperPhrase's response fails to raise a dispute.  Plaintiff notes an action that may be performed on a record, but its argument does not contradict Google's proposed conclusion.  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

147.     The term "database" in claim 1 of the '889 patent means a group of related records.

**HyperPhrase's Response:**

Undisputed.  The parties agree that this term means a group of related data records.

148.     The term "user interface" in claim 1 of the '889 patent means a screen displayed to a user on a computer monitor.

**HyperPhrase's Response:**

Disputed.  The term "user interface" is an interface that allows a user to interact with the computer system, such as a keyboard and video terminal combination.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p. 4).

**Google's Reply:**

Google accepts HyperPhrase's modification to Google's proposed conclusion.

149.     The term "interactive display program for requesting one of said data records and displaying a plurality of interface supported data formats" in claim 1 of the '889 patent means a computer program that can request a data record and display different types of data on the user interface; browsers such as Internet Explorer and Netscape Navigator are common examples of such programs.

**HyperPhrase's Response:**

Disputed.  The term "interactive display program" means a "display, entry, and retrieval." (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p. 4).

**Google's Reply:**

HyperPhrase's response fails to raise a dispute.  Plaintiff notes actions that may be performed using an "interactive display program," but its argument does not contradict Google's

proposed conclusion.  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

150.    Claim element 1(b) in the '889 patent is construed in accordance with 35 U.S.C. § 112, 6.

**HyperPhrase's Response:**

Undisputed.

151.    The corresponding structure for claim element 1(b) in the '889 patent is a web browser, and in particular the field that allows a user to type in a URL to request an HTML file (a first data record).  *See* '889 patent, col. 2, ll. 50-57.

**HyperPhrase's Response:**

Disputed.  The corresponding structure for claim element 1(b) in the '889 patent is that data translation and collection system 110 and algorithm step 540.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p. 5).

**Google's Reply:**

HyperPhrase's reply fails to raise a genuine dispute.  Its argument is contradicted by the specification of the '889 patent, which states that "[u]ser interface 103 may be any means for permitting users to … retrieve data records from the medical computer network 100 capable of supporting a network browser."  (*See* '889 patent, col. 2, ll. 50-57).  Google's proposed conclusion is also supported by the paragraph cited by HyperPhrase, which states that a web browser is a specific example of the "data translation and collection system 110 and algorithm step 540" proposed by HyperPhrase: "In some instances, a data request will originate from a system user accessing a hypertext link on a document displayed by the system's interactive display **browser**."  (*Id.* at 7:45-48 (emphasis added)).  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

152.    Claim element 1(c) in the '889 patent is construed in accordance with 35 U.S.C. §112, 6.

**HyperPhrase's Response:**

Undisputed.

153.    The corresponding structure for claim element 1(c) in the '889 patent is a web browser, and in particular the capability to make requests for HTML files located at a URL. *See* '889 patent, col. 3, ll. 44-54.

**HyperPhrase's Response:**

Disputed.  The corresponding structure for claim element 1(c) in the '889 patent is that data translation and collection system 110 and algorithm step 560 and 564.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p.6).

**Google's Reply:**

*See* Google's reply to its Proposed Conclusion of Law Number 151.

154.    Claim element 1(d) in the '889 patent is construed in accordance with 35 U.S.C. §112, 6.

**HyperPhrase's Response:**

Undisputed.

155.    The corresponding structure for claim element 1(d) in the '889 patent is not adequately disclosed in the specification under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed.  The corresponding structure for claim element 1(d) in the '889 patent is that data translation and collection system 110 and algorithm step 570, 8:37-40.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table pp.7-8 ).

**Google's Reply:**

HyperPhrase's reply fails to state a genuine dispute.  The lines cited by HyperPhrase fail to provide an adequate disclosure to satisfy 35 U.S.C. §112, paragraph 2, as the cited text describes the function of parsing, but fails to provide sufficient detail to identify the structure necessary to perform that function.  Plaintiff's argument in no way contradicts Google's proposed conclusion of law, which should be accepted.

156.    Claim element 1(e) in the '889 patent is construed in accordance with 35 U.S.C.

§112, 6.

**HyperPhrase's Response:**

Undisputed.

157.    The corresponding structure for claim element 1(e) in the '889 patent is not adequately disclosed in the specification under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed.  The corresponding structure for claim element 1(e) in the '889 patent is that data translation and collection system 110 and algorithm step 598-600; 9:1-11.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at pp. 8-9). Niro Dec., Exh. R HyperPhrase's Proposed Claim Construction Chart).

**Google's Reply:**

HyperPhrase's reply fails to state a genuine dispute.  The lines cited by HyperPhrase fail to provide an adequate disclosure to satisfy 35 U.S.C. §112, paragraph 2, as the cited text describes the function of converting a record, but fails to provide sufficient detail to identify the structure necessary to perform that function.  Plaintiff's argument in no way contradicts Google's proposed conclusion of law, which should be accepted.

158.    Claim element 1(f) in the '889 patent is construed in accordance with 35 U.S.C. §112, 6.

**HyperPhrase's Response:**

Undisputed.

159.    The corresponding structure for claim element 1(f) in the '889 patent is not adequately disclosed in the specification under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed.  The corresponding structure for claim element 1(f) in the '889 patent is the data translation and collection system 110 and algorithm step 604; 9:12-15.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p. 14).

**Google's Reply:**

HyperPhrase's reply fails to state a genuine dispute. The lines cited by HyperPhrase fail to provide an adequate disclosure to satisfy 35 U.S.C. §112, paragraph 2, as the cited text describes the function of sending a record to the interactive display program, but fails to provide sufficient detail to identify the structure necessary to perform that function. Plaintiff's argument in no way contradicts Google's proposed conclusion of law, which should be accepted.

160. The term "keyword phrase" means a predefined multi-word phrase.

**HyperPhrase's Response:**

Disputed. The term "keyword phrase" means "a recognized text string that serves as the hypertext link." (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p. 17).

**Google's Reply:**

HyperPhrase does not raise a genuine dispute of material fact. The parties agree that the Court defined "keyword phrase" for the '461 patent as a "recognized text string that serves as the hypertext link." But the plaintiff's argument in no way contradicts Google's proposed conclusion of law, which should be accepted.

161. Claims 1 and 7 of the 889 patent are not infringed by AutoLink.

**HyperPhrase's Response:**

Disputed. Claims 1 and 7 of the '889 patent are infringed by AutoLink. (HyperPhrase's Brief In Opp. to Google's Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 5,903,889 and 6,516,321; 4/10/08 Thompson Declaration at ¶ ¶4; 8-30 ).

**Google's Reply:**

HyperPhrase's argument is non-responsive. HyperPhrase simply states that "[claims] ... are infringed by AutoLink" and cites to broad swaths of the Thompson declaration, without specifying why AutoLink infringes Claim 1 and 7. As set forth in Google's briefs, AutoLink does not infringe Claim 1 or 7 for at least the following reasons: (1) AutoLink modifies a separate, hidden DOM file, so it cannot infringe under HyperPhrase's new construction of "data reference;" (2) AutoLink does not have a standardized format for addressing data records in the plurality of databases; (3) AutoLink does not create an address of the referenced record; and (4)

94

AutoLink does not modify the data record. Google refers the Court to the Summary of Claim Construction and Infringement Theories chart attached to its noninfringement reply brief, and its briefs.

As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

162.    Claim 1 of the 889 patent is invalid under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed. Claim 1 of the '889 patent is valid under 35 U.S.C. §112, 2 (3/11/08 Rebuttal Expert Report of Carlos De La Huerga at ¶¶ 7-11, 36-41; HyperPhrase's Brief In Opposition To Google's motion for summary judgment of Invalidity p. 33-44).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute. As set forth in Google's invalidity summary judgment filings, Claim 1 is indefinite and anticipated by PasTime and Anthony. (Google Invalidity Br. (Dkt. No. 104) at 17-20; *see also* Croft 2nd Decl. (Dkt. No. 105), Ex. 1 at 5-6.) As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

163.    Claim 1 of the 889 patent is invalid in view of PasTime under 35 U.S.C. §102(a).

**HyperPhrase's Response:**

Disputed. Claim 1 of the '889 patent is valid in view of PasTime under 35 U.S.C. §102(a). (3/11/08 Rebuttal Expert Report of Carlos De La Huerga A-4; HyperPhrase's Brief In Opposition To Google's motion for summary judgment of Invalidity at p. 49-56).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute. As set forth in Google's invalidity summary judgment filings, Claim 1 is anticipated by PasTime, which discloses each of the claim limitations. (Google's Invalidity Br. (Dkt. No. 104) at 22-27; *see also* Croft 2nd Decl. (Dkt. No. 105-2), Ex. 2d at 1-4.) As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should

be accepted.

164.    Claim 7 of the 889 patent is invalid in view of PasTime under 35 U.S.C. §102(a).

**HyperPhrase's Response:**

Disputed.  Claim 7 of the '889 patent is valid in view of PasTime under 35 U.S.C.

§102(a).  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-4 at p.5 ;

HyperPhrase's Brief In Opposition To Google's motion for summary judgment of Invalidity at p.

49-56).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and

the basis of any dispute.  As set forth in Google's invalidity summary judgment filings, Claim 1

is anticipated by PasTime, which discloses each of the claim limitations.  (Google Invalidity Br.

(Dkt. No. 104) at 22-27; *see also* Croft 2nd Decl. (Dkt. No. 105-2), Ex. 2d at 5.)  As

HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should

be accepted.

165.    Claim 1 of the 889 patent is invalid in view of Anthony under 35 U.S.C. §102(e).

**HyperPhrase's Response:**

Disputed.  Claim 1 of the '889 patent invalid in view of Anthony under 35 U.S.C.

§102(e).  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-11 at pp. 1-4;

HyperPhrase's Brief In Opposition To Google's motion for summary judgment of Invalidity at p.

56-60).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and

the basis of any dispute.  As set forth in Google's invalidity summary judgment filings, Anthony

discloses each of the asserted claim limitations.  (*See* Croft 1st Decl. (Dkt. No. 34), Ex. 1 at ¶29

and Ex. 2b at 5-9).  While HyperPhrase alleges that Anthony does not expressly disclose a

plurality of databases or use a standardized format for addressing said data records, those

requirements of the claim are also missing from the accused Autolink feature of Google Toolbar.

96

On the proper construction and application of this aspect of the claim, claim 1 is neither infringed by Autolink, nor anticipated by Anthony's Auto Hyperlinks™ system. (Croft 1st Decl. (Dkt. No. 34), Ex. 1 at ¶29 and Ex. 2(b) at 5-9; Google Invalidity Br. (Dkt. No. 104) at 27-30.) As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

166.    Claim 7 of the '889 patent is invalid in view of Anthony under 35 U.S.C. §102(e).

**HyperPhrase's Response:**

Disputed.  Claim 7 of the '889 patent is valid in view of Anthony under 35 U.S.C. §102(e).  (3/11/08 Rebuttal Expert Report of Carolos De La Huerga, Appendix A-11 at pp. 4-5; HyperPhrase's Brief In Opposition To Google's motion for summary judgment of Invalidity at p. 49-56).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute.  As set forth in Google's invalidity summary judgment filings, Anthony discloses each of the asserted claim limitations.  (See Croft 1st Decl. (Dkt. No. 34), Ex. 1 at ¶29 and Ex. 2b at 5-9.)  While HyperPhrase alleges that Anthony does not expressly disclose a plurality of databases or use a standardized format for addressing said data records, those requirements are also missing from the accused Autolink feature of Google Toolbar.  On the proper construction and application of this aspect of the claim, claim 7 is neither infringed by Autolink, nor anticipated by Anthony's Auto Hyperlinks™ system. (Croft 1st Decl. (Dkt. No. 34), Ex. 1 at ¶29 and Ex. 2(b) at 5-9; Google Invalidity Br. (Dkt. No. 104) at 27-30.)  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

**B.    Regarding the '321 patent**

167.    The preamble of claim 1 of the '321 patent limits the claim.

**HyperPhrase's Response:**

Disputed.  A number of cases hold that preambles are not claim limitations. *See, e.g.*

*Intirtool, Ltd. v. Texar Corp.,* 369 F.3d 1289, 1296 (Fed. Cir. 2004) Google has not shown that, in this particular case, statements in the preamble are essential to give life and meaning to the claim limitations themselves. Nevertheless, in this fact statement and in HyperPhrase's accompanying briefs, the claim preambles have been treated as though they were claim limitations. As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact. HyperPhrase admits that it has treated the preamble of claim 1 of the '321 patent as a limitation in its briefing. Additionally, in 2006 HyperPhrase admitted that the preamble for claim 1 of the '321 patent is a limitation. (Dkt. 44 at 138, Response to Proposed Finding of Fact No. 192).

Additionally, the body of this claim relies on its preamble for antecedent basis, including, at a minimum, a "referencing record," a "referenced record," a "data reference" and a "modifier reference." (*See* claim language; *SeaChange Int'l, Inc. v. C-COR, Inc.,* 413 F.3d 1361, 1376 (Fed. Cir. 2005) (finding the preamble limiting when it provided the only antecedent basis for a claim term).

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

168.    The preamble of claim 27 of the '321 patent limits the claim.

**HyperPhrase's Response:**

Disputed. A number of cases hold that preambles are not claim limitations. *See, e.g. Intirtool, Ltd. v. Texar Corp.,* 369 F.3d 1289, 1296 (Fed. Cir. 2004). Google has not shown that, in this particular case, statements in the preamble are essential to give life and meaning to the claim limitations themselves. Nevertheless, in this fact statement and in HyperPhrase's accompanying briefs, the claim preambles have been treated as though they were claim limitations.

98

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact. HyperPhrase admits that it has treated the preamble of claim 27 of the '321 patent as a limitation in its briefing. Additionally, in 2006, HyperPhrase admitted that the preamble for claim 27 of the '321 patent is a limitation. (Dkt. 44 at 138, Response to Proposed Finding of Fact No. 192).

Additionally, the body of this claim relies on its preamble for antecedent basis and to define the essence of the invention, including, at a minimum, "subject matter specific tag pairs," "search rules," and "information types." (*See* claim language; *SeaChange Int'l, Inc. v. C-COR, Inc.,* 413 F.3d 1361, 1376 (Fed. Cir. 2005); (finding the preamble limiting when it provided the only antecedent basis for a claim term; *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.,* 320 F.3d 1029, 1033 (Fed. Cir. 2002) ("preamble language will limit the claim if it recites not merely a context in which the invention may be used, but the essence of the invention without which performance of the recited steps is noting but an exercise.")

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

169.    The preamble of claim 86 of the '321 patent limits the claim.

**HyperPhrase's Response:**

Disputed. A number of cases hold that preambles are not claim limitations. *See, e.g. Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1296 (Fed. Cir. 2004). Google has not shown that, in this particular case, statements in the preamble are essential to give life and meaning to the claim limitations themselves. Nevertheless, in this fact statement and in HyperPhrase's accompanying briefs, the claim preambles have been treated as though they were claim limitations.

**Google's Reply:**

HyperPhrase's response fails to raise a dispute of material fact. HyperPhrase admits that it has treated the preamble of claim 86 of the '321 patent as a limitation in its briefing. Additionally, HyperPhrase has previously admitted that the preamble for claim 86 of the '321

99

patent is a limitation.  (Dkt. 44 at 138, Response to Proposed Finding of Fact No. 192).

Additionally, the body of this claim relies on its preamble for antecedent basis and to define the essence of the invention, including, at a minimum, "specifying references," "record," "selectability," "designating" a reference, and rendering "the SR relatively specific." (*See* claim language; *SeaChange Int'l, Inc. v. C-COR, Inc.,* 413 F.3d 1361, 1376 (Fed. Cir. 2005); (finding the preamble limiting when it provided the only antecedent basis for a claim term; *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.,* 320 F.3d 1029, 1033 (Fed. Cir. 2002) ("preamble language will limit the claim if it recites not merely a context in which the invention may be used, but the essence of the invention without which performance of the recited steps is noting but an exercise.")

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

170.    The term "modifier reference" means a word or phrase that further specifies a specific record or record segment referred to by a data reference.

**HyperPhrase's Response:**

Disputed.  HyperPhrase believes that "modifier reference" should be defined as "a word of phrase that further specifies a specific record, record segment, or records referred to by a data reference." Like data reference and consistent with the Federal Circuit's opinion, HyperPhrase believes that a modifier reference is the text in a record normally displayed for a typical user to read and not hidden computer codes.

**Google's Reply:**

HyperPhrase reply fails to raise a genuine dispute.  Plaintiff's argument seeks to have the Court add to Google's proposed fact, even though there is no support for it in the patent. Plaintiff's argument does not contradict Google's proposed finding of fact.  HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

171.    The term "when" between steps means the steps are performed automatically in

100

real-time.

**HyperPhrase's Response:**

Disputed.  HyperPhrase believes, in accordance with Judge Crabb's claim construction order of June 18, 2003, that the term "when" means that a step occurs in real time.  (Niro Dec., Exh. Q, Judge Crabb's Claim Construction Order).

**Google's Reply:**

HyperPhrase does not raise genuine dispute.  HyperPhrase admits that "when" means that "a step occurs in real-time."  The remainder of HyperPhrase's response is contradicted by the language of the claims, because the term "when" occurs *between* steps which means that the second step occurs automatically in real time with the first step: "… comprising the steps of: (i) receiving the referencing record; (ii) analyzing the referencing record to identify a DR, **when** a DR is identified: (a) identifying an MR rule set…."  (Woodford Decl. Ex. E, '321 patent, claim 1, emphasis added).

Plaintiff's argument does not contradict Google's proposed conclusion of law. HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

172.    The term "subject matter specific tag pair" means two matching tags, each identifying a specific subject matter.

**HyperPhrase's Response:**

Disputed.  HyperPhrase believes that this term means "two matching tags, each tag pair identifying a specific subject matter." (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at pp.20-21).

**Google's Reply:**

HyperPhrase's reply does not raise a genuine dispute.  It appears that both parties agree on the meaning, with HyperPhrase merely restating Google's proposed fact.  Google accepts HyperPhrase's modification to Google's proposed fact.

173.    The term "specifying reference" means (1) a combination of a first data reference,

101

a second data reference, and a modifier reference, or (2) a combination of a data reference, a first modifier reference, and a second modifier reference.

**HyperPhrase's Response:**

Disputed.  This term "specifying reference" has been defined by the Federal Circuit in this case as: A unique phrase or word which may be used in a record to refer to another record or record segment, and a data reference may refer to one or more than one record.  (Niro Dec., Exh. A, U.S. Court of Appeals for the Federal Circuit Opinion, Dec. 26, 2007, p. 10). The Federal Circuit also noted that the terms "data reference," "record reference," specifying reference" and "reference" are used interchangeably and have the same meaning.  (*Id.* at p. 4).

**Google's Reply:**

HyperPhrase's argument is contradicted by record.  The '321 patent states, in its "BRIEF SUMMARY OF THE INVENTION," that "[h]ereinafter the term 'specifying reference' (SR) will be used to refer generically to each of a DR and a DR/MR combination or a DR/MR/MR combination."  (Woodford Decl., Ex. E, '321 patent, col. 4, lines 34-36).  This is exactly the fact proposed by Google, where "DR" stands for a data reference, and "MR" stands for a modifier reference.  (*See id.* at col. 3, lines 11-25).  The Federal Circuit construed "data reference," not "specifying reference."  (Dkt. No. 125-2 at 10).  Both the Federal Circuit decision and the plain and unambiguous language of the '321 patent quoted above demonstrates that the "specifying reference" has additional attributes beyond those construed by the Federal Circuit for the "data reference."

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

174.     The term "referenced record" means a record referenced in another record.

**HyperPhrase's Response:**

Undisputed.

175.     The term "referencing record" means a record that refers to a referenced record.

**HyperPhrase's Response:**

Disputed.  HyperPhrase proposes that this term means "a record that refers to one or more records." Unlike Google's definition, HyperPhrase believes that the referencing record can refer to more than one record. Otherwise, the parties are in agreement.  (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p.18).

**Google's Reply:**

HyperPhrase's reply fails to raise a genuine dispute.  Plaintiff's argument seeks to have the Court ascribe additional details to Google's proposed construction, but its argument does not contradict Google's proposed conclusion of law, which should be accepted.

176.    The term "MR rule set" means one or more rules that relate a modifier reference to a data reference.

**HyperPhrase's Response:**

Undisputed.

177.    The term "identifying the referenced record" means looking up or otherwise determining the address, location, or other identifier of the referenced record.

**HyperPhrase's Response:**

Disputed.  The parties agree that "identifying" means "looking up or otherwise determining." Additionally, the parties also agree that "referenced record" means "a record referenced in another record." (Niro Dec., Exh. R HyperPhrase's Claim Construction Table at p. 8).

**Google's Reply:**

HyperPhrase's reply fails to raise a genuine dispute.  The only portion of Google's proposed fact that HyperPhrase disputes is that "identifying" includes determining "the address, location, or other identifier" of the referenced record.  In support of its argument, HyperPhrase cites to page 8 of its claim chart.  There is nothing on the cited page that relates to the '321 patent.

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed

conclusion of law should be accepted.

178.    The term "record reference" in claim 24 of the '321 patent is indefinite.

**HyperPhrase's Response:**

Disputed.  The term "record reference in claim 24 of the '321 is definite.  (3/11/08

Rebuttal Expert Report of Carolos De La Huerga at ¶39; HyperPhrase's Brief In Opposition To

Google's motion for summary judgment of Invalidity at p. 42-43).

**Google's Reply:**

HyperPhrase's argument is non-responsive.  HyperPhrase simply states that the "[claim

language] … is definite", without engaging or disputing the substance of the proposed

conclusion.  As set forth in Google's opening brief regarding invalidity "the record reference"

has no antecedent basis in claim 1. Claim 1 identifies three possible "record references:" (1) the

DR alone, (2) the MR alone, and (3) the DR/MR combination. There is simply no way to tell

which of these three claim 24 requires to be "link[ed] ... to the referenced record."  Mr Huerga's

report and HyperPhrase's brief state that it refers to the DR, but provide no explanation.

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of

law should be accepted.

179.    The term "a separate tag pair for each of a plurality of information types" means

each tag pair corresponds to a different type of information.

**HyperPhrase's Response:**

Undisputed.

180.    The terms "selectable" and "selectability" mean a user can access other records

referred to by a specifying reference.

**HyperPhrase's Response:**

Disputed.  HyperPhrase believes that the terms "selectable" and "selectability" are

defined as "the affirmative step of selecting text, such as an SR." Niro Dec., Exh. R

HyperPhrase's Claim Construction Table at p. 24).

**Google's Reply:**

HyperPhrase's response fails to state a genuine dispute. In support of its argument, it cites to a claim chart at page 24. That cited text provides no evidentiary support for HyperPhrase's argument. Nor is there support on page 23 of that chart, which deals with the limitation at issue. The text on that page deals with "designation," which claim 86 of the '321 Patent clearly distinguishes from "selectability": "…method also for use with a system which enables a user to designate and also select SRs *where designation comprises pointing to an SR without selection* …." HyperPhrase's claim chart shows only that designation is distinct from "selection" – not "selectable."

HyperPhrase's argument is also contradicted by the language of claim 86, which states that this claim is "[a] method for use with an application wherein specifying references (SRs) in one record to other records *which are selectable to access the other records* … are visually distinguished from other record information *so as to indicate selectability*[.]" (Woodford Decl. Ex. E, '321 patent, claim 86, emphasis added). This supports Google's construction, not HyperPhrase's. Google's proposed conclusion of law should be accepted.

181. The terms "designate" and "designation" mean point to text on a display screen without actually taking an affirmative step to select the text.

**HyperPhrase's Response:**

Undisputed.

182. The term "seemingly general" is indefinite under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed. The term "seemingly general" in claim 86 of the '321 patent is definite under 35 U.S.C. §112, 2 to one of ordinary skill in the art. (HyperPhrase's Brief in Opp. To Summary Judgment of Invalidity, p. 35-36).

**Google's Reply:**

HyperPhrase's argument is non-responsive. HyperPhrase simply states that the "[claim language] … is definite", without engaging or disputing the substance of the proposed

conclusion. HyperPhrase cites to its brief which attempts to rewrite the claim to remove the subjective term "seemingly." However, as set forth in Google's briefs, this subjective term is fatal to the validity of the claim. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

183.   The term "relatively specific" is indefinite under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed. The term "relatively specific" in claim 86 in the '321 patent is definite to one of ordinary skill in the art. (HyperPhrase's Brief in Opp. to Google's Motion For Summary Judgment of Invalidity, p. 36-37).

**Google's Reply:**

HyperPhrase's argument is non-responsive. HyperPhrase simply states that the "[claim language] … is definite", without engaging or disputing the substance of the proposed conclusion. HyperPhrase cites to its brief which attempts to rewrite the claim to remove the subjective term "seemingly." However, as set forth in Google's briefs, this subjective term is fatal to the validity of the claim. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

184.   The term "indicating the specific nature of an SR" means displaying other information concerning the SR.

**HyperPhrase's Response:**

Undisputed.

185.   Claims 1 and 24 of the '321 patent are not infringed by AutoLink.

**HyperPhrase's Response:**

Disputed. Claims 1 and 24 of the '321 patent are infringed by AutoLink. (HyperPhrase's Brief in Opp. to Google's Motion For Summary Judgment of Noninfringement, 41-44; 4/10/08 Declaration of Paul Thompson ¶¶.8-20 and 31-36, 38)

106

**Google's Reply:**

HyperPhrase's argument is non-responsive. HyperPhrase simply states that the "[claims] … are infringed by AutoLink" and cites to broad swaths of the Thompson declaration, without specifying why AutoLink infringes Claims 1 and 24. As set forth in Google's briefs, AutoLink does not infringe claim 1 or 24 for at least the following reasons: (1) AutoLink modifies a separate, hidden DOM file, so it cannot infringe under HyperPhrase's new construction of "data reference;" (2) AutoLink does not satisfy the real time requirement because it requires the user to manually select the hyperlink; and (3) The AutoLink trigger does not make the token any more specific. Google refers the Court to the Summary of Claim Construction and Infringement Theories chart attached to its noninfringement reply brief, and its briefs.

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

186.    Claim 27 is not infringed by AutoLink.

**HyperPhrase's Response:**

Disputed. HyperPhrase has withdrawn its claim of infringement of claim 27 of the '321 patent.

**Google's Reply:**

HyperPhrase does not dispute that AutoLink does not infringe Claim 27. The fact that HyperPhrase has withdrawn its claim does not alter this conclusion. HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

187.    Claim 86 is not infringed by AutoLink.

**HyperPhrase's Response:**

Disputed. Claims 86 of the '321 patent is infringed by AutoLink. (4/10/08 Thompson Decl. ¶¶.31, 8-20, 37-38; HyperPhrase's Brief in Opp. to Google's Motion For Summary Judgment of Noninfringement,p.47-49).

**Google's Reply:**

HyperPhrase's argument is non-responsive. HyperPhrase simply states that the "[claim]

107

… is infringed by AutoLink" and cites to broad swaths of the Thompson declaration, without specifying why AutoLink infringes Claim 86.   As set forth in Google's briefs, AutoLink does not infringe Claim 86 for at least the following reasons: (1) AutoLink modifies a separate, hidden DOM file, so it cannot infringe under HyperPhrase's new construction of "data reference;" (2) AutoLink tokens cannot be both seemingly general and relatively specific, nor does an AutoLink trigger make an alleged seemingly general token relatively specific; (3) the specifying reference requires a combination of at least one data reference and at least one modifier reference, but the combination of these alleged two items in AutoLink is not visually distinguished.  The AutoLink trigger does not make the token any more specific.  Google refers the Court to the Summary of Claim Construction and Infringement Theories chart attached to its noninfringement reply brief, and its briefs.

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

188.    Claim 24 of the '321 patent is invalid under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed.  Claim 24 of the '321 patent is valid under 35 U.S.C. §112, 2.  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga at ¶39).

**Google's Reply:**

HyperPhrase's argument is non-responsive.  HyperPhrase simply states that the "[claim] … is valid", without engaging or disputing the substance of the proposed conclusion.  The term "the record reference" in claim 24 has no antecedent basis in claim 1. Claim 1 identifies three possible "record references:" (1) the DR alone, (2) the MR alone, and (3) the DR/MR combination. There is no way to tell which of these three claim 24 requires to be "link[ed] ... to the referenced record." Claim 24 is thus "insolubly ambiguous." 35 U.S.C. §112, ¶ 2; *Honeywell Int'l, Inc. v.Int' l Trade Comm'n*, 341 F.3d 1332, 1338-1339 (Fed. Cir. 2003).  HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

189.    Claim 86 of the '321 patent is invalid under 35 U.S.C. §112, 2.

**HyperPhrase's Response:**

Disputed.  Claims 86 of the '321 patent is valid under 35 U.S.C. §112, 2.  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, at ¶40-41).

**Google's Reply:**

HyperPhrase's argument is non-responsive.  HyperPhrase simply states that the "[claim] … is valid", without engaging or disputing the substance of the proposed conclusion. HyperPhrase cites to the Huerga report which attempts to rewrite the claim to remove the subjective term "seemingly."  However, as set forth in Google's briefs, this subjective term is fatal to the validity of the claim.  *See* Croft 2nd Decl. (Dkt. No. 105), Ex. 1 (Croft Suppl. Expert Rpt) at ¶42; *see also Datamize, LLC v. Plumtree Software, Inc*., 417 F.3d 1342, 1347 (Fed. Cir. 2005).  HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

190.    Claim 1 is invalid in view of PasTime under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed.  Claim 1 is not invalid in view of PasTime under 35 U.S.C. §102(b).  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-4)

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute.  As set forth in Google's invalidity briefs, Claim 1 is anticipated by PasTime, which discloses each of the claim limitations.  (Google's Invalidity Br. (Dkt. No. 104), at 36-39; Croft 2nd Decl. (Dkt. No. 105), Ex. 2d at 5-9.)

HyperPhrase has failed to state a genuine dispute, and, thus, Google's proposed conclusion of law should be accepted.

191.    Claim 24 is invalid in view of PasTime under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed.  Claim 24 is not invalid in view of PasTime under 35 U.S.C. §102(b).  (3/11/08

Rebuttal Expert Report of Carlos De La Huerga, Appendix A-4).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute. As set forth in Google's summary judgment filings, Claim 24 is anticipated by PasTime, which discloses each of the claim limitations. (Google Invalidity Br. (Dkt. No. 104) at 36-39; Croft 2nd Decl. (Dkt. No. 105), Ex 2d at 6-9.) As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

192. Claim 1 is invalid in view of the HTML Sourcebook under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed. Claim 24 is not invalid in view of HTML Sourcebook under 35 U.S.C. §102(b). (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-3).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute. As set forth in Google's invalidity briefs, Claim 1 is anticipated by HTML Sourcebook, which discloses each of the claim limitations. (Google Invalidity Br. (Dkt. No. 104) at 39-40; 2nd Decl. (Dkt. No. 105), Ex. 2b at 8-12.) As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

193. Claim 24 is invalid in view of the HTML Sourcebook under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed. Claim 24 is not invalid in view of the HTML Sourcebook under 35 U.S.C. §102(b). (3/11/08 Rebuttal Expert Report of Carlos de La Huerga, Appendix A-3).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute. As set forth in Google's summary judgment filings, Claim 24 is anticipated by the HTML Sourcebook, which discloses each of the claim limitations. (Google Invalidity Br. (Dkt. No. 104) at 39-40; Croft 2nd Decl. (Dkt. No. 105), Ex. 2e at 1-3) As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should

110

be accepted.

194.    Claim 27 is invalid in view of the MUC-6 Named Entity Task Definition under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed.  Claim 27 is not invalid in view of the MUC-6 Named Entity Task Definition under 35 U.S.C. §102(b).  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-8).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute.  As set forth in Google's invalidity briefs, Claim 27 is anticipated by the MUC-6 Named Entity Task Definition, which discloses each of the claim limitations.  (Google Invalidity Br. (Dkt. No. 104) at 43-44.)  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

195.    Claim 27 is invalid in view of Aberdeen under 35 U.S.C. §102(a).

**HyperPhrase's Response:**

Disputed.  Claim 27 is not invalid in view of Aberdeen under 35 U.S.C. §102(a). (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-9).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute.  As set forth in Google's invalidity briefs, Claim 27 is anticipated by Aberdeen, which discloses each of the claim limitations.  (Google Invalidity Br. (Dkt. No. 104) at 44-48; Croft 2nd Decl. (Dkt. No. 105), Ex. 2f at 1-4.)  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

196.    Claim 86 is invalid in view of Gennaro under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed.  Claim 86 is not invalid in view of Gennaro under 35 U.S.C. §102(b).  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-10).

111

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute.  As set forth in Google's invalidity briefs, Claim 86 is anticipated by Gennaro, which discloses each of the claim limitations.  (Google Invalidity Br. (Dkt. No.) 104, at 50-52; Croft 2nd Decl. (Dkt. No. 105), Ex. 2a at 1-3.)  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

197.    Claim 86 is invalid in view of Myka under 35 U.S.C. §102(b).

**HyperPhrase's Response:**

Disputed.  Claim 86 is not invalid in view of Myka under 35 U.S.C. §102(b).  (3/11/08 Rebuttal Expert Report of Carlos De La Huerga, Appendix A-6).

**Google's Reply:**

HyperPhrase does not specify or explain what it disputes about this conclusion of law and the basis of any dispute.  As set forth in Google's invalidity briefs, Claim 86 is anticipated by Myka, which discloses each of the claim limitations.  (Google Invalidity Br. (Dkt. No. 104), at 50-52; Croft 2nd Decl. (Dkt. No. 105), Ex. 2c at 1-3.)  As HyperPhrase has failed to state a genuine dispute, Google's proposed conclusion of law should be accepted.

### C.    Regarding License/Exhaustion of the '889 and '321 patents

198.    There is no infringement by the Google Toolbar as used with Microsoft systems or software or by licensed Microsoft systems or software users.

**HyperPhrase's Response:**

Reserved. Pursuant to Judge Crocker's April 8, 2008 Order, all issues regarding Google's licensing defense have been stayed until this Court has decided the issues presented by Google's invalidity and noninfringement summary judgment motions (Dkt. No. 124).

**Google's Reply:**

Google agrees that briefing on its licensing defense has been stayed pursuant to Judge Crocker's April 8, 2008 Order until this Court has decided the issues presented by Google's invalidity and noninfringement summary judgment motions (Dkt. No. 124).

199.    There is no liability for Google by the Google Toolbar as used with Microsoft systems or software or by Microsoft's licensed systems or users.

**HyperPhrase's Response:**

Reserved. Pursuant to Judge Crocker's April 8, 2008 Order, all issues regarding Google's licensing defense have been stayed until this Court has decided the issues presented by Google's invalidity and noninfringement summary judgment motions (Dkt. No. 124).

**Google's Reply:**

Google agrees that briefing on its licensing defense has been stayed pursuant to Judge Crocker's April 8, 2008 Order until this Court has decided the issues presented by Google's invalidity and noninfringement summary judgment motions (Dkt. No. 124).

Respectfully Submitted,

Dated:  May 19, 2008

/s/ Jason W. Wolff
Jason W. Wolff (wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

James A. Friedman
James D. Peterson
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Of Counsel:*

Kurt L. Glitzenstein
Christoper Dillon
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110

Attorneys for Defendant GOOGLE INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the May 19, 2008, a true and correct copy of the following document: **GOOGLE'S REPLY TO PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW IN SUPPORT OF GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT REGARDING U.S. PATENT NOS. 5,903,889 AND 6,516,321** was filed with the Clerk of the Court using the ECF filing system which will send notification of such filing to counsel of record for HyperPhrase Technologies, LLC and HyperPhrase, Inc., including Raymond P. Niro, Kim Grimmer, Jennifer L. Amundsen.


/s/ Jason W. Wolff

1