IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

                    Plaintiffs,

          v.                                              Civil Action No. 06-cv-199-bbc

GOOGLE INC.,

                    Defendant.

---

**GOOGLE'S RESPONSE TO HYPERPHRASE'S ADDITIONAL PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF HYPERPHRASE'S BRIEFS
IN OPPOSITION TO GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT**

---

Google Inc. ("Google") respectfully responds to HyperPhrase Technologies LLC and

HyperPhrase Inc.'s ("HyperPhrase" or "plaintiff") Additional Statement of Proposed Findings of

Fact and Conclusions of Law ("APFOF").

Google generally objects to the APFOF on two grounds: (1) they are unnecessary and in

most cases are used, in violation of this Court's procedure, to respond to Google's proposed

findings, and (2) they are largely unsubstantiated.  This has created a very large document that

has no relevance to this motion, and which should be disregarded by this Court.  With respect to

the APFOF pertaining to infringement there appear to be no genuine issues of material fact and

many of the APFOF are completely unnecessary for this Court to consider in ruling on Google's

motion for summary judgment of noninfringement.

HyperPhrase's opposition brief does not cite to its APFOF; thus, it is unclear why these

proposed findings are necessary or in what context they assist the Court, or the parties, to

identify genuine issues of material fact necessary to resolve Google's pending motions for

summary judgment.  Indeed, the APFOF are doubly unhelpful in that they are not linked to either

Dockets.Justia.com

(i) the arguments in HyperPhrase's brief or (ii) in most cases, to the evidence that HyperPhrase has submitted to the Court. Thus, they fail to serve their intended function of *supplementing* Google's proposed findings with only those facts *necessary* to resolve the pending legal issues. Indeed, many of the alleged facts in HyperPhrase's APFOF are superfluous as they concern issues that are not before the Court.

Moreover, even if the APFOF were relevant to the motions, they fail to comply with the Court's procedures. HyperPhrase's APFOF often either dispute or merely respond to Google's proposed findings by rewriting them, often using objectionable claim language and simply made up terms. For instance, HyperPhrase has offered a new construction of the term "data reference," which is contrary to the construction decided by the Federal Circuit that pollutes many, if not all, of its proposed findings. Indeed, many of HyperPhrase's additional proposed findings of fact are not facts at all, but legal conclusions. Google therefore objects to HyperPhrase's APFOF on all the preceding grounds.

Additionally, Google objects to plaintiff's dearth of evidentiary support. Per this Court's instructions, each APFOF should be well-supported by citations to admissible evidence, saving both the Court and opposing counsel the necessity of searching the extensive record for it. HyperPhrase failed to do this. Instead, its APFOF frequently are supported solely by citation to Dr. Thompson's untimely infringement report—a document flawed in several respects, most notably because it is not admissible evidence. Aside from its untimeliness, Dr. Thompson's report adds new theories of infringement under the doctrine of equivalents and offers multiple and conflicting claim constructions (e.g., regarding "data reference" and "modifier reference"), as well as between HyperPhrase's other expert on invalidity, the first named inventor Carlos de la Huerga. Furthermore, not only is Dr. Thompson's report inadmissible, the report frequently

1

does not even cite to admissible evidence—the report contains conclusory arguments frequently devoid of any real analysis of the claim language or evidence. The remainder of HyperPhrase's APFOF cite to the declaration of Mr. de la Huerga, which provides additional claim charts in an untimely attempt to supplement Mr. de la Huerga's expert report. Mr. de la Huerga's declaration suffers from the same fatal flaws as above for Mr. Thompson, as Mr. de la Huerga's declaration contains conclusory arguments frequently devoid of any real analysis of the claim language or evidence.

Finally, where Google has responded to HyperPhrase's APFOF as "Undisputed," it should be understood by this Court that Google's acquiescence is for purposes of these motions for summary judgment only, and should not be construed as an admission in any other context, particularly because, as noted above, HyperPhrase has created a large number of APFOF that appear to have no relevance to the underlying motion. Additional, specific objections are identified below in response to the numbered APFOF proposed by HyperPhrase. Google reserves the right to object to these statements and dispute them at trial.

## HYPERPHRASE'S ADDITIONAL PROPOSED FINDINGS OF FACT

1. The Federal Circuit held:

[W]e hold that the district court erred in its claim construction of the term "data reference." We hold that the correct construction is "a unique phrase or word which may be used to refer to another record or record segment," and that a data reference may refer to one or more than one record. ... Thus, while we agree that AutoLink's tokens are analogous to patient names or identification numbers, we must instead conclude that these tokens <u>are</u> "data references" within the meaning of the asserted claims. (Niro Declaration, Exhibit A at 10 and 12 (<u>HyperPhrase</u> v. <u>Google</u>, slip op. December 26, 2007)) (Underlining in original).

**Google's Response:**

Undisputed.

2.   The Federal Circuit defined the term "data reference to include the "tokens" used by HyperPhrase.  (Niro Declaration, Exhibit A at 10 and 12 (<u>HyperPhrase</u> v. <u>Google</u>, slip op December 26, 2007)) (Underlining in original).

**Google's Response:**

Disputed.  Google objects to this statement as being ambiguous and incomplete, lacking sufficient context from which to determine its meaning, relevance, and/or accuracy.  The Federal Circuit construed the term "data reference" to mean "a unique phrase or word which may be used in a record to refer to another record or record segment; and that a data reference may refer to one or more than one record" (Dkt. No. 125-2 at 10).  Under that construction (*id*. at 12), to which Google objected (Dkt. No. 125-3), the Federal Circuit found that AutoLink tokens were "data references."

3.   The Federal Circuit rejected Google's attempt to modify its holding "tokens" are not "data references" defined the term "data reference to include the "tokens" used by HyperPhrase. (Niro Declaration, Exhibit A at 10 and 12 ( <u>HyperPhrase</u> v. <u>Google</u>, slip op. December 26, 2007)).

**Google's Response:**

Disputed.  Google objects to this statement as being ambiguous and incomplete, lacking sufficient context from which to determine its meaning, relevance, and/or accuracy.  The Federal Circuit denied Google's petition for rehearing regarding the Court's construction of the term "data reference" (Dkt. No. 125-3) without comment.

4.   There is Joint Infringement of the '321 patent (2/11/08 Thompson Supplemental Declaration and Rule 26(a) Report) .

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact not only relies on various and conflicting claim constructions, but is itself a legal conclusion.  Indeed, the issue it raises—that

of joint liability—more aptly belonging to HyperPhrase's own infringement contentions and it is unclear what this legal conclusion has to do with Google's motion for summary judgment of noninfringement, since Google moved on different grounds. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence and contains no citation to evidence capable of converting this proposed legal conclusion into a statement of fact.

5.   Dr. Thompson reviewed all pertinent info regarding patents and accused systems; is qualified to offer expert opinion; and has personal knowledge of all the matters covered in his report and declaration as a result of his review. (Thompson Dec. ¶4 -6).

**Google's Response:**

Disputed. Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to Dr. Thompson's qualification as an expert. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Dr. Thompson's report was untimely, is based on unsubstantiated claim constructions, and is inconsistent with the positions presented in his own earlier declarations and those of HyperPhrase's other experts. Google's reply brief on noninfringement, particularly regarding the terms "data reference" and "modifier reference," give examples of these inconsistencies.

6.   Carlos de la Huerga studied the patents in suit and the alleged prior art references; is qualified to offer expert opinion; and has personal knowledge of all matters covered in his report and declaration as a result of his inventorship and review of the asserted prior art. (de la Huerga Dec. ¶1-3).

**Google's Response:**

Disputed. Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to Mr. de la Huerga's qualification as an expert. Google also objects

that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Mr. de la Huerga's report itself is not evidence. Mr. de la Huerga's report is based on unsubstantiated claim constructions and is inconsistent with the positions presented in the declarations of HyperPhrase's other experts proffered on the issue of infringement. Google's reply brief on noninfringement, particularly regarding the terms "data reference" and "modifier reference," give examples of these inconsistencies.

## INFRINGEMENT

### How AutoLink Works

7. AutoLink is a feature of the Google Toolbar product. Thompson Dec., ¶ 8.

**Google's Response:**

Undisputed.


8. When viewing a web page, the first thing one sees is a button on the toolbar that can be "pushed" (by hovering the mouse cursor and left-clicking). Thompson Dec., ¶ 8; Niro Dec., Exh. E - Djabarov Dep. at pp. 31-32.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning or relevance—specifically, regarding what web page is viewed and what user views it. Google further objects to this proposed finding of fact in that it violates this Court's procedure to be followed on motions for summary judgment for Judge Crabb ("Summary Judgment Rules"). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 53.

9. Pushing the AutoLink button automatically generates links for recognized segments of a currently-displayed web page. Thompson Dec., ¶ 8; Niro Dec., Exh. F - Djabarov Decl. ¶5; Niro Dec., Exh. E - Djabarov Dep. at pp. 32-34.

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 54. Google also objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "links" means.

10. The links appear with a light blue background. Thompson Dec., ¶ 8; Niro Dec., Exh. F - Djabarov Decl. ¶4; Niro Dec., Exh. E - Djabarov Dep. at pp. 44-45.

**Google's Response:**

Disputed with regard to what "links" mean. The hyperlinks based on the first URL created by the AutoLink client can appear as rendered by the browser with blue highlighting. (Dkt. No. 33 at ¶ 8.)

11. Before the AutoLink "button" is pushed, there were no AutoLink "links." Thompson Dec., ¶8.

**Google's Response:**

Disputed. The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual. Google objects to this proposed finding of fact in that it violates this Court's procedure to be followed on motions for summary judgment for Judge Crabb. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 56. Google also objects that this

6

proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "links" means.

12. AutoLink scans the web page's content to identify certain strings of characters called "tokens" once the AutoLink button has been pressed. Thompson Dec., ¶ 8; Niro Dec., Exh. F - Djabarov Decl. ¶6; Niro Dec., Exh. E - Djabarov Dep. at pp. 31 -35; 95 -98; 117 -121; <u>see also</u> GOOG53512-19; GOOD53482-96.

**Google's Response:**

Disputed. The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 52. Google also objects that this proposed finding of fact turns on legal conclusions, including but not limited to whether AutoLink scans the web page or the DOM and the claim construction of the term "data reference"

13. An AutoLink "token" (e.g. a pattern of consecutive strings of characters, such as a ten digit string, a nineteen digit string, etc.) is a data reference ("DR"). Thompson Dec., ¶ 9; Niro Dec., Exh. F - Djabarov Decl., at ¶6.

**Google's Response:**

Disputed. Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "data reference" means—a construction which, based on the Federal Circuit's ruling and Google's motion for summary judgment, should not be at issue here, but for the fact that HyperPhrase offers a different construction in its opposition to Google's motion for summary judgment of invalidity.

14. An AutoLink "trigger" (e.g. the words ISBN, book VIN, FedEx, UPS, etc.) is a modifier reference. Thompson Dec., ¶ 9; Niro Dec., Exh. F - Djabarov Decl., at ¶6 .

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "modifier reference" means. Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report is not itself evidence.

15. AutoLink uses both DRs and MRs to identify a specific record. Thompson Dec., ¶ 9.

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the terms "DRs," "MRs," and "identifying a specific record" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report is not itself and does not cite to supporting evidence—instead, consisting mainly of conclusory statements on a legal issue.  Google also objects that the record cited fails to specify how "both DRs and MRs" are used to "identify a specific record."

16. After a user has pressed the AutoLink button, AutoLink identifies a token as a DR if, and only if, the trigger, e.g., "book" in the case of an ISBN number, is found. Thompson Dec. ¶ 9; Niro Dec., Exh. F - Djabarov Decl. ¶6; Niro Dec., Exh. E - Djabarov Dep. 109:10-110:2; GOOG53446-58.

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "DR" means.  Google

further objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53. It is not disputed that AutoLink cannot create a first URL until after a user has pressed the AutoLink button. (Dkt. No. 33 at ¶ 4.)

17. The 10 digit number AutoLink uses as a token might refer to any set of objects with the cardinality of that 10 digit number, or it might be an identification number of some object other than a book. Even if the checksum agrees, it could be coincidence, something that would happen one out of 10 times, or it could be that the same checksum function was being used to check the validity of another identification number. Thus, the 10 digit number identified does not refer to only a specific book. Thompson Dec., ¶ 9.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to discern its veracity and based purely on conjecture and logical fallacies. It is phrased as a hypothetical and, since this additional proposed finding of fact is not cited anywhere, it is unclear what the point is. Indeed, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version other than Dr. Thompson's speculation and argument (not evidence) that something else could also share the same value as, for instance, an ISBN to pertaining to a particular book.

18. It is only when an MR, such as "book" has been found within the vicinity of the 10 digit number that the program recognizes the 10 digit number to be a specific book. Thompson Dec., ¶ 9.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to discern its veracity. Google also objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "MR" means. Google further objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53. The evidence cited does not support HyperPhrase's conclusion, nor has HyperPhrase offered any evidence to contradict the evidence Google has cited. (Dkt. No. 33 at ¶ 6(a).)

19. Djabarov's testified that originally the software was written to only recognize patterns of consecutive strings of characters (for example, a 10 digit string, a 19 digit string). He further testified that this led to an unacceptable number of false positives. His testimony shows that the patterns of consecutive strings of characters that AutoLink identified were too general and would capture references that were not intended to be captured. Thompson Dec., ¶ 9; Niro Dec., Exh. E - Djabarov Dep. 109-110; GOOG53294-95; GOOG53446-4.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it contains improper grammar; it lacks sufficient context from which to glean its proper meaning or relevance; and/or it appears to rely on inconsistent findings of law. Furthermore, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 53.

10

20.  Djabarov wrote two kinds of software to make AutoLink work: the client software and the server software. Thompson Dec., ¶ 10; Niro Dec., Exh. E - Djabarov Dep. 30.

**Google's Response:**

Disputed only as to the AutoLink terminology.  "Client software" should read "AutoLink client software" and "server software" should read "AutoLink server software."


21.  The client software is part of the overall Google Toolbar package, and runs in conjunction with the browser software (e.g., Internet Explorer or Mozilla Firefox).  Thompson Dec., ¶ 10; Niro Dec., Exh. - F Djabarov Decl. ¶1-2.

**Google's Response:**

Undisputed, though see response to no. 20.


22.  The server software runs on Google servers. Thompson Dec., ¶ 10; Niro Dec., Exh. F Djabarov Decl. ¶10, 14.

**Google's Response:**

Undisputed, though see response to no. 20.


23.  The AutoLink client software searches the DOM page for a token and a trigger to build the link (text string of the URL) at the moment the user left-clicks the AutoLink button on the toolbar. Thompson Dec., ¶ 11; Niro Dec., Exh. F - Djabarov Decl. ¶8; Niro Dec., Exh. E - Djabarov Dep. at p. 44.

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual.  Google objects that this proposed finding of fact turns on legal conclusions, including but not limited to whether AutoLink scans the web page or the DOM and the claim construction of the term "data reference."  Google also objects that this proposed

11

finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, the cited portion of Dr. Thompson's report is only tangentially related to this issue and cites to no evidence that supports HyperPhrase's version of the proposed fact. It is not disputed that AutoLink can search the DOM file for tokens or triggers after the browser user has selected the AutoLink button.

24. The client software modifies the document which embodies the currently-displayed web page by surrounding the recognized text with a tag pair (known as an anchor tag). Thompson Dec., ¶ 11.

**Google's Response:**

Disputed. The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual or legal in nature. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-55. It is not disputed that the AutoLink client software creates a first URL, that can be added to the DOM file using the DOM API, to create an anchor tag, which can ultimately be rendered by the browser. However, Dr. Thompson cites to no evidence supporting the statement that the AutoLink client "modified the document which embodies the currently-displayed web page."

25. The client software links the anchor text to the Google server by automatically inserting the now-built URL string within the beginning anchor tag. Thompson Dec., ¶ 1; Niro Dec., Exh. F – Djabarov Decl. ¶ 8; Niro Dec., Exh. E – Djabarov Dep. At p. 48:19-22.

**Google's Response:**

Disputed. The statement is ambiguous and incomplete, providing insufficient context to determine whether it is factual. It is unclear what the phrase "anchor text to the Google server"

means.  Google objects that this proposed finding of fact turns on legal conclusions, including but not limited to whether AutoLink scans the web page or the DOM and the construction of the term "links."  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-58.  It is not disputed that the first URL points to a process on the AutoLink server.  (Dkt. No. 33 at ¶4.)  It is not disputed that the first URL can be inserted into an anchor tag.  (*Id*. at ¶ 8.)

26. For example, the sample URL string http://www.google.com/tbproxy/redir?hl=en&lt=isbn&q+047118494&lpi=0 will now exist inside the begin-tag of an anchor tag as the value of the HREF attribute (e.g., "<a id=[id value] HREF=[URL string]>").  Thompson Dec., ¶ 12; Niro Dec., Exh. F – Djabarov Decl. ¶ 10.

**Google's Response:**

Undisputed.

27.   Consistent with conventional HTML syntax, the "anchor text" of the ISBN number itself will now rest between this begin tag and an end tag (</a>).  Thompson Dec., ¶ 12; Niro Dec., Exh. F - Djabarov Decl. ¶8; Niro Dec., Exh. E - Djabarov Dep. at 97; GOOG53489.

**Google's Response:**

Undisputed.

28. Clients communicate messages to the server when the link is clicked by sending URLs with the proper address format: "http://www.google.com/tbproxy/[content]. "  Thompson Dec. ¶ 13; Niro Dec., Exh. F - Djabarov Decl. ¶10; Niro Dec., Exh. E - Djabarov Dep. At p. 79:3-10.

**Google's Response:**

Disputed.  Google objects to this statement as being ambiguous and/or incomplete, lacking sufficient context to determine whether it is factual.  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  See HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-58.  It is not disputed that the AutoLink client can send the first URL to the AutoLink server when the hyperlink shown in the browser is selected by the user.  (Dkt. No. 33 at ¶ 11.)

29.  The string "tbproxy" within the URL stands for "Toolbar proxy." Thompson Dec., ¶ 13.

**Google's Response:**

Disputed.  It is unclear in what capacity this statement either clarifies or adds to the reasons HyperPhrase opposes Google's motion for summary judgment, and so this additional proposed finding of fact is unnecessary.  It is not disputed that the string "tbproxy" in the first URL refers to the Google Toolbar proxy server.

30.  The content at the end of the URL contains information recognized from the webpage.  An example content string is "redir?hl=en&lt=isbn&q=0471118494&lpi=0." (See Niro Dec., Exh. F - Djabarov Decl. at ¶10). Here, within the content string, "hl=en" is considered a "name-value" pair for "human language = English." Likewise, "lt=isbn" is a name-value pair for "link type = ISBN"; "q=0471118494" is a name-value pair for "query = 0471118494" (where the query content has been extracted from the web page by the client); and "lpi=0" is a name-value pair for "link-provider index = 0." (See Niro Dec , Exh. F - Djabarov Dep. at 80). Thompson Dec., ¶ 13.

14

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine its meaning, relevance, and/or veracity.  The only information in the "content string" referred to by HyperPhrase that pertains to information from a web page is the string "0471118494."  Dkt. No. 33 at ¶¶ 4 and 10.

31.  A URL address is a protocol for addressing content in the World Wide Web, i.e., it is a standard format for addressing data stored in databases on the Web. Thompson Dec., ¶ 13.

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine its meaning, relevance, and/or veracity.  Furthermore, it is not a statement of fact, but a legal conclusion turning on what the term "standard format for addressing data stored in databases on the Web" means, perhaps as it refers to the '889 patent.  Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the proposed fact.

32.  The Computer Desktop Encyclopedia (1999) defines a URL as "an address that defines the route to a file on the Web or any other Internet facility;" and Microsoft Press' Computer User's Dictionary (1998) defines a URL as "An address for a resource on the Internet." Thompson Dec., ¶ 13.

**Google's Response:**

Undisputed.  It is unclear what this statement means or why it is significant, particularly given that the dictionary is dated long after HyperPhrase's alleged dates of invention.

15

33. A URL is a standard for formatting addresses that enables interoperability among distributed databases found on the World Wide Web. Thompson Dec., ¶ 13.

**Google's Response:**

Disputed. The statement is ambiguous and incomplete, providing insufficient context to determine its meaning, relevance, and/or veracity. Moreover, it seems to be redundant with HyperPhrase's additional proposed finding of fact no. 31. Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the proposed fact. Google also objects that this proposed finding of fact turns on legal conclusions, including but not limited to various and conflicting claim constructions, such as for the term "database."

34. A URL enables interoperability because it is an industry recognized standard that specifies the protocol to be used in accessing the resources of a distributed network of databases such as those that exist on the World Wide Web. Thompson Dec., ¶ 14.

**Google's Response:**

Disputed. The statement is ambiguous and incomplete, providing insufficient context to determine its meaning, relevance, and/or veracity. Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the proposed fact. Google also objects that this proposed finding of fact turns on legal conclusions, including but not limited to various and conflicting claim constructions. It is not disputed that a URL is a standard used with the HTTP protocol, and that a URL can cause information to be sent from a server on the Internet to a client computer.

16

35.  One part of the URL provides the physical location of a given computer on the network. Thompson Dec., ¶ 14.

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine its meaning, relevance, and/or veracity.  Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the proposed fact.  It is not disputed that one part of a URL can give the resource name of a server on a network.

36.  Another part of the URL gives the location of the information being accessed in the directory structure of a given computer. Thompson Dec., ¶ 14.

**Google's Response:**

Disputed.  The statement is ambiguous and incomplete, providing insufficient context to determine its meaning, relevance, and/or veracity.  Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the proposed fact.  It is not disputed that one part of a URL can give the resource name, including a path, of information or a service on a network.

37.  AutoLink, like the claimed invention, takes advantage of this standardized format for addressing records over a distributed network, such as the World Wide Web. Thompson Dec., ¶ 14.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on various and conflicting claim constructions and is itself more properly considered a legal conclusion rather

than a fact. Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the proposed fact. Finally, Google objects that this proposed finding of fact relies upon Dr. Thompson's untimely new infringement theories, including his new theory under the doctrine of equivalents. It is not disputed that the AutoLink feature use URLs.

38. Because AutoLink utilizes this standardized URL format it is able to retrieve records that are located on a wide variety of databases owned by third parties. Thompson Dec., ¶ 14.

**Google's Response:**

Disputed. Google objects that this proposed finding of fact turns on various and conflicting claim constructions. Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the fact, particularly how AutoLink URLs in fact "retrieve records that are located on a wide variety of databases owned by third parties."

39. AutoLink currently recognizes four general types of information. Thompson Dec., ¶ 15; Niro Dec., Exh. F - Djabarov Decl. ¶4.

**Google's Response:**

Undisputed.

40. These are: ISBN numbers, Vehicle ID (VIN) numbers, FedEx/UPS/USPS express tracking numbers, and postal addresses. Thompson Dec., ¶ 15; Niro Dec., Exh. E - Djabarov Dep. 36.

**Google's Response:**

Undisputed.

18

41. Clicking a linked ISBN number pulls up the web page of a book vendor (e.g., Amazon.com), to allow the user to purchase the book. Thompson Dec., ¶ 15.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it lacks sufficient context from which to discern its veracity; and/or it appears to rely on inconsistent findings of law, including but not limited to what the construction of the term "linked" means. Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-58.

42. Clicking a linked VIN number pulls up a Carfax.com page, to allow the user to check the maintenance history of that specific car. Thompson Dec., ¶ 15; Niro Dec., Exh. F - Djabarov Decl. ¶13.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it lacks sufficient context from which to discern its veracity; and/or it appears to rely on inconsistent findings of law, including but not limited to what the construction of the term "linked" means. Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-58. Furthermore, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the cited reports are not themselves evidence.

19

43. Clicking a linked tracking number pulls up the related package tracking page, to allow the user to track a package. Thompson Dec., ¶ 15; Niro Dec., Exh. F - Djabarov Decl. ¶14.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it lacks sufficient context from which to discern its veracity; and/or it appears to rely on inconsistent findings of law, including but not limited to what the construction of the term "linked" means. Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-58.

44. Clicking a linked postal address pulls up a Google Maps, or Google Earth, screen for that address. Thompson Dec., ¶ 15; Niro Dec., Exh. F - Djabarov Decl. ¶14.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it lacks sufficient context from which to discern its veracity; and/or it appears to rely on inconsistent findings of law, including but not limited to what the construction of the term "linked" means. Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-58. Furthermore, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the cited reports are not themselves evidence.

45.  In each case, once the link is clicked, no more manual intervention is required. Thompson Dec., ¶ 15; Niro Dec., Exh. F - Djabarov Decl. ¶14; Niro Dec., Exh. E - Djabarov Dep. 54-56.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "link" means.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 57.

46.  In the case of numerical expressions, the client software searches for a number format (e.g., 10 digits in the case of an ISBN number), and if it finds text corresponding to that number format, then determines if another text pattern is nearby that confirms the meaning of the 10 digits (e.g., for ISBN number, the text can be "isbn," "book" or "publication"). Thompson Dec., 16.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, containing improper grammar and lacking sufficient context from which to glean its proper meaning or relevance.  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53.  It is not disputed that, in most cases, the AutoLink client searches for a token, followed by searching for a trigger.  (Dkt. No. 33 at ¶ 6(a).)

47.   Unless it finds the right text pattern near an otherwise recognized numerical expression, AutoLink will not form any link. Thompson Dec., ¶ 16; Niro Dec., Exh. F - Djabarov Decl. ¶5; Niro Dec., Exh. E - Djabarov Dep. at p. 31:21 -35:16; 95:9 -98:14; 117:7 -121:8; GOOG53512-19; GOOG53482-95.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "link" means.  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 53-54.


48.   In the case of postal address expressions, the responsibility for building the to - be¬inserted URL string is shared between the client and a particular Google server. Thompson Dec., ¶ 17; Niro Dec., Exh. F - Djabarov Decl. ¶14; Niro Dec., Exh. E - Djabarov Dep. at p. 65.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or contextually incomplete regarding its references to the "client" and "server."  To the extent it is coherent, however, it appears to address an issue not in dispute.


49.   After clicking the toolbar AutoLink button, the light blue highlighting around the postal address appears in the visible part of the web page at the same time the invisible part of the web page (the HTML document) surrounds that postal address with a new tag pair which includes a new URL to the "www.google.com/tbproxy" server. Thompson Dec., ¶ 17; Niro Dec., Exh. F - Djabarov Decl. ¶4, 8; Niro Dec., Exh.- Djabarov Dep. at p. 48.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the reports cited are not themselves evidence and do not cite to no evidence that supports HyperPhrase's version of the fact. Furthermore, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-55.

50.  In all cases, the client software inserts a specific type of URL address into the begin anchor tag – a redirect request. Thompson Dec., ¶ 18.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or contextually incomplete regarding the phrase "type of URL."  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 54.  It is not generally disputed that the AutoLink client can create a first URL that is also called a redirect request URL.

51.  That is why "redir?" is part of the URL address. Thompson Dec., ¶ 18.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, containing improper grammar and/or lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  To the extent it is coherent, however, it is vague with respect to the term "address."  Furthermore, Google objects to this proposed finding of fact in

23

that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 58.  It is not disputed that the string "redir?" in a first URL can invoke a command called a redirect request on the AutoLink server.


52.  After the user clicks the light blue link, the Google "tbproxy" server receives that URL.  Thompson Dec., ¶ 18; Niro Dec., Exh. E – Djabarov Dep. At p. 48.

**Google's Response:**

Undisputed.


53.  At this point, the redirect request causes a server process to parse and extract the name-value pairs from the content of this "redir?" URL.  Thompson Dec., ¶ 18; Niro Dec., Exh. E – Djabarov Dep. At p. 49, 92.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, containing improper grammar and/or lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 58.


54.  The server then uses those name -value pairs to determine which URL template will be selected, and what content will "fill in" (i.e., instantiate) the blank fields of that template. Now, having just built a new URL, the server serves it to the client computer. In final step, the

user's client computer will then "redirect" the user's web browser to the web page of this new URL. Thompson Dec., ¶ 18.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, containing improper grammar and/or lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  To the extent it is coherent, however, it is erroneous with respect to whether the client's computer redirects the user's web browser to a web page. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 58 and 60.  It is not disputed that the second URL, or redirect URL, will be sent from the AutoLink server to the user's client computer, the web browser will forward the second URL to yet another server, and that other server may return information to the browser.  (Dkt. No. 33 at ¶¶ 11-14.)

55.  AutoLink has about twenty different possible templates. Thompson Dec., ¶ 19.

**Google's Response:**

Undisputed that the AutoLink server has about twenty possible templates corresponding to the second URLs (also called redirect URLs).

56.  One of them is: "http://www.amazon.com/exec/obidos/ASIN/{text}." The server fills (i.e., instantiates) the actual ISBN number (e.g., 0471118494) into the field denominated "{text}" and serves the whole URL back to the AutoLink client software, whereupon the client redirects the browser to that page. Thompson Dec., ¶ 19; Niro Dec., Exh. F - Djabarov Decl. ¶10.

25

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, containing improper grammar and/or lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  To the extent it is coherent, however, it is erroneous with respect to what the client actually sees.  Furthermore, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the cited declarations themselves are not evidence and contain no citations to supporting evidence. Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 58.  It is not disputed that the template for an ISBN for Amazon is as described, but the second URL (or redirect URL) is not sent back to the AutoLink client software, and HyperPhrase cites to no evidence that it is.  (Dkt. No. 33 at ¶¶ 11-12.)

57.  This redirect process is transparent to the user. Thompson Dec., ¶ 20.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  The AutoLink process requires two manual user interventions, once to select the AutoLink button, and the second to select the hyperlinked first URL, so it is unclear what this additional proposed finding of fact means.  (Dkt. No. 33 at ¶¶ 8 (selecting the AutoLink button) and 11 (selecting the hyperlink).  It is not disputed that the user might not know that its browser received a redirect URL.

26

58.  The user simply perceives that clicking the light blue link returns an amazon.com web page showing everything needed to buy the book. The following steps all happened automatically, without user intervention: (1) sending the redirect request to the server, (2) find a new URL template at the server based on the content of that redirect request, (3) instantiating the fields of that template based on other content from the redirect request, (4) serving the fully built new URL back to the client computer, and (5) the client computer redirecting the user's browser to the web page corresponding to the new URL.  Thompson Dec., ¶ 20.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or erroneous with respect to, at least, whether step (1) requires user intervention.  Google also objects that this proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the term "web page" means.  Furthermore, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57, 58, and 60.  The AutoLink process requires two manual user interventions—one to select the AutoLink button, and a second to select the hyperlinked first URL—so it is unclear what this additional proposed finding of fact means.  (Dkt. No. 33 at ¶¶ 8 (selecting the AutoLink button) and 11 (selecting the hyperlink).  It is not disputed that the user might not know that its browser received a redirect URL.

## The '321 Patent

59.  AutoLink uses both DRs and MRs to identify a specific record.  Thompson Dec., ¶32.

27

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it contains improper grammar; it lacks sufficient context from which to glean its proper meaning or relevance; and/or it appears to rely on legal conclusions, including but not limited to inconsistent constructions of the terms "DRs" and "MRs."  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence and cites to no evidence that supports HyperPhrase's version of the facts.  In fact, Dr. Thompson states it is merely his *opinion* that AutoLink uses both DRs and MRs to identify a specific record. Thompson Dec. (4/11/08), at ¶32.

60.  An AutoLink "token" (e.g. a pattern of consecutive strings of characters, such as a ten digit string, a nineteen digit string, etc. ) is a data reference ( "DR"). Thompson Dec., ¶32, Niro Dec., Exh. F - Djabarov Decl., at ¶ 6.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on—and, indeed, is itself—a legal conclusion, including but not limited to what the construction of the term "DR" means.

61.  An AutoLink "trigger" (e.g. the words ISBN, book VIN, FedEx, UPS, etc.) is a modifier reference. Thompson Dec., ¶32, Niro Dec., Exh. F - Djabarov Decl., at ¶6.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on—and, indeed, is itself—a legal conclusion, including but not limited to what the construction of the term "modifier reference" means.

62. Djabarov states that AutoLink assumes that when a token, such as a 10 digit number is found (maybe after also checking the checksum), it is an ISBN. This is incorrect because the computer software does not make any assumptions. A computer is programmed to only recognize whether a condition is satisfied or not satisfied.  Thompson Dec., ¶32 .

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts. Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 52, where HyperPhrase disputes its own additional proposed finding of fact: "If a token is found, it is assumed to be the type of information associated with its format.  (4/10/08 Declaration of Paul Thompson, Ph.D. ¶ 10; Djabarov Decl. ¶ 6a)."


63. AutoLink is programmed to parse a document to identify whether the conditions established for a token are satisfied or not satisfied. Thompson Dec., ¶32.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  It is unclear whether HyperPhrase is referring the AutoLink client or the AutoLink server, or what the term "parsing" means in this context.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's

proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53.  It is not disputed that AutoLink operates on the DOM file created by the browser.  (*Id*.)  It

64.  AutoLink software will search a document for the presence of a pattern of consecutive string of characters, such as a 10 digit string in the case of ISBN numbers. Thompson Dec., ¶32 .

**Google's Response:**

Disputed.  This additional proposed finding of fact seems redundant with no. 63 and Google objects on the same grounds.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  To the extent is coherent, however, it is erroneous with respect to whether AutoLink parses a document—it parses a DOM.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53.  It is not disputed that the AutoLink client will search the DOM file for a consecutive string of characters, such as a 10 digit ISBN, but it is looking for the format, not for a particular matching character string.  (Dkt. No. 33 at ¶ 6(a).)

65.  If this condition is not satisfied, then AutoLink will not identify a referenced record. If, on the other hand, this condition is satisfied, AutoLink will proceed to the next step of the program. Thompson Dec., ¶32 .

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity, and turning on one or more legal conclusions, such as "identify a referenced record."  It is

unclear what the "next step of the program" means, for instance, or what "this condition" means in context.  As additional non-limiting examples, it is unclear both what "condition" is to be satisfied and what the construction of the term "reference" means.  Google next objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53.

66.  Note, however, AutoLink will not yet identify a referenced record if this condition is satisfied. AutoLink requires the document to be further parsed to search for a trigger. Thompson Dec., ¶32.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity, and that is seeks a legal conclusion, including depending upon what the term "identify a referenced record means."  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 52-53.  HyperPhrase offers no evidence that a DOM file is parsed a second time, much less to search for a trigger, nor does it indicate how this is relevant to Google's motion for summary judgment of noninfringement.

67. AutoLink identifies the token as a data reference if, and only if, the trigger, e.g., "book" in the case of an ISBN number, is found. Thompson Dec., ¶32.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "data reference" and "modifier reference" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 53.  This statement is not correct either.  (Dkt. No. 33 at ¶ 10.)

68. The 10 digit number token of AutoLink may refer any to set of objects with the cardinality of that 10 digit number, or it might be a number representing some object other than a book, such as a phone number. Thompson Dec., ¶33.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "data reference" and "modifier reference" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts, and it is mere speculation.  While it is theoretically possible that a token assumed to be an ISBN could also be an improperly formatted 10 digit phone number that also meets the conditions for having the format of an ISBN, Dr. Thompson offers no evidence of this, nor are the two possibilities mutually exclusive; so it is unclear,

particularly given that this additional proposed finding of fact is not cited anywhere, what this statement is supposed to mean in context.

69.  Even if the checksum agrees, that could be a coincidence, something that would happen one out of 10 times, or it could be that the same checksum function was being used to check the validity of another identification number. Thompson Dec., ¶33; Niro Dec., Exh. E - Djabarov Dep. at p. 109-110.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete. Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports this inconclusive speculation about what other things a token identified as an ISBN could be.

70.  Thus, the 10 digit number AutoLink uses is not limited to only a single book. Thompson Dec., ¶33.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "data reference" and "modifier reference" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts.  Does he mean that more than one book could have the same ISBN, or something else?  It is unclear from the context of the statement.

71.  It is only when an MR or trigger, such as "book," has been found in accordance with the criteria established by the AutoLink program that a data reference or token will be identified as referring to a specific book. Thompson Dec., ¶33

**Google's Response:**

Disputed.  This statement is redundant with additional proposed finding of fact no. 67. Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "data reference," "modifier reference" (or "MR"), and "identified" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts.

72.  Djabarov testified that originally the software was written to only recognize patterns of consecutive strings of characters (for example, a 10 digit string, a 19 digit string), which led to an unacceptable number of false positives. Thompson Dec., ¶34; Niro Dec., Exh. E - Djabarov Dep. at p. 109-110.

**Google's Response:**

Undisputed.

73.  The patterns of consecutive strings of characters identified by a previous version AutoLink were too general and it would capture references that were not intended be to captured (i.e. the criteria established for the token were not specific enough). Thompson Dec., ¶34; Niro Dec., Exh. E - Djabarov Dep. at p. 109 -110.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "data reference" and "modifier reference" mean (the statement uses the term "references").  Google

34

further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

74.   Djabarov testified that the program had to be changed to allow AutoLink to further search for a modifier reference, i.e. a trigger, to more specifically define the data reference to enable AutoLink to identify a referenced record. Thompson Dec., ¶34; Niro Dec., Exh. E - Djabarov Dep. at p. 109-110; GOOG53294-95; GOOG53446-47.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "data reference," "modifier reference," and "identify a referenced record" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

75.   AutoLink now uses a modifier reference in the form of a trigger to more specifically define the token. Thompson Dec., ¶34; Niro Dec., Exh. E - Djabarov Dep. at p. 109-110; GOOG53294-95; GOOG53446-47.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the term "modifier reference" means.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

76.   For example, a token that uses a 10 digit string of characters as its criteria in AutoLink may be any 10 digit string of characters, but it will only become the specific type of ten digit string of characters representing a particular book when it is accompanied by a modifier

35

reference such as the word "book" or the acronym "ISBN." Thompson Dec., ¶34; Niro Dec., Exh. E - Djabarov Dep. at p. 109-110; GOOG53294-95; GOOG53446-47.

**Google's Response:**

Disputed. Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the term "modifier reference" means. Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 52.

77. AutoLink therefore uses a modifier reference in the same manner as disclosed in the '321 patent because in the '321 patent the token that uses "ECG" as the criteria may refer to any ECG and will only become the specific ECG, such as a previous ECG, if it is accompanied by the modifier reference "previous." Thompson Dec., ¶34.

**Google's Response:**

Disputed. Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the term "modifier reference" means. Finally, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports its version of the facts.

78. AutoLink takes several specific actions once the AutoLink button has been pressed. AutoLink analyzes the referencing record to identify a DR, i.e. token. Thompson Dec., ¶35, GOOG53446-58, GOOG53512-14, GOOG53494-507.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the construction of the term "referencing record" "data reference" or "DR" and "identify" mean.  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

79.  When it identifies such a token e.g. a 10-digit string of characters for an ISBN number, then AutoLink must identify an MRRS, i.e. . a modifier reference rule set, which provides rules that enable AutoLink to determine whether the 10-digit string of characters are specific to an ISBN number or whether the 10-digit string of characters do not represent an ISBN number. Thompson Dec., ¶35, GOOG53446-58, GOOG53512-14, GOOG53494-507.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the construction of the term "modifier reference rule set" ("MRRS") means.  To the extent it is coherent, however, it addresses an issue not properly in dispute according to Google's motion for summary judgment—namely, the construction of the term "MRRS."  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

80. Each type of data reference has its own MRRS. Thompson Dec., ¶35, GOOG53446-58, GOOG53512-14, GOOG53494-507.

**Google's Response:**

Disputed.  This additional proposed finding of fact is redundant with no. 79.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "modifier reference rule set"

("MRRS") and "data reference" mean. To the extent it is coherent, however, it addresses an issue not properly in dispute according to Google's motion for summary judgment. Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

81. AutoLink uses the MRRS to identify the MR and the criteria for analyzing a document to determine whether a specific data reference exists. Thompson Dec., ¶3 GOOG53446-58, GOOG53512-14, GOOG53494-507.

**Google's Response:**

Disputed. Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "modifier reference rule set" ("MRRS") and "MR" mean.

82. After AutoLink identifies the MRRS that is specific to the data reference, AutoLink continues to analyze the document to establish whether or not the MR and DR satisfy the criteria. Thompson Dec., ¶35, GOOG53446-58, GOOG53512-14, GOOG53494-507.

**Google's Response:**

Disputed. Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the constructions of the terms "modifier reference rule set" ("MRRS"), "MR," and "DR" mean. To the extent it is coherent, however, it addresses an issue not properly in dispute according to Google's motion for summary judgment.

83. If the criteria are satisfied, the referenced record has been identified and AutoLink inserts a URL and hyperlink in the document. Thompson Dec., ¶35, GOOG53484-95.

**Google's Response:**

Disputed. Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the construction of the "when"

38

limitation and the terms "referenced record" and "identified."  Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-56.

84.  Each of these steps occur immediately after the activated AutoLink button has been pressed and without the need for any further user action. Thompson Dec., ¶35.

**Google's Response:**

Disputed.  Google objects to this statement as ambiguous and incomplete, for at least the reason that it turns on a legal conclusion regarding what the construction of the term "when" means and is non-specific regarding what steps occur.  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-56.  Lastly, the statement is an attempt to misdirect the reader.  It is referring to something that happens before the hyperlink is added to the DOM; then it is used by HyperPhrase in the next additional proposed finding of fact to suggest that there is not another, separate manual intervention between when the hyperlink is added to the DOM and when the second URL is created.   Whether or when or what happens after "immediately after" the AutoLink button is selected is generally not an issue in Google's motion for summary judgment of noninfringement.

85.  Accordingly, each of the steps (ii)(a)-(c) required by claim 1 of the '321 patent are performed in real-time. Thompson Dec., ¶35.

**Google's Response:**

Disputed. *See* Google's response to additional proposed finding of fact no. 84. Google objects to this statement as being ambiguous, inconsistent, and itself an improper legal conclusion rather than a factual statement. Google also objects to this proposed finding of fact insofar as it turns on various and conflicting claim constructions, including but not limited to what the term "when" means. This statement is also contradict by other of HyperPhrase's additional proposed findings of fact, including but not limited to no. 52 and 111. In the interest of simplifying issues for the Court, Google's motion for summary judgment of noninfringement focuses only on step (ii)(c), not steps (a) and (b) as well, so this additional proposed finding of fact is largely irrelevant and unnecessary for the court to deal with in deciding Google's motion.

86. AutoLink must first have identified the referenced record before that link can be created. Thompson Dec., ¶36.

**Google's Response:**

Disputed. Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the terms "identified the referenced record" and "link" mean. Google further objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

87. A computer system must first identify what must be retrieved before it can create a link to retrieve it. Thompson Dec., ¶36.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it lacks sufficient context from which to glean its proper meaning or relevance; and/or it appears to rely on inconsistent findings of law.

Specifically, the statement is non-specific regarding what computer system performs the identification, and its veracity turns on what the constructions of the terms "identify" and "link," mean. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

88. The URL address inserted into the DOM document is the only identifying information the AutoLink server receives before creating the new URL address for the specific database in which the identified referenced record is held. Thompson Dec., ¶36.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete for one or more of the following reasons: it lacks sufficient context from which to glean its proper meaning or relevance; and/or it appears to rely on inconsistent findings of law. Specifically, the statement is non-specific regarding what identifying information is received, and its veracity turns on what the constructions of the terms "identifying" "reference record," and "database" mean. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts, including that no other information is received by the AutoLink server.

89. Once the user has selected the hyperlink associated with the URL address inserted into the DOM document the referenced record is automatically retrieved and displayed on its monitor without requiring the user to take any additional steps. Thompson Dec., ¶36.

41

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and of questionable relevance.  It also turns on the construction of the term "referenced record."  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts. Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 56-60.

90.  The operation of AutoLink provides further evidence that it must have already identified the referenced record even before the URL address created by the AutoLink server was created. Thompson Dec., ¶36.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "referenced record" means.  It is also unclear which "URL address created by AutoLink" means in this sentence.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

91.  AutoLink uses a token to establish criteria for its data references. Thompson Dec ¶37.

**Google's Response:**

Disputed.  The statement is incoherent and Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "data references").

92.  The AutoLink token is a specifying reference ( "SR"). Thompson Dec., ¶37.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on—and is, in fact, itself—a legal conclusion.  As a non-limiting example, the statement turns on what the constructions of the terms "specifying reference" ("SR"), "data reference," and "modifier reference" mean, especially given that there are two operative constructions being asserted by HyperPhrase—one for validity and another for infringement.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

93.  Djabarov testified that the SRs used by AutoLink were too general and captured references other than those that were intended to be linked.  For example, Djabarov testified that the SR for ISBN numbers failed to accurately identify book references about ten (10) percent of the time.  He also testified that this was an unacceptable result.  Thompson Dec., ¶37; Niro Dec., Exh. E - Djabarov Dep. at p. 109-110; GOOG53294-95; GOOG53446-47.

**Google's Response:**

Disputed.  This additional proposed finding of fact is redundant with HyperPhrase's additional proposed findings of fact nos. 19 and 73 and Google objects on the same grounds as stated in those additional proposed findings of fact.  Google further objects that this statement

seeks a legal conclusion, not a fact, in that it depends on the construction of the terms "SR" and "link."

94.  As such, the SR for the ISBN numbers is a seemingly general reference. Thompson Dec., ¶37.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "SR") and "seemingly general" and "reference."  Google further objects that this proposed finding of fact turns on—and is, in fact, itself—a legal conclusion.  Additionally, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

95.  To eliminate this problem and to make the SR for ISBN numbers relatively specific to just numbers representing a book, AutoLink takes advantage of modifiers such as the word "book" or the acronym "ISBN." Thompson Dec., ¶37.

**Google's Response:**

Disputed.  It is unclear what is meant by the phrase "make the SR for ISBN numbers" and HyperPhrase's statement is therefore ambiguous.  Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the terms "SR" and "relatively specific" and "modifiers" mean.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

96. The AutoLink program will search a DOM document for the presence of one of these modifiers in accordance with a rule that requires the modifier to occur within a specific location relative to the SR. Thompson Dec., ¶37.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting legal conclusions (including, e.g., the meaning of the terms "SR" and "modifiers." Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Mr. Thompson's declaration is itself not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts. It is not disputed, however, that the AutoLink client operates on the DOM file.

97. AutoLink includes a seemingly general SR that is modified by other record information to render the SR relatively specific. Thompson Dec., ¶37.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "SR," "seemingly general," and "relatively specific"). Google further objects that this proposed finding of fact turns on—and is, in fact, itself—a legal conclusion. Additionally, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

**The '889 Patent**

98.  AutoLink utilizes a standardized format for addressing data records. Thompson Dec., ¶22.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions, including "standardized format for addressing data records."  Google further objects that this proposed finding of fact turns on—and is, in fact, itself—a legal conclusion.  Additionally, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence and cites to no evidence that supports HyperPhrase's version of the facts.

99.  URLs are an industry standard format for addressing records on the World Wide Web. Thompson Dec., ¶22.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions, including "standardized format for addressing" and "records."  Google further objects that this proposed finding of fact turns on— and is, in fact, itself—a legal conclusion.  Google does not dispute that a URL is a standard and is used on the Internet.

100.    A URL is a standard format that allows the huge number of users and databases to be connected over the internet. Thompson Dec., ¶22.

**Google's Response:**

Disputed.  This statement is redundant with additional proposed finding of fact no. 99.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions.  Additionally, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  It is not disputed that URLs are a standard and can cause information from a server to be sent to a client.

101.    Because of this standard format, it is possible for a user to access information that is stored on databases controlled by completely unrelated parties. Thompson Dec., ¶22.

**Google's Response:**

Undisputed as to factual issues unrelated to claim construction, including the term "databases."

102.    AutoLink uses URLs to send messages from the AutoLink client to the AutoLink server to recover and display documents for the user. Thompson Dec., ¶22.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting legal conclusions.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and

47

indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-60. It is undisputed that the AutoLink client can communicate with the AutoLink server using a URL known as a redirect request URL. (See, e.g., Dkt. No. 33 at ¶ 10.)

103.    When the user clicks on the AutoLink link a redirect request URL is sent to the AutoLink server; this URL contains the identifying information corresponding to the referenced record. Thompson Dec., ¶22, Niro Dec., Exh. F - Djabarov Decl. ¶8; Niro Dec., Exh. E - Djabarov Dep. p. 48.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "referenced record" and "identifying information"). Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-55 and 57-58. It is not disputed that a redirect request URL is not sent to the AutoLink server until after the user clicks on the hyperlink with the redirect request URL in it.

104.    AutoLink server extracts the identifying information from the first URL to create a second URL. AutoLink accomplishes this by utilizing stored data tables that provide the exact format required to access the databases holding the referenced records. Thompson Dec., ¶22, Niro Dec., Exh. E - Djabarov Dep. at p. 92.

48

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning or relevance.  It also seeks a legal conclusion turning on the meaning of the terms "database," "reference record," and "format."  Specifically, the statement is imprecise regarding what data tables are utilized and regarding evidence of the databases to which HyperPhrase refers.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence, nor does the cited portion of his declaration or evidence explain what "stored data tables" mean in the statement above.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 58-60.  It is not disputed that the AutoLink server uses information from the first URL to create a second URL.  It is also not disputed that the AutoLink server has a file that identifies over 20 different templates for the second URL.

105.    Once the AutoLink server creates this second URL address, it is automatically forwarded in a manner that will recover and display the referenced record on the user's monitor. Thompson Dec., ¶22, Niro Dec., Exh. F - Djabarov Decl. ¶11; Niro Dec., Exh. E - Djabarov Dep. at p. 56.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning or relevance.  For instance, it is unclear what is mean by the statement "forwarded in a manner that will recover and dispute the referenced record on the user's monitor."  It also turns on legal conclusions, including what a

"referenced record' is. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 58-60. The materials cited as support for this statement do not support the breadth of the statement—though it is not disputed that the AutoLink server sends the second URL to the user's browser, and that the user's browser may forward that second URL to another server, and that this other server may return information to the browser. The AutoLink client is not involved in all of these steps and HyperPhrase offers no evidence to the contrary. (Dkt. No. 33 at ¶¶ 11, 12 and 14.)

106.    AutoLink utilizes the standard URL format for addressing referenced records in a manner that is consistent with the way URL addresses are used in the '889 patent. Thompson Dec., ¶22.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning or relevance. Furthermore, it turns on legal conclusions, including what the terms "standardized format for addressing" and "referenced records" mean. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.

107.    The '889 patent discloses a system that receives a URL address and is able to convert the first URL address into a second URL address that is specific to the database in which the referenced record is held. Thompson Dec., Niro ¶22, Dec., Exh. - I '889 col. 10:43-59.

**Google's Response:**

Disputed.  This statement turns on the constructions of the terms "database" and "referenced record."  It is not disputed that the '889 patent discloses aspects of a system that converts a URL with a specific address to one file into a URL with another specific address for the same file in the database in which that file is held.

108.    AutoLink and the '889 preferred embodiment accomplish converting a first URL address into a second URL address through the use of data tables that hold information identifying the correct format for the various databases. Thompson Dec., ¶22.

**Google's Response:**

Disputed.  This additional proposed statement seems redundant with our just a re-wording of no. 107 and Google objects for the same reasons as articulated there.  Google also objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions, including the terms "identifying" and "databases."  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 58-60.

109.    AutoLink parses a first data record to identify a second referenced record. Thompson Dec., ¶23, Niro Dec., Exh. F - Djabarov Decl. ¶8, 11; Niro Dec., Exh. E - Djabarov Dep. at p. 92.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "referenced record," "data record," and "identify").  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 58-60.

110.    Once the second record is identified, AutoLink inserts a URL address that is comprised of the necessary information to allow the AutoLink data translation and collection server to form a second address that is specific to the database in which the second record is held. Thompson Dec., ¶23, Niro Dec., Exh. E - Djabarov Dep. at p. 92.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions, including for "identifying," "address," and "database."  In particular, the proposed finding of fact is non-specific with regard to where the URL address is inserted.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed

finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 58-60. It is not disputed that the AutoLink client creates a first URL (the redirect request URL) that can be inserted into the DOM file. HyperPhrase cites to no evidence that there is such a thing as the "AutoLink data translation server."

111.    This first URL address is operable to retrieve a second data record because the user is only required to select the first URL address in order to retrieve and display the second record on the monitor. Thompson Dec., ¶23.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions—including of claim element 1(e) in the '889 patent—and as such calls for a legal conclusion. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts. Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 55-60.

112.    From the point at which the user selects the first URL, no further user action is required. Thompson Dec., ¶23, Niro Dec., Exh. F - Djabarov Decl. ¶11; Niro Dec., Exh. E - Djabarov Dep. at p.56.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, and thus it is unclear what the basis or reason for the statement is.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-56.  It is not disputed that if the user did nothing after manually selecting the first URL, it is possible information may be returned to the user's browser from a third party server.

113.    The only purpose for creating this first URL address is to place the identified referenced record in an operable form that allows the AutoLink system to process the identifying information so that the second data record can be retrieved from the appropriate database. Thompson Dec., ¶23.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions of the terms "address," "referenced record," "operable," "identifying information," and "database."  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-60.

114.    Even if the Court were to conclude that this first URL address does not literally satisfy the claim element requiring "a means for modifying said reference to said second data record to create an address, said address being operable to retrieve a second data record," what AutoLink does is insubstantially different than what is disclosed in the '889 in the patent. Thompson Dec., ¶24, Niro Dec., Exh. - I '889 patent, col. 17:6-8.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it turns on—and is, in fact, itself—a legal conclusion and furthermore Dr. Thompson's untimely and conclusory declaration regarding alleged infringement under the doctrine of equivalents.  As non-limiting examples, the proposed finding of fact relies on various and conflicting constructions of the term "reference," as well as on determinations of infringement under the doctrine of equivalents.

115.    The '889 patent describes the function of modifying a first data record to create an address that is operable to retrieve a second data record as enabling the computer system to be more efficient and user friendly. Thompson Dec., ¶24, Niro Dec., Exh. I - col. 2:65-3:23.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and seeks a legal conclusion regarding the meaning of the claim element 1(e) of the '889 patent. Furthermore, it turns on Dr. Thompson's untimely and conclusory declaration regarding alleged infringement under the doctrine of equivalents..  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the declarations cited are not themselves evidence.

116.    The reason this makes the computer system more efficient and user friendly because it enables the user to retrieve a second data record without having to know the address of

55

the second data record and without having to leave the first data record. Thompson Dec., ¶24
Niro Dec., Exh. E - Djabarov Dep. at 14, 18, 24.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete,
lacking sufficient context from which to glean its proper meaning, relevance and/or veracity.  It
is also seeking a legal conclusion on the issue of infringement under the doctrine of equivalents.
Additionally, the statement seems redundant with additional proposed finding of fact no. 115,
and is objectionable on the same grounds as raised there.  Google also objects that this proposed
finding of fact does not properly cite to evidence that supports HyperPhrase's version, including
that the declarations cited are not themselves evidence.

117.     This same function is accomplished by AutoLink when it modifies the first DOM
document to insert a URL address with the information necessary to allow AutoLink to recover a
second data record. Thompson Dec., ¶24, Niro Dec., Exh. E - Djabarov Dep. at p. 120.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it turns on legal conclusions.  As
non-limiting examples, the proposed finding of fact relies on various and conflicting
constructions of several claim terms, including claim element 1(e) of the '889 patent, and on a
determination of infringement under the doctrine of equivalents.  Furthermore, Google objects
that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's
version, including that the declarations cited are themselves not evidence.  For instance, the
evidence does not support the assertion "AutoLink recover[s] a second data record."  (Dkt. No.
33 at ¶¶ 11, 13, and 14(g)).  And finally, Google objects to this proposed finding of fact in that it
violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of
fact does not supplement the record, but rather responds to and indeed rewrites Google's

proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

118.     The reason that that URL address accomplishes the same function is because it allows a user to simply select the associated hyperlink to recover the second data record without having to know anything about the actual address for the second data record or without having to leave the first data record. Thompson Dec., ¶24.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turns on legal conclusions—e.g., regarding constructions of the terms "address" and "data record" and a determination of infringement under the doctrine of equivalents.  Furthermore, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the declarations cited are themselves not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  And finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

119.     Likewise, AutoLink accomplishes this function in a manner that is substantially the same as the way in which it is disclosed in the '889 patent. Thompson Dec., ¶25

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is conclusory and turns on a legal conclusion, including but not limited to a determination of infringement under the doctrine of equivalents.  Furthermore, Google objects to this proposed finding of fact in that it violates this

57

Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

120.    The '889 patent discloses inserting a URL address that can be selected by a user viewing the first data record to recover a second data record without any further user action. Thompson Dec., ¶25.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity. Specifically, the proposed finding of fact is imprecise with respect to what is meant by "further user action." Google also objects to this statement insofar as it turns on a legal conclusion, including but not limited to a determination of infringement under the doctrine of equivalents. Furthermore, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

121.    In at least one embodiment of the '889 patent, the URL address created in the first data record is converted into a new URL address that is specific to the database holding the referenced data by the data translation and collection system. Thompson Dec., ¶25, Niro Dec. Exh. I - '889 patent Figs. 3A, 3B, 12A, 14A, 14B; Col. -59. 10:43

**Google's Response:**

Disputed as to the context of the statement, which makes it ambiguous, and the term "URL address," because the URL is specific to the database and particular preexisting file that is

referenced.  Citation to Dr. Thompson's declaration is also objected to for the previously stated reasons.

122.     The '889 patent discloses using data tables to hold information that identifies the specific form in which the URL addresses must take to retrieve data from a wide variety of databases with varying formats. Thompson Dec., ¶25.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions.  To the extent it is coherent, however, it is erroneous regarding its assertion that the URL address takes a specific "form."  Citation to Dr. Thompson's declaration alone is also objected to for the previously stated reasons.

123.     AutoLink modifies a first data record with a URL address that is sent to Google's data translation and collection server for the purpose of converting it into a new URL address that is specifically formatted for the database in which the second data record is held. Thompson Dec., ¶25, Niro Dec., Exh. - F - Djabarov Decl. ¶11; Niro Dec., Exh. - E Djabarov Dep. at p. 82-89; 90-103; GOOG53358-70.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "data record," "address," "format," and "database").  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the reports cited are not themselves evidence.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's

59

proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.  There is no such thing as a "Google data translation and collection server" and no evidence is cited to the contrary.  Furthermore, HyperPhrase has offered no evidence of how the alleged databases, either Google's or those of third parties, use the second URL to locate information that may be returned to the browser.  (Dkt. No. 33 at ¶¶ 4(b), 13, and 14(g).)

124.    As a result, both a preferred embodiment of the '889 and AutoLink modify a first data record to insert a URL address that is operable by the systems to retrieve a second data record. Thompson Dec., ¶25.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "data record" and claim element 1(e) of the '889 patent).  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.  *See also* Google's response to HyperPhrase's additional proposed finding of fact no. 123 and Dkt. No. 33 at ¶¶ 4(b), 13, and 14(g).

125.    Although the URL address used by AutoLink is a different type of URL address than the one expressly disclosed the in '889 patent, the differences between these URL addresses

60

are insubstantial because both provide the respective systems with the information that is needed to make them operable to recover the desired record. Thompson Dec., ¶25.

**Google's Response:**

Disputed.  Google does not dispute that the address used by AutoLink is different than that disclosed in the '889 patent, but Google objects to this proposed finding of fact insofar as it turns on various and conflicting claim constructions and a legal conclusion regarding infringement under the doctrine of equivalents.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.  Also see Dkt. No. 33, e.g., at ¶¶ 10-14 (describing the various URLs in the AutoLink system, which are very different).


126.     The results of both URL addresses (URL address inserted by AutoLink and URL address inserted in the preferred embodiment) are the same because both URL addresses enable a user to simply select a data reference in the first record to retrieve a second data record. Thompson Dec., ¶25.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions (including, e.g., for "data record," "data reference," and "address").  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding

of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

127.    In addition, both URL addresses (URL address inserted by AutoLink and URL address inserted in the preferred embodiment) enable a user to retrieve a second data record from the computer system without having to actually know or manually enter the specific location at which the second reference can be found. Thompson Dec., ¶25.

**Google's Response:**

Disputed.  HyperPhrase's statement is confusing and Google objects insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance and/or veracity, and turning on various and conflicting claim constructions and a legal conclusion regarding alleged infringement under HyperPhrase's untimely doctrine of equivalents theory.  For example, the proposed finding of fact is vague regarding the computer system to which it refers and regarding the meaning of "data record."  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

128.    When AutoLink inserts the URL address for retrieving a second data record into the  first DOM, i.e. document object model, record, AutoLink is modifying the first data record. Thompson Dec., ¶26; Niro Dec., Exh. F - Djabarov Decl. ¶5; Niro Dec., Exh. E - Djabarov Dep. at p. 31-35; 95-98; 117-121; GOOG53512-19; GOOG53482-95.

**Google's Response:**

Disputed. HyperPhrase's statement is confusing. It is unclear, for instance, what "the first DOM, i.e., document object model, record" means, or what evidence supports the premise or conclusion of the statement since the cited materials do not. Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the terms and/or phrases "URL address for retrieving a second data record," "modify," and "data record" mean. Google further objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules. HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 55. It is not disputed, however, that the AutoLink client causes the DOM file to be modified so as to insert a first URL.


129.     The DOM is simply one of many different ways to represent a webpage. Thomson Dec., ¶26.

**Google's Response:**

Disputed. Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity. Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts. It is note disputed, however, that the DOM file is a new file that is based on a web page, and in that sense it presents information from a web page in a different way.


130.     The DOM is the data structure of a document (e.g. webpage) that is used to structure the document for display by the interactive display program on a user's computer. Thompson Dec., ¶26.

**Google's Response:**

Disputed.  HyperPhrase's statement is confusing and redundant, and Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  It is not disputed that the DOM file is a way to represent the logical structure of a web page.  It is, however, disputed that the DOM file is the file that is shown in the browser, and HyperPhrase points to no evidence to the contrary.

131.    In other words, the DOM representation of the displayed document is the computer understandable representation of the document. Thompson Dec., ¶26.

**Google's Response:**

Disputed.  It is not disputed that the DOM is computer understandable, or that is created from a web page, but Google otherwise objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

132.    The user typically sees the DOM document but without the clutter of the computer programming mark-up. Nevertheless, the DOM document and the displayed document are both the document. Thompson Dec., ¶26.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  To the extent the statement is coherent, however, it is erroneous.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  In fact, the evidence cited in HyperPhrase's opposition to Google's motion for summary judgment of infringement contradicts this statement.  *See* Dkt. No. 127 at 39, citing to Dkt. Nos. 125-14 and 125-15, describing the DOM as a "logical structure rather than as a collection of tagged words. In essence, DOM is a means of defining a document as treelike hierarchy of nodes in which the document is an object containing other objects…"  HyperPhrase has presented no evidence that the DOM file is what is displayed in the browser.

133.    Modifying the DOM document is modifying the document itself. Thompson Dec., ¶26.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion—specifically, that it relies upon Dr. Thompson's untimely new infringement theories, including his new theory under the doctrine of equivalents.  To the extent the statement is factual, however, it is false.  Google thus objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 55.

65

See Google's response to HyperPhrase's additional proposed finding of fact no. 132.

HyperPhrase offers no evidence that modifying the DOM file is the same thing as modifying the

webpage.  *See also* Dkt. No. 106 at ¶¶ 11-13 and supporting exhibits K-1, K-2, L-1 and L-2

attached thereto, to which HyperPhrase offers no response or critique.


134.    Modifying the DOM document is insubstantially different than modifying a

standard HTML document. Thompson Dec., ¶27.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion—

specifically, that it relies upon Dr. Thompson's untimely new infringement theories, including

his new theory under the doctrine of equivalents.  Google also objects that this proposed finding

of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr.

Thompson's report itself is not evidence and cites to no evidence that supports HyperPhrase's

version of the fact.  Indeed, the cited portion of Dr. Thompson's declaration states it is merely his

*opinion* this statement is true—not that it is *in fact* true.  Finally, Google objects to this proposed

finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's

additional proposed finding of fact does not supplement the record, but rather responds to and

indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's

Proposed Finding of Fact (Dkt. No. 131) Nos. 55 and 133.  HyperPhrase offers no evidence that

modifying the DOM file is the same thing as modifying the webpage.  *See* Dkt. No. 106 at ¶¶ 11-

13 and supporting exhibits K-1, K-2, L-1 and L-2 attached thereto, to which HyperPhrase offers

no response or critique.


135.    The function of inserting the anchor tags into DOM, the rather than directly into

the original document, is not a substantial difference. Thompson Dec., ¶27.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on a legal conclusion—specifically, that it relies upon Dr. Thompson's untimely new infringement theories, including his new theory under the doctrine of equivalents.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 55.


136.    The '889 patent teaches that the function served by modifying the first data record to include an address that is operable to recover a second data record is to allow a user to recover a second data record directly from the first data record. Thompson Dec., ¶27; Niro Dec., Exh. I - '889 patent col. 4:12-13, 2:65-3:23.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity, and turns on legal conclusions, including the meaning of claim element 1(e) of the '889 patent and HyperPhrase's new, untimely doctrine of equivalents theory.  Google therefore objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

137.    Modifying the first document to insert anchor tags that create a link to a second document enables the user to use the first data record to recover and display a second document. Thompson Dec., ¶27.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on legal conclusions. For example, the statement relies upon Dr. Thompson's untimely new infringement theories, including his new theory under the doctrine of equivalents, as well as upon the legal constructions of the terms "link" and "data record" and the meaning of claim element 1(e) of the '889 patent.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.


138.    By inserting anchor tags into the DOM document, AutoLink is enabling a user to access a second document from the first DOM document. Thompson Dec., ¶27; Niro Dec., Exh F - Djabarov Decl. ¶5; Niro Dec., Exh. E - Djabarov Dep. at p. 31-35; 95 -98; 117-121; GOOG53512-19; GOOG53482-95.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity. Furthermore, the statement turns on a legal conclusion, including the construction of claim element 1(e) and HyperPhrase's new, untimely, doctrine of equivalents theory.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.

68

HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact. *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

139.    The way in which a link between two documents is created is insubstantially different when dealing with DOM documents and standard HTML documents. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact turns on legal conclusions. For example, the statement relies upon Dr. Thompson's untimely new infringement theories, including his new theory under the doctrine of equivalents, as well as upon the legal construction of the term "link."  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Specifically, Dr. Thompson does not explain, specify, or cite evidence detailing how DOM documents are modified through the DOM API (see Dkt. No. 131 at no. 61, which is undisputed).  Nor does he explain, specify, or cite evidence as to how standard HTML documents are modified.  Nor does he compare how modification of either of the two different types is insubstantially different.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

140.    In the '889 patent, the anchor tags were inserted into the HTML document to create a link between the two documents. Thompson Dec., ¶28; Niro Dec., Exh. I - '889 patent 3:50-54.

**Google's Response:**

Disputed.  The cited portion of the '889 patent says nothing about anchor tags, nor does the term "anchor tag" occur in the '889 patent.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the cited declarations are not themselves evidence.


141.     HTML and XML are two different mark-up languages for representing documents. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, particularly how this makes any difference to Google's motion for summary judgment.  It is not disputed that HTML and XML are markup languages.


142.     Both languages, however, are used to insert begin tags and end tags into a first document to designate a link to a second document. This is done according to the standardized hypertext protocol. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity— particularly with respect to the phrase "standard hypertext protocol."  Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence. Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  It is not disputed that HTML and XML use tags.  HyperPhrase offers absolutely no evidence to support its statement that "this is done according to the standardized hypertext protocol."

70

143.    At the time of the '889 patent, XML was a very new technology and was not well defined at that time. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  This additional proposed finding of fact is irrelevant and unnecessary for the court to resolve in deciding Google's motion for summary judgment.  Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

144.    DOM did not become available in Internet Explorer and Netscape until after the filing date of the '889.  Thompson Dec., ¶28.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  Google therefore objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence and contains no internal citations to supporting evidence.

145.    The anchor tags that are used to create links in the DOM document are virtually identical to the anchor tags that were placed in an HTML document. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity (e.g., regarding the HTML document to which it refers).  Accordingly, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version,

including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.

146.     The principal difference between working with an HTML document and a DOM document is that a DOM document provides greater flexibility and functionality to a programmer.  For example, creating links in an HTML document required greater programming skill than is required by a DOM document because a DOM document provides an application programming interface to the document. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  This additional proposed finding of fact is irrelevant to the court's findings regarding Google's motion for summary judgment of noninfringement.  Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Google also objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) No. 60.

147.     AutoLink utilizes the newer XML DOM document to create a link to another document. Thompson Dec., ¶28; Niro Dec., Exh. E - Djabarov Dep. at p. 32; 116-117; GOOG53512-19; GOOG53482-95).

**Google's Response:**

Disputed.  Although Google agrees that AutoLink uses DOM APIs that accompany a browser, and operates on a DOM, Google otherwise objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity, and apparently relying on inconsistent findings of law (e.g., regarding

the meaning of the term "link").  Google also disputes that it inserts a "link to another document" and that HyperPhrase has offered any evidence to the contrary.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed findings of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 55 and 61.

148.    The anchor tags that AutoLink uses to create this link are the exact same type of anchor tags that are used in the HTML document disclosed '889 in the patent. Thompson Dec ¶28.

**Google's Response:**

Disputed.  This statement's assertion that the referenced anchor tags are "exactly the same" is inconsistent with the assertions contained in HyperPhrase's PFOF numbers 143, 144, and 147.  Furthermore, the term "anchor tag" does not even occur in the '889 patent, nor does the additional proposed finding of fact or Dr. Thompson's declaration show where this statement is supported.  It also seeks a legal conclusion that is dependent upon HyperPhrase's new, untimely doctrine of equivalents infringement theory.

149.    Similar to the way the anchor tags were created in the HTML document of  the '889 patent, AutoLink parses a DOM document to identify a data reference and once it has identified a data reference it inserts anchor tags into the DOM document to enable a user to simply select the data reference to recover the second document. Thompson Dec., ¶28.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity, and apparently relying on inconsistent findings of law (e.g., regarding the meaning of the term "data reference"), as well as seeking a legal conclusion under HyperPhrase's untimely theory of

73

infringement under the doctrine of equivalents.  Google also objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that the declarations cited are not themselves evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

150.     The result of placing anchor tags in either an HTML document or a DOM document will have a result that is insubstantially different, if at all. In both cases, the user is provided with a hyperlink that, if selected, will recover and display  a second document. For example, AutoLink creates a URL address in the DOM document that is represented by hypertext link in the displayed document. Thompson Dec., ¶28; Niro Dec., Exh. F - Djabarov Decl. ¶5; Niro Dec. Exh. E- Djabarov Dep. at p. 31-35; 95-98; 117-121; GOOG53512-19; GOOG53482-95.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity.  It also seeks a legal conclusion on HyperPhrase's untimely theory of infringement under the doctrine of equivalents.  The cited evidence does not explain how a DOM file appears, or how anchor tags are insubstantially different in an HTML document as opposed to a DOM file. Furthermore, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 54-60.

151.    Once a user selects the hypertext link, AutoLink the will recover the associated document and display it on the user's monitor. Thus, the function, way, and result are insubstantially different. Thompson Dec., Niro ¶28; Dec., Exh. F - Djabarov Decl. ¶5; Niro Dec., Exh. E - Djabarov Dep. at p. 141; GOOG53367-70.

**Google's Response:**

Disputed.  Google objects to this statement insofar as it is ambiguous and/or incomplete, lacking sufficient context from which to glean its proper meaning, relevance, and/or veracity. Google further objects that this proposed finding of fact turns on legal conclusions.  As non-limiting examples, the statement relies upon Dr. Thompson's untimely new infringement theories, including his new theory under the doctrine of equivalents, as well as upon the legal construction of the term "hypertext link."  Also, Google objects that this proposed finding of fact does not properly cite to evidence that supports HyperPhrase's version, including that Dr. Thompson's report itself is not evidence.  Furthermore, Dr. Thompson's report cites to no evidence that supports HyperPhrase's version of the facts, particularly that "AutoLink will recover the associated document and display it on the user's monitor"—there is no evidence to support this statement.  Finally, Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed rewrites Google's proposed finding of fact.  *See* HyperPhrase's Response to Google's Proposed Finding of Fact (Dkt. No. 131) Nos. 57-60.


152.    Claim 1 of the '889 patent is infringed by Google's AutoLink .

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact not only relies on various and conflicting claim constructions, but is itself a legal conclusion.  Indeed, the issue it raises is not

properly at issue as part of Google's motion for summary judgment, more aptly belonging to HyperPhrase's own infringement contentions.

153.    Claim 7 of the '889 patent is infringed by Google's AutoLink.

**Google's Response:**

Disputed.  Google objects that this proposed finding of fact not only relies on various and conflicting claim constructions, but is itself a legal conclusion.  Indeed, the issue it raises is not properly at issue as part of Google's motion for summary judgment, more aptly belonging to HyperPhrase's own infringement contentions.

154.    Claim 1 of the '321 patent is infringed by Google's AutoLink

**Google's Response:**

Undisputed. Google objects that this proposed finding of fact not only relies on various and conflicting claim constructions, but is itself a legal conclusion.  Indeed, the issue it raises is not properly at issue as part of Google's motion for summary judgment, more aptly belonging to HyperPhrase's own infringement contentions.

155.    Claim 24 of the '321 patent is infringed by Google's AutoLink

**Google's Response:**

Undisputed. Google objects that this proposed finding of fact not only relies on various and conflicting claim constructions, but is itself a legal conclusion.  Indeed, the issue it raises is not properly at issue as part of Google's motion for summary judgment, more aptly belonging to HyperPhrase's own infringement contentions.

156.    Claim 86 of the '321 patent is infringed by Google's AutoLink

**Google's Response:**

Undisputed. Google objects that this proposed finding of fact not only relies on various and conflicting claim constructions, but is itself a legal conclusion. Indeed, the issue it raises is not properly at issue as part of Google's motion for summary judgment, more aptly belonging to HyperPhrase's own infringement contentions.

## VALIDITY

157.     Carlos de la Huerga conceived and reduced to practice the inventions in claims 1 and 7 of the '889 patent at least as of September 30, 1996. (de la Huerga Dec. ¶5).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF Nos. 63-64 and 69-70.

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1). In support of HyperPhrase's argument, Mr. de la Huerga's declaration simply reiterates the above proposed finding, then cites "See, Exh. A, Rebuttal Expert Report of de la Huerga, Appendix A-1." (Dkt. No. 130, de la Huerga Decl. ¶5). Pages 1 and 3 of this exhibit makes conclusory allegations regarding priority with no evidentiary citation. Page 2 includes an uncorroborated screen shot that is insufficient to substantiate priority dates. Mr. de la Huerga further states on page 2 that drawings labeled as "Figures 13A-13D" "show, among other features, the parsing of one record to locate data references to other records." *Id.* Not true. They merely show URL(s) used to request a record, not parsing of a record. Nor is there any textual narrative in these Figures 13A-13D to support Mr. de la Huerga's conclusory allegation regarding priority. Accordingly, HyperPhrase's proposed finding should be rejected. *Refac Electronics Corp. v. R.H. Macy & Co., Inc.,* 1988 WL 93835, 5 (D.N.J., 1988) (a patent holder is not entitled to earlier than filing

date priority on a motion for summary judgment where the patentee offered only unsubstantiated declarations of the inventors in support of priority to parent patent)

Google further objects as this proposed finding is not an evidentiary fact, but rather is an ultimate finding of fact that is solely the providence of the Court to make. *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record…. This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.") Accordingly, it should be rejected.

Finally, Google objects that this proposed finding of fact turns on a legal conclusion. *In re Asahi/America, Inc.,* 68 F.3d 442, 445 (Fed. Cir. 1995) ("The issue of reduction to practice is a question of law"). For these reasons, HyperPhrase has failed to raise a dispute of fact.


158.     Carlos de la Huerga and his patent attorney were reasonably diligent in reducing to practice the inventions in claims 1 and 7 of the '889 patent in the period from Sept. 1996 to the June 9, 1997 filing date of the '889 patent. (See Rebuttal Expert Report of de la Huerga, Appendix A-1. de la Huerga Dec. ¶5).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF Nos. 63-64 and 69-70.

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1). In support of HyperPhrase's argument, Mr. de la Huerga's declaration simply reiterates the above proposed finding, then cites "See, Exh. A, Rebuttal Expert Report of de la Huerga, Appendix A-1." (Dkt.

78

No. 130, de la Huerga Decl. ¶5).  On pages 1-3 of Appendix A-1, Mr. de la Huerga describes

documents that purportedly support a showing of diligence in reduction to practice, but

HyperPhrase fails to provide these documents, and fails to provide citations to the record.

      Google also objects as this proposed finding is not an evidentiary fact, but rather is the

ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of*

*Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also

that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in

nature or unsupported by citation to relevant portions of the record….  This is not an evidentiary

fact, it is the ultimate finding of fact that this court must make.")  Accordingly, it should be

rejected.

      Finally, Google objects that this proposed finding of fact turns on a legal conclusion.  *In*

*re Asahi/America, Inc.,* 68 F.3d 442, 445 (Fed. Cir. 1995) ("The issue of reduction to practice is

a question of law").  For these reasons, HyperPhrase has failed to raise a dispute of fact.


      159.    Carlos de la Huerga conceived and reduced to practice the inventions in claims 1,

24 and 27 of the '321 patent at least as of April 10, 1996.  (*See*, Rebuttal Expert Report of de la

Huerga, Appendix A-2. de la Huerga Dec. ¶5).

      **Google's Response:**

      Disputed.  Google objects to this proposed finding of fact in that it violates this Court's

Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does

not supplement the record, but rather responds to and indeed re-writes Google's proposed finding

of fact.  *See* Google's Reply to its PFOF Nos. 65-67 and 71-73.

      Google also objects to that part of HyperPhrase's proposed finding as relates to claim 27

as violating the Court's Summary Judgment Rules, Section II(B)(1), in that HyperPhrase is no

longer asserting claim 27.  *See* Google's Reply to its PFOF No. 20 ("HyperPhrase has elected to

withdraw its claim of infringement of claim 27 of the '321 patent.").  Thus, that portion of its

proposed finding is not relevant to Google's summary judgment motion and should be disregarded.

Google further objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cited paragraph 5 of Mr. de la Huerga's declaration.  That paragraph has nothing to do with the '321 patent.  In paragraph 6 of the declaration (which is not cited), Mr. de la Huerga's simply reiterates the above proposed finding, then cites "See, Exh. A, Rebuttal Expert Report of de la Huerga, Appendix A-2."  (Dkt. No. 130, de la Huerga Decl. ¶6).  Page 1 of that Appendix A-2 states that the claims are entitled to the priority of a provisional application Serial No. 60/023,126 (the "'126 provisional application") filed on July 30, 1996.  Whether these claims are so entitled is not an evidentiary fact, but rather a question of law.  *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1253 (Fed. Cir. 2004) ("Whether the earlier applications enable the claims of the [later filed] patent is a question of law based on underlying facts.").  Moreover, there is no evidentiary citation to this '126 provisional application.  (*See* Dkt. No. 130, de la Huerga Decl., Ex. A-2 at 1-2; *id.* at *passim*).  Pages 1-2 of this declaration also include conclusory allegations regarding conception of the '126 provisional application to a date prior to its filing of April 10, 1996, but again, with no evidentiary citations to the documents relied on for this alleged priority.  Page 2 includes an uncorroborated recitation of documents purportedly supporting different priority dates and apparently relied on to support diligence in reduction to practice, but there are no citations to the record, and the two documents appended to the claim chart of Appendix A-2 are neither corroborated nor verified.  (*See* Dkt. No. 130, de la Huerga Decl., Ex. A-2, passim).  Moreover, there is no disclosure in the '126 provisional application of an "MR rule set specifying the relationship between an MR and the DR" which is required by both claims 1 and 24.  (*See id.* at 6-8 (claim 1) and at 13 (showing claim 24 depends from claim 1)).  In fact, not one of the cited '126 disclosures ever uses the terms "rule" or "rule set."  (*Id.*) Further, for claim 27, HyperPhrase relies more than one "subject matter specific tag pair," and

the claim requires at least two, as it requires tag "pairs." (*Id*. at 15). HyperPhrase cites to "Figure 8" of the '126 provisional application as purportedly disclosing "other examples" of tag pairs, but as noted above, there are no evidentiary citations to support this conclusory statement. Accordingly, HyperPhrase's proposed finding should be rejected.

Google also objects, as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make. *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record…. This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.") Accordingly, it should be rejected.

Finally, Google objects that this proposed finding of fact turns on a legal conclusion. *In re Asahi/America, Inc.,* 68 F.3d 442, 445 (Fed. Cir. 1995) ("The issue of reduction to practice is a question of law"). For these reasons, HyperPhrase has failed to raise a dispute of fact.

160.    Carlos de la Huerga and his patent attorney were reasonably diligent in reducing to practice the inventions in claims 1, 24 and 27 of the '321 patent during the period from April 1996 to until the filing of provisional patent application Ser. No. 60/023,126 o July 30, 1996. (See Rebuttal Expert Report of de la Huerga, Appendix A-2. de la Huerga Dec. ¶6).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF Nos. 65-67 and 71-73.

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1). In support of

81

HyperPhrase's argument, Mr. de la Huerga's declaration simply reiterates the above proposed finding, then cites "See, Exh. A, Rebuttal Expert Report of de la Huerga, Appendix A-2."  (Dkt. No. 130, de la Huerga Decl. ¶6).  On pages 1-3 of Appendix A-2, Mr. de la Huerga describes documents that purportedly support a showing of diligence in reduction to practice, but HyperPhrase fails to provide these documents, and fails to provide citations to the record for such documents.

Google also objects, as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record…. This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")  Accordingly, it should be rejected.

Finally, Google objects that this proposed finding of fact turns on a legal conclusion.  *In re Asahi/America, Inc.,* 68 F.3d 442, 445 (Fed. Cir. 1995) ("The issue of reduction to practice is a question of law").  For these reasons, HyperPhrase has failed to raise a dispute of fact.


161.    Carlos de la Huerga conceived the invention in claim 86 of the '321 on April 10, 1996 and reduced to practice this invention to practice at least as of June 26, 1996. (de la Huerga Dec. ¶6; Rebuttal Expert Report of de la Huerga, Appendix A-2 and June 26, 1996, draft of patent application; de la Huerga Dec. Exh. B).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF Nos. 68 and 74.

82

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cites Mr. de la Huerga's declaration, where Mr. de la Huerga's simply reiterates the above proposed finding, then cites "See, Exh. A, Rebuttal Expert Report of de la Huerga, Appendix A-2 and June 26, 1996, draft of patent application … Exh. B" (Dkt. No. 130, de la Huerga Decl. ¶6).  As with HyperPhrase's proposed finding no. 159, Page 1 of that Appendix A-2 states that the claims are entitled to the priority of the '126 provisional application" filed on July 30, 1996.  Whether these claims are so entitled is not an evidentiary fact, but rather a question of law.  *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1253 (Fed. Cir. 2004) ("Whether the earlier applications enable the claims of the [later filed] patent is a question of law based on underlying facts.").  Moreover, there is no evidentiary citation to this '126 provisional application.  (*See* Dkt. No. 130, de la Huerga Decl., Ex. A-2 at 1-2; *id.* at *passim*).  Pages 1-2 of this declaration include conclusory allegations regarding conception of the '126 provisional application to a date prior to its filing of April 10, 1996, but again, with no evidentiary citations to the documents relied on for this alleged priority.  Page 2 includes an uncorroborated recitation of documents purportedly supporting different priority dates and apparently relied on to support diligence in reduction to practice, but there are no citations to the record, and the two documents appended to the claim chart of Appendix A-2 are neither corroborated nor verified.  (*See* Dkt. No. 130, de la Huerga Decl., Ex. A-2, passim).

As for the chart included with Appendix A-2, it fails to show that claim 86 is entitled to an earlier priority for at least two reasons.  First, claim 86 requires "a system which enables a user to designate and also select SRs [specifying references] where designated comprises pointing to an SR without selection."  (*Id.* at 25, section ii).  HyperPhrase alleges that a cursor next to text as a user types satisfies "designation."  (*Id.*)  But there is nothing to show that the user "points" to the SR.  Rather, the user's cursor is *after* the SR.  To the extent that HyperPhrase alleges that a cursor, which is not over the SR at all, satisfies this limitation, this is a claim

construction issue.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Second, there is no "seemingly general SR" that "is modified by other record information which renders the SR relatively specific."  (*See* Dkt. No. 130, de la Huerga Decl., Ex. A-2 at 25-26).  The example given, "admission," is not modified by "ecg" or "emg."  Rather, the patent makes clear that it is recognizing a "keyword phrase" – not one keyword (i.e., the "SR") followed by "other record information."  ('461, 8:38-40) ("if at any time a completed keyword or keyword phrase is entered by the user, step 154 declares that a match has been found…").  In other words, the sections relied on by HyperPhrase only recognize complete multi-word phrases, not one word modified by another.  (*See id.*)  Problematically, HyperPhrase has failed to provide this record to the Court, and so there is no evidentiary basis to support HyperPhrase's argument.  Moreover, whether an "SR" and "other record information" is satisfied by a keyword phrase is a claim construction issue, not an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

The citation to attached "Exhibit B" to the de la Huerga declaration fares no better.  HyperPhrase fails to identify where in this 17 page exhibit there is support for its argument.  (*See id.,* ¶6).  HyperPhrase thus fails to cite the record with the requisite particularity, in violation of the Court's Summary Judgment Rules, Section II(D)(4) ("the response must be limited to those facts necessary to raise a dispute) and Section II(E)(1) ("The court will not search the record for evidence").  Where evidence is not precisely cited, the Court may ignore it.  *Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 1 (W.D. Wis. 2006).

Google also objects, as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record….  This is not an evidentiary

fact, it is the ultimate finding of fact that this court must make.")  Accordingly, it should be rejected.

Finally, Google objects that this proposed finding of fact turns on a legal conclusion.  *In re Asahi/America, Inc.,* 68 F.3d 442, 445 (Fed. Cir. 1995) ("The issue of reduction to practice is a question of law").  For these reasons, HyperPhrase has failed to raise a dispute of fact.


162.    Carlos de la Huerga and his patent attorney were reasonably diligent in reducing to practice the invention in claim 86 of the '321 patent in the period from April 1996 until the filing of provisional patent application Ser. No. 60/023,126 on July 30, 1996. (See de la Huerga Dec. ¶6; Rebuttal Expert Report of de la Huerga, Appendix A-2).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF Nos. 68 and 74).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, Mr. de la Huerga's declaration simply reiterates the above proposed finding, then cites "See, Exh. A, Rebuttal Expert Report of de la Huerga, Appendix A-2."  (Dkt. No. 130, de la Huerga Decl. ¶6).  On pages 1-3 of Appendix A-2, Mr. de la Huerga describes documents that purportedly support a showing of diligence in reduction to practice, but HyperPhrase fails to provide these documents, and fails to provide citations to the record for such documents.

Google also objects, as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also

85

that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record…. This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.") Accordingly, it should be rejected.

Finally, Google objects that this proposed finding of fact turns on a legal conclusion. *In re Asahi/America, Inc.,* 68 F.3d 442, 445 (Fed. Cir. 1995) ("The issue of reduction to practice is a question of law"). For these reasons, HyperPhrase has failed to raise a dispute of fact.

163.    In the field of world wide web (WWW) pages, one can look and see almost two different worlds that reside side-by-side. At one level, there is the formatted display text seen when presented by a browser or similar program on a computer display. The presentation may show text segments justified in various ways, and perhaps formatted in bold appearance, using the font Arial, in a 24 point size, and colored green. The next character in sequence may have a completely different format. Some text may be presented as a hyperlink anchor, which allows a computer mouse to activate it to retrieve another record. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed. Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "the field of world wide web … pages", "see almost two different worlds that reside side by side", "level", "text segments", "presented as a hyperlink anchor," "activate" and "retrieve."

Moreover, some of these terms are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact. Claim construction is the responsibility of the Court – and a question of law. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1). In support of

HyperPhrase's argument, it cites to Mr. de la Huerga's declaration. Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

Google also objects to HyperPhrase's proposed finding as violating the Court's Summary Judgment Rules, Section II(D)(4) ("the response must be limited to those facts necessary to raise a dispute), as HyperPhrase includes purported "facts" that are not relevant to Google's summary judgment motion.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


164.    The text that the typical reader expects to see on a web browser or to be printed by a web browser can be considered to be text in a record. However, to a markup language software programmer, there is second or hidden layer to each web page that resides apart from this text. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed. Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "typical reader," "markup language software programmer," "expects to be see," "considered to be text in a record," "hidden layer to each web page that resides apart from this text."

Moreover, some of these phrases are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact. Claim construction is the responsibility of the Court and a question of law. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1). In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration. Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

Google also objects to HyperPhrase's proposed finding as violating the Court's Summary Judgment Rules, Section II(D)(4) ("the response must be limited to those facts necessary to raise a dispute), as HyperPhrase includes purported "facts" that are not relevant to Google's summary judgment motion, including "typical reader" and "markup language software programmer."

For these reasons, HyperPhrase has failed to raise a dispute of fact.

165.    The second layer in a record is the series of hidden markup language codes or tags, which often typically start with "<" and end with a ">". (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed.  Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "second layer," "record," "hidden markup language codes," and "tags."

Moreover, some of these terms are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration.  Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

166.    The HTML code to set font formatting to Arial 22 point, red centered, bold italic text, as generated by Microsoft Word, when acting in HTML generation mode, is: <p class=MsoNormal align=center style='text-align:center'> <b style='mso-bidi-font-

weight:normal'> <i style='mso-bidi-font-style:normal'> <span style='font-size:22.0pt; font-family:Arial;color:red'>. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed.  Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "the HTML code" "when acting in HTML generation mode."

Moreover, these phrases are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration.  Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


167.     Any text, for example a single word, following it is formatted as defined until terminating HTML codes are provided and the text that follows can then be given additional HTML formatting codes. To a programmer , this hidden layer also consists of characters, but these comprise HTML formatting tags that are placed adjacent to and typically surrounding the display text. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed.  Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "Any text, for example a single word, following it is formatted as defined until terminating HTML codes are provided and

the text that follows can then be given additional HTML formatting codes," "hidden layer," "HTML formatting tags," "adjacent to and typically surround the display text."

Moreover, these phrases are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact. Claim construction is the responsibility of the Court and a question of law. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1). In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration. Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


168.    Some of the examples shown in the '321 and '889 patents show a medical record as displayed with hyperlinks by a browser. The hyperlinks have been added to "data references" as that term has been defined by the Federal Circuit opinion. In the claims and patents, this display text is parsed, analyzed, examined, or identified. The '321 and '889 patents teach away from searching the hidden programming codes. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed. Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "the Federal Circuit opinion," "the clams and patents," "display text," "parsed, analyzed, examined, or identified," "searching," and "hidden programming codes."

Moreover, these phrases are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact. Claim construction is the responsibility of the Court and a question of law. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration.  Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


169.    In the case of a medical report, a report date is often required in order to create a link.  For example, to create a link for the phrase "admission ECG," the date is needed to provide the context for which many admission ECGs might be searched for, for example, the next closest date preceding the current date.  If the date was not in the display text, a physician could never trust a link that was generated to an "admission ECG," she would have no context (and neither would the elements of the claims have a context to operate within) to know which admission ECG was being provided. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed.  Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant by any of its proposed finding, including "report," "create a link," and "display text."  To the extent that Google understands these statements, they are also directly contradicted by the record, for example in Figure 8B of the '321 patent, which shows links being formed based on dates that are determined from "display text." (*Compare* Dkt. No. 26, Woodford Decl. Ex. E, the '321 Patent, Figures 8A with 8B).

Moreover, these phrases are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible

evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration.  Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

Google further objects to HyperPhrase's proposed finding as violating the Court's Summary Judgment Rules, Section II(D)(4) ("the response must be limited to those facts necessary to raise a dispute), as HyperPhrase includes purported "facts" that are not relevant to Google's summary judgment motion, including subjective levels of trust by unknown physicians.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

170.    The hidden codes in a web page are not parsed, analyzed, examined, or identified. (de la Huerga Dec. ¶7).

**Google's Response:**

Disputed.  Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant by "hidden codes," "web page," and "parsed, analyzed, examined, or identified."

Moreover, these phrases are applicable to the asserted claim language, which HyperPhrase is attempting to construe in the guise of an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, it cites to Mr. de la Huerga's declaration.  Mr. de la Huerga's declaration simply reiterates the above proposed finding, with no evidentiary support.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

171.    A "data reference" is "a unique phrase or word." (de la Huerga Dec. ¶8).

92

**Google's Response:**

Disputed.  The Federal Circuit construed "data reference" to mean "'a unique phrase or word which may be used in a record to refer to another record or record segment,' and that a data reference may refer to one or more than one record."  (Federal Circuit Opinion (Dkt. No. 109) at 10).

Google further objects to HyperPhrase's proposed finding as an attempt to re-construe a claim limitation in the guise of an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


172.     Phrases and words are in the display text of a record. (de la Huerga Dec. ¶8).

**Google's Response:**

Disputed.  Google objects to HyperPhrase's proposed finding as an attempt to construe a claim limitation in the guise of an evidentiary fact.  Claim construction is the responsibility of the Court and a question of law.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


173.     There are no phrases or words in the hidden programming codes shown in the HTML sample provided above. They are only programming commands that start with "<" and end with a ">". (de la Huerga Dec. ¶8).

**Google's Response:**

Disputed.  Google objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "hidden programming codes shown in the HTML sample provided above."

Moreover, Google objects as HyperPhrase's use of the phrase "hidden programming codes" is applicable to the asserted claim language, which HyperPhrase is attempting to construe

93

in the guise of an evidentiary fact. Claim construction is the responsibility of the Court and a question of law. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

174.    None of the six claims in the two patents being asserted by HyperPhrase are anticipated by any of the prior art references at issue. (de la Huerga Dec. ¶8; See Rebuttal Report of de la Huerga, Appendices A-1-A-11). (de la Huerga Dec. ¶9).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed findings. *See* Google's Reply to its PFOF Nos. 162-166 and 188-197.

The record also contradicts HyperPhrase's proposed finding, as Google has provided claim charts and expert reports showing that all asserted claims are invalid as anticipated. (Dkt. No. 34, First Croft Decl., Exhs. 1, 2(a)-2(e); Dkt. No. 105, Second Croft Decl. Exhs. 1, 2(a)-2(f).)

Google also objects as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make. *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record…. This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

175.    The Thistlewaite/PasTime Reference is not prior art since it is after the priority dates for the asserted claims in the '321 and '889 patents. (de la Huerga Dec. ¶12).

**Google's Response:**

Disputed. HyperPhrase does not dispute that the PasTime reference was published by March 1997. (*See* Google's Reply to its PFOF No. 75). The '321 patent application was filed on August 13, 1999. (*See* HyperPhrase's Response to Google's PFOF (Dkt. No. 131) No.18.) HyperPhrase has failed to show that the salient aspects of the asserted '321 patent claims are entitled to an earlier priority. (*See* Google's Response to HyperPhrase's Add'l PFOF Nos. 159-162). The '889 patent application was filed June 9, 1997, and claims priority to no earlier patent application. (See HyperPhrase's Response to Google's PFOF (Dkt. No. 131) No. 25.) HyperPhrase has failed to show the asserted claims of the '889 patent are entitled to an earlier invention date. (*See* Google's Response to HyperPhrase's Add'l PFOF Nos. 157-158). Accordingly, the PasTime reference is prior art to the '321 and '889 patents under one or more of 35 U.S.C. §§ 102(a) and 102(b).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

176.    U.S. Patent No. 5,742,768 to Gennaro et al. is not prior art to the '321 patent.

**Google's Response:**

Disputed. Gennaro was filed on July 16, 1996, and issued on April 21, 1998. (*See* HyperPhrase's Response to Google's PFOF (Dkt. No. 131) No. 129; Wolff Decl., (Dkt. No. 106) Ex. A (face of patent).) The '321 patent application was filed on August 13, 1999. (*See* HyperPhrase's Response to Google's PFOF (Dkt. No. 131) No.18.) HyperPhrase has failed to show that the salient aspects of the asserted '321 patent claims are entitled to an earlier priority date. (*See* Google's Response to HyperPhrase's Add'l PFOF Nos. 159-162). Consequently, Gennaro is prior art to all asserted claims under 35 U.S.C. §102(b), as it issued more than one year before the filing date of the '321 patent. 35 U.S.C. §102(b)

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

177.    The Gennaro patent was filed on July 16, 1996. (de la Huerga Dec. ¶17).

95

**Google's Response:**

Undisputed.

178.    Claim 86 of the '321 patent, which is a continuation-in-part of 6 other patents, has a priority date of at least June 26, 1996, and therefore, predates the Gennaro reference. (de Huerga Dec. ¶17).

**Google's Response:**

Disputed.  The face of the '321 patent does not show that it is a "continuation-in-part of 6 other patents." ('321 patent, Woodford Decl. (Dkt. No. 32), Ex. E (face of patent).  The '321 patent application was filed on August 13, 1999.  (*Id.*).  Gennaro was filed on July 16, 1996, and issued on April 21, 1998.  (Gennaro '768 Patent, Wolff Decl. (Dkt. No. 106), Ex. A (face of patent)).  HyperPhrase has failed to show that the salient aspects of the asserted '321 patent claims are entitled to an earlier priority.  (*See* Google's Response to HyperPhrase's Add'l PFOF Nos. 159-162).  Consequently, Gennaro is prior art to claim 86 of the '321 patent under 35 U.S.C. §102(b), as Gennaro issued more than one year before the filing date of the '321 patent. 35 U.S.C. §102(b)

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


**Thistlewaite/PasTime and Claims 1 and 8 of the '889 Patent**

179.    Thistlewaite does not disclose "… a computer system comprised of a multitude of databases described as a Hyperbase." (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF No. 77.)

HyperPhrase's proposed finding is also directly contradicted by the record. (*See* Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *id*., Ex. 2(d) at 53-54).

Google also objects to the extent HyperPhrase alleges that a "hyperbase" does not satisfy the cited claim limitation, as this is a claim construction issue. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


180.    Thistlewaite does not use the word "database" in reference to the term "hyperbase" in his article, and Thistlewaite cannot be implied to have a database. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. (*See* Google's Reply to its PFOF No. 77.)

Google further objects to this proposed finding as it is ambiguous what it means to "use the word 'database' in reference to the term 'hyperbase'[.]"  To the extent it is understood, while Thistlewaite may not use the text string "database," HyperPhrase's proposed finding is directly contradicted by the record.  As explained in Dr. Croft's declaration, the PasTime reference "discloses a hyperbase that is a collection of several distinct 'sub-collections,' including Senate Hansards, Standing Orders, Biographies, etc…. Each sub-collection is a separate 'database.'" (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *see id*., Ex. 2(d) at 53-54).

Finally, Google objects to the extent that HyperPhrase is construing the term "database" and "hyperbase" as this is a claim construction issue.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

181.    Thistlewaite employs the term "hyperbase" which has a number of different definitions in the computer field. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF No. 77.)  HyperPhrase's proposed finding is also irrelevant, as the term "hyperbase" is described within the PasTime reference.  (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *id.*, Ex. 2(d) at 53-54).

Finally, Google objects to the extent that HyperPhrase is construing the term "hyperbase," as this is a claim construction issue.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

182.    A definition for "hyperbase" used by P. Lopisteguy et al. in their 1996 article "Experiences and Reflection on the Use of a Hypermedia Framework for Hypermedia Functionality Integration" available at http://www.cs.nott.ac.uk/~hla/HTF/HTFII/Lopisteguy.html is that: "The Hyperbase stores hyperspace topological information by means of components (nodes and links), anchors and specifiers as described in the Dexter's Storage Layer." (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  The cited article does not seek to define a "hyperbase," rather it describes what is stored by the particular hyperbase implemented by the authors of the article.  *See*

http://www.cs.nott.ac.uk/~hla/HTF/HTFII/Lopisteguy.html at §3.  Undisputed that the article contains the cited language.

Google also objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


183.    If a Hyperbase is a database, it is only to store information about documents, but not the documents themselves. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 77.

Google also objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "hyperbase" and "database."  To the extent that HyperPhrase is referring to the article cited in its additional proposed finding of fact number 182, HyperPhrase's proposed finding is directly contradicted by the record, as that hyperbase stores articles (e.g., documents, called "nodes" in this article) of an electronic encyclopedia.  *See* http://www.cs.nott.ac.uk/~hla/HTF/HTFII/Lopisteguy.html at §4 ("This application consists in the hypermedia presentation of an encyclopedia basically made up of articles."); *see also id.* at §§ 3, 5.

Google also objects to HyperPhrase's proposed finding as it seeks to construe both "hyperbase" and "database."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

184.     A definition for "hyperbase" is provided by Luiz Fernando G. Soares et al. in their undated article "Nested Composite Nodes and Version Control in Hypermedia Systems " available at http://cs-people.bu.edu/dgd/workshop/soares.html: "We define the public hyperbase, denoted by HB, as a special type of context node that groups together sets of terminal nodes and user context nodes. All nodes in HB must be committed or obsolete and, as in all hyperbases, if a composite node C is in HB, then all nodes in C must also belong to HB. The public hyperbase contains information which is public and stable." (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 77.

Google also objects as the cited article does not seek to provide a definition for a "hyperbase," rather it describes a particular definition for a "public hyperbase" as used by the authors of the article in order to provide context for their article.  *See* http://cs-people.bu.edu/dgd/workshop/soares.html.  Undisputed that the article contains the quoted language.  *Id.*

Google further objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


185.     The Encyclopedia of Microcomputers, vol. 24, 1999, by Allen Kent states on page 7: "The tool for disclosing a set of documents is a hypermedia-based information-retrieval system.  The frame of reference in this article is a two-level hypermedia architecture (18).  This describes how a hypermedia can be formed by creating two levels: the document level or hyperbase, and the index level or hyperindex." (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects that HyperPhrase does not properly cite to evidence that supports its proposed finding, including because Mr. de la Huerga's declaration fails to cite to admissible evidence pursuant to this Court's Summary Judgment Rules, Section II(E)(1).  In support of HyperPhrase's argument, Mr. de la Huerga's declaration simply reiterates the above proposed finding, but fails to provide the cited encyclopedia.  (Dkt. No. 130, de la Huerga Decl. ¶11).  Google does not dispute that the quoted language is included in the cited paragraph of Mr. de la Huerga's declaration.  (*Id*.)

Google further objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


186.      Sources such as Webopedia (www.webopedia.com), www.computer-dictionary-online.org, the IEEE Computer Society (search3.computer.org), and the Microsoft Development Network (www.msdn.com) when searched all report "no results" when a search for the term "hyperbase" is made. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 77.

Google further objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

187.     "Hyperbase" is not a term in common use. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 77.

Google also objects to HyperPhrase's proposed finding as ambiguous, as it fails to provide context sufficient to understand what is meant by "in common use."  (*See* de la Huerga Dec. ¶11).

Google further objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


188.     From Thistlewaite, we are left to assume that a "hyperbase" stores HTML modified documents in a file system. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 77.

Google also objects to HyperPhrase's proposed finding as ambiguous, as it fails to provide context sufficient to understand what is meant by "HTML modified documents" and "file system."  (*See* de la Huerga Dec. ¶11).

Google further objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

189.    The terms "hyperbase" and database are not one and the same because Thistlewaite's use of database on Page 166, relates to alternate systems not his own: "In the persistent open strategy, separate link database is kept in which the source and target information for a link are represented as a couple …" (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 77.

HyperPhrase's proposed finding is also irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as Google's summary judgment motion does not rely on a separate link database."  (*See generally*, Croft Second Decl. (Dkt. No. 105), Google's Reply In Support Of Its Motion For Summary Judgment of Invalidity at 26-28; *see also id.*, Ex. 2(d) at 53-54).

Google also objects to HyperPhrase's proposed finding as ambiguous, as it fails to provide context sufficient to understand what is meant by "alternate systems not his own."  (*See* de la Huerga Dec. ¶11).

Google further objects to HyperPhrase's proposed finding as it seeks to construe "hyperbase" and "database."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

190.    Thistlewaite does not "disclose …. multitude of databases." (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF No. 77.)  It is also duplicative.  (*See* HyperPhrase's Additional Proposed Findings of Fact (Dkt. No. 132), No. 179.)

HyperPhrase's proposed finding is also directly contradicted by the record.  (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *id*., Ex. 2(d) at 53-54).

Google also objects to the extent HyperPhrase alleges that Thistlewaite does not disclose the cited claim limitation, as this is a claim construction issue.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


191.    Thistlewaite never uses the "database" term in reference to the term, "hyperbase." (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF No. 77.)  It is also duplicative.  (*See* HyperPhrase's Additional Proposed Findings of Fact (Dkt. No. 132), No. 180.)

Google further objects to this proposed finding as it is ambiguous what it means to "use the 'database' term in reference to the term, 'hyperbase.'"  To the extent it is understood, while Thistlewaite may not use the text string "database," HyperPhrase's proposed finding is directly contradicted by the record.  As explained in Dr. Croft's declaration, the PasTime reference "discloses a hyperbase that is a collection of several distinct 'sub-collections,' including Senate

Hansards, Standing Orders, Biographies, etc…. Each sub-collection is a separate 'database.'"
(Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *see id*., Ex. 2(d) at 53-54).

Finally, Google objects to the extent that HyperPhrase is construing the term "database"
and "hyperbase," as this is a claim construction issue. Claim construction is the responsibility of
the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303,
1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


192.    Even if it is assumed that a hyperbase is a database, Thistlewaite makes it
abundantly clear there is one and only one hyperbase to which he refers. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's
Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does
not supplement the record, but rather responds to and indeed re-writes Google's proposed finding
of fact. (*See* Google's Reply to its PFOF No. 77.)

Google further objects to this proposed finding as irrelevant, and thus violating the
Court's Summary Judgment Rules, Section II(D)(4), in that it fails to raise a "fact[] necessary to
raise a dispute." Google's summary judgment motion does not rely on whether there is one or
more than one hyperbase, rather Google relies on Thistlewaite's disclosure that its hyperbase
comprises a collection of databases. As explained in Dr. Croft's declaration, the PasTime
reference "discloses a hyperbase that is a collection of several distinct 'sub-collections,'
including Senate Hansards, Standing Orders, Biographies, etc…. Each sub-collection is a
separate 'database.'" (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *see id*., Ex. 2(d) at 53-
54).

Finally, Google objects to the extent that HyperPhrase is construing the term "database"
and "hyperbase," as this is a claim construction issue. Claim construction is the responsibility of

the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

193.    In the Thistlewaite's 12 page paper, he mentions either "A hyperbase" or "The hyperbase" no less than 29 times in referring to his work. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Thistlewaite's paper is 13 pages.  Undisputed that the paper uses the term "hyperbase" more than 29 times.

HyperPhrase fails to raise a genuine dispute of fact.

194.    Thistlewaite does not use the plural version of the word "hyperbase" in discussing his work. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF No. 77.)

The record also directly contradicts HyperPhrase's proposed finding, in that Mr. Thistlewaite's paper describes issues and problems relating to "hyperbases," and how his work solves those issues and problems.  (*See, e.g.,* Dkt. No. 32 at GOOG074997) ("§2.  THE PROBLEMS OF AUTHORING AND MAINTAINING LARGE VOLATILE HYPERBASES").

Google further objects to this proposed finding as irrelevant, and thus violating the Court's Summary Judgment Rules, Section II(D)(4), in that it fails to raise a "fact[] necessary to raise a dispute."  Google's summary judgment motion does not rely on whether there is one or more than one hyperbase, rather Google relies on Thistlewaite's disclosure that its hyperbase comprises a collection of databases.  As explained in Dr. Croft's declaration, the PasTime

reference "discloses a hyperbase that is a collection of several distinct 'sub-collections,' including Senate Hansards, Standing Orders, Biographies, etc.... Each sub-collection is a separate 'database.'" (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *see id*., Ex. 2(d) at 53-54).

Finally, Google objects to the extent that HyperPhrase is construing the term "hyperbase," as this is a claim construction issue. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


195.    Thistlewaite does not use a standardized address format. (de la Huerga Dec. ¶11).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. (*See* Google's Reply to its PFOF No. 78.)

The record also directly contradicts HyperPhrase's proposed finding. As noted in Dr. Croft's declaration, "[t]he reference also discloses a standardized format for addressing the data records in the databases, as described under item 2 in section 5.1 of the reference, in the discussion of the document identifier index." (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *id*., Ex. 2(d) at 53; Kirk Decl. (Dkt. No. 32), Ex. B at §5.1).

Finally, Google objects to the extent that HyperPhrase is construing the phrase "standardized address format," as this is a claim construction issue. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

196.    Section 5.1 Data Capture on Page 171, Thistlewaite states: "As new files become available, Parliament uses the FTP protocol to transfer the file into a special directory on our server, which is automatically monitored. When a new file is detected, the following automatics processes are applied:

> 1.  the file is examined to determine which sub-collection it belongs to (e.g. Senate Hansard, Standing Orders, etc.)

> 2.  a document identifier index is generated listing the start byte location and byte extent of each atomic component document in the file together with a canonical identifier for that component, such a "Hansard/Senate/1996/May/22/article_10" (but the file is not physically partitioned into separate smaller files).

> 3.  attribute information is extracted (or deduced) for each document – for example, sub-collection type, the name, the name of the speaker, - and is stored in a separate file.

> 4.  and finally, each component is indexed by a concordance-style IR subsystem, so that the hyperbase is searchable." de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed.


197.    In the above referenced section from Thistlewaite, what is presented is that when a new file is available it is placed in a special directory that is monitored for the presence of new files (of any name or naming format).  Once a new file is located, it is examined to determine what sub-collection it belongs in and then the file is further examined to apparently find the start and ending of each "atomic document". No discussion is presented on how the atomic documents are found. Then an index is created identifying the start byte location and the byte extent of each atomic document within the file. (de la Huerga Dec. ¶11.)

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 78.

Google also objects to HyperPhrase's mischaracterization of the disclosure of section 5.1 of the Thistlewaite reference, including HyperPhrase's mischaracterization of an "atomic component document" as an "atomic document." (*See* HyperPhrase's Additional Proposed Findings of Fact, (Dkt. No. 132), No. 196). HyperPhrase also fails to represent all that this section discloses. *Id.*

Google further objects to HyperPhrase's proposed finding as it is ambiguous as to what HyperPhrase is referring to by the phase "how the atomic documents are found." To the extent Google understands HyperPhrase's statement, it is directly contradicted by the record, which states that "As new files become available, Parliament uses the FTP protocol to transfer the file into a special directory on our server, which is automatically monitored. When a new file is detected, the following automatics processes are applied: 1. the file is examined to determine which sub-collection it belongs to.…" (*See* HyperPhrase's Additional Proposed Findings of Fact, (Dkt. No. 132), No. 196).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


198.    There is no standardized address format presented in Thistlewaite and the begin byte offset is for each atomic document that is within a file – not the begin byte offset of the file in the hyperbase. de la Huerga Dec. ¶11.

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. (*See* Google's Reply to its PFOF No. 78.)

The record also directly contradicts HyperPhrase's proposed finding. As noted in Dr. Croft's declaration, "[t]he reference also discloses a standardized format for addressing the data records in the databases, as described under item 2 in section 5.1 of the reference, in the

109

discussion of the document identifier index."  (Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶17; *id.*, Ex. 2(d) at 53; Kirk Decl. (Dkt. No. 32), Ex. B at §5.1).

The record further directly contradicts HyperPhrase's proposed finding, as the "file" referenced by HyperPhrase in Section 5.1 is one of the collection of databases that the hyperbase is comprised of, as discussed in both Section 5 and Section 5.2.  (*See* Kirk Decl. (Dkt. No. 32), Ex. B at §5, §5.2).

Finally, Google objects to the extent that HyperPhrase is construing the phrase "standardized address format," as this is a claim construction issue.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.

199.    The Federal Circuit in its Dec. 26, 2007, ruling stated that a data reference is: "a unique phrase or word which may be used in a record to refer to another record or record segment," and that a data reference may refer one to or more than one record." de la Huerga Dec. ¶11.

**Google's Response:**
Undisputed.

200.    Thistlewaite does not discuss the use of links to refer to more than one data record.  Thistlewaite is precise that any link is to point to a specific record only, and not to more than one record. de la Huerga Dec. ¶11.

**Google's Response:**
Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  (*See* Google's Reply to its PFOF No. 83, 92.)

110

The record also directly contradicts HyperPhrase's proposed finding. Thistlewaite discloses a link from a single expression (e.g., "Income Tax Act") to "several targets[.]" (Dkt. No. 32, Kirk Decl. (Dkt. No. 32), Ex. B at §4.3, p. 168) ("Where a referring expression matches several targets … (e.g. the expression 'Income Tax Act' matches those income tax acts passed in 1901, 1927 and 1983), exercising the link source anchor returns a HTML table of link choices to the user for selection.").

Google also objects to this proposed finding in that it violates this Court's Summary Judgment Rules, Section II(D)(4), which require only raising "those facts necessary to raise a dispute." It is irrelevant whether "any link" points to one or more than one record. The Federal Circuit's construction was for "data reference" and not for "link," and that data reference "*may* refer one to or more than one record." (*See* HyperPhrase's Additional Proposed Findings of Fact, (Dkt. No. 132), No. 199) (emphasis added). Nor do any of the asserted claims require or even discuss a link from one source record to two or more target records. (*See* Google's Reply to its PFOF Nos. 20-22, 24, and 28-29.)

Finally, Google objects to the extent that HyperPhrase is construing the phrase "link," as this is a claim construction issue. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


201.    Thistlewaite does not contain a "reference" in a data record as defined by the Federal Circuit. de la Huerga Dec. ¶11.

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. (*See* Google's Reply to its PFOF No. 82, 86, and 88.)

111

The record also directly contradicts HyperPhrase's proposed finding, as Thistlewaite discloses searching for text strings or phrases in one document that are used to refer to other records. (Croft Second Decl. (Dkt. No. 105), Ex. 2(d) at 55-56 and 58-59; Kirk Decl. (Dkt. No. 32), Ex. B at §§ 4, 5).

Finally, Google objects to the extent that HyperPhrase is construing the phrase "reference," as this is a claim construction issue. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of fact.


202.    The Federal Circuit stated (p. 7) that the terms "data reference," "record reference," "specifying reference," and "reference" are used throughout the Patents-In-Suit interchangeably and have the same meaning.  de la Huerga Dec. ¶11.

**Google's Response:**

Disputed.  The Federal Circuit stated that the terms are interchangeable, not that the terms are "used throughout the Patents-In-Suit interchangeably[.]"  (Federal Circuit Opinion (Dkt. No. 109) at 7).


203.    The term "means for parsing" is both definite and enabled.  Regarding the means for parsing, Fig. 1 in the '889 patent shows hospital computer network 100, including Data Translation and Collection System 110.  Data Translation and Collection System 110 is used throughout this patent to perform various software steps as shown in Figs. 5A-5F, Figs. 12A-12C, Figs. 13A-13C, and Figs15A-15B. de la Huerga Dec. ¶11.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF Nos. 156-157.

The specification of the '889 patent describes the "means for parsing" as a generic, black box, entitled "Data Collection and Translation System."  The specification does not provide any ***structural*** detail that explains how the "Data Translation and Collection System" "pars[es] said first data record to identify a reference to a second data record[,]" as required by 35 U.S.C. §112 ¶6.  (*See* '889 patent, Woodford Decl., (Dkt. 26), Ex. A, *passim*).  Undisputed that the '889 patent describes various functions attributed to the Data Collection and Translation System.

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  Within the cited declaration of Mr. de la Huerga, there is a reference to the data translation and collection system performing the functional steps shown in Figures 13A-13C.  There is no evidentiary support for the remainder of HyperPhrase's proposed finding that the other figures are related to the data translation and collection system.

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to the construction of the phrase "means for parsing" and determining the corresponding structure for this functional claim limitation under 35 U.S.C. §112, paragraph 6.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google further objects as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record….  This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")

For these reasons, HyperPhrase has failed to raise a dispute of fact.

204.    The Brief Description of the Drawings section states, for example, at col. 5 1. 66 to col. 6, l. 4: "FIGS. 13A-13C are a functional flow chart showing the steps by which the <u>data translation and collection system</u> processes a data record received or retrieved from a workstation or database system on the medical computer network, reformat the data record, assign it a URL address, and deliver it to a database for storage." (emphasis added) de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed to the extent HyperPhrase is referring to the '889 patent.

205.    The '889 patent also states in col. 9:19 – 23: "FIGS. 13A-13C set forth an alternate embodiment of the operation of the data translation and collection system 110 (FIG. 1) with particular reference to receiving, translating, and formatting data records to facilitate access through browsers and hypertext links for future users." de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed.

206.    Step 654 of Fig. 13A refers to the action of "PARSE Record" which is performed, for example, by the data translation and collection system 110. The exact steps to parse a record a shown in Figs. 15A–15B and in col. 16:27-36: [sic "]FIG. 15A illustrates how a data record is parsed. A data record is parsed to locate data references by searching it for text corresponding t a hypertext link or a multimedia data request. If one is found, the URL is located after the initial control sequence and will be saved (step 812) for use after the parsing is completed. If none are found, or when the record has been completely parsed, another pass can be made to search for data references in the form of key words or key phrases (step 820).[" sic] de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed that Step 654 of Fig. 13A of the '889 patent refers to the function of "PARSE Record." Undisputed that certain functional steps performed to parse a record are depicted in Figures 15A and 15B, and that a type of parsing is functionally described in the text cited above at column 16, lines 27 to 36.

Disputed to the extent that HyperPhrase is attempting to construe these functional steps as corresponding structure to functional claim language of element (d) of claim 1 of the '889 patent pursuant to 35 U.S.C. §112, ¶6. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For this reason, HyperPhrase has failed to raise a dispute of fact.

207.     The means for parsing is the data translation and collection system 110 performing a series of comparisons and matches steps as is well known to one of ordinary skill in the art. Reference sub-section G. Parsing to Locate Data references at col. 16:27-59 and Figs. 15A and 15B (the entire figures) of the '889 patent, which explains how text (not computer code) in a data record is parsed. Col. 16 :27-36 of the '889 patent states: [sic "]FIG. 15A illustrates how a data record is parsed. A data record is parsed to locate data references by searching it for text corresponding to a hypertext link or a multimedia data request. If one is the found, the URL is located after the initial control sequence and will be saved (step 812) for use after the parsing is completed. If none are found, or when the record has been completely parsed, another pass can be made to search for data references in the form of key words or key phrases (step 820).[" sic] de la Huerga ¶11.

**Google's Response:**

Undisputed that column 16, lines 27 through 36 of the '889 patent state the cited language above. Undisputed that named entity recognition within a document was well known to one of ordinary skill in the art at the time the '889 patent was filed.

Disputed to the extent that HyperPhrase is attempting to construe the functional steps of "performing a series of comparisons and matches steps" as corresponding structure to functional claim language of element (d) of claim 1 of the '889 patent pursuant to 35 U.S.C. §112, ¶6. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For this reason, HyperPhrase has failed to raise a dispute of fact.

208.    It is well-known to one of ordinary skill in the art that parsing was a well-known concept in the 1995 time frame. de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed that parsing a record for text and finding entities within that text were well known to a person of ordinary skill in the art at the time of the filing of HyperPhrase's patents.

209.    The Federal Circuit in its Dec. 26, 2007, ruling stated that a data reference is: "a unique phrase or word which may be used in a record to refer to another record or record segment," and that a data reference may refer to "one or more than one record." de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed.

210.    Thistlewaite does not discuss the use of links to refer to more than one data record. de la Huerga Dec. ¶11.

**Google's Response:**

Disputed.  *See* Google's Response to HyperPhrase's Additional Proposed Finding of Fact (Dkt. 132), No. 200.

211.    Thistlewaite is precise that any link is to point to a specific record only, and not to more than one record.  de la Huerga Dec. ¶11.

**Google's Response:**

Disputed.  *See* Google's Response to HyperPhrase's Additional Proposed Finding of Fact (Dkt. 132), No. 200.

212.    The Federal Circuit stated (p. 7) that the terms "data reference," "record reference," "specifying reference," and "reference" are used throughout the Patents-In-Suit interchangeably and have the same meaning. de la Huerga Dec. ¶11.

**Google's Response:**

Disputed.  *See* Google's Response to HyperPhrase's Additional Proposed Finding of Fact (Dkt. 132), No. 202.

213.    To create a link, Thistlewaite must verify that the target exists which is not an element of Claim 1.  de la Huerga Dec. ¶11.

**Google's Response:**

Disputed.  Google objects to HyperPhrase's characterization that all types of links disclosed within Thistlewaite will only insert a link into a document if the corresponding target document exists.  This is directly contradicted by the record, as Thistlewaite discloses that determining whether a target record exists at the time of link creation only applies to "intensional representation of links," which is but one of the several types of links disclosed in Thistlewaite (*See* Kirk Decl. (Dkt. No. 32), Ex. B at 168; *compare id.* at 163-169).

Google also objects to HyperPhrase's proposed finding as it turns on a legal conclusion, specifically the construction and meaning of "operable to retrieve said second data record" of element (e) of the claim chart in paragraph 11.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

117

For these reasons, HyperPhrase has failed to raise a dispute of fact.

214.    The '461 patent, one of the patents the '321 patent is a continuation-in-part of, states at col. 10 1. 64 to col. 11, 1. 2: "Moreover, the creator of the admission report has established the necessary hyperlinks to the admission ECG, previous ECG, previous discharge cath and admission CK enzyme reports without even knowing whether those reports were in existence (published or otherwise) at the time of the admission report's creation." de la Huerga Dec. ¶11.

**Google's Response:**

Undisputed.

**<u>Thistlewaite/PasTime and Claims 1 And 24 Of The '321 Patent</u>**

215.    On Page 171, Thistlewaite states "3. <u>attribute information</u> is extracted (or <u>deduced</u>) for each document – for example, sub-collection type, the name, the name of the speaker, - and is stored in a separate field" (emphasis added). The fact the information is stored in a separate file is not an element of Claim 1 which only examines information in the text of a document not in a separate file for a modifier reference. de la Huerga Dec. ¶12.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed findings of fact.  *See* Google's Reply to its PFOF Nos. 86, 89-90

Undisputed that Thistlewaite disclosed the language cited in HyperPhrase's proposed finding.

Google also objects that this proposed finding of fact turns on legal conclusions, including but not limited to the constructions of the phrases "record," "modifier reference" and "analyzing the referencing record."  Claim construction is the responsibility of the Court and a

118

question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


216.     Claim 1 of the '321 patent also used a modifier reference rule set to search for modifier reference. It discusses search rules, none of which can be deduction. Some of the examples shown in the two de la Huerga patents present medical records where patient ID information are clearly presented for a physician to read. de la Huerga Dec. ¶12.

**Google's Response:**

Undisputed to the extent that that claim 1 of the '321 patent includes the limitation "(a) identifying an MR rule set (MRRS) specifying the relationship between an MR and the DR."

Disputed in that Google objects to HyperPhrase's characterization that claim 1 of the '321 patent "discusses search rules, none of which can be deduction." The only "discussion" in claim 1 is the quoted language above, namely that the MR rule set "specif[ies] the relationship between an MR and the DR." There is no discussion that search rules cannot include "deduction." ('321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 16:61 – 17:10).

Google objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number"). There is no support in the declaration cited for HyperPhrase's allegation that "Some of the examples shown in the two de la Huerga patents present medical records where patient ID information are clearly presented for a physician to read." (*See* de la Huerga Decl. (Dkt. No. 130) at 10-12.) Google also objects to this portion of HyperPhrase's proposed finding as irrelevant to Google's motions for summary judgment, and thus in violation of this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the claims do not require (nor does the patent even discuss)

119

that information be "clearly presented for a physician to read."  ('321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 16:61 – 17:10).

Google further objects that this proposed finding of fact turns on a legal conclusion, including but not limited to the construction of the preamble of claim 1 of the '321, as well as the construction for the phrase "MR rule set."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


217.    In the two de la Huerga patents, many of the operations to link a data reference to another record rely on knowing the patient ID number to create a link. If the patient ID number were not clearly present on the display and absolutely determined no physician could rely on any of the links created to take them to one or more referenced records for the correct patient. de la Huerga Dec. ¶12.

**Google's Response:**

Disputed.  HyperPhrase's proposed finding is ambiguous, as it is uncertain which of the "de la Huerga patents" HyperPhrase refers to.

Undisputed that there are examples in the '889 patent and '321 patent where a patient ID number is used as part of the linking process.

Disputed in that Google objects to HyperPhrase's characterization that "in the two de la Huerga patents," "[i]f the patient ID number were not clearly present on the display and absolutely determined no physician could rely on any of the links created to take them to one or more referenced records for the correct patient."  There is no discussion in the '889 patent or '321 patent of this requirement.  (*See generally*, '998 patent, Woodford Decl. (Dkt. No. 26) Ex. A; '321 patent, Woodford Decl. (Dkt. No. 26), Ex. E).

Google objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Summary Judgment Rules, Sections I(C)(1) ("The court

will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  There is no support in the portion of the declaration cited for HyperPhrase's allegation that "If the patient ID number were not clearly present on the display and absolutely determined no physician could rely on any of the links created to take them to one or more referenced records for the correct patient."  (*See* de la Huerga Decl. (Dkt. No. 130) at 11.)  Google also objects to this portion of HyperPhrase's proposed finding as irrelevant to Google's motions for summary judgment, and thus in violation of this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the claims do not require (nor does the patent even discuss) HyperPhrase's allegation that "[i]f the patient ID number were not clearly present on the display and absolutely determined no physician could rely on any of the links created to take them to one or more referenced records for the correct patient."  (*See* '321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 16:61 – 17:10; *see* '321 patent, generally).

Google further objects that this proposed finding of fact turns on a legal conclusion, including but not limited to the construction of the preamble of claim 1 of the '321, as well as the construction for the phrases "analyzing the referencing record" of claim 1 and "linking" of claim 24.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


218.    Thistlewaite does not discuss the use of links to refer to more than one data record. de la Huerga Dec. ¶12.

**Google's Response:**

Disputed.  Google objects in that HyperPhrase's proposed finding here is duplicative of its proposed finding numbers 200 and 211.

*See* Google's Response to HyperPhrase's Add'l PFOF Nos. 200 and 211.

121

219.    Thistlewaite is precise that any link is to point to a specific record only, and not to more than one record only, and not to more than one record.  Thistlewaite does not teach "data reference (DR)" as defined by the Federal Circuit.  de la Huerga Dec. ¶12.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 82, 88.

Google also objects to HyperPhrase's proposed finding as duplicative of its additional proposed finding numbers 200, 201, 210, 211 and 219.  Accordingly, *see* Google's Response to HyperPhrase's Add'l PFOF Nos. 200, 201, 210, 211 and 219.

Finally, Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to changing the Federal Circuit and this Court's constructions for the term "data reference."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


### U.S. Patent No. 5,815,830 "Anthony" and Claims 1 and Of 7 The '889 Patent

220.    Anthony discusses the use of HyperNode™, a file format he uses, HyperDB™, a specialized database, XGL Hypertext Voyager™ as the implementation of his invention, and Auto_Hyperlinks™.  No documentation of these products is provided in the Anthony patent. de la Huerga Dec. ¶13

**Google's Response:**

Undisputed that U.S. Patent No. 5,815830 to Anthony (the "Anthony '830 patent") discusses in detail but does not provide separate "documentation" of the products discussed within the Anthony '830 patent.  Google objects to this portion of HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4)

122

that facts "must be limited to those facts necessary to raise a dispute," as Google's summary
judgment motion only relies on the disclosures found within the Anthony '830 patent to show
that the asserted claims of the '889 patent are invalid.  (*See generally*, Croft Second Decl. (Dkt.
105), Ex. 1 at ¶16; Croft First Decl. (Dkt. No. 34), Ex. 2b).

Disputed that the Anthony '830 patent describes a "HyperNode" as "a file format."
Rather, that patent describes the "HyperNode" as "record in the database, comprising topic data
such as text pages, pictures or sound, reference name and any further fields of data."  (Anthony
'830 patent, Kirk Decl. (Dkt. No. 32), Ex. A at 4:20-24 in the "Detailed Description of the
Invention).  Disputed that the Anthony '830 patent describes "HyperDB" as a "specialized
database."  Rather, that patent describes an example database of the "HyperDB" as "[t]he
database itself containing the records[.]"  (*Id*. at 24-26).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


221.    Anthony does not disclose a plurality of databases. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's
Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact
does not supplement the record, but rather responds to and indeed re-writes Google's proposed
finding of fact.  *See* Google's Reply to its PFOF No. 95.

The record also directly contradicts HyperPhrase's proposed finding.  As noted in Dr.
Croft's First Declaration, Anthony discloses multiple input databases.  (*See* Croft First Decl.
(Dkt. No. 34), Ex. 2b at 5; *see also* Kirk Decl. (Dkt. No. 32), Ex. A at 4:29-33 and 3:36-48).

Google further objects that HyperPhrase's proposed finding of fact turns on a legal
conclusion, including but not limited to what the construction of the term "database" and phrase
"plurality of databases" mean.  Claim construction is the responsibility of the Court and a
question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir.
2005).

123

For these reasons, HyperPhrase has failed to raise a dispute of fact.

222.    The Summary of the Invention and the Detailed Description of the Invention sections and the Drawings in Anthony do not discuss or show "databases" (in plural). de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 95.

The record also directly contradicts HyperPhrase's proposed finding.  As noted in Dr. Croft's First Declaration, Anthony discloses multiple input databases.  (*See* Croft First Decl. (Dkt. No. 34), Ex. 2b at 5; Kirk Decl. (Dkt. No. 32), Ex. A at 4:29-33 and 3:36-48).  These passages relied on by Dr. Croft are found in the "Summary of the Invention" and in the "Detailed Description of the Invention" portions of the Anthony '830 patent.  (*Id.*)

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "database" and phrase "plurality of databases" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

223.    The only place where "databases" are discussed is in referring to prior art systems in the Background of the Invention section in Anthony. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 95.

*See* Google's Reponses to HyperPhrase's Add'l PFOF Nos. 221 and 222.


224.     In the Summary of the Invention and the Detailed Description of the Invention sections in Anthony, the phrase "a database" or "the database" is used 32 times in 3½ pages of text. de la Huerga Dec. ¶13.

**Google's Response:**

Undisputed.


225.     Anthony discusses a process to recognize text between documents that teaches away from using this scheme on a system that has multiple databases.  de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 95.

The record also expressly contradicts HyperPhrase's proposed finding, in that the Anthony '830 patent discloses using its invention in both a networked and non-networked environment, and it further teaches using multiple input databases.  (*See* Croft First Decl. (Dkt. No. 34), Ex. 2b at 5; Kirk Decl. (Dkt. No. 32), Ex. A at 4:29-33 and 3:36-48).

*See also* Google's Reponses to HyperPhrase's Add'l PFOF Nos. 221 and 222.


226.     Anthony envisions a record storage scheme where text is stored in one section and a unique topic name is stored in another section of it; this is of Anthony's own design. Furthermore, if it were spread across multiple databases, they not only would have to adopt a storage scheme, the data owners would have to agree to mutually exclusive unique names (for

which Anthony has no solution), and the time to search every record in multiple databases to see which one has a topic name matching a text sequence becomes impossibly long as every record in every database has to be checked before a match might be made. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  As a threshold matter, Google objects to HyperPhrase's proposed construction as ambiguous, as it is not clear what HyperPhrase means by its statement that "Anthony envisions a record storage scheme where text is stored in one section and a unique topic name is stored in another section of it; this is of Anthony's own design."  The Anthony '830 patent never uses the term "section."  (*See generally,* Kirk Decl. (Dkt. No. 32), Ex. A).

Google also objects to HyperPhrase's proposed construction as HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  Although HyperPhrase cites to the declaration of Mr. de la Huerga at ¶13, in that declaration Mr. de la Huerga only makes conclusory assertions with no evidentiary support.

Google further objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute."  The asserted claims neither require nor discuss a "storage scheme" or "mutually exclusive unique names," nor are they concerned with the time that it takes to search any database.  (*See* '889 Patent, Woodford Decl. (Dkt. No. 32), Ex. A at 16:61 – 17:10; *id.* at 17:25-26).

Finally, Google objects that to the extent there is any potential relevance to HyperPhrase's proposed finding, it turns on a legal conclusion, including but not limited to what the construction of the terms "database" and "record" and the phrases "standardized format for addressing" and "means for retrieving said first data record" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

126

For these reasons, HyperPhrase has failed to raise a dispute of fact.

227.     Anthony does not propose a standard addressing scheme. Anthony discloses a process where when a text record is prepared, the person creating it also provides a unique reference name (topic name) that is stored in the record. When a record is read, the text portion is compared against the topic names stored in a portion of all the other records stored in the database. When a match is located, a link is created between the record text and the record with the matching topic name. The link is created not using a standard addressing scheme, but using whatever (random) address the record with the matching topic name is stored at. The address can be as variable and random as the personal choices of a person storing records on their own computer file systems.  de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 96.

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  Although HyperPhrase cites to the declaration of Mr. de la Huerga, that declaration contains only conclusory allegations with no evidentiary support.  In particular, there is no support for HyperPhrase's allegation that "[t]he link is created not using a standard addressing scheme, but using whatever (random) address the record with the matching topic name is stored at.  The address can be as variable and random as the personal choices of a person storing records on their own computer file systems."

The record also contradicts HyperPhrase's proposed finding.  (*See* Croft First Decl. (Dkt. No. 34) at 5-6).

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "standard format for addressing" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

228.    Even if the topic names are stored in a separate file, Anthony does not describe a standardized addressed format. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 96.

The record also contradicts HyperPhrase's proposed finding. (*See* Croft First Decl. (Dkt. No. 34) at 5-6).

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "standard format for addressing" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

229.    Anthony does not describe an interactive display program displaying a plurality of display formats. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 97.

The record contradicts HyperPhrase's proposed finding. Specifically, it discloses that Anthony's invention not only applies text, but that it also "applies to other types of data, such as: images, sound, video, executable files or other data." (Kirk Decl. (Dkt. No. 32), Ex. A at 3:57-61). It also discloses that the user may query the system in Anthony's invention, and based on the interactive request, received different responses. (Croft First Decl. (Dkt. No. 34), Ex. 2b at 6).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

230.    Anthony is silent on the XGL Hypertext Voyager™ in his invention. We only know that it can display text. Pictures are mentioned as potential links, but without display by any of Anthony's software, see col. 3:14 - 16: "If the requested topic is a text topic, the process is repeated for the new topic. If the requested topic is a picture, or video topic, it will be shown or played without moving from the current text topic." (de la Huerga Dec. ¶13).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 97.

The record contradicts HyperPhrase's proposed finding. Specifically, it discloses that Anthony's invention displays text as well as images, sound and video: "The invention is effective with respect to textual data … [h]owever, [] the invention applies to other types of data, such as: images, sound, video, executable files or other data." (Kirk Decl. (Dkt. No. 32), Ex. A at 3:57-61). This is confirmed in column 5 of the patent, where it states that "[t]he user may then jump to the associated topic by selecting the highlighted word or phrase in the first topic text, as in prior art Hypertext system, or if the associated topic is a picture it is displayed on

129

selection." (*Id.* at 5:11-14). It also discloses that the user may query the system in Anthony's invention, and based on the interactive request, received different responses. (Croft First Decl. (Dkt. No. 34), Ex. 2b at 6).

    For these reasons, HyperPhrase has failed to raise a dispute of fact.

    231.    In the '889 patent, the term "means for parsing" or "parsing" is both definite and enabled. (de la Huerga Dec. ¶13).

    **Google's Response:**

    Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 100.

    Google objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the term "parsing" and the phrase "means for parsing" mean. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

    Google also objects as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make. *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record…. This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")

    For these reasons, HyperPhrase has failed to raise a dispute of fact.

    232.    Regarding the means for parsing, Fig. 1 '889 in the patent shows hospital computer network 100, including Data Translation and Collection System 110. Data Translation and Collection System 110 used is throughout this patent to perform various software steps as

shown in Figs. 5A–5F, Figs. 12A–12 C, Figs. 13A–13C, and Figs. 15A–15B. The Brief Description of the Drawings section states, for example, at col. 5, l. 66 to col. 6, l. 4: "FIGS. 13A-13C are a functional flow chart showing the steps by which the <u>data translation and collection system</u> processes a data record received or retrieved from a workstation or database system on the medical computer network, reformat the data record, assign it a URL address, and deliver it to a database for storage." (emphasis added) (de la Huerga Dec. ¶13).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 100.  It is also duplicative of HyperPhrase's Add'l PFOF Numbers 203-204.

*See* Google's Response to HyperPhrase's Add'l PFOF 203-204.


233.    Step 654 of Fig. 13A refers to the action of "PARSE Record" which is performed, for example, by the data translation and collection system 110.  The exact steps to parse a record are shown in Figs. 15A –15B and in col. 16 :27-36: FIG. 15A illustrates how a data record is parsed. A data record is parsed to locate data references by searching it for text corresponding to a hypertext link or a multimedia data request. If one is found, the URL is located after the initial control sequence and will be saved (step 812) for use after the parsing is completed. If none are found, or when the record has been completely parsed, another pass can be made to search for data references in the form of key words or key phrases (step 820). (de la Huerga Dec. ¶13).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 100.

Google also objects as this proposed finding is duplicative of HyperPhrase's additional proposed finding number 206. *See* Google's Response to HyperPhrase's Add'l PFOF No. 206.

234.    The means for parsing is the data translation and collection system 110 performing a series of comparisons and matches steps as is well known to one of ordinary skill in the art. Reference sub-section G. Parsing to Locate Data references at col. 16:27-59 and Figs. 15A and 15B (the entire figures) of the '889 patent, which explains how text (not computer code) in a data record is parsed. (de la Huerga Dec. ¶13).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 100.

Google also objects as this proposed finding is duplicative of HyperPhrase's additional proposed finding number 207. *See* Google's Response to HyperPhrase's Add'l PFOF No. 207.

235.    Col. 16:27-36 of the '889 patent states: FIG. 15A illustrates how a data record is parsed. A data record is parsed to locate data references by searching it for text corresponding to a hypertext link or a multimedia data request.  If one is found, the URL is located after the initial control sequence and will be saved (step 812) for use after the parsing is completed. If none are found, or when the record has been completely parsed, another pass can be made to search for data references in the form of key words or key phrases (step 820). (de la Huerga Dec. ¶13).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 100.

Google also objects as this proposed finding is duplicative of HyperPhrase's additional proposed finding number 207. *See* Google's Response to HyperPhrase's Add'l PFOF No. 207.

236.    Anthony is specific that each record must have unique a topic name, col. 4:16 – 18: "A reference name 600 is a unique, meaningful name which indicates the subject matter of the data portion to which it refers. de la Huerga Dec. ¶13 .

**Google's Response:**

Undisputed.

237.    Anthony cannot teach a system where a "reference" may refer to more than one record as required by the Federal Circuit's definition of "reference." de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 100.

The record also directly contradicts HyperPhrase's proposed finding.  The Federal Circuit held that a data reference "may" refer to more than one record.  (Federal Circuit Opinion (Dkt. No. 109) at 10.)  There is no reasonable interpretation of "may" that means it "must" refer to more than one record.  To the extent that HyperPhrase believes to the contrary, its proposed finding turns on a legal conclusion, including but not limited to what the construction of the phrase "data reference" and the term "may" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

238.    The term "means for modifying" or "modifying" is both definite and enabled. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 157.

 *See* Google's Reply to its Proposed Finding of Fact, No. 157, filed concurrently with this Response.

Google also objects as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record….  This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")

Finally, Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "means for modifying" and the term "modifying" means, as well as what the corresponding structures are for the claimed functions under 35 U.S.C. §112, paragraph 6.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Accordingly, HyperPhrase fails to raise a genuine dispute of material fact.


239.    Fig. 1 in the '889 patent shows hospital computer network 100, including Data Translation and Collection System 110. de la Huerga Dec. ¶13.

**Google's Response:**

Undisputed.

240.     Data Translation and Collection System 110 is used throughout this patent to perform various software steps as shown in Figs. 5A –5F, Figs. 12A –12 C, Figs. 13A –13C, and Figs. 15A–15B. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 156-157.  It is also duplicative of HyperPhrase's additional proposed finding number 203.

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  Within the cited declaration of Mr. de la Huerga, there is a reference to the data translation and collection system performing the functional steps shown in Figures 13A-13C.  There is no evidentiary support for the remainder of HyperPhrase's proposed finding that the other figures are related to the data translation and collection system.

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to the construction of the phrase "means for parsing" and determining the corresponding structure for this functional claim limitation under 35 U.S.C. §112, paragraph 6.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

241.    The Brief Description of the Drawings section states, for example, at col. 5:66-6:4: "FIGS. 13A -13C are a functional flow chart showing the steps by which the data translation and collection system processes a data record received or retrieved from a workstation or database system on the medical computer network, reformat the data record, assign it a URL address, and deliver it to a database for storage. " (emphasis added) . de la Huerga Dec. ¶13 .

**Google's Response:**

Undisputed that the quoted passage is cited in the '889 patent at column 5, lines 66 through column 6, line 4.

242.    The '889 patent also states in col. 9:19–23: "FIGS. 13A-13C set forth an alternate embodiment of the operation of the data translation and collection system 110 (FIG. 1) with particular reference to receiving, translating, and formatting data records to facilitate access through browsers and hypertext links for future users." de la Huerga Dec. ¶13.

**Google's Response:**

Undisputed.

243.    Anthony does not discuss modifying the data record to the interactive program. Anthony's only discussion of HTML or markup codes in is col. 1:66-2:l.: "This procedure would usually involve the author in having to mark cross-reference words and phrases with special codes or with some form or computer language. A known standard for coding such links is Hypertext Markup Language (HTML)." de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 101.

136

The record also contradicts HyperPhrase's proposed finding.  (*See* Croft First Decl. (Dkt. No. 34) Ex. 2b at 7-8; Kirk Decl. (Dkt. 32), Ex. A at 4:67 – 5:18).  Also, the asserted claims of the '889 patent do not claim an "interactive program."  (*See generally*, Woodford Decl. (Dkt. 26), Ex. A at 16: 61 – 17:10; *id*. at 17:25-26).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "modifying" and the phrase "data record" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


244.     Anthony documents the limits of a person to properly create links manually or to keep them up to date. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding as both ambiguous and incomprehensible, in that HyperPhrase has provided no context in order to allow it to be understood.  Anthony discloses a system that allows links to be created automatically, and to allow such links to be automatically kept up to date.  (*See generally*, Croft First Decl. (Dkt. No. 34), Ex. 2b; Kirk Decl. (Dkt. No. 32), Ex. A, 2:34 – 4:6 (SUMMARY OF THE INVENTION) and *passim*).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


245.     Anthony never refers to HTML when describing his own invention. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 101.

The record contradicts HyperPhrase's proposed finding, as the Anthony '830 patent discusses through-out its disclosure the creation of hyperlinks and hypertext links. (*See, e.g.,* Kirk Decl (Dkt. No. 32), Ex. A at Abstract, 1:10-16 ("The present invention relates to methods and systems of information management, and more particularly to Hypertext information retrieval and display", found in the FIELD OF THE INVENTION), 6:21-32 ("The words highlighted in bold and underlined have been automatically shown as hyperlinks. These words and phrases have been found to exist on the database as topics in their own right … so they are automatically cross-referenced or Hyperlinked. If the user clicks the mouse on any of the hyperlinked words which refer to a text topic, they would automatically be taken to that topic and its associated topic text would be displayed with again any hyperlinks automatically found and highlighted as above.").

It is undisputed that the text string "HTML" is not used to directly describe the invention in Anthony's '830 patent – but this is irrelevant. Google objects to this proposed finding as irrelevant to the asserted claims and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as none of the asserted claims describe or require "HTML". (*See* '889 patent, Woodford Decl. (Dkt. No. 26), Ex. A; id., '321 patent at Ex. E).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "means for modifying said reference to said second data record to create an address" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a dispute of fact.

138

246.    Anthony teaches displaying a text record on a screen and underlining and bolding the text, see col. 6:21 – 24: "The words highlighted in bold and underlined have been automatically shown as hyperlinks. " de la Huerga Dec. ¶13.

**Google's Response:**

Undisputed.


247.    The reader is not taught whether Anthony refers to an HTML coded hyperlink or other hyperlink mechanism. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 101.  Google also objects that this proposed finding is duplicative of HyperPhrase's additional proposed finding number 245.

*See* Google's Response to HyperPhrase's Add'l PFOF No. 245.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


248.    Anthony only has to keep track of the cursor position on the screen. When the cursor is activated and it is over underlined text, Anthony's software need only compare its screen position to a list of screen positions then use a corresponding record file name that is stored separately from the record text. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to HyperPhrase's proposed finding as both ambiguous and incomprehensible, in that HyperPhrase provides no context in order to be able to understand what it means, including by providing no information to understand what it means by "keep track of the cursor position" and "[w]hen the cursor is activated" as well as "compare its screen

139

position to a list of screen positions and then use a corresponding record file name that is stored separately from the record text."

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number"). There is nothing in the cited de la Huerga Declaration at paragraph 13 to support HyperPhrase's proposed finding. (*See* de la Huerga Decl. (Dkt. No. 130), at 12-14).

To the extent that HyperPhrase is referring to element (f) of claim 1 of the '889 patent, its allegations are contradicted by the record. (*See, e.g.,* Croft First Decl. (Dkt. No. 34), Ex. 2b at 8-9; Kirk Decl. (Dkt. No. 32), Ex. A at 6:21-32 ("If the user clicks the mouse on any of the hyperlinked words which refer to a text topic, they would automatically be taken to that topic and its associated topics text would be displayed with again any hyperlinks automatically found an displayed as above.")

Further, it appears to the best that HyperPhrase's allegation can be understood, that its proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of element (f) of claim 1 of the '889 patent means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


249.    Anthony affects a link *without* modifying the record or its text, as required by this claim. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 101.

The record contradicts HyperPhrase's proposed finding, as Anthony's '830 patent discloses inserting a hypertext link into the record being displayed to the user. (*See* Croft First Decl. (Dkt. No. 34), Ex. 2b at 7-8; *see* Google's Response to HyperPhrase's Add'l PFOF No. 248).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "means for modifying said reference to said second data record to create an address" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


250.    Anthony does not create an address, the address of a link is provided by the record that is scanned to determine if it has a topic name that matches text in another record. The address is provided by the author of the document when it is stored. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No. 101.

The record contradicts HyperPhrase's proposed finding, as Anthony's '830 patent discloses inserting a hypertext link into the record being displayed to the user. (*See* Croft First Decl. (Dkt. No. 34), Ex. 2b at 7-8; *see* Google's Response to HyperPhrase's Add'l PFOF No. 248).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "means for

modifying said reference to said second data record to create an address" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

251.    The claim has no requirement, as suggested by Google, that the first data record be permanently modified to include a hyperlink. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No 101.

The record contradicts HyperPhrase's proposed finding.  Claim 1, element "(f)", plainly states that the claimed invention requires a "means for modifying said reference to said second data record to create an address."  (Woodford Decl. (Dkt. No. 26), Ex. A at 17:6-8).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the claim limitation "means for modifying said reference to said second data record to create an address" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

252.    The term "means for sending" or "sending" is both definite and enabled. Regarding the means for sending, Fig. 1 in '889 the patent shows hospital computer network 100, including Data Translation and Collection System 110. de la Huerga Dec. ¶13.

**Google's Response:**

142

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No(s). 158-159.

Google objects that HyperPhrase's proposed findings of "fact" turn on a legal conclusions, including but not limited to what the constructions are for the phrase "means for sending" and the term "sending," and what the corresponding structure is for these functional claim limitations under 35 U.S.C. §112, paragraph 6.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

Google also objects as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record….  This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")

For these reasons, HyperPhrase has failed to raise a dispute of fact.


253.    Data Translation and Collection System 110 is used throughout this patent to perform various software steps as shown in Figs. 5A–5F, Figs. 12A–12 C, Figs. 13A–13C, and Figs 15A–15B. de la Huerga Dec. ¶13.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 100.  It is also duplicative of HyperPhrase's Add'l PFOF Numbers 203-204, and 232.

*See* Google's Response to HyperPhrase's Add'l PFOF 203-204 and 232.

254.     Step 604 in Fig. 12C states: "Send the desired and translated record to the requesting processor or workstation." de la Huerga Dec. ¶13.

**Google's Response:**

Undisputed.

### Graham and Claims 1 and 24 of the '321 Patent

255.     Graham does not teach a referencing record having a combination of at least a data reference and a modifier reference. (de la Huerga Dec. ¶14.)

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 105-106, and 109-110.

HyperPhrase's proposed finding here is also contradicted by a different proposed finding, where HyperPhrase stated that "Graham speaks to the need for there to be a DR and a MR used in combination."  *See* HyperPhrase's APFOF (Dkt. No. 132), No. 261.

Google objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "data reference" and "modifier reference" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

256.     The Graham reference cited by Google is a series of definitions and grammatical structures for a programming language called HTML.  As such, Graham does not describe parsing a first data record to identify a reference to a second data record. (de la Huerga Dec ¶14.)

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No 108.

The record contradicts HyperPhrase's proposed finding, in that the Graham reference explicitly discloses that when an HTML document is parsed by a web browser, the browser searches for partial URL.  (Croft First Decl. (Dkt. No. 34), Ex. 2a at 40-42; *see* Kirk Decl. (Dkt. 32), Ex. A, *passim*).

Google also objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrase "analyzing the referencing record to identify the DR" and "data reference" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


257.     A URL is not part of the display text nor is a BASE element a modifier reference (which is also in the display text) (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 108-110.

Google also objects to this proposed finding as ambiguous, as HyperPhrase fails to provide context in order to understand what is meant, at a minimum, by "display text."

Google further objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "data reference,"

"modifier reference," and "referencing record" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

258.     HTML programmers can use shorthand or an abbreviation in referring to file resource names as more completely explained by Graham in the larger section in Chapter 1 also titled "Partial URLs."  Graham, HTML Sourcebook, pp. 22 to 26. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, 108 and 111.

Google also objects to HyperPhrase's proposed finding as ambiguous, in that HyperPhrase has not provided any context to understand what it means by, at a minimum, "shorthand" or "an abbreviation in referring to file resource names."  To the extent that HyperPhrase is referring to addresses for files, it is undisputed that Graham discloses an HTML programming convention known as "partial URLs" to identify the addresses for HTML web pages.  (*See* Croft First Decl. (Dkt. No. 34), Ex. 2a; Graham Decl. (Dkt. No. 30), Ex. B).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

259.     The partial URL is merely a shorthand or an abbreviation for a complete URL that is an address that has already been fully defined by the HTML programmer *prior* to sending the initial record so it can be displayed. The programmer is merely seeking, for the portions of the address he has abbreviated, to substitute either the implied base address of the source of the initial record or the implied base address he has already provided in the HTML code. (de la Huerga Dec. ¶14).

146

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 108-110.

Google also objects to HyperPhrase's proposed finding as ambiguous, including with respect to "implied base address" as HyperPhrase has provided no context to demonstrate what it means by this phrase.  The record also contradicts HyperPhrase's proposed finding, in that the "source of the initial record" is not predefined, rather it is any location where the record being parsed by a Web browser is located.  (Second Croft Decl. (Dkt. No. 34) Ex. 2(b); Graham Decl. (Dkt. No. 30), Ex. B at xii, ix, 166-168.)

Google further objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the claims do not discuss nor require whether an address has "already been fully defined."  (*See generally*, '321 patent, Woodford Decl. (Dkt. No. 26), Ex. E.)

The record also directly contradicts HyperPhrase's proposed finding, as the '321 patent expressly discloses the use of partial URLs and BASE HREF URLs.  (*See* Woodford Decl. (Dkt. No. 26), Ex. E at 16:52-57 ("In addition, the MRRS range may be any range including a text fragment, a sentence segment in which a DR appears, a sentence in which a DR appears, a paragraph in which a DR appears, a table cell in which a DR appears or an entire record (e.g. a patient ID# which appears once at the top of a record may modify every DR in the record"); *id*. at 8:53-65) (disclosing both partial BASE HREF statements for DRs and partial URLs for MRs: "For each field, ARS 44 specifies that the field is either 'fixed' or 'variable'.  Fixed means that the text (i.e. data object) used to instantiate a field is always the same.  For example, for St. Mary's of Springfield, it will be assumed that all DBs are identified generally by a universal resource locator (URL) segment 'http://hww.st_mary.springfield'.  In this case, all DRs include a first fixed field 56 wherein the text to instantiate the field comprises:

147

http://hww.st_mary.springfield'.  As another example, each time a medication is given to a patient, an administration record is required.  In this case, an exemplary fixed text field specifying the occurrence of medication administration is 'medication/given'.").  Partial URLs and BASE URLs can also be seen in Fields 1-6 of Figure 4 of the '321 patent.  (*Id*. at Fig. 4).

Google further objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the constructions of the phrases "referencing record," "data reference" and "modifier reference" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a dispute of fact.


260.     The Federal Circuit has ruled that "data reference" is: "a unique phrase or word which may be used in a record to refer to another record or record segment," and that a data reference may refer to one or more than one record. " (de la Huerga Dec. ¶14).

**Google's Response:**

Undisputed.  Also duplicative of (at least) HyperPhrase's additional proposed finding numbers 171, 199, and 209.


261.     Graham speaks to the need for there to be a DR and a MR used in combination. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed to the extent that HyperPhrase implies that the Graham disclosure is limited to only DR/MR combinations.  Quite to the contrary, Graham discusses complete URLs that are parsed and rendered on a stand-alone basis, without any other information.  (Second Croft Decl. (Dkt. No. 34) Ex. 2(b); Graham Decl. (Dkt. No. 30), Ex. B at xii, ix, 166-168.)

Otherwise undisputed.

262.    Graham does not discuss analyzing a referencing record to identify a DR (data reference). (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No 110.

The record also contradicts HyperPhrase's proposed finding, as Graham discloses searching an HTML document for a partial URL when the HTML page is being rendered by a Web browser.  (*See* Croft First Decl. (Dkt. No. 34), Ex. 2a at 42; Graham Decl. (Dkt. No. 30), Ex. B at xii, ix, 166-68.)

HyperPhrase's proposed finding is further contradicted by a different proposed finding, where HyperPhrase stated that "Graham speaks to the need for there to be a DR and a MR used in combination."  HyperPhrase's APFOF (Dkt. No. 132), No. 261.

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "analyzing the referencing record to identify a DR" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


263.    A key word or phrase is a recognized text string that is to be converted into a hypertext link.  As an example, the data reference indicated by the phrase, "Admission ECG," can be converted (steps 828, 830) into the following hypertext link: <ahref="hww.st_mary.springfield/ecg/987654321/03may1997/ecg/admission.html">Admission ECG</a>."(de la Huerga Dec. ¶14).

**Google's Response:**

Undisputed that the quoted language appears in the '889 patent at column 16, lines 37 to 43, as noted in the declaration of Mr. de la Huerga.

264.    The '321 patent is a continuation-in-part of U.S. Patent 5,895,461, filed in Aug. 13, 1996 and a continuation-in-part of provisional patent application 60/023,126, filed on Jul. 30, 1996. Examining it also shows uses of the phrases "keyword" and "hypertext link reference" as being synonymous and reinforces the Federal Circuit decision (p. 7) that:   "…the terms "data reference," record reference," "specifying reference,", and "reference," as used throughout the Patents-In-Suit, are interchangeable and have the same meaning." (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  U.S. Patent No. 5,895,461 was not filed on August 13, 1996.  (*See* Woodford Decl. (Dkt. No. 26), Ex. I (face of patent)).

Google objects to HyperPhrase's proposed finding as ambiguous, as HyperPhrase fails to provide proper context to show what "[e]xamining it" refers to.

Undisputed that the '321 Patent is a continuation-in-part through several other patents of the '461 patent.  Also undisputed that on page 7 of the Federal Circuit's opinion, it made the above quoted statement regarding "data reference," "record reference," "specifying reference" and "reference."  (Federal Circuit Opinion (Dkt. No. 109) at 7).

Google also objects to HyperPhrase's proposed finding as irrelevant, and thus it violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the asserted claims do not require a "keyword" or "hypertext linking reference."  (*See* '321 Patent, Woodford Decl. (Dkt. No. 26), Ex. E).  Nor does Google's summary judgment motion rely on these terms/phrases.

265.    In the '321 patent, examples are presented showing how the inventive method can be used to augment the user's (in this example, the physician) productivity. It is not sensible to contemplate that users, such as physicians, (who are one set of target users, but not the only

150

ones) are interested in seeing underlying programming codes or formatting HTML. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 108.

Google also objects to this proposed finding as ambiguous, as the '321 patent never uses the term "productivity," nor does the de la Huerga declaration at paragraph 14 provide any such examples.  Nor does that declaration provide any support for the statement that "It is not sensible to contemplate that users, such as physicians, (who are one set of target users, but not the only ones) are interested in seeing underlying programming codes or formatting HTML."

Google further objects HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the asserted claims do not require nor discuss "productivity" or "display text."  (*See* '321 Patent, Woodford Decl. (Dkt. No. 26), Ex. E at 32:12-25 (claim 1) and 34:16-17 (claim 24)).

Finally, Google objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "referencing record," "data reference" and "analyzing the referencing record to identify a DR" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


266.    The Federal Circuit agreed that a "data reference " is "a unique phrase or word" which is meant to be read to understand the record. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No 108.

Google also objects as HyperPhrase's proposed finding is directly contradicted by the record. The Federal Circuit actually held that a "data reference" was construed to mean "'a unique phrase or word which may be used in a record to refer to another record or record segment,' and that a data reference may refer to one or more than one record." (Federal Circuit Opinion (Dkt. No. 109) at 10).

There is no support in the Federal Circuit's opinion for HyperPhrase's proposed finding that the Federal Circuit's opinion should be construed to include that the data reference "is meant to be read to understand the record." (*See id.*) Nor does the de la Huerga declaration provide any such evidentiary support. (*See* de la Huerga Decl. (Dkt. No. 130) *passim*). Nor does HyperPhrase's proposed finding make sense, as the data reference is read by the system, not the user. (*See* '321 Patent, Woodford Decl. (Dkt. No. 26), Ex. E at 32:12-25 (claim 1) and 34:16-17 (claim 24)).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference," "referencing record" and "analyzing the referencing record to identify a DR" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

267.    The Federal Circuit did not construe a "data reference" to encompass hidden programming codes. Every discussion of a data reference used by the Federal Circuit in its opinion refers to text that an ordinary person is intended to read when viewing a record on a browser screen. For example, the Federal Circuit (p. 9) used Fig. 14C to depict a "conventional

text document " and identifies the text "Catheterization Reports " in Fig. 14C. The Federal Circuit did not refer to the hidden programming tags (e.g., hyperlink anchor tags) "<a href=…" which are shown in Fig. 14D as a data reference. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 108.

The record contradicts HyperPhrase's proposed finding.  The Federal Circuit held that a "data reference" was construed to mean "'a unique phrase or word which may be used in a record to refer to another record or record segment,' and that a data reference may refer to one or more than one record."  (Federal Circuit Opinion (Dkt. No. 109) at 10).  There is nothing in this construction that limits the claimed "data reference" from including "hidden programming codes" in a document.  (*See id.*)  Nor was that issue even before the Federal Circuit.  (*Id.* at 7).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference," "referencing record" and "analyzing the referencing record to identify a DR" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


268.    This claim element in the claim 1 of the '321 patent states there is a modifier reference rule set (MRRS) that identifies a relationship between an MR and a DR.  For a DR like "ECG" (which matches the Federal Circuit's definition of a "data reference"), the MRs can be a date, the text "report", or "image." The MRRS specifies rules that can be used to determine, for example, that the DR key word "ECG" can be combined with the MR "report" provided that when the DR/MR combination "ECG report" is found in a record, there is a relationship between

the two which is different than another DR/MR combination of "ECG image". (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 109-111.

Undisputed that element (ii)(a) of claim 1 of the '321 patent requires "identifying an MR rule set (MRRS) specifying the relationship between an MR and the DR.

Google also objects to HyperPhrase's proposed finding as ambiguous, as it provides no context in order to determine whether "ECG," "date," "report" or "image" satisfy the requirements of a data reference (DR) or modifying reference (MR).  Nor does the cited declaration provide any support or context for the proposition that "the DR key word 'ECG' can be combined with the MR 'report' provided that when the DR/MR combination 'ECG report' is found in a record, there is a relationship between the two which is different than another DR/MR combination of 'ECG image'."

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "modifier reference rule set (MRRS)" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a dispute of fact.


269.     Graham does not imply the existence of a MR (modifier reference) and a modifier reference rule set. All Graham can point to are hidden programming codes that are not data references or modifier references. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 106, and 109-110.

HyperPhrase's proposed finding here is also contradicted by a different proposed finding, where HyperPhrase stated that "Graham speaks to the need for there to be a DR and a MR used in combination." *See* HyperPhrase's APFOF (Dkt. No. 132), No. 261.

Google also objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "data reference," "modifier reference," "modifier reference rule set (MRRS)," "analyzing the referencing record to identify a DR," and "analyzing the referencing record in accordance with the MRRS to identify the existence of an MR" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a dispute of fact.


270.    The '321 patent is replete with examples of modifier references, each one is a example of text that is intended to be read by the normal user/reader, for example, a physician. The examples shown in the '321 patent of modifier references include dates near a data reference, "previous", "admission", "report", "record", "image", or a patient ID number. None of these are hidden programming codes. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 106, and 109-110.

The record contradicts HyperPhrase's proposed finding, as the '321 patent discloses BASE URL segments that are "hidden codes" that are not "intended to be read by the normal user/reader." *See* Google's Response to HyperPhrase' Add'l PFOF No. 259.

Google objects to the proposed finding as ambiguous, as HyperPhrase has not provided any context to show what is meant by the "normal user/reader."

Google also objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "modifier reference" and "analyzing the referencing record in accordance with the MRRS to identify the existence of an MR" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

271.    The '321 patent is replete with examples of modifier references, each one is a example of text that is intended to be read by the normal user/reader, for example, a physician. The examples shown in the '321 patent of modifier references include dates near a data reference, "previous", "admission", "report", "record", "image", or a patient ID number. None of these are hidden programming codes. (de la Huerga Dec. ¶14).

**Google's Response:**

Google objects to HyperPhrase's proposed finding as duplicative of its additional proposed finding number 270.

*See* Google's Response to HyperPhrase's Add'l PFOF No. 270.

272.    Completely missing from Graham is any reference to the word or concept of a modifier reference or a modifier reference rule set. Graham cannot teach these concepts because it is entirely foreign to his purpose of providing HTML programming code definitions and grammar. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 109-110.

The record also contradicts HyperPhrase's proposed finding, as Graham discloses using BASE HREF URLs as modifier references, and discloses rules for searching for BASE HREF URLs related to partial URLs (which are data references).  (Croft First Decl. (Dkt. No. 34), Ex. 2a at 40-41 and 43-44).

HyperPhrase's proposed finding here is also contradicted by a different proposed finding, where HyperPhrase stated that "Graham speaks to the need for there to be a DR and a MR used in combination."  *See* HyperPhrase's APFOF (Dkt. No. 132), No. 261.

Google also objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "modifier reference," "modifier reference rule set (MRRS)" and "analyzing the referencing record in accordance with the MRRS to identify the existence of an MR" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


273.    Hidden programming codes or computer addresses do not correspond to data references or modifier references, in accordance with the Federal Circuit's ruling. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 108-110.

Google also objects as HyperPhrase's proposed finding is directly contradicted by the record. The Federal Circuit actually held that a "data reference" was construed to mean "'a unique phrase or word which may be used in a record to refer to another record or record segment,' and that a data reference may refer to one or more than one record." (Federal Circuit Opinion (Dkt. No. 109) at 10).

There is no support in the Federal Circuit's opinion for HyperPhrase's proposed finding that the Federal Circuit's opinion should be construed to include that the data reference "is meant to be read to understand the record." (*See id.*) Nor does the de la Huerga declaration provide any such evidentiary support. (*See* de la Huerga Decl. (Dkt. No. 130) *passim*). Nor does HyperPhrase's proposed finding make sense, as the data reference is read by the system, not the user. (*See* '321 Patent, Woodford Decl. (Dkt. No. 26), Ex. E at 32:12-25 (claim 1) and 34:16-17 (claim 24)).

HyperPhrase's proposed finding here is also contradicted by a different proposed finding, where HyperPhrase stated that "Graham speaks to the need for there to be a DR and a MR used in combination." *See* HyperPhrase's APFOF (Dkt. No. 132), No. 261.

Google further objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "data reference," "modifier reference," and "analyzing the referencing record in accordance with the MRRS to identify the existence of an MR" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


274.    Completely missing from Graham is any reference to the concept a modifier reference or a modifier reference rule set. Graham cannot teach these concepts because it is entirely foreign to his purpose of providing HTML programming code definitions and grammar. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding as duplicative of HyperPhrase's additional proposed finding number 272.

*See* Google's Response to HyperPhrase's Add'l PFOF No. 272.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

275.    The '321 patent describes how after a data reference (DR) is found in the display text, the display text is also searched for the presence of a modifier reference (MR) using a modifier reference rule set (MRRS). (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 108-110.

The record also directly contradicts HyperPhrase's proposed finding, as the '321 patent expressly discloses the use of partial URLs and BASE HREF URLs.  (*See* Woodford Decl. (Dkt. No. 26), Ex. E at 8:53-65) (disclosing both partial BASE HREF statements for DRs and partial URLs for MRs: "For each field, ARS 44 specifies that the field is either 'fixed' or 'variable'.  Fixed means that the text (i.e. data object) used to instantiate a field is always the same.  For example, for St. Mary's of Springfield, it will be assumed that all DBs are identified generally by a universal resource locator (URL) segment 'http://hww.st_mary.springfield'.  In this case, all DRs include a first fixed field 56 wherein the text to instantiate the field comprises: http://hww.st_mary.springfield'.  As another example, each time a medication is given to a patient, an administration record is required.  In this case, an exemplary fixed text field specifying the occurrence of medication administration is 'medication/given'.").  Partial URLs and BASE URLs can also be seen in Fields 1-6 of Figure 4 of the '321 patent.  (*Id.* at Fig. 4).

159

Google further objects that HyperPhrase's proposed finding of fact turns on legal

conclusions, including but not limited to what the constructions of the phrases "referencing

record," "data reference," "modifier reference" and "analyzing the referencing record in

accordance with the MRRS to identify the existence of the MR" mean.  Claim construction is the

responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*,

415 F.3d 1303, 1330 (Fed. Cir. 2005)

　　　　For these reasons, HyperPhrase has failed to raise a dispute of fact.


　　　　276.　　　The '321 patent introduces the concept of a specifying reference (SR), which can

be, for example, a data reference or a data reference/modifier reference combination. Among the

claims in a patent, similar words must have similar meanings. (de la Huerga Dec. ¶14).

**Google's Response:**

　　　　Google objects to this proposed finding of fact in that it violates this Court's Summary

Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not

supplement the record, but rather responds to and indeed re-writes Google's proposed finding of

fact.  *See* Google's Reply to its PFOF No. 109.

　　　　Undisputed that the '321 patent was the first to introduce the concept of the specifying

reference (SR).  Also undisputed that an SR is "used generically to refer to each of a DR and a

DR/MR combination."  ('321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 13:33-35).

　　　　Google objects to that part of HyperPhrase's proposed construction that "[a]mong the

claims in a patent, similar words must have similar meanings."  HyperPhrase provides no support

for this statement other than an unsupported and conclusory statement in the declaration of Mr.

de la Huerga, nor is it a proper citation of relevant claim construction law.  Google further

objects to this allegation as ambiguous, as HyperPhrase fails to provide context to understand

what is meant by "similar words" and "similar meanings."

　　　　Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion,

including but not limited to what the construction of the phrase "[a]mong the claims in a patent,

similar words must have similar meanings" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

277.    Claim 86 of the '321 patent (also asserted against Google) states that "specifying references in one record to other records which are selectable to access the other records are visually distinguished from other record information". This tells us that only display text can be a data reference or modifying reference. Only display text can be so identified. Hidden program codes are not visible and when presented for programmers are not distinguished. (de la Huerga Dec. ¶14).

**Google's Response:**

Undisputed that claim 86 of the '321 patent includes, among other limitations, the language quoted by HyperPhrase.

Disputed that "[t]his tells us that only display text can be a data reference or modifying reference. Only display text can be so identified. Hidden program codes are not visible and when presented for programmers are not distinguished." HyperPhrase provides no support for this proposed finding. Nothing in paragraph 14 of Mr. de la Huerga's declaration supports these allegations. Google therefore objects, as this proposed finding violates the Court's Summary Judgment Rules, Section II(E)(1). Accordingly, this portion of HyperPhrase's proposed finding should be rejected.

Further, Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference," "modifier reference" and "specifying reference" mean. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

278.     Claim element 1(ii)(b) describes that the record text where the data reference (DR) is found is also searched for the presence of a modifier reference (MR) using a modifier reference rule set (MRRS). (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects as the claim language actually reads "analyzing the referencing record in accordance with the MRRS to identify the existence of the MR[.]"  ('321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 32:22-24).  There is no support for HyperPhrase's proposed finding that the system much search "the record text where the data reference (DR) is found" for the modifier reference.  (*See id.*)

To the extent that HyperPhrase believes this claim element includes that construction, then Google objects to HyperPhrase's proposed finding of fact as it turns on a legal conclusion, including but not limited to what the construction of the limitation means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a dispute of fact.


279.     Graham does not identify a referenced record that is associated with a DR/MR combination, because Graham never discusses data references or modifier references as defined by the Federal Circuit. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 108-110.

HyperPhrase's proposed finding here is contradicted by a different proposed finding, where HyperPhrase stated that "Graham speaks to the need for there to be a DR and a MR used in combination."  *See* HyperPhrase's APFOF (Dkt. No. 132), No. 261.

Google also objects as HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrases "data reference," "modifier reference," and "modifier reference rule set (MRRS)" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


280.    Graham is silent on whether the issue of whether it intended the target of a hyperlink to be capable of referring to not just a single record, "to but refer to more than one record". (de la Huerga Dec. ¶14).

**Google's Response:**

Google objects HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the Federal Circuit's construction for a "data reference" is that it may, but is not required, to refer to more than one target record.  (Federal Circuit Opinion (Dkt. No. 109) at 10 (defining "data reference" as "'a unique phrase or word which may be used in a record to refer to another record or record segment,' and that a data reference may refer to one or more than one record.")).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "data reference" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

163

281.    Graham does not meet the additional claim limitation of claim 24 of the '321 patent. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No 112.

The record also contradicts HyperPhrase's proposed finding, as Graham disclosed that when a partial URL is resolved in a Web browser, it creates a full URL that points to a referenced record (i.e., a target record).  (*See* Croft First Decl. (Dkt. No. 34), Ex. 2a at 43.  The fact that a link has been formed (as required by claim 24) is shown by the blue underlined text of the "anchor text" data reference shown in Dr. Croft's claim chart, and is confirmed by the full URL that is displayed in the bottom left portion of the Web browser window when the user hovers the mouse over the anchor text data reference.  (*Id*.).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "linking" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.


282.    Graham only indicated that an already existing link with a short-hand or abbreviated URL must already exist. The mere merging of the base address with the partial address only saves the programmer some effort and time. It does not create a link that was not already placed there by the programmer. The programmer knew exactly when she used the abbreviated URL, exactly what the completed URL would be and already created a hyperlink to use that unabbreviated address to retrieve another record. (de la Huerga Dec. ¶14).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 106, and 108-112.

The record contradicts HyperPhrase's proposed finding, for it is not until a Web browser parses and displays a HTML document containing a partial URL (the data reference) and BASE HREF statement (the modifier reference) that a complete URL / hypertext link to the document referred to (the referenced record) by the partial URL is formed.  (Croft First Decl. (Dkt. No. 34), Ex. 2a at 40-45; *see also* Graham Decl. (Dkt. No. 30), Ex. B at xii, ix, 166-68.)

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the term "linking" means, and the proper construction of elements (ii)(b) and (ii)c) of claim 1 of the '321 patent.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a genuine

### MUC-6 Named Entity Task Definition and Claim 27 Of The '321 Patent

283.     The preamble of claim 27 in the '321 patent makes clear that the claim deals with "subject matter specific tag pairs and corresponding search rules" which means there are both "subject matter" tag pairs and "subject matter" corresponding rule sets. The '321 patent is quite clear that the tags referred to are markup language tags such as HTML or XML tags. Such tags are typically paired sets --a begin tag and an end tag that are placed around a specific text segment. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding does

not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law. *See* Google's Reply to its PFOF Nos. 168 and 172.

Undisputed that the preamble of claim 27 states that it is "a method to be used with a rule set including subject matter specific tag pairs and corresponding search rules." ('321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-31).

Google objects to the remainder of HyperPhrase's proposed finding as it turns on legal conclusions, including but not limited to what the construction of the phrase "subject matter specific tag pairs" means, including whether "tag pairs" can be construed to include tags that are *not* "paired sets," and what "subject matter specific search rules" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

284.    The '321 patent text and claim 27 of the '321 patent refers to tagging in either of two ways, either: (1). the recognition of a data reference (subject matter) and the provision of markup language tags to retrieve a related data record or record segment thereof, or (2) the unambiguous recognition of text that identifies and corresponds to a specific record segment (subject matter) and the provision of related markup language labeling that can be used by a tag application to locate the specific segment in the record. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed. Google objects to HyperPhrase's proposed finding as ambiguous, in that HyperPhrase has not provided context to understand what it means by "markup language tags," "markup language labeling," and "tag application."

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under the Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number"). HyperPhrase provides no evidentiary support for its proposed

166

finding, other than a conclusory and unsupported statement in the declaration of Mr. de la Huerga that mimics the proposed finding verbatim. (de la Huerga Decl. (Dkt. No. 130) at 22). Because it has cited no support for its proposed finding, it should be rejected.

The record also contradicts HyperPhrase's proposed finding. There is no language or requirement in the claims that "markup language tags [] retrieve the data record or record segment thereof," or that "markup language labeling [] can be used by a tag application to locate the specific segment in the record." ('321 patent, Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-41).

To the extent that HyperPhrase is attempting to construe the limitation of claim 27 to require the above restrictions, then Google objects to the HyperPhrase's proposed finding as it turns on legal conclusions, including but not limited to what the construction of the phrase "subject matter specific tag pairs" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


285.     Regarding the provision of tag pairs to create a hyperlink, Named Entity Task Definition is completely silent on this matter. He has no reason to discuss hyperlinking, when he is only attempting to infer the meaning of a sentence. The '321 patent is quite clear on the steps of locating data references and in some cases modifier references combined with data references to create links (by inserting tags before and after the data reference). The '321 patent is a continuation-in-part of 6 other patents can relay similar discussions going back to the provisional patent application Ser. No. 60/023,126 filed on July 30, 1996 and draft specification and drawings for that application extending back to April 10, 1996. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 115-120.

Google also objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 27 of the '321 patent neither claims nor requires "tag pairs to create a hyperlink." (*See* Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-41). Rather, the claim relates to searching for different subject matter specific information types and, when found, inserting subject matter specific tag pairs at the beginning and end of that information. (*Id.*) For the same reasons, it is also irrelevant whether the '321 patent is a continuation-in-part of any other patents.

To the extent HyperPhrase is attempting to construe claim 27 to require is proposed limitations, then Google objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the construction the limitations of claim 27. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


286.    The '321 patent also introduces new examples regarding the placement of tags (XML tags) not seen in the 60/023,126 provisional application, that need to be considered. This section referred to as "Tag Enabling" in the patent discusses the placement of begin tags at the start of a distinct segment of a record and an end tag at the end of the record segment. One purpose of the tags to ensure that the segment can be retrieved when a corresponding data reference refers to the segment. For example, the record segment of a comprehensive ECG record may include segment "diagnosis" which when appropriately recognized using a rule set can be appropriately tagged with a beginning tag and an ending tag to identify it as the diagnosis segment and retrieve this section from the larger record. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-120.

Google also objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 27 of the '321 patent neither claims nor requires the features discussed in HyperPhrase's proposed finding, including XML tags nor the cited purpose HyperPhrase discusses.  (*Compare* Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-41).

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  HyperPhrase provides no evidentiary support for its proposed finding, other than a conclusory and unsupported statement in the declaration of Mr. de la Huerga that mimics the proposed finding verbatim.  (de la Huerga Decl. (Dkt. No. 130) at 22).  Because it has cited no support for its proposed finding, it should be rejected.

To the extent HyperPhrase is attempting to construe claim 27 to require the limitations discussed, Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited the proper construction of the limitations of claim 27.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


287.    When another medical record includes the data reference, "ECG diagnosis," a link can be created that uses a tag enabled application to retrieve just the ECG diagnosis segment.

The tag enabled application can search the ECG record for the record segment marked by the beginning and ending tags specifying it as the "diagnosis" segment. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-120.

Google also objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 27 of the '321 patent neither claims nor requires the features discussed in HyperPhrase's proposed finding, including creating links, tag-enabled applications, and retrieving documents.  (*Compare* Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-41).

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  HyperPhrase provides no evidentiary support for its proposed finding, other than a conclusory and unsupported statement in the declaration of Mr. de la Huerga that mimics the proposed finding verbatim.  (de la Huerga Decl. (Dkt. No. 130) at 22).  Because it has cited no support for its proposed finding, it should be rejected.

To the extent HyperPhrase is attempting to construe claim 27 to require the limitations discussed, Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited the proper construction of the limitations of claim 27.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

288.     The '321 patent is precise that segments of a record are unambiguously recognized in order to be tagged to identify that segment. Once tagged, the segment can then be linked to by a subsequent data reference (DR). (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-120.

Google also objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 27 of the '321 patent neither claims nor requires that "[o]nce tagged, the segment can then be linked to by a subsequent data reference (DR)." (*Compare* Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-41).  Nor does the claim require that "segments of a record" be "unambiguously recognized."  (*Id.*)

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  HyperPhrase provides no evidentiary support for its proposed finding, other than a conclusory and unsupported statement in the declaration of Mr. de la Huerga that mimics the proposed finding verbatim.  (de la Huerga Decl. (Dkt. No. 130) at 22). Because it has cited no support for its proposed finding, it should be rejected.

To the extent HyperPhrase is attempting to construe claim 27 to require the limitations discussed, Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited the proper construction of the limitations of claim 27. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

289.    The '321 patent is replete with examples of record segments that can be tagged, these examples include: Abstract (in a medical report); Diagnosis (in a medical report); Prescription (in a medical report); Heart rate (in a medical report); Title (in a U.S. patent); Cross Reference (segment in a U.S. patent); Background (in a U.S. patent); Fig. 1 description (in a U.S. patent); Claims (a section in a U.S. patent); Claim 1 (in a U.S. patent) and others. (de La Huerga Dec. ¶15).

**Google's Response:**

Google objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 27 of the '321 patent neither claims nor requires linking to the "record segments" identified; rather, the claims only require that tags be assigned to different "information types."  (*Compare* Woodford Decl. (Dkt. No. 26), Ex. E at 34:25-41).

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  HyperPhrase provides no evidentiary support for its proposed finding, other than a conclusory and unsupported statement in the declaration of Mr. de la Huerga that mimics the proposed finding.  (de la Huerga Decl. (Dkt. No. 130) at 22).  Because it has cited no support for its proposed finding, it should be rejected.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


290.    In the '321 patent, "subject matter" only refers a data reference (DR) or to text that identifies a record segment. In the case of a DR, the tag pair can be the beginning and ending tags surrounding the DR to create a hyperlink. The search used rules to identify the data reference and possibly any related modifier references that are required prior to a hyperlink being formed are shown in Figs. 3, 6, 7,  and 11.  (de la Huerga Dec. ¶15).

172

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No 179.

Google also objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  HyperPhrase provides no evidentiary support for its proposed finding, other than a conclusory and unsupported statement in the declaration of Mr. de la Huerga that mimics the proposed finding.  (*See* de la Huerga Decl. (Dkt. No. 130) at 23).  Because it has cited no evidentiary support for its proposed finding, it should be rejected.

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "subject matter," "record segments" and "information types" mean, whether "'subject matter' only refers to a data reference or to text that identifies a record segment," and whether claim 27 includes the recognition of "modifier references."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

291.    In the case of a record segment identifier, the tag pair, placed at the beginning of a record segment and at the end of the record segment, and the search rules used to identify a record segment are shown in Figs. 12 and 16. (de la Huerga Dec. ¶15).

**Google's Response:**

Undisputed that Figures 12 and 16 appear to show examples of tags.

The record contradicts that these figures disclose "the search rules used to identify a record segment."  (*See* '321 Patent, Woodford Decl. (Dkt. No. 26), Ex. E at Figures 12, 16).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.


292.    Named Entity Task Definition does show a single tag pair example for us to consider on page 322: <ELEMENT-NAME ATTR-NAME="ATTR-VALUE" …>text¬string</ELEMENT -NAME>

> Example:<ENAMEX TYPE= "ORGANIZATION">Taga Co.</ENAMEX>. In this example, we do not see a data reference to a record segment that can be retrieved by a tag enabled application, for example, by referring to it in a data reference in another record. All we are shown is text whose meaning in a larger sentence has been inferred to correspond to an organization that has been manually labeled. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-117, and 119.

The record contradicts HyperPhrase's proposed finding that the MUC-6 reference only "show[s] a single tag pair."  The reference discloses multiple types of tag pairs, including but not limited to ORGANIZATION, PERSON, and LOCATION.  (See Wolff Decl. (Dkt. No. 106), Ex. B at §§ 2.1 – 2.2.  The record also contradicts HyperPhrase's proposed finding that the tagging has been "manually labeled."  (*Id.* ("The [Document Type Descriptions] enable annotators and system developers … check the correctness of the SGML-tagged texts produced by … the system.").

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of whether the claim requires "a data reference to a record segment that can be retrieved by a tag enabled application," when claim 27 of the '321 patent neither discusses nor claims such a requirement.  Claim construction

is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

293.    Task Definition does not show a "subject matter search rules" to search for a record  segment in a record as in element (b) of the claim. In fact, Task Definition does not show any search rules. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-116, and 119.

The record contradicts HyperPhrase's proposed finding, as the MUC-6 reference discloses searching for only specific types of information, including, for example, "proper names, acronyms, and perhaps miscellaneous other unique identifiers, which are categorized via the TYPE attributes as follows…."  (See Wolff Decl. (Dkt. No. 106), Ex. B at §2.2).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to whether the MUC-6 reference discloses subject matter specific search rules "to search for a record  segment in a record as in element (b) of the claim." Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

294.    This reference does refer to MUC-6 software which no longer appears to be in existence and for which no detailed operational documentation is provided in the reference. (de la Huerga Dec. ¶15).

**Google's Response:**

Google objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as Google's summary judgment motion does not rely on separate "MUC-6 software" or "detailed operational documentation."

Rather, Google's summary judgment motion relies on the disclosure in the MUC-6 reference itself. (*See* Croft Second Decl. (Dkt. No. 105-2), Ex. at 12-14; Google's Br. ISO MSJ of Invalidity (Dkt. No. 104) at 11-12 and 43-44).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


295.    There is no reference to "receiving a record" in Task Definition. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No 118.

The record contradicts HyperPhrase's proposed finding. The MUC-6 reference discloses a system that implements a method to receive a record for subsequent processing and tagging. (*See* Wolff Decl. (Dkt. No. 106), Ex. B at § 2.1 ("The [Document Type Descriptions] enable annotators and system developers … check the correctness of the SGML-tagged texts produced by … the system.").

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.


296.    Task Definition does not examine a record to identify a data reference, a data reference and modifier reference combination or a record segment that can be recognized by a

tag-enabled application. Instead, Task Definition only shows an arbitrary text segment "Taga Co." Task Definition does not show any search rules. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 115-116, and 119.

Google also objects to HyperPhrase's proposed finding as duplicative of its additional proposed finding number 293. *See* Google's Response to HyperPhrase's Add'l PFOF 293.

The record also contradicts HyperPhrase's proposed finding, as the system provides for automatic searching and tagging based on different named entities. (*See* Wolff Decl. (Dkt. No. 106), Ex. B at § 2.1 ("The [Document Type Descriptions] enable annotators and system developers … check the correctness of the SGML-tagged texts produced by … the system."); *id.* at §2.2 ("This subtask is limited to proper names, acronyms, and perhaps miscellaneous other unique identifiers, which are categorized via the TYPE attributes as follows…").

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to whether the construction of claim 86 requires the system to "identify a data reference, a data reference and modifier reference combination or a record segment that can be recognized by a tag-enabled application." Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

297.    Task Definition does not discuss a record segment which is a data reference, data reference/modifier reference combination or a record segment that can be recognized by a tag enabled application (for example, a tag-enabled application retrieving a record segment referred

to by a data reference in another record), and the record segment must be of a information type. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-116, and 119.

Google also objects to HyperPhrase's proposed finding as duplicative of its additional proposed finding number 297.  *See* Google's Response to HyperPhrase's Add'l PFOF 297.

The record also contradicts HyperPhrase's proposed finding, as the system provides for automatic searching and tagging based on different named entities, where those named entities are of different information types.  (*See* Wolff Decl. (Dkt. No. 106), Ex. B at § 2.1 ("The [Document Type Descriptions] enable annotators and system developers … check the correctness of the SGML-tagged texts produced by … the system."); *id*. at §2.2 ("This subtask is limited to proper names, acronyms, and perhaps miscellaneous other unique identifiers, which are categorized via the TYPE attributes as follows…"; §2.2 (disclosing information types of ORGANIZATION, PERSON, and NAME)).

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to whether the construction of claim 86 requires the system to identify "a data reference, data reference/modifier reference combination or a record segment that can be recognized by a tag-enabled application."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

298.    Task Definition shows, at most, a single example of arbitrary text "Taga Co." with tags around it. (de la Huerga Dec. ¶15).

**Google's Response:**

Google objects HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as Google's summary judgment motion does not rely the single example shown, but the discussion of the recognition and tagging of different types of named entities. (*See* Google's Br. ISO MSJ of Invalidity (Dkt. No. 104) at 11-12 and 43-44).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

299.    Task Definition does not identify record segments. Task Definition is, at most, showing what may be manually placed tags around an arbitrary text segment, not "subject matter specific tag pairs," as required by this claim. (de la Huerga Dec. ¶15).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 115-117, and 119.

Google objects to HyperPhrase's proposed finding as duplicative of its other additional proposed findings numbered 285, 292, and 296.  *See* Google's Response to HyperPhrase's Add'l PFOF Nos. 285, 292, and 296.

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.

## Aberdeen and Claim 27 Of The '321 Patent

300.    The Aberdeen reference shows a system that purports to deduce the meaning of a sentence by examining certain word associations. One part of the Aberdeen reference shows a process where every word and even punctuation marks are provided with a tag. These parts of speech are then considered to determine in one case that a person "Mr. James" is stepping down as chief executive. (de la Huerga Dec. ¶16).

179

**Google's Response:**

Undisputed that the Aberdeen reference parses sentences for many different types of record segments, including parts of speech. (Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-2; *see generally* Wolff Decl. (Dkt. No. 106), Ex. C). Also undisputed that the Aberdeen references parses by rules that include word associations. (Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-3; *see generally* Wolff Decl. (Dkt. No. 106), Ex. C).

Google objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as Google's summary judgment motion does not rely on tagging of punctuation. (Google's Br. ISO MSJ of Invalidity (Dkt. No. 104) at 12-13 and 44-48).

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.


301.    Aberdeen neither shows data references being provided with tags to create a hyperlink nor that Aberdeen is finding record segments using subject matter search rules. As previously mentioned, these record segments are display text that can be extracted from a record, for example, to be displayed by a browser as opposed to the entire record. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 123-125, and 127-128.

The record contradicts HyperPhrase's proposed finding. (*See* Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-4).

Google also objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the constructions of the phrases "data reference," record segments," and "search rules" mean, and whether claim 27 should be required to "create a

180

hyperlink" when the claim does not require such a limitation. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


302.    The patent claim also specifically requires there to be subject matter search rules. Aberdeen can at best be said to have search rules to find arbitrary parts of speech that are then used to deduce a meaning to a sentence. If Aberdeen were to find the text "Mr." five times in a sentence, he would tag it five times as "<ttl>Mr.</ttl>". If it occurs 30 times in a record each will be so tagged. This is clearly not finding a data reference, creating a link, or finding a record segment that can be used by a tag enabled application to locate a specific segment according to the patent. The presence of the same tag 30 times in record does not provide any indication of a specific record segment, just that the same nearly random part of speech is present. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123-124, and 127-128.

The record contradicts HyperPhrase's proposed finding.  (*See* Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-4).

Google also objects that HyperPhrase's proposed finding of fact turns on legal conclusions, including but not limited to what the constructions of the phrases "record segments," "information types," "subject matter," and "search rules" mean, and whether claim 27 should be require to find "data references" "create a hyperlink" when the claim does not include any such language.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

303.    Aberdeen discusses an experimental word and word tagging program used to tag nearly any word in a document with a goal toward inferring the meaning of a sentence. For example, on p. 143, we see in Table 1, a sample sentence and below it two iterative tag suggestions:

> "Even so, Mr. Dooner is on the prowl for more creative talent and is interested in acquiring a hot agency."
>
> rb rb , nnp NNF vbz in dt nn in JJR jj nn cc vbz jj in vbg dt jj nn
>
> rb rb , nnp NNF vbz in dt nn in RBR jj nn cc vbz jj in vbg dt jj nn
>
> Each word and each punctuation mark has been assigned a tag. While not shown in Table 1, each tag in the second and third lines refers to both a start tag to be placed before a word or punctuation mark and an end tag after it. For example, see also on P. 143 "… <lex>,</lex> <LEX pos=NNP ttl=Whole>Mr.</LEX> …" showing both the comma and "Mr." as being tagged with a separate beginning and end tags similar to those shown in Table 1.
> With this tagging, Aberdeen continues to discuss the "Phraser" which performs a syntactic analysis and inference to derive the meaning of a sentence.

(de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123-125, and 127-128.

Undisputed that the Aberdeen reference discloses inserts paired tags, with a start tag before a certain information types and an end tag after that information type.  (Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 3-4).

Google objects to portions of HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4), that facts "must be limited to those facts necessary to raise a dispute," as Google's summary judgment motion does not rely on

the tagging of punctuation, (Google's Br. ISO MSJ of Invalidity (Dkt. No. 104) at 12-13 and 44-48); *see* (Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-4), and it is irrelevant whether the system disclosed is "experimental" or not.

The record also contradicts HyperPhrase's proposed finding, as it shows that the Aberdeen reference searches for different information types.  (Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-4).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "search rules," "record segments" and "information types" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a genuine dispute of fact.


304.     With this tagging, Aberdeen continues to discuss the "Phraser" which performs a syntactic analysis and inference to derive the meaning of a sentence. (de la Huerga Dec. ¶16).

**Google's Response:**

Google objects to HyperPhrase's proposed finding as ambiguous, as it fails to give context to what it means by "with this tagging," and "Aberdeen continues to discuss."

Undisputed that the Aberdeen references discusses parsing of a record by a "Phraser."

The record contradicts HyperPhrase's proposed finding that the "Phraser" is trying to only "derive the meaning of a sentence."  (*See* Wolff Decl. (Dkt. No. 106), Ex. C, *passim*)

For these reasons, HyperPhrase has failed to raise a dispute of fact.


305.     Other examples are given with various rules applied to parsing and tagging text, but as Aberdeen states on page 145: "Note that these rule sequences encode a semantic grammar."  The purpose behind this statement is exactly how Aberdeen differs from the '321 patent. Aberdeen attempts to find, infer, or impute meaning in text. Instead, claim 27 only

183

attempts to locate data references or record segments in a record. Record segments that can be used to refer to a specific record segment, for example, by another data reference in another record. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123, and 127-128,

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "search rule" and "record segment" mean, and whether the "record segment" must be able to "be used to refer to a specific record segment, for example, by another data reference in another record" when the language of claim 27 of the '321 patent contains no such requirements.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005)

Google also objects as this proposed finding is not an evidentiary fact, but rather is the ultimate finding of fact that is solely the providence of the Court to make, namely whether the disclosure of the Aberdeen reference satisfies the limitations of claim 27 of the '321 patent.  *See Petro v. State of Wisconsin Dept. of Natural Resources*, 2006 WL 2691608, at 2 (W.D. Wis. 2006) ("I note also that in the proposed findings, plaintiff proposed numerous 'facts' … that were conclusory in nature or unsupported by citation to relevant portions of the record….  This is not an evidentiary fact, it is the ultimate finding of fact that this court must make.")

Accordingly, HyperPhrase fails to raise a genuine dispute of material fact.


306.    Aberdeen also discusses that they used "… 3 million words of Wall Street Journal text." as part of their tagging lexicon. Clearly, Aberdeen is training his tagging process on generic word usages and phrases, that are clearly record independent information and <u>do not</u>

rely on finding either data references or record segments, such as a segment that can be referred to by another data reference. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123-124, and 127-128.

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases, at a minimum, of "record segment," "data reference," and "search rules" mean, and whether claim 27 of the '321 patent requires a record segment found to be able to be "referred to by another data reference" when the language of claim 27 requires no such limitation.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


307.    On page 145, Aberdeen discusses their attempts to locate company names as follows:

> "What is important to note about these NE phrase rules is that they do not rely on a large database of known company names. Instead, the rules are designed to recognize organization names in almost any complete absence of any information about a particular organization names (with the sole exception of a few acronyms such as IBM, GM, etc.)."

> It can be no clearer that Aberdeen is describing a system that infers names from the context of a sentence and capitalization. Aberdeen is not locating and tagging a data reference or a record segment, for example, a segment that can later be referred to by a data reference in another record to retrieve that segment.

(de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123-128.

Undisputed that the Aberdeen reference includes the above cited language.

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference," "record segment" and "search rules" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


308.    Nothing described in Aberdeen has to do with the recognition of data references or the identification of record segments. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123 and 127.

The record contradicts HyperPhrase's proposed finding.  (See Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 3).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference," "record segment" and "search rules" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

309.     Aberdeen notes on page 150 that: "One final wrinkle must be noted. Inference is generally a non-deterministic search problem, with no firm guarantee as to whether facts will be derived in the same chronological order as the sentences which underlie the facts." In short, this means that the same phrases rearranged in a sentence and interpreted by the Alembic system a second time can and do result in different inferences about a sentence and its meaning. (de la Huerga Dec. ¶16).

**Google's Response:**

Undisputed that the Aberdeen reference includes the above quoted language.

Google objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number"). HyperPhrase cites no evidentiary basis for its proposed finding, and the cited declaration of Mr. de la Huerga contains no support for this proposed finding. For this reason, HyperPhrase's proposed finding must be rejected.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

310.     Aberdeen teaches away from either data reference or record segment identification. He is only concerned about the potential inferred meaning of a sentence. He has no concept of how a data reference relates to other data records or record segments; or that even databases of records exist. He also does not describe any concept regarding how record segments can be identified for use by data references (in another document) to retrieve the record segment or to be used by a tag enabled application. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

187

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 123-124, and 127-128.

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference," "record segment" and "search rules" mean, and whether the "record segment" identified by the method of claim 27 "can be identified for use by data references (in another document) to retrieve the record segment or to be used by a tag enabled application" when the language of claim 27 of the '321 patent contains no such limitation. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


311.    Every time the text "Mr." appears in a document, it will be tagged according to the many examples in Aberdeen so that it appears as "<ttl>Mr.</ttl>". In a record, should the title "Mr." appear twenty times, or even three times in one sentence, it is clear from Aberdeen that he has no intention of declaring each occurrence to be a separate record segment or to be a data reference. His only purpose is to identify the title of a male and to infer that the text following it is likely to be a person's name. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 123-124, and 127-128.

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusions, including but not limited to what the constructions of the phrases "record segment," "data reference," and "search rules" mean, and whether the scope of claim 27 of the '321 includes searching for, identifying, and tagging all occurrences of information of a particular type.  Claim

188

construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


312.    Aberdeen does not examine a record to identify record segments: a data reference, a data reference and modifier reference combination or a record segment. Instead, Aberdeen looks at most for parts-of-speech, and he attempts to combine them to infer a meaning to a sentence. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123, and 126-128.

The record contradicts HyperPhrase's proposed finding.  (See Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-3).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusions, including but not limited to what the constructions of the phrases "record segment," "data reference," and "search rules" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


313.    Aberdeen does not discuss a record segment which is a data reference, data reference/modifier reference combination or a record segment that can be retrieved by a data reference in another record, and the record segment must be of a particular information type. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 123, and 127-128.

The record also contradicts HyperPhrase's proposed finding.  (See Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 1-3).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusions, including but not limited to what the constructions of the phrases "record segment," "data reference," and "search rules" mean, and whether the scope of claim 27 of the '321 patent includes a requirement that the information found "can be retrieved by a data reference in another record" when there is no such requirement discussed or claimed in the language of claim 27.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


314.     Aberdeen does not identify record segments. (de la Huerga Dec. ¶16).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 127

The record contradicts HyperPhrase's proposed finding.  (See Croft Second Decl. (Dkt. No. 105-2), Ex. 2f at 3).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "record segment," "information types" and "search rules" mean.  Claim construction is the responsibility of the Court and a

question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

For these reasons, HyperPhrase has failed to raise a dispute of fact.


315.     U.S. Patent No. 5,742,768 to Gennaro et al. is not prior art to claim 86 of the '321 patent (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No 74.

The record contradicts HyperPhrase's proposed finding.  Gennaro was filed on July 16, 1996, and issued April 21, 1998.  (Wolff Decl. (Dkt. No. 106), Ex. A, face of patent).  The '321 patent was filed August 13, 1999, and issued February 4, 2003.  ('321 Patent, Woodford Decl. (Dkt. No. 26), Ex. E, face of patent).  There is no disclosure of at least two limitations from claim 86 of the '321 patent in any prior patent upon which the '321 patent claims priority.  First, claim 86 is directed to a method for use with an already-existing hyperlink; all patents upon which the '321 patent claim priority are concerned with the generation of hyperlinks, i.e., before any hyperlink even exists.  (*See generally*, Woodford Decl. (Dkt. No. 27), Ex. I.)  Second, claim 86 requires that other record information be used to render the SR relatively specific.  The patents upon which the '321 Patent claim priority do not disclose this either.  Thus Gennaro is prior art to claim 86 of the '321 patent under 35 U.S.C. §§ 102(b) and (e).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


316.     A "specifying reference" is a data reference or a data reference/modifier reference combination, see col. 4:34–36: "Hereinafter the term "specifying reference" (SR) will

be used to refer generically to each of a DR and a DR/MR combination or a DR/MR/MR combination." (de la Huerga Dec. ¶17).

**Google's Response:**

Undisputed.

Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No 173.

317.    A modifier reference (MR) is described in col. 3:24-27 as follows: "…when a DR is identified, the record is further examined to identify modifier references (MRs) which identify a specific segment of a record which is associated with the data reference." (de la Huerga Dec. ¶17).

**Google's Response:**

Undisputed.

318.    The preamble also states that a SR is both visibly distinguished from other record information indicating that the "specifying reference" is selectable. Gennaro describes the placement of a graphic hot spot in certain parts of a screen display. (de la Huerga Dec. ¶17).

**Google's Response:**

Undisputed that the preamble of claim 86 of the '321 patent includes among other limitations that "a SR is both visibly distinguished from other record information indicating that the 'specifying reference' is selectable."

The record contradicts HyperPhrase's proposed finding that "Gennaro describes the placement of a graphic hot spot…."  What Gennaro actually discloses is both a graphic and associated text: "Embedded menu 46 includes a banner that matches the text ("WHO WE ARE")

that was associated with the selected hot spot 44 in FIG. 2A." (Wolff Decl. (Dkt. No. 106, Ex. A at 4:35-38).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

319.    Gennaro is emphatic about the use of graphic hot spots. He uses the term 18 times in the 2½ pages of the Summary of the Invention and Detailed Description of the Invention sections. He never refers to text as a hot spot, instead, it is a graphic icon. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  The record contradicts HyperPhrase's proposed finding that "[Gennaro] never refers to text as a hot spot, instead, it is a graphic icon":   What Gennaro actually discloses is both a graphic *and* associated text: "Embedded menu 46 includes a banner that matches ***the text*** ("WHO WE ARE") ***that was associated with the selected hot spot*** 44 in FIG. 2A." (Wolff Decl. (Dkt. No. 106, Ex. A at 4:35-38).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

320.    Google tries to impute an equivalence between a "data reference" as taught by the '321 patent and a graphic hot spot, but he fails to do so because Gennaro is completely silent on "data references" or "specifying references" being selectable. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 131.

The record contradicts HyperPhrase's proposed finding, as the selectable hot spots disclosed in Gennaro are comprised of both a graphic *and* associated text: "FIG. 2B shows an embedded menu 46 in displayed web page 40 ***which has been invoked by positioning pointer 42***

*over the upper hot spot* 44.…  Embedded menu 46 includes a banner that matches *the text* ("WHO WE ARE") *that was associated with the selected hot spot* 44 in FIG. 2A."  (Wolff Decl. (Dkt. No. 106), Ex. A at 4:30-38, emphasis added).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference" and "specifying reference" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


321.    Instead, Gennaro actually teaches away from this concept. Gennaro's concept is to add a dramatic graphic icon indicating a subject that can be interacted with. Gennaro recognizes and appreciates the value of a limitation of his invention. The text is not "visually distinguished from other record information so as to indicate selectability" as in the '321 patent. Instead, he applies the graphic icon adjacent to some text. (de la Huerga Dec. ¶17).

**Google's Response:**

Google objects to HyperPhrase's proposed finding as ambiguous, as HyperPhrase fails to provide context to understand what is meant by "a dramatic graphic icon," "this concept" and "a limitation."

Disputed to the extent HyperPhrase's proposed finding can be understood.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF Nos. 131 and 135.

The record contradicts HyperPhrase's proposed finding that Gennaro's hot spots are "not 'visually distinguished from other record information so as to indicate selectability'" in at least two different ways.  First, with the graphic hot spots, when the user mouses-over the hot spot and

its associated text, the circular hot spot changes its icon, and displays a menu, "visually distinguishing" this information from the rest of the record information. (Croft Second Decl. (Dkt. No. 105-2), Ex. A t 1-2; Wolff Decl. (Dkt. No. 106), Ex. A at 4:21-39 and Figs 2A-2B). Second, the menu that is displayed is set off in its own box, which "visually distinguishes" the selectable menu items from the rest of the record information. (*Id.*).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "wherein specifying references (SRs) in one record to other records which are selectable to access the other records are visually distinguished from other record information so as to indicate selectability" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

322.    A significant limitation is that in an ordinary sentence a graphic icon cannot be inserted in the text string without making the text much more difficult to read and by doing so the reader is not given any indication of the extent or length of the data reference. In fact, if placed within a sentence, graphic icons may be misinterpreted to refer to a footnote or other editorial purpose. Also, graphical icons placed in a sentence do not indicate whether it is related to the text before it or following it. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 131.

Google also objects HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 86 of the '321 patent does not discuss nor claim making

text easier or more difficult to read, does not discuss nor claim whether a graphical icon is related to text before or following it, nor does claim 86 discuss or claim "giv[ing] any indication of the extent or length of the data reference."  (*See* Woodford Decl. (Dkt. 26), Ex. E at 40:32-44).  It is also irrelevant whether graphical icons are placed in a sentence or not, as that is not disclosed in Gennaro (*see* Wolff Decl. (Dkt. No. 106), Ex. A *passim*), and thus HyperPhrase's argument is irrelevant to Google's invalidity summary judgment motion (*see* Google's Br. ISO MSJ of Invalidity (Dkt. No. 104) at 13-15 and 50-52).

Google objects to HyperPhrase's proposed finding as ambiguous, particularly with respect to "a significant limitation" and "much more difficult to read" as HyperPhrase has not given any context to understand what it means by these phrases.

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "visually distinguished from other record information" means, and whether claim 86 of the '321 patent includes all of the above limitations neither discussed nor included in the language of claim 86. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

323.    A significant limitation is that, in an ordinary sentence, a graphic icon cannot be inserted in the text string without making the text much more difficult to read and by doing so, the reader is not given any indication that it links to an additional data record referred to by a data reference. It also provides no clue as to the extent or length of the data reference text. If placed within a sentence, graphic icons may be misinterpreted to refer to a footnote or have another editorial purpose. Also, graphical icons placed in a sentence do not indicate whether it is related to the text before it or following it. For example, consider the following sentence:

See the <u>ECG image</u> and the <u>X-ray image for January 16, 1996</u>. Also refer to the <u>previous ECG report</u>, the <u>lab results</u>, and the admission <u>cath radiology image</u>.

(de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 131.  Google also objects to this proposed finding as duplicative of HyperPhrase's additional proposed finding numbered 322.

Google also objects HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 86 of the '321 patent does not discuss nor claim making text easier or more difficult to read, does not discuss nor claim whether a graphical icon must be related to text before or following it, nor does claim 86 require or claim "giv[ing] any indication of the extent or length of the data reference."  (*See* Woodford Decl. (Dkt. 26), Ex. E at 40:32-44). It is also irrelevant whether graphical icons are placed in a sentence or not, as that is not disclosed in Gennaro (*see* Wolff Decl. (Dkt. No. 106), Ex. A *passim*), and thus HyperPhrase's argument is irrelevant to Google's invalidity summary judgment motion (*see* Google's Br. ISO MSJ of Invalidity (Dkt. No. 104) at 13-15 and 50-52).

Google objects to HyperPhrase's proposed finding as ambiguous, particularly with respect to "a significant limitation," "ordinary sentence" and "much more difficult to read" as HyperPhrase has not given any context to understand what it means by these phrases.

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "visually distinguished from other record information" means, and whether claim 86 of the '321 patent includes all of the above limitations neither discussed nor included in the language of claim 86.

Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

324.    Gennaro does not designate or select a SR, which must be text used in a record to refer to another record. Gennaro only allows interaction with an added graphic hot spot, separate from the text. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 131-132.

The record contradicts HyperPhrase's proposed finding.  (Croft Second Decl. (Dkt. No. 105-2), Ex. A at 1-2; Wolff Decl. (Dkt. No. 106), Ex. A).  Gennaro specifically discloses interaction with a graphic hot spot, which is related to the text next to it.  (Wolff Decl. (Dkt. No. 106), Ex. A at 4:30-38 ("Embedded menu 46 includes a banner that matches the text ("WHO WE ARE") that was associated with the selected hot spot 44 in FIG. 2A.").

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" and the terms "designate," "select," and "record."  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

325.    Gennaro is expecting the user to select the hot spot to activate an embedded menu as opposed to designating it without selection, as this claim element in claim 86 of the '321 patent requires. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF Nos. 134-135.

The record also contradicts HyperPhrase's proposed finding, as Gennaro's hot spot is designated and the embedded menu activated without selection of the hot spot, exactly as claimed in claim 86 of the '321 patent.  (Wolff Decl. (Dkt. No. 106), Ex. A ("FIG. 2B shows an embedded menu 46 in displayed web page 40 which has been invoked by positioning pointer 42 over the upper hot spot 44…. Embedded menu 46 includes a banner that matches the text ("WHO WE ARE") that was associated with the selected hot spot 44 in FIG. 2A."); *id*. at Figures 2A-2B).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


326.    The display of the address does not make the corresponding text in the menu box more specific as in claim 86. Google has neglected to say that the claim requires the use of other record information to modify a specifying reference. The only record information in the '321 patent is display text, not information in hidden programming codes which Google is forced to rely upon for this argument. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 133.

Google also objects to HyperPhrase's proposed finding as ambiguous, in that HyperPhrase has failed to provide sufficient context to understand what it means by "display of the address."

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusions, including but not limited to what the construction of the phrase "other record information" means, particularly as claim 86 of the '321 patent neither discusses nor requires that this "other record information" be "display text, not information in hidden programming codes[.]"  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


327.     Once again, consider a user such as a physician reading a medical report only to discover that the text "ECG" is modified by hidden codes, for example a hidden date. The display text might have the text "ECG of Jan 1, 1996", but because hidden codes are used the physician who selects or activated the specifying reference "ECG" discovers the link actually went to a ECG of Feb. 1, 1996. No user such as a physician could rely on the links made using such hidden codes. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 133.

Google further objects HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as the claims are not limited to particular users such as physicians, nor do they address whether a user could rely on the links created.

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusions, including but not limited to what the construction of the phrase "other record information which renders the SR relatively specific" means, particularly as claim 86 of the '321 patent neither discusses nor requires that this "other record information" be "display text" and

not "hidden codes[.]" Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


328.    Gennaro also fails to show how the text in the menu box could be used to refer to more than one record as required by the Federal Circuit ruling. The address shown in the lower text box shows at most a single record that might be referenced. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 131.

The record expressly contradicts HyperPhrase's proposed finding, as HyperPhrase's interpretation of Gennaro mischaracterizes Gennaro's disclosure.  Specifically, when the user activates the hot spot and its associated text in Gennaro by hovering the mouse over the hot spot or its associated text without clicking the mouse, a menu pops up.  That menu contains "a number of hypertext links," such that even under HyperPhrase's construction, the text *in the web page* refers to more than one record.  (*See* Wolff Decl. (Dkt. No. 106), Ex. A at 4:21-40).

Google objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "data reference" and "access to other records" means, including whether a link must refer to more than one record, even thought the Federal Circuit has expressly held that a data reference "may" refer to more than one record, but that it need not do so.  (Fed. Cir. Opinion (Dkt. No. 109) at 10).  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

329.     Gennaro has no specifying reference (which must be text) that can be designated. (de la Huerga Dec. ¶17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 131-132.

The record contradicts HyperPhrase's proposed finding, as Gennaro's hot spot and its associated text are the "specifying reference" required by claim 86 of the '321 patent.  (*See* Croft Decl. (Dkt. 105), Ex. 2(a); Wolff Decl. (Dkt. No. 106), Ex. A at 4:21-40)).

Google also objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


**Myka's "Automatic HyperText Conversion of Paper Document Collections" ("Myka")**

330.     Myka discloses a system where "scanned raster images" of text are presented (Myka, P. 69) for a user to read.  He is trying to "… preserve the look and feel of the original documents with regard to display of library objects [sic "] (Myka P. 85), which he believes to be of paramount importance. He apparently wants to ensure the reader sees exactly what had previously been written in its original formatting, fonts, and decoration.  To achieve this, Myka resorted to a non-standard process (page 86): "In order to be able to combine raster image representation with hyperlink navigation, the common hypertext model had to be modified. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects that Myka's HyperFacs system is "a non-standard process." HyperFacs is based on standard computer hardware and software, including a web browser, Sun Sparc station, and database management software.  (*See* Kirk Decl., (Dkt. No. 32), Ex. D at 86-89; Croft Second Decl. (Dkt. No. 105), Ex. 2(c) at 50). Nor is there any support in the Myka reference that  "preserve the look and feel of the original documents with regard to display of library objects" is "of paramount importance[.]"  (*See* generally, Kirk Decl., (Dkt. No. 32), Ex. D).  Rather, as described in the abstract of the reference, it discusses "the automatic hypertext conversion of printed articles based on a description language for link types" as well as improvements of web browser display of those links to users.  (*Id*. at Abstract; *id*. at *passim*)

Google also objects to HyperPhrase's proposed finding as violating the Court's Summary Judgment Rules, Section II(D)(4) ("the response must be limited to those facts necessary to raise a dispute), as HyperPhrase includes purported "facts" that are not relevant to Google's summary judgment motion, including whether the images are displayed in "raster format."  (*See* Google Reply PFOF, Nos. 136-142; *see also* Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶¶ 50-51; *id*., Ex. 2(c) at 49-51.)

To the extent this proposed finding has any potential relevance, it turns on a legal conclusion, including but not limited to the construction of the "preamble" for claim 86 of the '321 patent.  (*See* de la Huerga Decl. (Dkt. No. 130) at 37).  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


331.    By modification Myka means that books and other paper documents are scanned, the scanned image is processed (using multiple pages to discuss the existing limitations of dealing with scanned images of text, for example see Pages 69, 70, 80, and others) to determine where in the scanned image should a link be placed.  However, and importantly, the links that Myka creates are hot spots in a raster image of a document, as opposed to creating hyperlinks in

the text of a document. The hot spots are created by superimposing the graphic image of a box over the raster image of a document, see page 89: "… these boxes have to be inserted into the clickable image before the image is transferred from the server to the client. "(de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 138-139.

Google also objects that this proposed finding of fact is irrelevant as Google's summary judgment motions are not based on the raster aspect of Myka's disclosure (*see generally*, Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶¶ 50-51; *id.*, Ex. 2(c) at 49-51), or to the extent is has any relevance, that relevance turns on legal conclusions, including but not limited to what the constructions of the phrases "specifying reference" and "link" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

*See* Google's Reply PFOF, Reply No. 163, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


332.    In claim 86 of the '321 patent, the term "specifying references (SRs)" are the same as a "data reference (DR)" or a "data reference (DR)/modifier reference (MR)" in the text of a record. Specifically, the Federal Circuit ruled that a "specifying reference" is defined as: "…"a unique phrase or word which may be used in a record to refer to another record or record segment," and that a data reference may refer to one or more than one record."

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact

does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 138-140.

Undisputed that the Federal Circuit construed "data reference" to mean "a unique phrase or word which may be used in a record to refer to another record or record segment," and that a data reference may refer to one or more than one record." (Federal Circuit Opinion (Dkt. No. 109) at 10.) It is also undisputed that the Federal Circuit agreed with this Court, that the phrases "data reference" and "specifying reference" are interchangeable and have the same meaning. (*Id*. at 7.)

Google also objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

*See* Google's Reply PFOF, Reply No. 138-140, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


333.    The Federal Circuit did not include a raster image or a portion of a raster image as a "specifying reference." Hence, Myka does not disclose "specifying references." (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed. Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 138-140.

The record also contradicts HyperPhrase's proposed finding. There is no support in the Federal Circuit's opinion to exclude "a raster image or a portion of a raster image." (*See generally,* Federal Circuit Opinion (Dkt. No. 109)). Rather, raster images are included in the Federal Circuit's opinion, as it construed a "data reference" which it held to be interchangeable

with a "specifying reference") as "a unique phrase or word which may be used in a record to refer to another record or record segment."

Google further objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrases "record," "selectable" and "specifying reference" mean. (*See* de la Huerga Decl. (Dkt. No. 130) at 27-40). Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


334.    When the raster image is copied and pasted into a word processor, such as Microsoft Word, it cannot be edited as a text document because it is really only a picture of the words, not text. (de la Huerga Dec. ¶18).

**Google's Response:**

Google objects to HyperPhrase's proposed finding, as it is ambiguous what HyperPhrase means by "it cannot be edited as a text document."

Undisputed that a raster image of text is an image of text, and that the raster text image cannot be manipulated in a word processor in the same manner as text can be manipulated.

Google also objects that this proposed finding of fact is irrelevant, as Google's summary judgment motion of invalidity is not based on the raster aspect of Myka's disclosure (*see generally*, Google's Br. ISO Invalidity (Dkt. No. 104) at 52-53; Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶¶ 50-51; *id.*, Ex. 2(c) at 49-51), or to the extent is has any relevance, that relevance turns on legal conclusions, including but not limited to what the constructions are of the preamble of claim 86 of the '321 patent, as well as what the constructions of the phrases "record," "selectable" and "specifying reference" mean. (*See* de la Huerga Decl. (Dkt. No. 130) at 27-40). Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.

335.    A distinguishing factor that makes text different than a raster image is the ability of the user to change the font and size of the text in a browser. In most browsers, there is a setting that allows the user to make the text a larger or smaller font or to even change the font. Since a raster image is a fixed item the font of a text image cannot be changed any more than the picture of a flower can be changed in a browser to a different color. (de la Huerga Dec. ¶18).

**Google's Response:**

Undisputed that a raster image of text is an image of text, and that the raster text image cannot be manipulated in a browser in the same manner that text attributes can be manipulated.

Google objects that this proposed finding of fact is irrelevant, as Google's summary judgment motion of invalidity is not based on the raster aspect of Myka's disclosure (*see generally*, Google's Br. ISO Invalidity (Dkt. No. 104) at 52-53; Croft Second Decl. (Dkt. No. 105), Ex. 1 at ¶¶ 50-51; *id.*, Ex. 2(c) at 49-51), or to the extent is has any relevance, that relevance turns on legal conclusions, including but not limited to what the constructions are of the preamble of claim 86 of the '321 patent, as well as what the constructions of the phrases "record," "selectable" and "specifying reference" mean.  (*See* de la Huerga Decl. (Dkt. No. 130) at 27-40).  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


336.    Myka does not use subject matter specific search rules to find information in a record. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects that HyperPhrase has failed to cite the record carefully or with the requisite particularity under The Court's Summary Judgment Rules, Sections I(C)(1) ("The court will not search the record for evidence") and I(C)(1)(E) (for affidavits, the party must provide the "page and paragraph number").  There is nothing in the cited declaration of de la

Huerga at ¶18 about "subject matter specific search rules."  (*See* de la Huerga Decl. (Dkt. No. 13) at 36-43).  Nor are "subject matter specific search rules" a limitation of claim 86 of the '321 patent, which is the only claim discussed in Mr. de la Huerga's declaration with respect to the Myka reference.  (*See id.*).

Google also objects that to the extent there is any relevance to HyperPhrase's proposed finding, that relevance turns on legal conclusions, including but not limited to what the construction of the phrase "subject matter specific search rule" and the term "record" mean. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


337.    Myka does not provide for a "specifying reference," since he only displays a raster image. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 138-140.

Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply No. 138-140, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


338.    Myka does not disclose a general "specifying reference" being modified by other record information. (de la Huerga Dec. ¶18).

**Google's Response:**

Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. *See* Google's Reply to its PFOF No(s). 138-140.

Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply Nos. 138-140, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


339.    Myka examines the font size or layout position in the document to make certain judgments about the contents of the document. Based on this, he attempts to determine the presence of a linkable portion of the raster image. However, Myka is quite clear about the limitations involved, on pages 81–82: "The treatment of layout information, to a certain extent, is even more difficult than the treatment of information concerning character patterns. This is due to the fact that certain types of layout information are more vague. With regard to the ScanWorX software this is especially true for information about fonts and zoning. Other software packages (like e.g. Omnipage) may perform better with regard to recognition of basic printing modes such as bold face, italics, and ordinary mode, but do not provide for information on font families. Therefore, the relevance of this kind of information, today, has to be estimated and handled appropriately." (emphasis added). Hence, we see that, at best, layout information is only a partially reliable means to a best infer that text may correspond to a reference to other data. However, none of this has any meaning on how "a seemingly general SR is modified by other record information". A document zone or a specific font is not other record information. Record information is display text in a document that allows the typical reader to read and understand a

document. The mere altering of the font appearance does not qualify. In the instance of a physician looking at a medical report for patient ID 987654321, the text "ECG" is modified by the patient ID number so only an ECG for that patient can be retrieved, as a physician would expect. The changing of the text "ECG" to a bold font, while distracting, would not change the physician's expectations in reading the report. (de la Huerga Dec. ¶18).

**Google's Response:**

Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2). HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact. See Google's Reply to its PFOF No(s). 140.

Disputed to the extent that HyperPhrase intends to imply that Myka only looks at the "font size or layout position" in a text when it determines what entities it can link to. The record contradicts such a proposed finding, as Myka also parses documents for other entities, such as key words and symbols. (*See, e.g.,* Kirk Decl. (Dkt. No. 32), Ex. D at 72 (section describing "ordinary links") and 74 (key words).)

Undisputed that the portion quoted from Myka above is disclosed in the Myka reference at pages 81-82.

Google also objects to portions of HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as claim 86 of the '321 patent neither discusses nor requires "reliable means," that that the "other record information" be "display text," how a "typical reader" would "read an understand a document" or what a physician would "expect." (*See generally*, Woodford Decl. (Dkt. No 26), Ex. E, '321 patent at 40:32-44.)

Google further objects that HyperPhrase's proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "wherein a seemingly general SR is modified by other record information," "other record information" and

"SR" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.,* 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


340.    While Myka's scanned document preserves the image of the document formatting, the equivalents in a text document are hidden HTML programming codes that the typical reader does not read or print. These codes describe a font to be used, the color of the text, the size of text, and its formatting. There is an identical analogy for text documents in a word processor, albeit somewhat more difficult to locate. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact as ambiguous and incomprehensible, and not relevant to any issue in dispute raised by Google's motions for summary judgment.

To the extent this proposed finding is comprehensible, Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrases "specifying reference" and "record information" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp*., 415 F.3d 1303, 1330 (Fed. Cir. 2005).

For these reasons, HyperPhrase has failed to raise a dispute of fact.


341.    Myka does not use any display text record information to make a specifying reference more specific. At most, he shows additional information about a particular portion of a picture. He uses no record information to make a specifying reference (which he does not have) more specific. Instead, he shows additional information without using any other record information to modify a non-existing specifying reference. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 140.

Google objects that this proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "specifying reference" and "record information" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply No. 140, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.


342.    Myka is silent on how the information in the lower display box is obtained. We must conclude that this is actually a function of his HyperFacs system software that merely connects the graphic image hot-spot with additional information external to the record. For example by locating the target record of the hot-spot and retrieving information for display from that target record. Again, this requires the use of hidden programming codes to implement. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No. 140.

Google objects to HyperPhrase's proposed finding as vague, in that HyperPhrase fails to provide sufficient context to understand what is meant by "information in the lower display box."

Google objects that this proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "specifying reference," and "other record

information" and the term "record" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

> *See* Google's Reply PFOF, No. 140, filed concurrently with this response.

> For these reasons, HyperPhrase has failed to raise a dispute of fact.

343.    The central control window at the right of the screen Myka references, give the user various options and controls over the operation of the HyperFacs system. It does not present information to make a seemingly general SR more relatively specific by using any record information. It is just a control panel allowing the user to initiate other actions. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF Nos. 140-141.

Google also objects to HyperPhrase's proposed finding as irrelevant, and thus violates this Court's Summary Judgment Rules, Section II(D)(4) that facts "must be limited to those facts necessary to raise a dispute," as Google's summary judgment motion for invalidity does not rely on analysis of "the various options and controls over the operation of the HyperFacs system" from "[t]he central control wind at the right of the screen Myka references."  (*See* Google Br. ISO Invalidity (Dkt. No. 104) at 52-53; Croft 2nd Decl. (Dkt. No. 105-2), Ex. 2c at 1-3.)

Google further objects that this proposed finding of fact turns on legal conclusions, including but not limited to what the construction of the phrases "specifying reference," and "other record information" and "rending the SR relatively specific" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply Nos. 140-141, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

344.     The general "specifying reference" has to be modified by external record information or at best hidden programming codes that the intended reader will never see. Claim 86 of the '321 patent states that a specifying reference is modified by other record information. Nothing in Myka discusses using display text information to modify a specifying reference, and indeed, Myka does not even show a specifying reference as it is defined by the Federal Circuit. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 138-140.

Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" means.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply No. 138-140, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

345.     Myka does not have a specifying reference. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 138-140.

Google objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the construction of the phrase "specifying reference" means. Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact. *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply No. 138-140, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

346.    Myka does not have a specifying reference and does not indicate the specific nature of the specifying reference as no record information is used to render the specifying reference more specific. (de la Huerga Dec. ¶18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules, Section II(B)(2).  HyperPhrase's additional proposed finding of fact does not supplement the record, but rather responds to and indeed re-writes Google's proposed finding of fact.  *See* Google's Reply to its PFOF No(s). 138-142.

Google also objects that this proposed finding of fact turns on a legal conclusion, including but not limited to what the constructions of the phrases "specifying reference" and "record information" mean.  Claim construction is the responsibility of the Court and a question of law, not an evidentiary fact.  *Philips v. AWH Corp.*, 415 F.3d 1303, 1330 (Fed. Cir. 2005)

*See* Google's Reply PFOF, Reply No. 138-142, filed concurrently with this response.

For these reasons, HyperPhrase has failed to raise a dispute of fact.

## <u>HYPERPHRASE'S ADDITIONAL CONCLUSIONS OF LAW</u>

This entire section should be disregarded.  Judge Crabb's procedures do not provide for parties to submit conclusions of law or additional conclusions of law.  In addition, almost all of HyperPhrase's proposed conclusions of law are restatements of Google's conclusions of law, which Google filed at the time the case was still assigned to Judge Shabaz.

347.    The term "a standardized format for addressing" in claim 1 of the '889 patent does not need construction and should be given its ordinary meaning. If any definition is given, however, HyperPhrase proposes: "a data request is placed into a format that is a standard, such as a URL, for retrieving a data record from a database." (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p. 1).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No(s). 144.

It is fundamental that the Court must resolve claim construction disputes regardless of whether the dispute relates to plain and ordinary meaning.  *See Sulzer Textile A.G. v. Picanol N.V.*, 358 F.3d 1356, 1359 (Fed. Cir. 2004).  "Plain meaning" does not moot claim construction, unless the parties agree on what that plain and ordinary meaning is, which certainly is not the case here.

*See* Google's Reply to PFOF No. 144, filed concurrently with this response.


348.    The term "user interface" in claim 1 of the '889 patent is an interface that allows a user to interact with the computer system, such as a keyboard and video terminal combination. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.4).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 148.

*See* Google's Reply PFOF, Reply No. 148, filed concurrently with this response.

349.     The term "interactive display program" in claim 1 of the '889 patent is a display, entry, and retrieval program. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.4).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 149.

*See* Google's Reply PFOF, Reply No. 149, filed concurrently with this response.

350.     Claim element 1(b) in the '889 patent is construed in accordance with 35 U.S.C. §112, 6. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.4).

**Google's Response:**

Undisputed.  But Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 150.

351.     The corresponding structure for claim element 1(b) in the '889 patent is the data translation and collection system 110 and algorithm step 540. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.4-5).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 151.

*See* Google's Reply PFOF, Reply No. 151, filed concurrently with this response.

352.    Claim element 1(c) in the '889 patent is construed in accordance with 35 U.S.C.
§112, 6. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.5-7).

**Google's Response:**

Undisputed.  But Google objects to this proposed finding of fact in that it violates this
Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does
not supplement the record, but rather indeed re-writes Google's proposed conclusion of law.  *See*
Google's Reply to its PFOF No. 152.

353.    The corresponding structure for claim element 1(c) in the '889 patent is the data
translation and collection system 110 and algorithm step 560 and 564. (Niro Dec., Exh. R,
HyperPhrase's Claim Construction Table at pp.5-7).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this
Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does
not supplement the record, but rather responds to and indeed re-writes Google's proposed
conclusion of law.  *See* Google's Reply to its PFOF No. 153.

*See* Google's Reply PFOF, Reply No. 153, filed concurrently with this response.

354.    Claim element 1(d) in the '889 patent is construed in accordance with 35 U.S.C.
§112, 6. P. 5. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.7-8).

**Google's Response:**

Undisputed.  But Google objects to this proposed conclusion of law in that it violates this
Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does
not supplement the record, but rather indeed re-writes Google's proposed conclusion of law.  *See*
Google's Reply to its PFOF No. 154.

355.    The corresponding structure for claim element 1(d) in the '889 patent is the data translation and collection system 110 and algorithm step 570, 8:37-40. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.7-8).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 155.

*See* Google's Reply PFOF, Reply No. 155, filed concurrently with this response.

356.    Claim element 1(e) in the '889 patent is construed in accordance with 35 U.S.C. §112, 6. P. 5 (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.8-13).

**Google's Response:**

Undisputed.  But Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 156.

357.    The corresponding structure for claim element 1(e) in the '889 patent is the data translation and collection system 110 and algorithm step 598-600; 9:1-11. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.8-13).

**Google's Response:**

Disputed.  Google objects to this proposed conclusion of law in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 157.

*See* Google's Reply PFOF, Reply No. 157, filed concurrently with this response.

219

358.    Claim element 1(f) in the '889 patent is construed in accordance with 35 U.S.C. §112, 6. P. 5. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.14-17).

**Google's Response:**

Undisputed.  But Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 158.

Google also objects to this proposed conclusion of law as ambiguous with respect to "P. 5", as it is uncertain what HyperPhrase means by this.


359.    The corresponding structure for claim element 1(f) in the '889 patent is the data translation and collection system 110 and algorithm step 604; 9:12-15. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at pp.14-17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 159.

*See* Google's Reply PFOF, Reply No. 159, filed concurrently with this response.


360.    The term "KEYWORD PHRASE" in claim 7 of the '889 patent means a recognized text string that serves as the hypertext link. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.17).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not

supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 160.

*See* Google's Reply PFOF, Reply No. 160, filed concurrently with this response.


361.    The term "Referencing record" in claim 1 of the '321 patent means "a record that refers to one or more records." (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 175.

*See* Google's Reply PFOF, Reply No. 175, filed concurrently with this response.


362.    The term "Data reference (DR)" in claim 1 of the '321, consistent with the term as defined by the Federal Circuit, is the text in a record normally displayed for a typical user to read and not hidden computer codes. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.18).

**Google's Response:**

Disputed.  HyperPhrase's proposed conclusion of law is directly contradicted by the Federal Circuit, which held that a "data reference" is construed as "a unique phrase or word which may be used in a record to refer to another record or record segment."  (Federal Circuit Opinion (Dkt. No. 109) at 10).  There is no support in the Federal Circuit's opinion for HyperPhrase's proposed construction that "the text [is] … normally displayed for a typical user to read and not hidden computer codes."

363.    The term "Modifier reference (MR)" in claim 1 of the '321 means a word of phrase that further specifies a specific record, record segment, or records referred to by a data reference. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.18).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 170.

*See* Google's Reply PFOF, Reply No. 170, filed concurrently with this response.


364.    The term "When" in claim 1 of the '321, in accordance with Judge Crabb's claim construction order, means that a step occurs in real time. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.19).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 171.

*See* Google's Reply PFOF, Reply No. 171, filed concurrently with this response.


365.    The term "Specifying reference" in claim 86 of the '321, as defined by the Federal Circuit in this case, means a unique phrase or word which may be used in a record to refer to another record or record segment, and a data reference may refer to one or more than one record. As also noted by the Federal Circuit, the terms "data reference," "record reference," specifying reference" and "reference" are used interchangeably and have the same meaning.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 173.

*See* Google's Reply PFOF, Reply No. 173, filed concurrently with this response.

366.    The term "Selectable"/"Selectability" in claim 86 of the '321means "the affirmative step of selecting text, such as an SR." (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.24).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 180.

*See* Google's Reply PFOF, Reply No. 180, filed concurrently with this response.

367.    The term "designate/designation" in claim 86 of the '321means "point to text on a display screen without actually taking an affirmative step to select the text. (Niro Dec., Exh. R, HyperPhrase's Claim Construction Table at p.24).

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 181.

Google further objects, as HyperPhrase has already stated that it is "undisputed" that the claim terms "designate" and "designation" "mean point to text on a display screen without actually taking an affirmative step to select the text."  *See id.*

223

368.    Claim 1 of the '321 patent is not anticipated by PasTime.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 190

*See* Google's Reply PFOF, Reply No. 190, filed concurrently with this response.


369.    Claim 24 of the '321 patent is not anticipated by PasTime.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 191.

*See* Google's Reply PFOF, Reply No. 191, filed concurrently with this response.


370.    Claim 1 of the '889 patent is not anticipated by PasTime.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 163.

*See* Google's Reply PFOF, Reply No. 163, filed concurrently with this response.


371.    Claim 7 of the '889 patent is not anticipated by PasTime.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 164.

*See* Google's Reply PFOF, Reply No. 164, filed concurrently with this response.


372.    Claim 1 of the '889 patent is not anticipated by Anthony.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 165.

*See* Google's Reply PFOF, Reply No. 165, filed concurrently with this response.


373.    Claim 7 of the '889 patent is not anticipated by Anthony.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 166.

*See* Google's Reply PFOF, Reply No. 166, filed concurrently with this response.


374.    Claim 1 of the '321 patent is not anticipated by Graham.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not

supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law. *See* Google's Reply to its PFOF No. 192.

*See* Google's Reply PFOF, Reply No. 192, filed concurrently with this response.

375.    Claim 24 of the '321 patent is not anticipated by Graham.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law. *See* Google's Reply to its PFOF No. 193.

*See* Google's Reply PFOF, Reply No. 193, filed concurrently with this response.

376.    Claim 27 of the '321 patent is not anticipated by MUC-6 Task Definition.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law. *See* Google's Reply to its PFOF No. 194.

*See* Google's Reply PFOF, Reply No. 194, filed concurrently with this response.

377.    Claim 27 of the '321 patent is not anticipated by Aberdeen.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law. *See* Google's Reply to its PFOF No. 195.

*See* Google's Reply PFOF, Reply No. 195, filed concurrently with this response.

378.     Claim 86 of the '321 patent is not anticipated by Gennaro.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 196.

*See* Google's Reply PFOF, Reply No. 196, filed concurrently with this response.


379.     Claim 86 of the '321 patent is not anticipated by Myka.

**Google's Response:**

Disputed.  Google objects to this proposed finding of fact in that it violates this Court's Summary Judgment Rules.  HyperPhrase's additional proposed conclusion of law does not supplement the record, but rather responds to and indeed re-writes Google's proposed conclusion of law.  *See* Google's Reply to its PFOF No. 197.

*See* Google's Reply PFOF, Reply No. 197, filed concurrently with this response.

Dated:  May 19, 2008

/s/ Jason W. Wolff
Jason W. Wolff (wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

James A. Friedman
James D. Peterson
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Of Counsel:*

Kurt L. Glitzenstein
Christoper Dillon
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110

Attorneys for Defendant GOOGLE INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the May 19, 2008, a true and correct copy of the following document: **GOOGLE'S RESPONSE TO HYPERPHRASE'S ADDITIONAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF HYPERPHRASE'S BRIEFS IN OPPOSITION TO GOOGLE'S MOTIONS FOR SUMMARY JUDGMENT** was filed with the Clerk of the Court using the ECF filing system which will send notification of such filing to counsel of record for HyperPhrase Technologies, LLC and HyperPhrase, Inc., including Raymond P. Niro, Kim Grimmer, Jennifer L. Amundsen.


/s/ Jason W. Wolff