IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE, INC.,                                                OPINION AND ORDER
           Plaintiffs,
                                                                   06-cv-199-bbc
     v.

GOOGLE, INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Hyperphrase Technologies, LLC and Hyperphrase, Inc. brought this patent infringement action, alleging that defendant Google Inc.'s AutoLink and AdSense products infringe plaintiffs' United States Patents Nos. 5,903,889, ('889 patent) 6,434,567 ('567 patent), 6,526,321 ('321 patent) and 7,013,298 ('298 patent).  On December 20, 2006, Judge Shabaz granted summary judgment to defendant, finding that neither product infringed any claim of the patents-in-suit, in light of his construction of the term "data reference."  Following its success on summary judgment, defendant moved for a finding that the case was exceptional, seeking attorney's fees pursuant to 31 U.S.C. § 285.  Judge Shabaz summarily rejected the motion:

      There is virtually no evidence that this case was brought in

1

> bad faith. Defendants' support for its motion on this point consists almost exclusively of hindsight reliance on the summary judgment decision in its favor. An objective view of the entire file and the conduct of this litigation suggests to the contrary that plaintiff commenced the action in good faith believing that it could prevail on the broad claim construction it advanced. To award fees in this instance would be to convert § 285 into a routine fee shifting statute.

Dkt # 80 at p. 2-3.

On December 26, 2007, the Court of Appeals for the Federal Circuit held that Judge Shabaz's construction of the term "data reference" was erroneous. It affirmed the decision with respect to the claims of infringement against AdSense that Judge Shabaz had dismissed, reversed the judgment that AutoLink did not infringe the '889 and '321 patents and remanded the case with instructions to evaluate whether Autolink infringed under the Federal Circuit's construction of the term "data reference."

On remand, defendant renewed its motions for summary judgment, arguing, among other things, that AutoLink did not infringe any of the asserted claims. I concluded that AutoLink lacked at least one element of each of the remaining asserted claims and therefore granted defendant summary judgment of non-infringement. Defendant now brings another motion for attorney fees, arguing that plaintiffs' conduct on remand has rendered the case exceptional and warrants an award of attorney fees. I find that this case remains unexceptional.

2

Pursuant to § 285 "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Whether a case is exceptional is a factual question defendants must prove by clear and convincing evidence. Interspiro USA, Inc. v. Figgie Intern. Inc., 18 F.3d 927, 933 (Fed. Cir. 1994). Among the grounds for finding a case exceptional are litigation misconduct and vexatious, unjustified or otherwise bad faith litigation. Epcon Gas Systems, Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002).

Defendant argues that plaintiffs' conduct on remand amounts to bad faith litigation because plaintiffs (1) opposed defendant's motion to amend to add a license defense; (2) too vigorously disputed defendant's proposed findings of fact; (3) mischaracterized the federal circuit's construction of "data reference"; (4) offered new expert opinions after remand; and (5) continued to pursue their willfulness claim. These actions do not amount to bad faith litigation, alone or in combination. To the contrary, plaintiffs' litigation conduct was typical vigorous representation – no less reasonable or more vigorous than the positions and arguments of defendant.

For example, defendant characterizes plaintiffs' opposition to defendant's license defense amendment as "specious" and part of a pattern of "obfuscation and vexatious multiplication of proceedings" and "completely without merit." In contrast, I observed that "plaintiffs' argument would be compelling were it not for the fact that the trial date has been continued until March 16, 2009." Dkt. #118 at p. 2. Defendant's characterization of

3

plaintiffs' position is at least as obfuscating as any conduct of plaintiffs. Similarly, the remaining four positions are typical of the approach taken by plaintiffs in most patent cases and well within the bounds of reasonable litigation conduct. Overall, defendant's strategy to exaggerate the weakness of plaintiffs' positions with the benefit of hindsight appears to be little more than a reprise of its earlier failed motion for fees. Plaintiffs' conduct falls significantly short of the standard of "vexations and unjustified" that would warrant an award of fees.

ORDER

IT IS ORDERED that defendant's motion for a finding that this case is exceptional and warrants an award of fees is DENIED.

Entered this 12th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge