IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

        Plaintiffs,

v.

GOOGLE INC.,

        Defendant.

Civil Action No. 06-cv-199-bbc

---

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GOOGLE'S MOTION TO COMPEL
DISCOVERY RESPONSES**

---

## I.    INTRODUCTION

When all of HyperPhrase's claims were dismissed with prejudice on summary judgment, this Court ordered HyperPhrase to pay Google's costs. Not only has HyperPhrase failed to pay the costs ordered by the Court, but now HyperPhrase refuses to even respond to Google's discovery requests which would enable Google to enforce its judgment. All Google seeks is something this Court has already ordered: a judgment of $36,491.10 plus interest. Given HyperPhrase's deliberate failure to pay this judgment, Google now asks the Court to compel HyperPhrase to respond to Google's discovery requests, which include such basic judgment-enforcing discovery as a list of HyperPhrase's bank accounts, real property, and other assets.

## II.    FACTUAL BACKGROUND

On April 12, 2006, plaintiffs HyperPhrase Technologies, LLC and HyperPhrase Inc. (collectively, "HyperPhrase") filed suit against defendant Google Inc. ("Google"). *See* Dkt. # 2. HyperPhrase asserted infringement of U.S. Patent Nos. 5,903,889; 6,434,567; 6,507,837; and 6,516,321.

1

Dockets.Justia.com

On December 21, 2006, Judge Shabaz granted summary judgment to Google on both products with prejudice and costs. *See* Dkt. # 65. On April 25, 2007, this Court affirmed the clerk's taxation of costs in the amount of $35,011.02 and that said costs be included in the judgment. *See* Dkt. # 90, at 3. However, the court stayed proceedings to enforce the judgment for costs plus interest until 30 days after the Court of Appeals affirmed the judgment. *Id.* On December 26, 2007, the Court of Appeals for the Federal Circuit affirmed summary judgment of non-infringement for AdSense, but remanded the decision with respect to AutoLink for two patents (the '889 and '321 patents). *HyperPhrase Techs., Inc. v. Google, Inc.*, 260 F. App'x 274, 282 (Fed. Cir. 2007). On September 30, 2008, Judge Crabb granted summary judgment of non-infringement to Google on the remaining product (AutoLink) and patents. *See* Dkt. # 141, at 30-31. Judgment was entered on October 1, 2008. *See* Dkt. # 142. An amended judgment was entered on January 9, 2009. *See* Dkt. # 148. On December 5, 2008, the clerk of this Court granted costs to Google in the amount of $36,491.10. *See* Dkt. # 145. This amount included the $35,011.02 from the previous taxation of costs. *See id.*; *see also* Dkt. # 143, Dkt. # 90. On March 13, 2009, HyperPhrase's appeal of the September 30, 2008 summary judgment was dismissed for failure to prosecute. *See* Dkt. # 154. HyperPhrase thereafter did not attempt to revive its appeal. On June 9 and again on July 14, 2009, Google requested that HyperPhrase promptly comply with the judgment and pay the costs and post-judgment interest. HyperPhrase has still not complied with the Court ordered judgment.

On July 28, 2009, Google served HyperPhrase with seven interrogatories and one request for production, all relating to HyperPhrase's assets so that Google could enforce its judgment. [*See* Google's Third Set of Interrogatories (Nos. 10-16) (July 28, 2009) (Exh. A); Google's Second Set of Requests for Production of Documents & Things (No. 81) (July 28, 2009) (Exh.

B).]  Hearing no reply by the deadline for responding, Google wrote HyperPhrase on September 2, 2009 and asked whether it would comply, if it had not responded due to any defects in the discovery requests, and asked whether counsel for HyperPhrase was available for a meet and confer on these issues.  [Letter to Mr. Niro dated September 2, 2009 (Exh. C).]  HyperPhrase, again, was silent.  Having received no response whatever from HyperPhrase for over two weeks since the last writing, Google now seeks assistance from the Court.

## III.    LAW OF POST-JUDGMENT DISCOVERY

Federal Rule of Civil Procedure 69(a)(2) allows a party to obtain discovery in order to execute a judgment.  Rule 69 is titled "Execution" and subsection (a)(2) is titled "Obtaining Discovery."  Rule 69(a)(2) reads in full:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located.

Thus, Rule 69(a)(2) enables a judgment creditor to obtain discovery from a judgment debtor following either the Federal Rules of Civil Procedure or state procedures.  Not surprisingly, the Seventh Circuit has described Federal Rule of Civil Procedure 69(a) as "expressly authorizing discovery in aid of execution of judgment."  *Central States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5, 6 (7th Cir. 1992).  Subsequent cases and the advisory committee's notes make clear that "in aid of execution on a judgment, all discovery procedures provided in the rules are available."  *See* Notes of Advisory Committee (1970) (explaining the amendment and citing supporting cases).  Federal Rules of Civil Procedure 33 and 34 permit discovery through interrogatories and requests for production, and are therefore proper avenues of discovery under Rule 69(a)(2).

For example, in one Eastern District of Wisconsin case, the court granted a motion to compel responses to interrogatories and requests for production to "ascertain the nature and amount of any assets defendants might currently hold that could be used in payment of the

judgment." *United States v. Thurner*, No. 00-C-82, 100 A.F.T.R.2d 2007-6775, at *1 (E.D. Wis. Nov. 20, 2007) (Exh. D). The reason is simple: Rule 69(a)(2) exists for the sole purpose of enabling discovery that aids in the enforcement of a judgment. Interrogatories and requests for production about a party's assets are a valid and straightforward way of doing that.

## IV.    ARGUMENT

Rule 69(a)(2) expressly allows for discovery to aid in enforcing a judgment. HyperPhrase has failed to pay the judgment of costs against it and now refuses to respond to discovery directly aimed at enabling Google to enforce that judgment. Indeed, HyperPhrase has not even served objections to Google's discovery; it simply has failed to respond at all. HyperPhrase's blatant disregard for this Court's order and the Federal Rules should not be rewarded. Google asks that HyperPhrase be compelled to respond to Google's discovery so that Google may enforce its judgment.

When HyperPhrase failed to perfect its appeal and then pay the Court ordered judgment for more than seven months, Google served HyperPhrase with discovery aimed at enabling Google to enforce the judgment under Rule 69(a). Specifically, Google served seven interrogatories and one request for production, the same types of discovery requested and compelled in *Thurner*. *See* 100 A.F.T.R.2d 2007-6775, at *1. Even though the very broad pretrial standards of discovery apply to Rule 69(a)(2) situations, the discovery Google requested was narrowly tailored towards enabling it to enforce a judgment in its favor. *See, e.g.*, *Rubin v. Islamic Republic of Iran*, No. 03 C 9370, 2008 WL 192321, at *4 (N.D. Ill. Jan. 18, 2008) (agreeing with prior decisions that "post-judgment discovery proceeds according to the federal rules governing pre-trial discovery," including the broad discovery standards under Rule 26) (Exh. E). All of the discovery asks what HyperPhrase's assets are, whether any have been transferred, and where they are located now.

While the scope should be irrelevant given HyperPhrase's failure to timely object, the requests are nonetheless narrowly tailored. For example, Google's Interrogatory No. 10 asks HyperPhrase to "[i]dentify all your bank, investment, and trust accounts and records for the last

year prior to the judgment." [Exh. A, at 3.] Similarly, Interrogatory Nos. 11-14 ask for an identification of HyperPhrase's real property, accounts payable, intellectual property, and any other contracts or properties in which HyperPhrase has an interest. [*Id.* at 3-4.] Each of these is an asset from which Google could potentially enforce its judgment. This is precisely the circumstances Rule 69(a)(2) was designed for. *See, e.g.*, *Thurner*, 100 A.F.T.R.2d 2007-6775, at *1 ("To [enforce its judgment], the United States must ascertain the nature and amount of any assets defendants might currently hold that could be used in payment of the judgment.").

Interrogatory Nos. 15 and 16 ask for the identification of owners, principals, investors, and interest holders in HyperPhrase and an identification of all asset transfers from HyperPhrase since the judgment against them. [Exh. A, at 4.] These are clearly directed toward the distinct possibility that HyperPhrase has transferred assets to its owners or others in order to avoid paying or attaching those assets in satisfaction of the judgment entered against it.

Request for Production No. 81 simply asks for "[a]ll documents that relate to, support, or form a basis for, or were used or considered in the preparation of Plaintiffs' answers to Google's Third Set of Interrogatories." [Exh. B, at 4.]

The rules and cases could not be more clear that this sort of discovery is allowed under Rule 69(a)(2). Furthermore, this discovery is only necessary because HyperPhrase refuses to pay the judgment this Court has already ordered of it. This Court should enforce its judgment and any discovery necessary to enforce that judgment.

## V.    CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order HyperPhrase to fully respond to and produce documents responsive to Google Interrogatory Nos. 10-16 and Request for Production No. 81.

Dated:  September 15, 2009

/s/ Jason W. Wolff
Jason W. Wolff (wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Frank E. Scherkenbach (scherkenbach@fr.com)
Kurt L. Glitzenstein (glitzenstein@fr.com)
Christopher Dillon (dillon@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

Attorneys for Defendant GOOGLE INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 16th of September 2009, a true and correct copy of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE'S**

**MOTION TO COMPEL DISCOVERY RESPONSES** was filed with the Clerk of the Court

using the ECF filing system which will send notification of such filing to the following:

| | |
|---|---|
| Kim Grimmer (kgrimmer@sbglaw.com)<br>Jennifer L. Amundsen (jamundson@sbglaw.com)<br>SOLHEIM BILLING & GRIMMER, S.C.<br>One South Pinckney Street<br>Suite 301<br>Madison, WI 53703<br>Telephone: (608) 282-1200<br>Facsimile: (608) 282-1218 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |
| Robert P. Greenspoon (rpg@fg-law.com)<br>William W. Flachsbart (wwf@fg-law.com)<br>FLACHSBART & GREENSPOON, LLC<br>53 West Jackson Blvd., Suite 652<br>Chicago, IL 60604<br>Telephone: (312) 265-6758<br>Facsimile: (312) 265-6775 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |
| Raymond P. Niro (rniro@nshn.com<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>Telephone: (312) 236-0733<br>Facsimile: (312) 236-3137 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

/s/ Jason Wolff

10942169.doc