IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HYPERPHRASE TECHNOLOGIES, LLC and HYPERPHRASE INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Civil Action No. 06 C 0199 BBC |

## GOOGLE'S THIRD SET OF INTERROGATORIES (NOS. 10-16)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google Inc. hereby requests that Plaintiffs Hyperphrase Technologies, LLC and Hyperphrase Inc. answer the following interrogatories separately, fully, and under oath within thirty days of service.

### DEFINITIONS

1. "Google" refers to Google Inc., including all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, affiliates, and divisions.

2. "Plaintiffs," "HyperPhrase," "You," or "Your" refers to HyperPhrase Technologies, LLC or HyperPhrase, Inc., including its past and present officers, directors, employees, agents, consultants, attorneys, or others acting or purporting to act on their behalf, including their predecessors, subsidiaries, parents, and affiliates to the extent any exist.

3. The term "document" is used in the broadest sense to include everything that is contemplated by Fed. R. Civ. P. 26 and 34, including without limitation documents stored in electronic form, such as electronic mail, computer source code, object code, and microcode, and documents stored on any media accessible by electronic means. A comment or notation appearing on any document that is not part of the original text is to be considered a separate document.

3. The term "judgment" means the judgment and post-judgment interest ordered by the U.S. District Court for the Western District of Wisconsin on December 5, 2008.

4. The singular shall include the plural and vice versa. Any pronoun should be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The term "any" includes "all" and "all" includes "any;" "each" includes "every" and "every" includes "each;" and "includes" or "including" means "including, but not limited to."

5. Unless otherwise specified, these interrogatories cover all time periods.

## INSTRUCTIONS

1. Whenever these interrogatories request Plaintiffs to identify a document or to provide the identity of a document, include the following information in the answer: (1) the identity of the person(s) who drafted the document; (2) the identity of the person(s) who received (as addressee, "cc," "bcc," or otherwise) or approved the document or a copy thereof; (3) the date of the document; (4) the present location of the document; (5) the present custodian of the document; (6) the type of document (e.g., letter, memorandum, tape recording, or other form of document); (7) a description of the general subject matter of the document with the specificity required to allow it to be requested by a subpoena or a request for production of documents; and (8) the document production number if the document has been produced.

2. Whenever these interrogatories request Plaintiffs to identify an individual, include the following information in the answer: (1) the person's name; (2) the person's business address and telephone number (or if unknown, the person's home address and home telephone number); (3) the person's present or last known employer and present or last known position;

and (4) all positions that person has held with Plaintiffs (including dates of employment and a brief description of the responsibility of each position).

3. If, after conducting a reasonable investigation to secure the information requested, you cannot fully answer an individual interrogatory or any part thereof, please state the reasons for the inability to fully answer, answer the individual interrogatory to the fullest extent possible, and state what information, knowledge, or belief you have concerning the unanswered portion.

4. For any information withheld based on any ground, including privilege, provide a written statement setting forth: (1) the identity of all person(s) from and to whom the information has been communicated and dates of the communication(s); (2) a brief description of the subject matter of the information; and (3) the legal ground upon which you rely in withholding the information.

5. Unless otherwise stated in a particular interrogatory, these interrogatories are continuing in nature pursuant to Fed. R. Civ. P. 26(e), so that with respect to any interrogatory herein, or any part thereof, as to which Plaintiffs, after answering, acquire additional knowledge or information, Google directs Plaintiffs to serve supplemental answers promptly after acquiring such additional knowledge or information.

## INTERROGATORIES

INTERROGATORY No. 10:

Identify all your bank, investment, and trust accounts and records for last year prior to the judgment.

INTERROGATORY No. 11:

Identify all your real properties for last year prior to the judgment.

INTERROGATORY No. 12:

Identify all accounts payable from each person with whom you do business.

INTERROGATORY No. 13:

Identify all your patents, patent applications, copyrights, and trademarks.

INTERROGATORY No. 14:

Identify any other contracts or properties in which you have an interest.

INTERROGATORY No. 15:

Identify the name, address, percentage interest, and relationship of all owners, members, principals, investors, and interest holders in Plaintiffs for the period one year prior to judgment to today.

INTERROGATORY NO. 16:

Identify any and all cash, assets, accounts, property, and/or accounts receivable transferred by Plaintiffs to anyone or other entity from the date of grant of summary judgment of non-infringement to today and the person and/or entities to which said cash, assets, accounts, property, and/or accounts receivable were transferred.

Dated: July 28, 2009

Jason W. Wolff (wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Frank E. Scherkenbach (scherkenbach@fr.com)
Kurt L. Glitzenstein (glitzenstein@fr.com)
Christoper Dillon (dillon@fr.com)
Peter J. Kirk (kirk@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Defendant GOOGLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that on the July 28th, 2009, a true and correct copy of **GOOGLE'S THIRD SET OF INTERROGATORIES (NOS. 10-16)** was served as follows:

| | |
|---|---|
| Kim Grimmer (kgrimmer@sbglaw.com)<br>Jennifer L. Amundsen (jamundson@sbglaw.com)<br>SOLHEIM BILLING & GRIMMER, S.C.<br>One South Pinckney Street<br>Suite 301<br>Madison, WI 53703<br>Telephone: (608) 282-1200<br>Facsimile: (608) 282-1218 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

(Via Email and U.S. Mail)

| | |
|---|---|
| Robert P. Greenspoon (rpg@fg-law.com)<br>William W. Flachsbart (wwf@fg-law.com)<br>FLACHSBART & GREENSPOON, LLC<br>53 West Jackson Blvd., Suite 652<br>Chicago, IL 60604<br>Telephone: (312) 265-6758<br>Facsimile: (312) 265-6775 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

(Via Email and U.S. Mail)

| | |
|---|---|
| Raymond P. Niro (rniro@nshn.com)<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>Telephone: (312) 236-0733<br>Facsimile: (3120 236-3137 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

(Via Email and U.S. Mail)

_____
Lorraine Morton