IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC and
HYPERPHRASE INC.,

    Plaintiffs,

v.

GOOGLE INC.,

    Defendant.

Civil Action No. 06 C 0199 BBC

### GOOGLE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NO. 81)

Pursuant to Federal Rule of Civil Procedure 34, Google Inc. requests that Plaintiffs HyperPhrase Technologies, LLC and HyperPhrase Inc. produce for inspection and copying the following documents that are in its possession, custody, or control. Production shall take place within thirty days of service of this request at the offices of Fish & Richardson P.C. in Minneapolis, Minnesota, or at such other locations and times as counsel for the parties may agree. The following definitions and instructions apply.

### DEFINITIONS

1. "Google" refers to Google Inc., including all officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries, affiliates, and divisions.

2. "Plaintiffs," "HyperPhrase," "You," or "Your" refers to HyperPhrase Technologies, LLC or HyperPhrase, Inc., including its past and present officers, directors, employees, agents, consultants, attorneys, or others acting or purporting to act on their behalf, including their predecessors, subsidiaries, parents, and affiliates to the extent any exist.

-1-

3.  The term "document" is used in the broadest sense to include everything that is contemplated by Fed. R. Civ. P. 26 and 34, including without limitation documents stored in electronic form, such as electronic mail, computer source code, object code, and microcode, and documents stored on any media accessible by electronic means. A comment or notation appearing on any document that is not part of the original text is to be considered a separate document.

4.  The singular shall include the plural and vice versa. Any pronoun should be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The term "any" includes "all" and "all" includes "any;" "each" includes "every" and "every" includes "each;" and "includes" or "including" means "including, but not limited to."

## INSTRUCTIONS

1.  These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody, or control during the litigation. If you know of the existence, past or present, of any documents and things requested herein, but are unable to produce such documents and things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

2.  All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together will all other documents from said file, docket, or grouping in the same order or manner of arrangement as the

original. File folders with tabs or labels identifying documents should be produced intact with such documents. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

3. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived in a manner to make the materials intelligible.

4. The selection of documents from the files and other sources and the numbering of such documents shall be performed in a manner that will allow counsel for Google to determine the source of each document, if necessary.

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. For any responsive documents or tangible things that have been lost or destroyed, you shall provide a written statement setting forth (a) the identity of the document; (b) the nature of the document (e.g. letter, memorandum, etc.); (c) the identity of all persons who either sent or received the original or any copy of the document; (d) the date of the document; (e) a description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document.

7. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient to (a) disclose the facts upon which you rely in asserting your claim; (b) to permit the grounds and reasons for withholding the document to be identified; and (c) to permit the information withheld to be identified. This information should include the basis

for the privilege claimed (or statute, rule, or decision upon which you rely), the name and address of the author(s), addressee(s), the date, the type of document (e.g., letter, memo, etc.), the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

## REQUESTS

REQUEST FOR PRODUCTION NO. 81:

All documents that relate to, support, or form a basis for, or were used or considered in the preparation of Plaintiffs' answers to Google's Third Set of Interrogatories.

Dated: July 28, 2009

_____
Jason W. Wolff (wolff@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Frank E. Scherkenbach (scherkenbach@fr.com)
Kurt L. Glitzenstein (glitzenstein@fr.com)
Christoper Dillon (dillon@fr.com)
Peter J. Kirk (kirk@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Defendant GOOGLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that on the July 28th, 2009, a true and correct copy of **GOOGLE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NO. 81)** was served as follows:

| | |
|---|---|
| Kim Grimmer (kgrimmer@sbglaw.com)<br>Jennifer L. Amundsen (jamundson@sbglaw.com)<br>SOLHEIM BILLING & GRIMMER, S.C.<br>One South Pinckney Street<br>Suite 301<br>Madison, WI 53703<br>Telephone: (608) 282-1200<br>Facsimile: (608) 282-1218 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

(Via Email and U.S. Mail)

| | |
|---|---|
| Robert P. Greenspoon (rpg@fg-law.com)<br>William W. Flachsbart (wwf@fg-law.com)<br>FLACHSBART & GREENSPOON, LLC<br>53 West Jackson Blvd., Suite 652<br>Chicago, IL 60604<br>Telephone: (312) 265-6758<br>Facsimile: (312) 265-6775 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

(Via Email and U.S. Mail)

| | |
|---|---|
| Raymond P. Niro (rniro@nshn.com)<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>Telephone: (312) 236-0733<br>Facsimile: (3120 236-3137 | Attorneys for Plaintiffs<br>HYPERPHRASE TECHNOLOGIES,<br>LLC and HYPERPHRASE INC. |

(Via Email and U.S. Mail)

_____
Lorraine Morton